QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (Bar No. 232009)
    danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for United Guaranty Residential
Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | CASE NO. 5:11-CV-01950 VAP-SP<br><br>Hon. Virginia A. Phillips<br><br>**STIPULATION STAYING CASE PENDING THE UNITED STATES SUPREME COURT'S DECISION IN *FIRST AMERICAN FINANCIAL CORP. V. DENISE P. EDWARDS*, NO. 10-708**<br><br>[PROPOSED] ORDER STAYING CASE LODGED CONCURRENTLY HEREWITH |

02841.62359/4594240.1

STIPULATION

WHEREAS, the United States Supreme Court has heard argument in a case captioned *First American Financial Corporation, Successor in Interest to The First American Corporation, et al., v. Denise P. Edwards*, Docket No. 10-708 ("*Edwards*"), on the question whether a private purchaser of real estate settlement services who has not specifically claimed that an alleged RESPA violation affected the price, quality, or other characteristics of the settlement services provided, has standing to sue under Article III § 2 of the United States Constitution.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992);

WHEREAS, the United States Supreme Court has not yet issued an opinion in *Edwards* but is expected to do so before the end of its current term;

WHEREAS, Plaintiffs and defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., Cross Country Insurance Company, United Guaranty Residential Insurance Co., and Genworth Mortgage Insurance Corp. (the "Stipulating Defendants") agree that the resolution of *Edwards* may materially impact the claims and/or defenses asserted in this matter, each reserving all rights to argue how any rendered opinion would apply to the instant action, and that this stipulation shall not be cited regarding the interpretation of any rendered opinion;

WHEREAS, the remaining defendants in this action ("Non-Stipulating Defendants") have filed a motion seeking a stay, similar to the one stipulated to herein but with a carve-out permitting certain of those defendants to prosecute a simultaneously-filed motion to dismiss on limited grounds (Dkt. No. 53) and the Stipulating Defendants take no position on that motion;

WHEREAS Plaintiffs believe that staying this action as against all parties/named Defendants (both the Stipulating Defendants and the Non-Stipulating Defendants) is appropriate for, *inter alia*, the reasons provided herein, and wish to inform the Court that they intend to formally oppose the Non-Stipulating

Defendants' motion seeking a partial stay and/or file their own stay motion forthwith;

WHEREAS, Plaintiffs and the Stipulating Defendants agree that staying this case as against the Stipulating Defendants pending resolution of *Edwards* would promote the orderly administration of justice and conserve both the Court's and the parties' resources.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned parties, that this action as against the Stipulating Defendants should be stayed pending the decision of the United States Supreme Court in *Edwards*.

IT IS FURTHER STIPULATED AND AGREED that any of the Stipulating Defendants or the Plaintiffs may apply to lift the stay by filing with the Court a copy of the United States Supreme Court's decision in *Edwards* once issued and serving a copy of the same on all parties.

IT IS FURTHER STIPULATED AND AGREED that the Stipulating Defendants' time to move, answer, or otherwise respond to the complaint is extended to 45 days after the date on which the Court lifts the stay.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | DATED:  February 9, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Daniel Posner*
    Daniel C. Posner

    -and-

    Michael B. Carlinsky
    Jane M. Byrne
    Brad Evan Rosen
    of Quinn Emanuel Urquhart & Sullivan, New York, NY, whose applications for admission *pro hac vice* are pending

    Attorneys for Defendant United Guaranty Residential Insurance Company

DATED:  February 9, 2012         KESSLER TOPAZ MELTZER & CHECK, LLP

By */s/ Edward W. Ciolko*
    Edward W. Ciolko
    Terence S. Ziegler
    Michelle A. Coccagna
    Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | DATED: February 9 2012 | KEESAL YOUNG & LOGAN |

                                            By  */s/ David D. Piper*
                                                David D. Piper
                                                Attorneys for Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., Cross Country Insurance Company

                                                -and-

                                                Maeve O'Connor
                                                Of Debevoise & Plimpton, New York, NY, who intends to file an application for admission *pro hac vice*

DATED: February 9, 2012        SNR DENTON US LLP

                                            By  */s/ Matthew C. Wolf*
                                                Matthew C. Wolf
                                                Reid L. Ashinoff
                                                Benito Delfin, Jr.
                                                Attorneys for Defendant Genworth Mortgage Insurance Corp.