Daniel L. Germain (Cal. Bar No. 143334)
germain@lalawyer.com
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard
Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Attorneys for Plaintiff and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.<br><br>Defendants. | CASE NO. 5:11-CV-01950 VAP-SP<br><br>Hon. Virginia A. Phillips<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY ACTION AS TO DEFENDANTS MORTGAGE GUARANTY INSURANCE CORP., PMI MORTGAGE INSURANCE CO., RADIAN GUARANTY INC. AND TRIAD GUARANTY INSURANCE CORP. PENDING THE UNITED STATES SUPREME COURT'S DECISION IN *FIRST AMERICAN FINANCIAL CORP. V. EDWARDS***<br><br>Date:    April 16, 2012<br>Time:   2:00 p.m.<br>Place:   Courtroom 2<br>            3470 Twelfth Street, 2nd Floor<br>            Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY ACTION

## I. Introduction

Plaintiffs hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Stay Action as to Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), PMI Mortgage Insurance Co. ("PMI"), Radian Guaranty Inc. ("Radian"), and Triad Guaranty Insurance Corp. ("Triad") (the "Non-Stipulating Defendants") pending the United States Supreme Court's decision in *First American Financial Corp. v. Denise P. Edwards*, No. 10-708 (U.S.) ("*Edwards*").  By their Motion, Plaintiffs seek to extend the stay entered on February 13, 2012 (ECF No. 71) pursuant to a stipulation between Plaintiffs and Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., Cross Country Insurance Company (collectively, "JPMorgan"), United Guaranty Residential Insurance Co. ("United Guaranty"), and Genworth Mortgage Insurance Corp. ("Genworth") (ECF No. 63), to *all* parties, including the Non-Stipulating Defendants, for *all* purposes pending a decision in *Edwards*.[1]

In *Edwards*, the United States Supreme Court will decide whether a private purchaser of real estate settlement services—such as Plaintiffs here—have standing under Article III, § 2 of the United States Constitution to assert a RESPA § 8 claim in the absence of an alleged "injury in fact."[2]  While Plaintiffs do not concede that such a determination in the negative will dispose of their claims here (because they have asserted that Defendants' alleged RESPA violation affected the price, quality, or other characteristics of the settlement services provided), they are mindful of the fact that analogous cases asserting virtually identical claims to those asserted here were, and are currently, stayed pending *Edwards*, and that the United States Supreme Court's decision may materially impact the claims and/or

---

[1] Republic Mortgage Insurance Co. ("Republic") recently agreed in principal to enter into a stipulation with Plaintiffs to stay this action pending *Edwards*, similar to the stipulation entered into between Plaintiffs, JPMorgan, United Guaranty, and Genworth.  The parties are continuing to negotiate the terms of the stipulation and anticipate filing it shortly.

[2] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

defenses asserted in this action.  *See White v. The PNC Financial Services Group, Inc.*, No. 11-cv-07928 (E.D. Pa. Filed Dec. 30, 2011) ("*White*"), *Munoz v. PHH Corp.*, No. 08-cv-0759 (E.D. Cal. Filed June 2, 2008) ("*Munoz*"), *Moore v. GMAC Mortgage, LLC*, No. 07-cv-04296 (E.D. Pa. filed Dec. 20, 2006) ("*Moore*"), and *Thurmond v. SunTrust Banks, Inc.*, No. 11-cv-01352 (E.D. Pa. filed Feb. 25, 2011) ("*Thurmond*").  Likewise, here, a stay of the entire action as to all parties would promote the orderly administration of justice, eliminate serial and/or piecemeal motions to dismiss, and conserve both the Court's and the parties' resources.

Prior to the filing of Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") on March 2, 2012 (ECF No. 79), the Non-Stipulating Defendants filed a motion for partial stay of this action pending *Edwards* (ECF No. 53), pursuant to which a concurrently-filed motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) by the Non-Stipulating Defendants (ECF No. 54) ("the MTD") would nevertheless be considered by the Court without regard for when, whether and how *Edwards* is decided.[3]  Although the motion for partial stay and MTD have been mooted by the filing of Plaintiffs' Amended Complaint, it is clear, as evidenced by their motion for partial stay, that the Non-Stipulating Defendants recognize the potential significance of *Edwards* and acknowledge that it warrants a stay of this action.  Indeed, the various counsel for the Non-Stipulating Defendants have made it clear to counsel for Plaintiffs that the Non-Stipulating Defendants intend to file or join in a renewed MTD in response to Plaintiffs' Amended Complaint.  *See* Declaration of Edward W. Ciolko filed concurrently herewith ("Ciolko Decl.") ¶ 10.

In these circumstances, the possible impact of *Edwards* on the claims and/or defenses in this action, and the orderly presentation and consideration of the issues in this case,  far

---

[3]     Republic did not join in the motion to dismiss filed by the Non-Stipulating Defendants.  Republic chose, however, not to join in the stipulation to stay this action with JPMorgan, United Guaranty and Genworth; instead, Republic joined in the motion for partial stay filed by the Non-Stipulating Defendants concurrently with their motion to dismiss.  *See* ECF No. 53.  However, as set forth above, Republic has now agreed in principal to enter into a stipulation with Plaintiffs to stay this action pending *Edwards*.

outweigh any supposed "harm" that the Non-Stipulating Defendants might conceivably suffer should the Court postpone consideration of the MTD until *Edwards* is decided. *See* ECF No. 53 at 9-10. Indeed, the inefficiencies in separately proceeding with consideration of the purported standing issues raised by the Non-Stipulating Defendants in a renewed MTD are highlighted by the fact that such issues have already been considered in a similar motion to dismiss that was denied in the analogous *Moore* action and when rejecting the defendants' arguments against class certification in the analogous *Kay v. Wells Fargo & Co.*, No. 07-cv-01351 (N.D. Cal.) ("*Kay*") action. Given the likelihood that no matter what the outcome of *Edwards*, motions to dismiss will be filed and considered in this case once the current and requested stays are lifted, separate consideration of the MTD at this time will result in a wasteful and redundant seriatim approach to the litigation. Thus, and as set forth below, staying the action at this time as against ***all*** Defendants for ***all*** purposes would serve the interests and conserve the resources of the parties and the Court and promote the just and efficient progression of the action.

## II.     Procedural History and Background

On December 9, 2011, Plaintiffs filed a Class Action Complaint ("Complaint"), alleging that Defendants JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A., together with their affiliated reinsurer, Defendant Cross Country Insurance Co. ("Cross Country") (collectively, "JPMorgan"), have acted in concert with Defendants United Guaranty, PMI, MGIC, Genworth, Republic, Radian and Triad (collectively, the "Private Mortgage Insurers") (together with JPMorgan, "Defendants") to effectuate a single, unified captive reinsurance scheme whereby, in violation of Sections 8(a) and (b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2607(a) and (b): (a) illegal referral payments in the form of purported reinsurance premiums were paid by the Private Mortgage Insurers to Cross Country; and (b) Cross Country received an unlawful split of private mortgage insurance premiums paid by JPMorgan's customers. *See* ECF No. 1.

Plaintiffs bring this action as a proposed nationwide action on behalf of themselves and a class of all other similarly-situated persons who obtained residential mortgage loans

originated, funded and/or originated through correspondent lending by JPMorgan or any of its subsidiaries and/or affiliates between January 1, 2004 and the present (the "Class Period") and, in connection therewith, purchased private mortgage insurance and whose residential mortgage loans were included within JPMorgan's captive mortgage reinsurance arrangements (the "Class").

Soon after being served with the Complaint, each of the Defendants sought, and Plaintiffs agreed to, extensions of time to answer or otherwise respond to the Complaint. *See* ECF Nos. 10 (extending time for Triad to February 8, 2012), 23 (extending time for United Guaranty to February 10, 2012), 25 (extending time for JPMorgan to February 9, 2012), 27 (extending time for Radian to February 10, 2012), 29 (extending time for Genworth to February 10, 2012), 33 (extending time for Republic to February 8, 2012), 44 (extending time for PMI to February 10, 2012), and 47 (extending time for MGIC to February 8, 2012).

Due to the Supreme Court's pending decision in *Edwards* and the resulting stays that had been issued as of that time in *Munoz*, *Moore* and *Thurmond*, analogous actions asserting virtually identical claims to those herein, counsel for Plaintiffs reached out to the various counsel for Defendants and met and conferred regarding a possible stay of this action pending *Edwards*. *See* Ciolko Decl. ¶ 6. Plaintiffs arrived at an agreement with JPMorgan, United Guaranty and Genworth to stay this action pending *Edwards,* and their agreement was set forth in the stipulation (ECF No. 63) approved by the Court on February 13, 2012. *See* ECF No. 71.

Despite the obvious efficiencies that would result from a stay at this time, MGIC, PMI, Radian, and Triad would not agree to a full stay. Rather, counsel for these defendants informed counsel for Plaintiffs of their intention to file a motion to dismiss for lack of standing. *See* Ciolko Decl. ¶ 8. Accordingly, on February 7, 2012, these Non-Stipulating Defendants filed two motions: (1) a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), arguing that "Plaintiffs' purported 'injury' under RESPA is predicated on the theory that their respective lenders supposedly referred them to a particular mortgage insurer in

exchange for an agreement by the mortgage insurer to purchase reinsurance for their loans from Cross Country" and "[a]s a matter of law, that theory cannot apply to [PMI, MGIC, Radian, and Triad] because [these entities] did not insure [P]laintiffs' loans," *see* ECF No. 54-1 at 1-2, and (2) a motion, with Republic joining, for a partial stay.  *See* ECF No. 53.[4]

On March 2, 2012, Plaintiffs filed their Amended Complaint in this action (ECF No. 79) which made clear, to an even greater extent than the original Complaint, that Defendants' captive reinsurance arrangement constituted a single, unified scheme.  *See, e.g.*, Amended Complaint ¶¶ 14-15, 85-95, 97.

Given (1) the filing of Plaintiffs' Amended Complaint which renders the motion for partial stay and MTD filed by MGIC, PMI, Radian, and Triad moot and, regardless, undercuts all of the arguments set forth therein, and (2) the subsequent decision of the Eastern District of Pennsylvania in the analogous *White* action staying the entire action as to all parties pending *Edwards*, counsel for Plaintiffs again met and conferred with counsel for MGIC, PMI, Radian, Triad, and Republic to determine if their position regarding a stay of *this* action had changed.  *See* Ciolko Decl. ¶ 10.  While counsel for Republic informed counsel for Plaintiffs that Republic would agree to enter into a stipulation to stay the action as to it, the various counsel for the Non-Stipulating Defendants informed counsel for Plaintiffs that the Non-Stipulating Defendants' position regarding a stay of this action remains the same.  *Id*.  In fact, the various counsel for the Non-Stipulating Defendants informed counsel for Plaintiffs that the Non-Stipulating Defendants intend to file or join in a renewed MTD in response to the filing of Plaintiffs' Amended Complaint.  *Id.*

As noted above, in their motion for partial stay, the Non-Stipulating Defendants acknowledged that *Edwards* warrants a stay of this action, but they argued that the stay "should not be all encompassing" and that they should be permitted leave to prosecute their

---

[4] Standing issues similar to those raised by the Non-Stipulating Defendants, including whether there needs to be a Named Plaintiff with a loan reinsured by a particular defendant private mortgage insurer before standing can be conferred as to that private mortgage insurer, have already been litigated and denied in analogous actions.  *See* Section III.B. *infra*.

MTD addressing standing issues. *Id*. at 1. Such a request advocating for a staggered approach to the litigation is illogical given that *Edwards* may clarify certain issues in this case. As detailed herein, the most efficient course of action would be to stay this action at this time for **all** purposes as against **all** Defendants pending a decision in *Edwards*. Accordingly, Plaintiffs seek an Order staying the entire action as to the Non-Stipulating Defendants pending *Edwards*.

### III. Argument

#### A. Legal Standard on a Motion to Stay

"A district court has discretionary power to stay proceedings in its own court." *Sanchez v. DePuy Orthopaedics Inc.*, No. 11-cv-07867, 2011 WL 7092289, at *1 (C.D. Cal. Nov. 21, 2011) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936)). "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Id*. (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

When deciding a motion to stay proceedings, the Court is to "weigh[] competing interests including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *Munoz v. PHH Corp.*, No. 08-0759, 2011 WL 4048708, at *2 (E.D. Cal. Sept. 9, 2011) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

#### B. A Complete Stay of this Action as Against All Defendants Would Serve the Interests of Both the Parties and the Court

There is **no** damage, hardship or inequity resulting from a complete stay of this action pending *Edwards* and, in fact, such a stay would promote the orderly progression of the case. In their motion for partial stay, the Non-Stipulating Defendants raised supposed time and expense concerns should they have to remain defendants before a decision is issued in

*Edwards*. *See* ECF No. 53 at 9-10.  Specifically, they argued that they "would have to follow expensive and needless litigation hold practices and would face disclosures and public relations inquiries." *Id*. at 10.  Yet, such litigation hold and reporting activities are required of *all* of the defendants in this action, and clearly are not of such monumental concern that they prevented JPMorgan, United Guaranty, Genworth, and Republic from voluntarily agreeing to a stay of this action pending *Edwards* as set forth above.

The Non-Stipulating Defendants, in arguing about the burden of such costs seemed oblivious to the costs that would be imposed on both the parties and the Court as a result of the piece-meal approach to resolving motions to dismiss that they advocated and the redundancies and waste that could follow from the presentation of standing arguments re-cast in light of the *Edwards* decision.  Like JPMorgan, United Guaranty, Genworth, and Republic here, it was the defendants themselves in *Munoz*, *Moore* and *Thurmond* who moved the courts, over the plaintiffs' objections, for complete stays pending *Edwards*, despite the fact that *Munoz* and *Moore* had been pending for several years and, presumably, reporting obligations and the like would continue for all of the defendants in all of the cases for the duration of the stays.  As the court recognized in the analogous *Munoz* action*,* a stay will actually "**reduce** the additional expenditure of the parties' time and resources, which is of particular importance if the Supreme Court's decision ultimately disposes of this action." *Munoz*, 2011 WL 4048708, at *4 (emphasis added).  Such obvious efficiencies far outweigh the concerns raised by the Non-Stipulating Defendants.

While Plaintiffs do not agree with the Non-Stipulating Defendant's characterization of the standing issue on appeal in *Edwards*, they recognize that courts in the analogous *Munoz*, *Moore* and *Thurmond* actions chose to stay those actions pending *Edwards* despite the plaintiffs' opposition.  In fact, in *Moore*, the court found that "*Edwards* will directly and substantially affect the case before [the court] and the membership of any potential class." *See Moore,* No. 07-4296 (E.D. Pa. Aug. 17, 2011) (Order granting defendant's motion for

stay of action), attached to the Ciolko Decl. as Exhibit A.[5]  The *Thurmond* action was likewise stayed on the defendants' motion, marked closed for statistical purposes, and placed in the Civil Suspense File pending *Edwards*. *See Thurmond,* No. 11-1352 (E.D. Pa. Sept. 7, 2011) (Order granting Defendants' Motion for Stay of Action) attached to the Ciolko Decl. as Exhibit C.  In *Munoz*, when evaluating whether a stay would promote the orderly course of justice, the court concluded that "the Supreme Court's resolution of *Edwards* will provide direct authority on the standing issue" and that "[t]here is no rational reason to proceed further in this case until the standing issue has been clarified by the Supreme Court." *Munoz,* 2011 WL 4048708, at *4.  The court in *Munoz* further found that there would be no damage to the non-moving party from a stay even though the case had progressed over the course of several years and a class certification motion was pending.  To the contrary, the court noted that "the parties may suffer damage by conducting what could be pointless … motion practice." *Id*.

Certainly, should the Non-Stipulating Defendants' anticipated renewed MTD proceed and be denied prior to a ruling in *Edwards*, they will attempt to use a decision in *Edwards*, if it provides any arguable foothold, for presenting re-cast or even new arguments in support of dismissal.  As such, consideration of a renewed MTD at this juncture would be unnecessarily costly to the parties and the Court in terms of time and resources.  This is particularly true since denial of such a MTD seems likely in light of the fact that the Eastern District of Pennsylvania and the Northern District of California, in the analogous *Moore* and *Kay* matters, respectively, have already heard and denied standing claims in those cases similar to those raised by MGIC, PMI, Radian, and Triad in their MTD in this action.[6]  In

---

[5]  Further to its stay order, the court very recently entered an order for the Clerk of Court to mark the action closed for statistical purposes and place the matter in the Civil Suspense File.  *See Moore,* No. 07-4296 (E.D. Pa. Feb. 13, 2012) (Order staying proceedings), attached to the Ciolko Decl. as Exhibit B.

[6]  *See Moore,* No. 07-4296 (E.D. Pa. Mar. 4, 2008) (Order denying Defendant's Motion to Dismiss) at 2, attached to the Ciolko Decl. as Exhibit D; *Moore,* No. 07-4296 (E.D. Pa. Nov. 24, 2010) (Order granting Plaintiffs' Motion for Leave to File a Third Amended Class

any event, such issues are more efficiently and properly considered after *Edwards* is decided in light of any guidance contained therein and in conjunction with other motions to dismiss that may be presented.

The parties should not waste their resources or the Court's resources litigating the Non-Stipulating Defendants' anticipated renewed MTD prior to a decision in *Edwards*.

### C. The Eastern District of Pennsylvania Very Recently Stayed the Analogous *White* Action Despite the Pendency of a Virtually Identical Motion for Partial Stay and Motion to Dismiss

Providing further support for the instant motion is the very recent decision of the Eastern District of Pennsylvania in the analogous *White* action, involving virtually identical claims to those asserted here. On February 24, 2012, as they did in this action, MGIC, PMI and Triad moved for a partial stay of *White* pending *Edwards*, with Radian and Republic joining. As in the instant action, MGIC, PMI and Triad argued that the stay should not be all encompassing, and, accordingly, they sought leave to prosecute their concurrently-filed motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1). MGIC, PMI and Triad argued, as they did here, that because they did not insure the named plaintiffs' loans, they cannot be held liable to them under RESPA. On the same date when MGIC, PMI, and Triad filed their motions in *White*, the plaintiffs filed a joint motion with one of the defendants to stay the action as against ***all*** of the defendants pending *Edwards*. On March 5, 2012, despite having not yet received any responses to the pending motions, the Court granted the joint motion, staying the entire action as to all parties pending *Edwards*.[7] In accordance with the stay order, the Court issued another order on March 7, 2012, granting in part the motion for partial stay filed by MGIC, PMI and Triad and staying all proceedings pending *Edwards*,

---

Action Complaint) at 3, attached to the Ciolko Decl. as Exhibit E; *Kay v. Wells Fargo & Co.*, 247 F.R.D. 571 (N.D. Cal. 2007) (Order granting Plaintiff's motion for class certification).

[7] *See* Exhibit F (March 5, 2012 Order granting Joint Motion to Stay Action) attached to the Ciolko Decl.

including briefing on the pending motion to dismiss.[8]

In short: (1) the very real possibility—indeed, probability, based upon the outcome of similar motions and arguments in analogous cases—that a renewed motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) on standing grounds would be resolved in favor of Plaintiffs; (2) the corresponding probability that after *Edwards* this Court will be presented with new motions to dismiss from JPMorgan, United Guaranty, Genworth, and Republic; and (3) the additional possibility that even the Non-Stipulating Defendants will seek to assert new arguments based upon *Edwards*, all make it apparent that a stay of the entire case at this time as to ***all*** parties is appropriate.  Such a stay will best ensure the orderly and efficient consideration of issues, eliminate the need to expend resources on arguments that are rendered moot or otherwise impacted by the *Edwards* decision and so will conserve the resources of the parties and the Court.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Stay Action as to Defendants MGIC, PMI, Radian, and Triad pending the United States Supreme Court's decision in *Edwards*.

Dated: March 16, 2012                         Respectfully submitted,

**ROSMAN & GERMAIN LLP**


By: */s/ Daniel L. Germain*
     Daniel L. Germain (Bar No. 143334)
     16311 Ventura Boulevard, Suite 1200
     Encino, CA  91436-2152
     Telephone: (818) 788-0877
     Facsimile: (818) 788-0885

---

[8]   *See* Exhibit G (March 7, 2012 Order granting in part Motion for Partial Stay) attached to the Ciolko Decl.

10
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:11-cv-01950 VAP-SP

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Edward W. Ciolko
Terence S. Ziegler
Amanda R. Trask
Michelle A. Coccagna
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**BRAMSON PLUTZIK MAHLER & BIRKHAEUSER LLP**
Alan R. Plutzik
2125 Oak Grove Boulevard, Ste. 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

**BERKE, BERKE & BERKE**
Andrew L. Berke
420 Frazier Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 266-5171

*Attorneys for Plaintiffs and the Proposed Class*