1   Christopher H. Hart (CSBN 184117)
       chart@schnader.com
2   David Smith (*Admitted Pro Hac Vice*)
       dsmith@schnader.com
3   Stephen A. Fogdall (*Admitted Pro Hac Vice*)
       sfogdall@schnader.com
4   Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
       tloscalzo@schnader.com
5   SCHNADER HARRISON SEGAL & LEWIS LLP
    One Montgomery Street, Suite 2200
6   San Francisco, California  94104-5501
    Telephone: 415-364-6700
7   Facsimile: 415-364-6785

8   Attorneys for Defendant RADIAN GUARANTY INC.

9   *Additional Counsel Listed on Next Page*

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  | WAYNE SAMP, ROBERTA SAMP, DANIEL | Case No. EDCV11-01950 VAP SPX |
13  | KOMARCHUK, SUSAN KOMARCHUK, and | |
    | ANNETTA WHITAKER, individually and on | |
    | behalf of all others similarly situated, | **MEMORANDUM OF POINTS AND** |
14  | | **AUTHORITIES IN SUPPORT OF** |
    | Plaintiffs, | **MOTION BY DEFENDANTS** |
15  | | **MORTGAGE GUARANTY** |
    | vs. | **INSURANCE CORP., PMI MORTGAGE** |
16  | | **INSURANCE CO., RADIAN** |
17  | JPMORGAN CHASE BANK, N.A.,  CHASE | **GUARANTY INC., AND TRIAD** |
    | BANK USA, N.A., JPMORGAN CHASE, & | **GUARANTY INSURANCE CORP. TO** |
18  | CO., CROSS COUNTRY INSURANCE, | **DISMISS AMENDED COMPLAINT** |
    | COMPANY, UNITED GUARANTY, | **PURSUANT TO FEDERAL RULE OF** |
    | RESIDENTIAL INSURANCE CO., PMI | **CIVIL PROCEDURE 12(b)(1)** |
19  | MORTGAGE INSURANCE CO., | |
    | MORTGAGE GUARANTY INSURANCE | Date:    April 16, 2012 |
20  | CORP., GENWORTH MORTGAGE | Time:    2:00 p.m. |
    | INSURANCE CORP., REPUBLIC | Place:   Courtroom 2 |
21  | MORTGAGE INSURANCE CO., RADIAN | 3470 Twelfth Street, 2nd Floor |
    | GUARANTY INC., and TRIAD GUARANTY | Riverside, CA |
22  | INSURANCE CORP., | Judge:   The Honorable Virginia A. Phillips |
23  | Defendants. | |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

Douglas Andrew Winthrop (CSBN 183532)
    douglas.winthrop@aporter.com
Sara Jennifer Eisenberg (CSBN 269303)
    sara.eisenberg@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4024
Telephone: 415-434-1600
Facsimile: 415-677-6262

Eric Shapland (CSBN 193853)
    eric.shapland@aporter.com
Amie L. Medley (CSBN 266586)
    amie.medley@aporter.com
ARNOLD & PORTER LLP
 777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
 Telephone: 213-243-4000
 Facsimile: 213-243-4199

Attorneys for Defendants
PMI MORTGAGE INSURANCE CO.

Thomas Justin Cunningham (CSBN 263729)
    tcunningham@lockelord.com
Daniel A Solitro (CSBN 243908)
    dsolitro@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
TRIAD GUARANTY INSURANCE CORP

Michael Steven Lawrence (CSBN 255897)
    mlawrence@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA  90071-2411
Telephone: 213-972-4500
Facsimile: 213-486-0065

Attorneys for Defendant
MORTGAGE GUARANTY INSURANCE
CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Memorandum of Law ISO Motion to Dismiss

## TABLE OF CONTENTS

Page

BACKGROUND ................................................................................................... 1

ARGUMENT ........................................................................................................ 3

I.   Plaintiffs Lack Standing to Bring Claims Against the Moving Defendants. ..................... 4

II.  Plaintiffs' Lack of Standing Is Not Cured by Their Effort to Serve as Class Representatives. ...................................................................... 8

III. The Juridical Link Doctrine Does Not Bestow Standing on Plaintiffs. ........................... 8

CONCLUSION ................................................................................................... 12

CERTIFICATION PURSUANT TO LOCAL RULE 7-3 ........................................ 12

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

i

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aguilar v. Allstate Fire and Casualty Ins. Co.*,
  2007 U.S. Dist. LEXIS 16073 (E.D. La. 2007) ........................................................5

*Angel Music, Inc. v. ABC Sports, Inc.*,
  112 F.R.D. 70 (S.D.N.Y. 1986) ........................................................9

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ........................................................11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................11

*Cady v. Anthem Blue Cross Life and Health Ins. Co.*,
  583 F. Supp. 2d 1102 (N.D. Cal. 2008) ........................................................4, 5, 6

*Clark v. Fitzgibbons*,
  105 F.3d 1049 (5th Cir. 1997) ........................................................1

*Dickson v. Ebert*,
  309 F.3d 193 (4th Cir. 2002) ........................................................7

*Easter v. American West Financial*,
  381 F.3d 948 (9th Cir. 2004) ........................................................10, 11

*Eastern Trading Co. v. Refco, Inc.*,
  229 F.3d 617 (7th Cir. 2000) ........................................................7

*Forsythe v. Sun Life Fin., Inc.*,
  417 F. Supp. 2d 100 (D. Mass. 2006) ........................................................9

*Hartford Casualty Insurance Co. v. Borg-Warner Corp.*,
  913 F.2d 419 (7th Cir. 1990) ........................................................1

*Henry v. Circus Circus Casinos*,
  223 F.R.D. 541 (D. Nev. 2004) ........................................................8, 9

*Hovenkotter v. Safeco Corp.*,
  2009 U.S. Dist. LEXIS 129596 (W.D. Wa. Aug. 3, 2009) ........................................................5, 6, 12

*In re Eaton Vance Corp. Sec. Litig.*,
  220 F.R.D. 162 (D. Mass. 2004) ........................................................9

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig*,
  570 F. Supp. 2d 851 (E.D. La. 2008) ........................................................9

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

ii

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

*In re Franklin*,
388 F. Supp. 2d 451(D. N.J. 2005) ...................................................................9

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007) ...........................................................11

*Johnson v. GEICO Cas. Co.*,
673 F. Supp. 2d 244 (D. Del. 2009).................................................................5

*Kotteakos v. United States*,
328 U.S. 750 (1946)..........................................................................................6

*Lac D'Amiante Du Quebec v. American Home Assurance Co.*,
864 F.2d 1033 (3d Cir. 1988)............................................................................1

*LaMar v. H&B Novelty & Loan Co.*,
489 F.2d 461 (9th Cir. 1973) .................................................................8, 9, 12

*Lee v. Oregon*,
107 F.3d 1382 (9th Cir. 1997) ......................................................................8, 9

*Liguori v. Wells Fargo & Co.*,
No. 08-cv00479 (E.D. Pa.)...............................................................................7

*Lindquist v. Farmers Insurance Company of Arizona*,
2008 U.S. Dist. LEXIS 11832 (D. Az. Feb. 6, 2008) .....................................10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)..........................................................................................4

*Matte v. Sunshine*,
270 F. Supp. 2d 805 (W.D. La. 2003)..............................................................9

*Menichino v. Citibank, N.A.*,
No. 12-cv00058 (W.D. Pa.) ..............................................................................7

*Moore v. Radian Group*,
233 F. Supp. 2d 819 (E.D. Tex. 2002) .............................................................4

*Mull v. Alliance Mortgage Banking Corp.*,
219 F. Supp. 2d 895 (W.D. Tenn. 2002).......................................................4, 5

*Newport v. Dell*,
2008 U.S. Dist. LEXIS 89379 (D. Az. Aug. 21, 2008) ..................................10

*Payton v. Country of Kane*,
308 F.3d 673 (7th Cir. 2002) ..........................................................................10

*Perez v. State Farm. Mut. Auto. Ins. Co.*,
2011 U.S. Dist. LEXIS 135844 (N.D. Ca. Nov. 15, 2011)...............................5

iii

Memorandum of Law ISO Motion to Dismiss

*Siemers v. Wells Fargo & Co.*,
  2006 U.S. Dist. LEXIS 81097 (N.D. Cal. Oct. 24, 2006)......................................10

*Simon v. Eastern Kentucky Welfare Rights Org.*,
  426 U.S. 26 (1976)....................................................................................................8

*Souza v. Estate of Bishop*,
  821 F.2d. 1332 (9th Cir. 1987) ...............................................................................11

*Street v. PSB Lending Corp.*,
  2002 U.S. Dist. LEXIS 15365 (W.D. Tenn. July 31, 2002) ....................................5

*Theatre Enterprises v. Paramount Film Distributing Corp.*,
  346 U.S. 537 (1954) ...............................................................................................11

*Thompson v. Bd. of Educ. of the Romeo Community Schs.*,
  709 F.2d 1200 (6th Cir. 1983)..............................................................................8, 9

*Wilcox v. First Interstate Bank*
  815 F.2d 522 (9th Cir. 1987) .................................................................................11

**STATUTES**

12 U.S.C. § 2607(a) ........................................................................................................2

12 U.S.C. § 2607(b) ........................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11............................................................................................................6

Fed. R. Civ. P. 12(b)(1)...................................................................................................2

Fed. R. Civ. P. 23...................................................................................................7, 8, 9

Fed. R. Civ. P. 82............................................................................................................8

Fed. R. Civ. P. 82............................................................................................................8

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

iv

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1  Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), PMI Mortgage Insurance Co.

2  ("PMI"), Radian Guaranty Inc. ("Radian"), and Triad Guaranty Insurance Corp. ("Triad")

3  (collectively, the "Moving Defendants") submit this memorandum of points and authorities in

4  support of their motion to dismiss all of the claims asserted against them in this action.  The

5  Moving Defendants had previously moved to dismiss the claims asserted against them in the

6  originally filed Complaint.  (Dkt. No. 1).  On March 2, 2012, plaintiffs filed an Amended

7  Complaint.  (Dkt. No. 79).   The Moving Defendants are renewing their Motion to Dismiss

8  because nothing in plaintiffs' recently filed Amended Complaint cures their obvious lack of

9  standing to sue the Moving Defendants.[1]

10  ### BACKGROUND

11  Plaintiffs are the borrowers on three home mortgage loans:  plaintiffs Wayne Samp and

12  Roberta Samp obtained a home mortgage loan from defendant JPMorgan Chase Bank N.A.;

13  plaintiff Annetta Whitaker likewise obtained a home mortgage loan from JPMorgan Chase Bank

14  N.A.; and plaintiffs Daniel Komarchuk and Susan Komarchuk obtained a home mortgage loan

15  from Chase Manhattan Mortgage Corporation.  Plaintiffs' respective lenders purchased mortgage

16  insurance to protect themselves from the risk that their borrower(s) might default on their loans.

17  The Samps' lender purchased mortgage insurance for the Samps' loan from Genworth Mortgage

18  Insurance Corporation and purchased mortgage insurance for Whitaker's loan from United

19  Guaranty Residential Insurance Company.  Am. Compl. ¶¶ 19, 21.  The Komarchuks' lender

20  purchased mortgage insurance for their loan from Republic Mortgage Insurance Company.  Am.

21

22  _____

23  [1]  Defendant PMI advises the Court that it is currently operating pursuant to a permanent receivership order issued by the Arizona Department of Insurance.  Accordingly, PMI intends to

24  file an alternative motion to stay or dismiss the claims against it and/or transfer to the Maricopa County Superior Court, which is responsible for administering the receivership.  *See, e.g., Clark*

25  *v. Fitzgibbons*, 105 F.3d 1049 (5th Cir. 1997) (affirming dismissal of federal action based on (1) full faith and credit to the receivership order of the Arizona court, which required all persons

26  with claims against the defendant to bring those claims before the receiver, and (2) deferral to the Arizona receivership proceeding under the doctrine of *Burford* abstention); *see also, e.g.,*

27  *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419 (7th Cir. 1990) (dismissing based on Burford abstention); *Lac D'Amiante Du Quebec v. American Home*

28  *Assurance Co.*, 864 F.2d 1033 (3d Cir. 1988) (same).

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

Compl. ¶ 20.  The four Moving Defendants (MGIC, PMI, Radian and Triad) did not insure any of plaintiffs' loans.

Plaintiffs allege that their lenders referred them to the mortgage insurers from which their lenders purchased mortgage insurance in exchange for an illegal agreement by these mortgage insurers to purchase reinsurance for plaintiffs' loans from defendant Cross Country Insurance Company ("Cross Country"), a reinsurance company affiliated with their lenders.  Am. Compl. ¶¶ 1-14, 19-21.  Plaintiffs contend that this supposed "exchange" "injured" them because it violated their "right to a real estate settlement free of unlawful kickbacks and unearned fees" under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a) & (b).  Am. Compl. ¶ 165.

On February 7, 2012, the Moving Defendants filed and served their motion to dismiss plaintiffs' claims against them for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Moving Defendants showed in their Motion to Dismiss that plaintiffs do not have standing to sue the Moving Defendants because the Moving Defendants neither insured plaintiffs' loans nor agreed to *re*insure their loans with Cross Country.  Thus, the Moving Defendants did not enter into any transaction alleged to have violated plaintiffs' rights under RESPA, and the plaintiffs' alleged "injury" could not have been caused by any of the Moving Defendants.

Plaintiffs responded to the Motion to Dismiss with an Amended Complaint, in which they attempted to repair this fatal gap in their claims against the Moving Defendants.  Plaintiffs' attempt to demonstrate standing as to Moving Defendants, however, is not successful.  Plaintiffs still do not allege that their lenders referred their loans for insurance to the Moving Defendants, or that the Moving Defendants insured their loans, or that the Moving Defendants agreed to reinsure the risk arising from such insurance with Cross Country.  Rather, plaintiffs allege that their lenders required the Moving Defendants to enter into reinsurance contracts with Cross Country that were "virtually identical" to those between plaintiffs' lenders and the mortgage insurers that did insure plaintiffs' loans.  Am. Compl. ¶¶ 14 , 85.  Indeed, plaintiffs allege that the Moving Defendants "had no choice but to enter into [those] virtually identical reinsurance

Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

1   contracts with Cross Country *or risk losing business*." Am. Compl. ¶ 14 (emphasis added).

2   Plaintiffs argue that the similarity of these reinsurance contracts is evidence of a "scheme" to

3   violate RESPA and that all Defendants participated in this "scheme." *Id.* According to

4   plaintiffs, this "scheme" "severely impacted" "the entire market" for mortgage insurance and

5   purportedly caused them and other borrowers to pay "more for mortgage insurance because the

6   price included the kickbacks to lenders." Am. Compl. ¶ 95.

7        As set forth below, none of plaintiffs' new allegations alters the conclusion that the

8   Moving Defendants could not have caused plaintiffs' alleged injury and that plaintiffs, therefore,

9   lack standing as to the Moving Defendants.  Plaintiffs still fail to allege that any of the Moving

10  Defendants insured or reinsured their loans.  And plaintiffs' new allegation that lenders coerced

11  mortgage insurers to enter into "virtually identical" reinsurance agreements to *compete* with one

12  another for the lenders' mortgage insurance business are insufficient to establish joint

13  responsibility for plaintiffs' alleged injury.  Accordingly, plaintiffs' alleged injury could not have

14  been caused by the Moving Defendants and plaintiffs lack standing to sue them.[2]

15                              **ARGUMENT**

16       Plaintiffs' amended complaint confirms what was already obvious in their original

17  complaint — that plaintiffs lack standing to sue the Moving Defendants.  The Moving

18  Defendants did not insure plaintiffs' loans or reinsure them with Cross Country.  Indeed, the

19  Moving Defendants are total strangers to plaintiffs' home mortgage loan transactions.  By

20  definition, then, plaintiffs' "injury," if they have one, cannot have been caused by any of the

---

21  [2]     Though not necessary for the resolution of this motion, it should be emphasized that
22  plaintiffs' allegation that the purported "scheme" caused them to pay "more for mortgage
    insurance because the price included the kickbacks to lenders," Am. Comp. ¶ 95, not only lacks
23  factual support, but also is wrong as a matter of law.  Mortgage insurance premiums are "filed
    rates," and are approved by state regulators only after being subjected to a rigorous actuarial
24  analysis.  For example, in California, where the Samps reside, all insurance premiums, including
    mortgage insurance premiums, are determined by a formula that takes into account projected
25  losses and other factors, but gives "*no consideration for the cost or benefits of reinsurance.*"  10
    CCR 2644.25(a) (emphasis added); *see also* 10 CCR 2644.2 (specifying formula for calculating
26  "maximum permitted earned premium").  Nowhere in plaintiffs' amended complaint do they
    allege that their mortgage insurance premiums were not properly calculated in accordance with
27  these regulations.  Thus, it simply is not the case that their mortgage insurance premiums
    "included the kickback to lenders" or were in any other way excessive.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1   Moving Defendants.  Plaintiffs thus lack standing to bring any claims against the Moving

2   Defendants.  Plaintiffs' effort to bring this lawsuit as class representatives does not, in any way,

3   excuse them from satisfying the constitutional requirement of standing.  Nor can plaintiffs evade

4   the standing requirement by seeking to invoke the so-called "juridical link" doctrine, as their

5   allegations of a "singular scheme" plainly are an attempt to do.  Accordingly, the Moving

6   Defendants should be dismissed from this action.

7   **I.      Plaintiffs Lack Standing to Bring Claims Against the Moving Defendants.**

8           It is clear on the face of plaintiffs' amended complaint that they cannot satisfy the

9   "irreducible constitutional minimum" of standing.  To satisfy that constitutional minimum,

10  plaintiffs must plead that: (a) they have "suffered an 'injury in fact'"; (b) there is "a causal

11  connection between the injury and the conduct" of the defendants; and (c) it is "likely, as

12  opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan*

13  *v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).[3]

14  Moreover, plaintiffs must plead these elements with respect to *each* defendant in the case.  *See,*

15  *e.g., Mull v. Alliance Mortgage Banking Corp.,* 219 F. Supp. 2d 895, 908 (W.D. Tenn. 2002)

16  ("each named plaintiff must demonstrate that he satisfies the requirements of standing vis-à-vis

17  each defendant").  Plaintiffs fail to do that here because they do not — and cannot — allege "a

18  causal connection between [their purported] injury and the conduct" of the Moving Defendants.

19  A recent case from the Northern District of California is directly on point.  *See Cady v. Anthem*

20  *Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d 1102 (N.D. Cal. 2008).  The plaintiff,

21  Cady, had been denied coverage for a particular type of cancer treatment by the health insurer for

22  his employer's health plan.  Cady filed a putative class action lawsuit under the Employee

23  Retirement Income Security Act ("ERISA") not only against his health plan's insurer, but also

24  against several other health insurers who, according to Cady, similarly refused to cover that same

25

26  [3]      *See also Moore v. Radian Group*, 233 F. Supp. 2d 819, 820 (E.D. Tex. 2002) (noting that

27  "[e]ven if Congress enacts a statute to grant the plaintiffs a cause of action, the plaintiffs still must show actual or threatened injury of some kind to establish standing in the constitutional sense") (internal quotation omitted), *aff'd* 69 Fed. Appx. 659 (5th Cir. May 30, 2003).

28

4                                   PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

cancer treatment when sought by participants in other health plans sponsored by other employers.  The court held that Cady lacked standing to sue the other insurers, which had played no part in the decision to deny him insurance benefits, because he could not show *his* injury was fairly traceable to *those* insurers.  *Id.*

Similarly, in *Hovenkotter v. Safeco Corp.*, No. 09-218JLR, 2009 U.S. Dist. LEXIS 129596, at *10-*12 (W.D. Wa. Aug. 3, 2009), a plaintiff insured brought a putative class action, alleging that three defendant insurers all engaged in the same conduct that allegedly caused plaintiff's injury.  However, only one of the three defendants was the plaintiff's insurer.  *Id.* at *2-*3.  The court held that the plaintiff did not have standing to sue the other two insurers because he "d[id] not link his injury with any action taken by either" of them.  *Id.* at *11.

Numerous other cases reach this same result.  *See, e.g., Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 244 (D. Del. 2009) (holding that even with respect to affiliated defendants in a class action, standing must be shown for each defendant; ordering dismissal where two defendants were not alleged to have insured any of the named plaintiffs); *Mull*, 219 F. Supp. 2d at 908-09 (dismissing plaintiffs' claims against mortgage lender defendants for lack of standing where plaintiffs failed to specify which defendants actually held their mortgage loans); *Street v. PSB Lending Corp.*, No. 01-2751, 2002 U.S. Dist. LEXIS 15365, at *42-*52 (W.D. Tenn. July 31, 2002) (same); *Perez v. State Farm. Mut. Auto. Ins. Co.*, No. 06-01962 JW, 2011 U.S. Dist. LEXIS 135844, at *11-*12 (N.D. Ca. Nov. 15, 2011) (granting motion to dismiss based on lack of standing, where named plaintiffs failed to allege that they paid insurance premiums to the moving defendants); *Aguilar v. Allstate Fire and Casualty Ins. Co.*, No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at *5 (E.D. La. 2007) ("The plaintiffs' concession that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants.") (internal quotations and citations omitted).

This case is no different.  Plaintiffs allege that their mortgage lenders referred them to certain mortgage insurers — not the Moving Defendants — supposedly in exchange for an agreement by those mortgages insurers to purchase reinsurance coverage for plaintiffs' loans

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

from their lenders' captive reinsurer, Cross Country. The Moving Defendants are not alleged to have participated in any such transactions with respect to plaintiffs. Thus, as in *Cady* and *Hovenkotter*, plaintiffs have failed to "link [their alleged] injury with any action taken by" the Moving Defendants, and their claims against the Moving Defendants should be dismissed. *Hovenkotter,* 2009 U.S. Dist. LEXIS 129596 at *11.

Nothing in plaintiffs' amended complaint can alter this result. While plaintiffs now say that the Moving Defendants and the mortgage insurers that insured their loans all participated in a "scheme" to violate RESPA, in reality what plaintiffs allege, at most, is seven separate and independent "schemes" between their lender and each individual mortgage insurer, in which each mortgage insurer entered into a separate and independent — but "virtually identical" — reinsurance contract with Cross Country under which each mortgage insurer supposedly agreed to reinsure with Cross Country loans that the lender referred to it for mortgage insurance. Am. Compl. ¶ 14. While plaintiffs plainly are attempting to plead something akin to a "hub-and-spoke conspiracy," their so-called "scheme" has, at most, "separate spokes meeting in a common center," without "the rim of the wheel to enclose the spokes." *Kotteakos v. United States,* 328 U.S. 750, 755 (1946). Nothing in plaintiffs' amended complaint suggests any common agreement *between the "spokes"* (the mortgage insurers) to participate *together* in the supposed "scheme." While plaintiffs state in the Amended Complaint that the Moving Defendants were "complicit" (Am. Compl. ¶ 14) and participated in the "conspiracy/scheme" (Am. Compl. ¶ 33), the plaintiffs do not – because they cannot, consistent with their counsel's Rule 11 obligations – allege a conspiracy (an agreement to accomplish a wrongful purpose) between the mortgage insurers. Hence, nothing in plaintiffs' amended complaint supports their suggestion that actions supposedly taken by three of the "spokes" (the three mortgage insurers that insured plaintiffs' loans) can be attributed to the other four spokes (the Moving Defendants), or that the latter could have in any way contributed to injuries supposedly caused by the former. *Cf. id.* at 772

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Memorandum of Law ISO Motion to Dismiss                    PHDATA 3771152_3

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1  (rejecting contention that in a "hub-and-spoke" "scheme" the jury could "attribute to each

2  [spoke] . . . any act done by any other" spoke in the "scheme").[4]

3        Plaintiffs' repeated allegations in the Amended Complaint that the Moving Defendants

4  (and others) *knew* of the wrongful "scheme" and did not "report them to the appropriate

5  authorities" adds nothing. Am. Compl. ¶¶ 14, 97. Moving Defendants had no obligation to

6  intervene in the mortgage insurance transactions between plaintiffs' lenders and other mortgage

7  insurers to protest the reinsurance arrangements alleged by plaintiffs. *Eastern Trading Co. v.*

8  *Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000) ("[T]here is no . . . 'good Samaritan' duty, to

9  report someone else's fraud or other misconduct.") (citing authorities). Accordingly, this

10  allegation comes nowhere close to demonstrating a causal connection between the Moving

11  Defendants' conduct the plaintiffs' alleged injury.[5]

12        Thus, notwithstanding the new allegations in plaintiffs' amended complaint, they

13  continue to fail to satisfy the basic constitutional prerequisite of standing with respect to the

---

[4]      Courts addressing claims involving supposed "hub-and-spoke" conspiracies generally do not permit such claims unless the alleged conspiracy has a "rim," meaning an agreement *between the "spokes"* to participate together in the scheme. *See also, e.g., Dickson v. Ebert*, 309 F.3d 193, 204-05 (4th Cir. 2002) (dismissing plaintiffs' conspiracy claim because they had, at most, alleged a "rimless wheel conspiracy" wherein each equipment manufacturer defendant had entered into a separate anticompetitive licensing scheme with the common software defendant, and the manufacturer defendants had no coordination with or connection to one another, other than the involvement of the common software defendant). In plaintiffs' diagram in paragraph 97 of their amended complaint, plaintiffs do depict the "scheme" as if it involved several spokes (the mortgage insurers) emanating from a central hub (the "lender defendants"), and enclosed by a purported rim (labeled "reinsurer defendants"). *See* Am. Compl. ¶ 97. In reality, to be consistent with plaintiffs' other allegations, the reinsurer should not be depicted as a "rim" at all, but simply another entity at the "hub," because the reinsurer, according to plaintiffs' allegations, is effectively indistinguishable from the lender itself (since payments to the former supposedly are merely disguised payments to the latter).

[5]      It is worth noting that plaintiffs' lead counsel, the law firm of Kessler Topaz, has filed several cases around the country, making the same allegations in each. Am. Compl. ¶ 87. In earlier filed cases, the defendants were a lender and a lender captive reinsurer. *See, e.g., Liguori v. Wells Fargo & Co.*, No. 08-cv00479 (E.D. Pa.). In most of the recently filed cases, including this one, the defendants are a lender, a lender captive reinsurer, and all or nearly all of the mortgage insurance companies in the United States. *See, e.g., Menichino v. Citibank, N.A.*, No. 12-cv00058 (W.D. Pa.). If named plaintiffs had standing against lenders, insurers and lender-captive reinsurers with whom they did not do business simply because the lenders, insurers and lender-captive reinsurers participated in the alleged scheme and did not report to authorities about it, only one such action would be needed. The existence of several separate lawsuits evidences the need to establish standing by each named plaintiff as to each named defendant.

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1  Moving Defendants and their claims against the Moving Defendants should therefore be

2  dismissed.

3  **II.    Plaintiffs' Lack of Standing Is Not Cured by Their Effort to Serve as Class**

4      **Representatives.**

5      Plaintiffs' effort to bring this lawsuit as a class action under Rule 23 does not excuse

6  them from the constitutional requirement that they establish their standing as to each defendant.

7  *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may

8  be a class action, however, adds nothing to the question of standing . . . .").  Indeed, Rule 23

9  could not possibly alter the rules of standing because the Rules of Civil Procedure "do not extend

10 or limit the jurisdiction of the district courts."  Fed. R. Civ. P. 82; *Lee v. Oregon*, 107 F.3d 1382,

11 1390 (9th Cir. 1997) ("Standing is a jurisdictional element that must be satisfied prior to class

12 certification."); *Thompson v. Bd. of Educ. of the Romeo Community Schs.,* 709 F.2d 1200, 1204

13 (6th Cir. 1983) ("Standing is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23

14 alters this requirement."); *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 543, 544 n.2 (D.

15 Nev. 2004)  ("Standing is a jurisdictional limitation on this Court's jurisdiction that cannot be

16 expanded by class action principles under Federal Rule of Civil Procedure 23.").  Thus,

17 regardless of how plaintiffs attempt to frame their suit, they cannot alter the reality that they lack

18 standing to bring claims against the Moving Defendants and their claims against them must be

19 dismissed.

20 **III.    The Juridical Link Doctrine Does Not Bestow Standing on Plaintiffs.**

21     Plaintiffs' lack of standing is not altered by the so-called "juridical link doctrine," a

22 doctrine of dubious legitimacy that only a handful of courts have suggested might in narrow

23 circumstances permit a named plaintiff to assert claims against defendants who had not directly

24 caused the plaintiff's injury.  This "doctrine" was first mentioned only in *dicta* in *LaMar v. H&B*

25 *Novelty & Loan Co.,* 489 F.2d 461 (9th Cir. 1973), in which the Ninth Circuit suggested that a

26 named plaintiff in a class action might be able to assert claims against defendants with whom he

27 had no dealings if those defendants acted jointly with other defendants who caused the plaintiff's

28 injury, or in situations "in which all defendants are juridically related in a manner that suggests a

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1  single resolution of the dispute would be expeditious." *Id.* at 466.  Assuming *arguendo* that this

2  *dictum* states a valid doctrine in this Circuit, it is of no help to plaintiffs for two reasons.

3      First, the juridical link doctrine cannot be a substitute for the requirement of Article III

4  standing, which, as already shown, plaintiffs do not satisfy with respect to the Moving

5  Defendants.  To the contrary, as numerous courts have recognized, the juridical link doctrine

6  applies, if at all, *only* as an exception to the Rule 23 typicality and adequacy requirements in

7  connection with certifying class actions.[6]  Because, as explained above, "[s]tanding is a

8  jurisdictional element that must be satisfied *prior to* class certification," *Lee*, 107 F.3d at 1390

9  (emphasis added), plaintiffs cannot use a questionable class certification doctrine to side step

10  Article III's requirements. *See, e.g., In re FEMA Trailer Formaldehyde Prods. Liab. Litig*, 570 F.

11  Supp. 2d 851, 856 (E.D. La. 2008) ("[T]he Constitutional requirement of Article III standing

12  should not be trumped by a judge-made doctrine (i.e., the 'juridical link' doctrine) that has never

13  been adopted by this Circuit.").

14      Second, in addition to being irrelevant to standing, the juridical link doctrine has no

15  application to the facts of this case.  The doctrine has been applied only in very rare

16  circumstances, "[w]here all members of the defendant class are officials of a single state and are

17  charged with enforcing or uniformly acting in accordance with a state statute, or common rule or

18  practice of state-wide application, which is alleged to be unconstitutional." *Thompson,* 709 F.2d

19  at 1205 (quoting *Mudd v. Busse,* 68 F.R.D. 522, 527-28 (N.D. Ind. 1975)); *see also Angel Music,*

20  _____

21  [6]    *See, e.g., Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 119 (D. Mass. 2006) (the doctrine of juridical links, "developed in the context of class certification analysis under Fed. R.

22  Civ. P. 23, should properly remain in the analysis of adequacy and typicality of plaintiffs for which it was originally conceived.  In the separate and distinct inquiry into a plaintiff's standing

23  undertaken here, the juridical links doctrine is not relevant"); *In re Franklin*, 388 F. Supp. 2d 451, 451, n.7 (D.N.J. 2005) ("[t]he juridical link doctrine has no bearing on standing; rather, its

24  place lies in a Rule 23 analysis"); *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 n.2 (D. Nev. 2004) ("The Court declines to import La Mar's 'juridical link' doctrine into an Article

25  III analysis.  A doctrine developed under Rule 23 based on judicial efficiency and expedience does not play a role in an Article III standing analysis."); *Matte v. Sunshine*, 270 F. Supp. 2d 805,

26  822 (W.D. La. 2003) (concluding that the "juridical links doctrine has no bearing on the issue of standing"); *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 170–71 (D. Mass. 2004) ("It is

27  clear that class certification and Article III standing are separate and distinct issues, regardless of whether the named plaintiff's injury is similar to that of unnamed plaintiffs. . . .  In short, 'the

28  juridical link doctrine' is not relevant to the issue of standing").

Memorandum of Law ISO Motion to Dismiss

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1  *Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 75 (S.D.N.Y. 1986) ("The juridical link exception has

2  been confined to instances when a class of plaintiffs, usually attempting to vindicate their civil

3  rights, brings an action against a class of state officials charged with uniformly enforcing an

4  allegedly unconstitutional statute or administrative policy.").

5        For example, in *Payton v. Country of Kane,* 308 F.3d 673 (7th Cir. 2002), the Seventh

6  Circuit permitted the named plaintiffs to sue sheriffs in 19 counties in Illinois who had imposed

7  excess bail bond fees pursuant to an allegedly unconstitutional state statute, despite that the

8  named plaintiffs' fees had been imposed by sheriffs in only 2 of those counties.  The court

9  explained that the defendants were "juridically linked" because "the bail bond fee is imposed

10  pursuant to a state statute, and . . . county sheriffs are for this purpose an arm of the state."  *Id.* at

11  680.  Thus, while there were many defendants, the injuries of the named plaintiffs and unnamed

12  class members had only a single cause, namely, the allegedly unconstitutional statute.  *Id.*

13        This case is nothing like *Payton.*  Rather, this case is precisely like *Easter v. American*

14  *West Financial,* 381 F.3d 948 (9th Cir. 2004), in which the Ninth Circuit refused to apply the

15  juridical link doctrine.  In *Easter*, plaintiff borrowers brought a putative class action against

16  several defendant lenders and brokers ("Trust Defendants") for alleged violations of usury and

17  consumer protection laws.  The Court of Appeals concluded that the Trust Defendants were not

18  "juridically linked" because there was no evidence that the borrowers'

19          alleged injuries were the result of a conspiracy or concerted scheme
20          *between the Trust Defendants*.  To the contrary, the Trust Defendants are
           *competitors* for the purchase of secured loans in the same market place.
21          Nor are the Trust Defendants related governmental entities . . . . The Trust
           Defendants [therefore] are not juridically linked, and Borrowers cannot
22          acquire standing to sue those defendants who do not now hold and have
           never held a named plaintiff's loan through the juridical links doctrine.

23  *Id.* (citation omitted; emphasis added).[7]

24

25

26      [7]    *See also Newport v. Dell*, No. 08-00096, 2008 U.S. Dist. LEXIS 89379, at *10-*11  (D.
   Az. Aug. 21, 2008); *Lindquist v. Farmers Insurance Company of Arizona*, No. 06-597-TUC-
27  FRZ, 2008 U.S. Dist. LEXIS 11832, at *36-*37 (D. Az. Feb. 6, 2008); *Siemers v. Wells Fargo &*
   *Co.*, No. 05-04518, 2006 U.S. Dist. LEXIS 81097, at *19-*20 (N.D. Cal. Oct. 24, 2006).

28

Memorandum of Law ISO Motion to Dismiss

PHDATA 3771152_3

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1    The juridical link doctrine cannot apply here for precisely the same reasons as in *Easter*.

2  Plaintiffs do not allege that the Moving Defendants are related governmental or corporate

3  entities, or share any statutory mandate or other formal legal relationship directing their conduct.

4  Although plaintiffs attempt to assert in their amended complaint that all of the mortgage insurers

5  participated in a "singular scheme" to violate RESPA, what plaintiffs in fact assert, as shown

6  above, is simply that each mortgage insurer "entered into identical contracts" with plaintiffs'

7  lenders.  Am. Comp. ¶ 14.  Plaintiffs do not assert that the mortgage insurers agreed *with one*

8  *another* that they would enter into these supposedly "identical contracts."  To the contrary,

9  plaintiffs allege that each mortgage insurer entered into its "identical" contract with the lender,

10  not out of some collective decision, but because each independently concluded that it "had no

11  choice but to enter into" that contract "or risk losing business."  *Id.*  Thus, plaintiffs' allegations,

12  on their face, state that the mortgage insurers were *competing* with one another for business, not

13  conspiring, just as the defendants in *Easter* were "*competitors* for the purchase of secured loans

14  in the same market place," *Easter*, 381 F.3d at 962 (emphasis added).

15    On plaintiffs' own allegations, each mortgage insurer's reinsurance agreement with Cross

16  Country is a completely independent agreement that could exist, or not, regardless of whether

17  another mortgage insurer had entered into a separate reinsurance agreement with Cross Country.

18  Likewise, plaintiffs' purported injuries, supposedly caused by the reinsurance agreements

19  between Cross Country and their mortgage insurers, would exist regardless of whether other

20  mortgage insurers had ever entered into reinsurance agreements with Cross Country at all.  At

21  most, plaintiffs allege that each mortgage insurer engaged in parallel conduct (without the

22  presence of any "plus" factors[8]; that is to say each; followed a common commercial practice in

23

24  [8]  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-7 (2007) ("Without more, parallel
conduct does not suggest conspiracy, and a conclusory allegation of agreement at some
unidentified point does not supply facts adequate to show illegality.")  Indeed, even before
25  *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (extending *Twombly* pleading requirement
to all civil actions), it was clear that consciously parallel conduct was not sufficient to show a
26  conspiracy.  *Theatre Enterprises v. Paramount Film Distributing Corp.*, 346 U.S. 537, 541
(1954); *see also Souza v. Estate of Bishop*, 821 F.2d. 1332, 1335 (9th Cir. 1987) ( mere existence
27  of parallel conduct. . . is insufficient to establish a conspiracy) *Wilcox v. First Interstate Bank*
815 F.2d 522, 525-26 (9th Cir. 1987) (court should consider plus factors to see if inference of
28  conspiracy is reasonable)**;** *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d
…Continued

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

order to induce the lender to refer business to it rather than to another mortgage insurer.  But a "common commercial practice [is not] enough to serve as the legal link" required by the "juridical link" doctrine.  *La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 470 (9th Cir. 1973); *see also Hovenkotter*, 2009 U.S. Dist. LEXIS 129596, at *12.

In sum, plaintiffs cannot evade the requirement of standing by attempting to invoke the juridical link doctrine.  Their claims against the Moving Defendants should be dismissed.

### CONCLUSION

For these reasons, the Moving Defendants respectfully urge the Court to dismiss them from this action on the basis that plaintiffs lack standing to assert any claims against them.

### CERTIFICATION PURSUANT TO LOCAL RULE 7-3

The undersigned counsel for Moving Defendants hereby certify that this motion is made following conference with counsel for Plaintiffs by telephone and by letter on various dates, including on February 3, 2012, among other days.

Dated: March 16, 2012                    SCHNADER HARRISON SEGAL & LEWIS LLP


                                         */s/Christopher H. Hart*
                                         Christopher H. Hart
                                         David Smith (*Admitted Pro Hac Vice*)
                                         Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
                                         Stephen A. Fogdall (*Admitted Pro Hac Vice*)
                                         Attorneys for Defendant
                                         RADIAN GUARANTY INC.
                                         One Montgomery Street Suite 2200
                                         San Francisco, CA 94104-5501
                                         Phone: 415-364-6700
                                         Fax: 415-364-6785
                                         Email: chart@schnader.com

*Continued from previous page*
1011, 1022 n.6 (N.D. Cal. 2007) (stating that conscious parallelism may well be anticompetitive but it is not illegal).

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss

1   Dated:  March 16, 2012                        ARNOLD & PORTER LLP

2

3                                                 */s/Douglas A. Winthrop*
                                                  Douglas A. Winthrop
4                                                 Sara J. Eisenberg
                                                  Three Embarcadero Center, 7th Floor
5                                                 San Francisco, California  94111-4024
                                                  Phone: 415-434-1600
6                                                 Fax: 415-677-6262
                                                  douglas.winthrop@aporter.com
7                                                 sara.eisenberg@aporter.com

8
                                                  Eric Shapland
9                                                 Amie L. Medley
                                                  777 South Figueroa Street, 44th Floor
10                                                Los Angeles, CA 90017-5844
                                                  Phone: 213-243-4000
11                                                Facsimile: 213-243-4199
                                                  eric.shapland@aporter.com
12                                                amie.medley@aporter.com

13
                                                  Attorneys for Defendant
14                                                PMI MORTGAGE INSURANCE CO.

15

16
    Dated:  March 16, 2012                        FOLEY & LARDNER LLP
17

18
                                                  */s/Michael S. Lawrence*
19                                                Michael S. Lawrence
                                                  Attorneys for Defendant
20                                                MORTGAGE GUARANTY INSURANCE
                                                  CORPORATION
21                                                Foley & Lardner LLP
                                                  555 South Flower Street Suite 3500
22                                                Los Angeles, CA 90071-2411
                                                  Phone: 213-972-4500
23                                                Fax: 213-486-0065
                                                  mlawrence@foley.com
24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

                                                                            PHDATA 3771152_3
Memorandum of Law ISO Motion to Dismiss

1

2    Dated: March 16, 2012                    LOCKE LORD LLP

3

4                                             /s/Daniel A. Solitro
                                              Thomas J. Cunningham
5                                             Daniel A. Solitro
                                              Attorneys for Defendant
6                                             TRIAD GUARANTY INSURANCE CORP.
                                              300 South Grand Avenue, Suite 2600
7                                             Los Angeles, CA, 90071
                                              Phone: 213-485-1500
8                                             Fax: 213-485-1200
                                              tcunningham@lockelord.com
9                                             dsolitro@lockelord.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

PHDATA 3771152_3

Memorandum of Law ISO Motion to Dismiss