Christopher H. Hart (CSBN 184117)
  chart@schnader.com
David Smith (*Admitted Pro Hac Vice*)
  dsmith@schnader.com
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
  sfogdall@schnader.com
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
  tloscalzo@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Defendant RADIAN GUARANTY INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KMOARCHUCK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No: 5:11-cv-01950 VAP-SP<br><br>**CERTAIN DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL STAY PENDING THE SUPREME COURT'S DECISION IN *FIRST AMERICAN FINANCIAL CORPORATION V. EDWARDS***<br><br>Judge:    Hon. Virginia A. Phillips<br>Date Complaint Filed:  12/09/2011<br><br>DATE: April 16, 2012<br>TIME:  2:00 PM<br>COURTROOM: 2 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 16, 2012 at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Virginia A. Phillips in Courtroom 2 of this Court, located at 3470 Twelfth Street, Riverside, CA 92501, Defendants Mortgage Guaranty Insurance Corporation, PMI Mortgage Insurance Corporation, Radian Guaranty Inc. and Triad Guaranty Insurance Corporation (collectively "Certain Defendants" or "Moving Defendants") will and hereby do, move for an order staying this case pending the decision of the Supreme Court in *Edwards,* but permitting the Moving Defendants to file and prosecute their motion to dismiss pursuant to Rule 12(b)(1).

This Motion is made on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Stephen Fogdall and Exhibits attached thereto in support of the Motion, any documents that are properly subject to judicial notice (as requested by separate pleading) or otherwise considered by the Court, all pleadings and papers that are of record in this case, and the oral arguments of counsel made at the hearing on this Motion.

This Motion is made following several conferences of counsel pursuant to L.R. 7-3, the first of which took place on January 6, 2012.  Plaintiffs do not oppose the stay of the entire case pending the decision in *Edwards* but oppose the Moving Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: March 16, 2012 | SCHNADER HARRISON SEGAL & LEWIS LLP |
| 2 | | |
| 3 | | |
| 4 | | */s/Christopher H. Hart* |
| | | Christopher H. Hart |
| 5 | | David Smith (*Admitted Pro Hac Vice*) |
| | | Theresa E. Loscalzo (*Admitted Pro Hac Vice*) |
| 6 | | Stephen A. Fogdall (*Admitted Pro Hac Vice*) |
| 7 | | Attorneys for Defendant |
| | | RADIAN GUARANTY INC. |
| 8 | | One Montgomery Street Suite 2200 |
| | | San Francisco, CA 94104-5501 |
| 9 | | Phone: 415-364-6700 |
| 10 | | Fax: 415-364-6785 |
| | | Email: chart@schnader.com |
| 11 | | |
| 12 | | |
| 13 | Dated: March 16, 2012 | ARNOLD & PORTER LLP |
| 14 | | */s/Douglas A. Winthrop* |
| | | Douglas A. Winthrop |
| 15 | | Sara J. Eisenberg |
| | | Attorneys for Defendant |
| 16 | | PMI MORTGAGE INSURANCE CO. |
| | | Three Embarcadero Center, 7th Floor |
| 17 | | San Francisco, California 94111-4024 |
| 18 | | Phone: 415-434-1600 |
| | | Fax: 415-677-6262 |
| 19 | | douglas.winthrop@aporter.com |
| | | sara.eisenberg@aporter.com |
| 20 | | |
| | | Eric Shapland |
| 21 | | Amie L. Medley |
| 22 | | 777 South Figueroa Street, 44th Floor |
| | | Los Angeles, CA  90017-5844 |
| 23 | | Phone:  213-243-4000 |
| | | Facsimile:  213-243-4199 |
| 24 | | Eric.shapland@aporter.com |
| | | Amie.medley@porter.com |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: March 16, 2012 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | /s/Michael S. Lawrence_____ |
| | | Michael S. Lawrence |
| 4 | | Attorney for Defendant |
| | | MORTGAGE GUARANTY INSURANCE |
| 5 | | CORPORATION |
| | | Foley & Lardner LLP |
| 6 | | 555 South Flower Street Suite 3500 |
| 7 | | Los Angeles, CA 90071-2411 |
| | | Phone: 213-972-4500 |
| 8 | | Fax: 213-486-0065 |
| | | mlawrence@foley.com |
| 9 | | |
| 10 | Dated: March 16, 2012 | LOCKE LORD LLP |
| 11 | | |
| 12 | | /s/Daniel A. Solitro_____ |
| | | Thomas J. Cunningham |
| 13 | | Daniel A. Solitro |
| | | Attorneys for Defendant |
| 14 | | TRIAD GUARANTY INSURANCE CORP. |
| | | 300 South Grand Avenue, Suite 2600 |
| 15 | | Los Angeles, CA, 90071 |
| 16 | | 213-485-1500 |
| | | Fax: 213-485-1200 |
| 17 | | tcunningham@lockelord.com |
| | | dsolitro@lockelord.com |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................3

    A. This Action........................................................................................................3

    B. *Edwards* ...........................................................................................................4

III. ARGUMENT ..........................................................................................................5

    A. This Court Has Broad Discretion To Issue A Stay When A Higher Cout Is Considering An Issue That May Substantially Affect The Litigation. ........5

    B. A Brief Partial Stay Is Appropriate Because The Supreme Court's Ruling In *Edwards* May Render Any Additional Proceedings Unnecessary. .....................7

    C. A Brief Partial Stay Of The Proceedings Until The Supreme Court Rules In *Edwards* Will Not Damage Anyone And Will Promote Judicial Efficiency And Avoid Potentially Unnecessary And Costly Litigation.................................................................................................................8

    D. A Limited Carve Out Is Appropriate To Allow Moving Defendants To Move To Dismiss.....................................................................................................9

IV. CONCLUSION.........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aguilar v. Allstate Fire and Casualty Ins. Co.*,
  No. 06-4660, 2007 U.S. Dist. LEXIS 16073 (E.D. La. 2007) .................................................. 2

*Alvarez v. T-Mobile USA, Inc.*,
  2010 WL 5092971 (C.D. Cal. Dec. 7, 2010) ............................................................................ 6

*Cady v. Anthem Blue Cross Life and Health Ins. Co.*,
  583 F. Supp. 2d 1102 (N.D. Cal. 2008) .................................................................................... 2

*Carney v. Verizon Wireless Telecom, Inc.*,
  2010 WL 3058106 (S.D. Cal. Aug. 2, 2010) ......................................................................... 6, 8

*Chamberlan v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) ..................................................................................................... 9

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ................................................................................................. 9

*Clark v. Fitzgibbons*,
  105 F.3d 1049 (5th Cir. 1997) ................................................................................................... 3

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (1962) ......................................................................................................... 6, 8, 9

*Edwards v. First American Corp.*,
  517 F. Supp. 1199 (C.D. Cal. 2007) .......................................................................................... 5

*Edwards v. First American Corp.*,
  610 F.3d 514 (9th Cir. 2010) ..................................................................................................... 5

*Edwards v. First American Financial Corporation*, et al.
  (C.D. Cal., No. CV 07-3796 SJO-FFM) .................................................................................... 4

*First American Financial Corporation v Edwards*,
  No. 10-708 ("*Edwards*") ................................................................................................. passim

*Ganezer v. DirectBuy, Inc.*,
  571 F.3d 846 (9th Cir. 2009) (remanding with instructions to stay proceedings
  pending a decision by the United States Supreme Court in a related case) ............................. 6

*Hartford Casualty Insurance Co. v. Borg-Warner Corp.*,
  913 F.2d 419 (7th Cir. 1990) ..................................................................................................... 3

*Henry v. Circus Circus Casinos*,
  223 F.R.D. 541 (D. Nev. 2004) .................................................................................................. 2

*Hovenkotter v. Safeco Corp.*,
 No. 09-218JLR, 2009 U.S. Dist. LEXIS 129596...................................................................2

*Johnson v. GEICO Casualty Co.*,
 673 F. Supp. 2d 244 (D. Del. 2009)......................................................................................2

*Lac D'Amiante Du Quebec v. American Home Assurance Co.*,
 864 F.2d 1033 (3d Cir. 1988).................................................................................................3

*Landis v. North American Co.*,
 299 U.S. 248 (1936)...............................................................................................................6

*Lee v. Oregon*,
 107 F.3d 1382 (9th Cir. 1997) ...............................................................................................2

*Leyva v. Certified Grocers of Cal., Ltd.*,
 593 F.2d 857 (9th Cir. 1979) .................................................................................................6

*Lopez v. American Express Bank, FSB*,
 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010) ..................................................................6, 8

*McArdle v. AT & T Mobility LLC*,
 2010 WL 2867305 (N.D. Cal. July 20, 2010).......................................................................6

*Moore v. GMAC Mortgage LLC*, 2:07-cv-04296
 (E.D. Pa. Aug. 17, 2011).......................................................................................................7

*Mull v. Alliance Mortgage Banking Corp.*,
 219 F. Supp. 2d 895 (W.D. Tenn. 2002)...............................................................................2

*Munoz v. PHH Corp.*,
 1:08-cv-00759 (E.D. Cal. Sept. 9, 2011) (Fogdall Decl., ¶ 7, <u>Ex. 6</u>)........................................7

*Northern California Dist. Council of Hod Carriers, Bldg. and Const. Laborers, AFL-CIO
 v. Opinski*,
 673 F.2d 1074 (9th Cir. 1982) ...............................................................................................6

*Perez v. State Farm. Mut. Auto. Ins. Co.*,
 No. 06-01962 JW, 2011 U.S. Dist. LEXIS 135844...............................................................2

*Railroad Teelgraphers v. Railway Express Agency, Inc.*,
 321 U.S. 342 (1944).............................................................................................................10

*Rutman Wine Co. v. E. & J. Gallo Winery*,
 829 F.2d 729 (9th Cir. 1987) .................................................................................................9

*Simon v. Eastern Kentucky Welfare Rights Org.*,
 426 U.S. 26 (1976).................................................................................................................2

*Stevens v. Union Planters Corp.*,
   No. 00-CV-1695, 2000 U.S. Dist. LEXIS 22630 (E.D. Pa. Aug. 20, 2000) ............................8

*Summers v. Earth Island Inst.*,
   129 S. Ct. 1142 (2009) ..........................................................................................................7

*Thompson v. Bd. of Educ. of the Romeo Community Schs.*,
   709 F.2d 1200 (6th Cir. 1983) ..............................................................................................2

*Thurmond v. Suntrust Banks, Inc.*,
   No. 11-1352 (E.D. Pa. Sept. 7, 2011) (Fogdall Decl., ¶ 6, <u>Ex. 5</u>) .............................................7

*Walker v. Monsanto Co. Pension Plan*,
   472 F. Supp. 2d 1053 (S.D. Ill. 2006) ...................................................................................7

*White v. The PNC Financial Services Group, Inc.*,
   1:11-cv-7928 (E.D. Pa., March 7, 2012) (Fogdall Decl., ¶ 7, <u>Ex. 7</u>) .......................................7

**STATUTES**

12 U.S.C. § 2607 .............................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ..........................................................................................................................11

Fed. R. Civ. P. 12(b)(1) .......................................................................................................2, 4, 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................................11

Fed. R. Civ. P. 23 ............................................................................................................................2

Fed. R. Civ. P. 82 ............................................................................................................................2

Article III of the United States Constitution .......................................................................1, 7, 8, 9

## I. INTRODUCTION

The Moving Defendants respectfully submit this memorandum in support of their Motion For A Partial Stay Pending the Supreme Court's Decision in *First American Financial Corporation v Edwards*, No. 10-708 ("*Edwards*"). As set forth in more detail below, in this action three sets of plaintiffs have sued their mortgage lenders, seven different mortgage insurance companies, and the lenders' reinsurance affiliate, alleging that the lenders referred the plaintiffs' mortgage loans to defendant mortgage insurers because those insurers agreed to reinsure the risk with the lenders' reinsurance affiliate on favorable or preferential terms. The gravamen of Plaintiffs' claims is that the alleged provision of such favorable or preferential terms to the lenders' reinsurance affiliate serves as a payment of a "thing of value" to the lenders in return for the referral of the mortgage insurance business, in alleged violation of section 8(a) of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2607. Certain defendants deny these allegations, and, if put to the test, intend to so prove.

However, these allegations, even taken as true, reveal two obvious legal deficiencies. First, there is no allegation that any of the Named Plaintiffs suffered any economic injury (*i.e.* paid more for mortgage insurance) as a result of the reinsurance transactions between the mortgage insurers and the lenders' affiliated reinsurer. Plaintiffs' claims thus raise a threshold issue of whether they suffered an injury in fact, an indispensable requirement for standing purposes under Article III of the United States Constitution. And in *Edwards*, the United States Supreme Court has agreed to decide that very issue, which warrants the stay of this action pending a decision in *Edwards*,-- a path that many courts presiding over similar RESPA claims have taken. (*See infra* at pg. 7).

The stay, however, should not be all encompassing because of the second fundamental legal deficiency in the Complaint. It is clear from the face of the Complaint that with only three sets of Plaintiffs, four of the seven mortgage insurer defendants (MGIC, Radian, PMI, and Triad) are not alleged to have engaged in the allegedly wrongful practices with any of the Named Plaintiffs. Accordingly, this case must be dismissed against MGIC, Radian, PMI, and Triad (the

1
CERTAIN DEFENDANTS' MOTION FOR PARTIAL STAY
CASE NO. 5:11-CV-01950 VAP-SP

4835-0329-3710.3

1   "Moving Defendants").[1]  Although the Moving Defendants could, in theory, agree to the stay,
2   they request the right to file a limited motion to dismiss under Rule 12(b)(1) that only addresses
3   the failure of the Plaintiffs to allege that these four defendants engaged in the complained of
4   practices with any of the Plaintiffs.  While absent this obvious defect, these Moving Defendants
5   agree and support the requested stay,[2] they believe that they need to proceed with a motion to
6   dismiss that, in their view, can not reasonably be opposed.  If they do not proceed in this manner,
7   they will not only have a case pending against them that can not legally be brought,[3] but they

---

[1]   As the Moving Defendants demonstrate in their motion to dismiss also filed this day, Plaintiffs' effort to bring this lawsuit as a class action under Rule 23 does not excuse them from the constitutional requirement that they establish their standing as to each defendant. *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing . . . ."). Indeed, Rule 23 could not possibly alter the rules of standing because the Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82; *Lee v. Oregon*, 107 F.3d 1382, 1390 (9th Cir. 1997) ("Standing is a jurisdictional element that must be satisfied prior to class certification."); *Thompson v. Bd. of Educ. of the Romeo Community Schs.,* 709 F.2d 1200, 1204 (6th Cir. 1983) ("Standing is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23 alters this requirement."); *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 543, 544 n.2 (D. Nev. 2004) ("Standing is a jurisdictional limitation on this Court's jurisdiction that cannot be expanded by class action principles under Federal Rule of Civil Procedure 23."). Accordingly, in cases just like this, where named plaintiffs attempt to sue defendants with whom they have not dealt or who did not insure them, courts routinely and correctly dismiss claims against those defendants even where the defendants are alleged to have engaged in similar practices vis-à-vis unnamed class members. *See, e.g., Perez v. State Farm. Mut. Auto. Ins. Co.*, No. 06-01962 JW, 2011 U.S. Dist. LEXIS 135844, at **11-12 (N.D. Cal. Nov. 15, 2011); *Hovenkotter v. Safeco Corp.*, No. 09-218JLR, 2009 U.S. Dist. LEXIS 129596, at **10-12 (W.D. Wa. Aug. 3, 2009); *Johnson v. GEICO Casualty Co.*, 673 F. Supp. 2d 244 (D. Del. 2009); *Cady v. Anthem Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d 1102 (N.D. Cal. 2008); *Aguilar v. Allstate Fire and Casualty Ins. Co.*, No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at *5 (E.D. La. 2007); *Mull v. Alliance Mortgage Banking Corp.*, 219 F. Supp. 2d 895, 908-09 (W.D. Tenn. 2002).

The Moving Defendants also demonstrate in their Motion to Dismiss that Plaintiffs' Amended Complaint does not allege facts to confer standing on the Plaintiffs to sue the Moving Defendants.

[2]   Indeed, should the Moving Defendants lose their 12(b)(1) motions, they would expect to have the cases against them deemed subject to the stay, provided that they, as well as other Defendants, were able to respond to the Complaint, including making appropriate 12(b)(6) motions, in the event that the case is deemed viable after *Edwards* is decided.

[3]   In this regard, Defendant PMI advises the Court that it is currently operating pursuant to an interim receivership order issued by the Arizona Department of Insurance. A stipulated consent to receivership has been filed with the court and PMI expects that a permanent receivership order will be entered shortly. If PMI has not yet been dismissed from the case at that time, PMI intends to seek dismissal of the claims against it and/or transfer to the Maricopa

4835-0329-3710.3

1 will have to maintain burdensome and costly litigation holds, make disclosures, and deal with
2 publicity that otherwise would not be necessary.

3     Additional details and argument supporting the limited motion to stay are provided
4 below.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    This Action

Plaintiffs are the borrowers on three home mortgage loans: plaintiffs Wayne Samp and Roberta Samp obtained a home mortgage loan from defendant JPMorgan Chase Bank N.A. (Am. Compl. ¶ 19); plaintiff Annetta Whitaker likewise obtained a home mortgage loan from JPMorgan Chase Bank N.A. (*Id.* ¶ 21); and plaintiffs Daniel Komarchuk and Susan Komarchuk obtained a home mortgage loan from Chase Manhattan Mortgage Corporation (*Id.* ¶ 20). Plaintiffs generally aver that the Defendants-lenders purchased mortgage insurance from Defendants-insurers and that Defendants-insurers reinsured their exposure with a Defendant-reinsurer, affiliated with the Defendants-lenders. (*Id.* ¶ 2). Plaintiffs allege that these reinsurance arrangements violated Section 8 of RESPA because the payments to Defendant-reinsurer by Defendants-insurers were not true reinsurance premiums for the transfer of risk but instead were illegal kickbacks, referral payments and unearned fee splits. (*Id.* ¶¶ 9-11). Plaintiffs allege that they were injured because they unknowingly purchased settlement services from providers that participated in an unlawful kickback scheme in violation of RESPA (*Id.* ¶ 165). However, Plaintiffs do not allege a cognizable injury. While they claim that they were injured because mortgage insurance premiums were artificially inflated (*Id.* ¶ 166), they do not specify anywhere either in their original 44-page long, 164-paragraph Complaint or their 58-page

---

County Superior Court, which is responsible for administering the receivership. *See*, *e.g.*, *Clark v. Fitzgibbons*, 105 F.3d 1049 (5th Cir. 1997) (affirming dismissal of federal action based on (1) full faith and credit to the receivership order of the Arizona court, which required all persons with claims against the defendant to bring those claims before the receiver, and (2) deferral to the Arizona receivership proceeding under the doctrine of Burford abstention); *see also*, *e.g.*, *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419 (7th Cir. 1990) (dismissing based on Burford abstention); *Lac D'Amiante Du Quebec v. American Home Assurance Co.*, 864 F.2d 1033 (3d Cir. 1988) (same).

3
CERTAIN DEFENDANTS' MOTION FOR PARTIAL STAY
CASE NO. 5:11-CV-01950 VAP-SP

4835-0329-3710.3

1  long, 174-paragraph First Amended Complaint ("Am. Compl.") how or to what degree they were
2  overcharged.  Instead, Plaintiffs emphasize that the *aggregate* effect of the alleged scheme was
3  an overcharge and that proof of injury is "not necessary to prevail on their claims" (*Id*.)
4  (emphasis in original).

5  Plaintiffs filed their original complaint on December 9, 2011.  On February 7, 2012, the
6  Moving Defendants filed and served their motion to dismiss plaintiffs' claims against them for
7  lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Moving Defendants
8  showed in their Motion to Dismiss that plaintiffs do not have standing to sue the Moving
9  Defendants because the Moving Defendants neither insured plaintiffs' loans nor agreed to
10 *re*insure their loans with lender-affiliated reinsurer.  On March 2, 2012, Plaintiffs filed their First
11 Amended Complaint, in which they attempted to repair this fatal gap in their claims against the
12 Moving Defendants.  As demonstrated in the Moving Defendants' Motion to Dismiss the
13 Amended Complaint, Plaintiffs' attempt to demonstrate standing as to Moving Defendants,
14 however, is not successful.  For purposes of this Motion for Partial Stay, however, nothing in the
15 Amended Complaint changes the plaintiff's fundamental theory of liability, which the Supreme
16 Court will address in *Edwards*.

17 **B.     *Edwards***

18 In *Edwards v. First American Financial Corporation*, *et al.*  (C.D.  Cal., No.  CV 07-
19 3796 SJO-FFM), the plaintiff brought a claim under Section 8 of RESPA, alleging that First
20 American Financial and First American Title Insurance Company acquired a partial interest in an
21 independent title agent, providing "things of value" in exchange for the agent's exclusive referral
22 of title insurance business to First American.  (Stephen Fogdall Declaration ("Fogdall Decl."), ¶
23 2, Ex. 1 at ¶¶ 15, 38-39).  Edwards, like the Named Plaintiffs here, did not allege that she
24 suffered any separate economic injury as a result of the alleged violations of Section 8 of
25 RESPA.  (*Id.*  at ¶¶ 40-41).  The district court denied First American's motion to dismiss on
26 standing grounds, holding that Edwards did not have to allege that she had suffered an
27 overcharge.  *Edwards v. First American Corp.*, 517 F.  Supp. 2d  1199, 1204 (C.D.  Cal.  2007).
28

4
CERTAIN DEFENDANTS' MOTION FOR PARTIAL STAY
CASE NO.  5:11-CV-01950 VAP-SP

4835-0329-3710.3

1  The Ninth Circuit affirmed. *Edwards v. First American Corp.*, 610 F.3d 514, 515 (9th Cir. 2010).

First American petitioned the Supreme Court for a writ of certiorari on the following two questions:

> 1. Did the Ninth Circuit err in holding that a private purchaser of real estate settlement services has standing under RESPA to maintain an action in federal court in the absence of any claim that the alleged violation affected the price, quality, or other characteristics of the settlement services provided?
>
> 2. Does such a purchaser have standing to sue under Article III, § 2 of the United States Constitution, which provides that the federal judicial power is limited to "Cases" and "Controversies" and which this Court has interpreted to require the plaintiff to "have suffered an injury in fact," in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)?

(Fogdall Decl., ¶ 3, Ex. 2). On June 20, 2011, the Supreme Court granted certiorari as to Question 2 only. (Fogdall Decl., ¶ 4, Ex. 3). The parties finished the briefing in early November, 2011, and the Supreme Court heard oral argument in the case on November 28, 2011. *See* http://www.scotusblog.com/case-files/cases/first-american-financial-corp-v-edwards/ (last accessed on March 15, 2012) for copies of the briefs and transcript of the oral argument. A decision is expected by June of 2012.

### III. ARGUMENT

#### A. This Court Has Broad Discretion To Issue A Stay When A Higher Court Is Considering An Issue That May Substantially Affect The Litigation.

This Court has broad discretion to stay matters. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When deciding whether to grant a stay, the court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (1962) (citing *Landis*, 299 U.S. at 254-55).

Stays are routinely entered when the Supreme Court grants certiorari in another case involving similar issues that may affect the outcome of the pending case. *See*, *e.g.*, *Northern California Dist. Council of Hod Carriers, Bldg. and Const. Laborers, AFL-CIO v. Opinski,* 673 F.2d 1074, 1075 (9th Cir. 1982) (in considering whether to stay case, district court should consider the grant of certiorari by Supreme Court in a similar case); *Ganezer v. DirectBuy, Inc.,* 571 F.3d 846 (9th Cir. 2009) (remanding with instructions to stay proceedings pending a decision by the United States Supreme Court in a related case); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (discussing benefits of stay when there are "independent proceedings which bear upon the case"). District courts often grant stays pending a decision from a higher court. *McArdle v. AT & T Mobility LLC,* 2010 WL 2867305, at *1-2 (N.D. Cal. July 20, 2010) (granting stay based on defendant's argument that a decision in a similar case pending before the Supreme Court could require the district court to vacate any rulings, including any class certification, in the putative class action before it); *Alvarez v. T-Mobile USA, Inc.,* 2010 WL 5092971, at *3 (C.D. Cal. Dec. 7, 2010) (granting stay after Supreme Court granted certiorari in similar case); *Carney v. Verizon Wireless Telecom, Inc.,* 2010 WL 3058106, at *3 (S.D. Cal. Aug. 2, 2010) (same); *Lopez v. American Express Bank, FSB,* 2010 WL 3637755, at *5 (C.D. Cal. Sept. 17, 2010) (same); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (collecting cases and stating that "such stays are entered quite routinely.")

Indeed, several district courts recently stayed actions where violations of Section 8 of RESPA were alleged, pending the decision of the Supreme Court in *Edwards*. *See Moore v. GMAC Mortgage LLC*, 2:07-cv-04296 (E.D. Pa. Aug. 17, 2011) (involving same Plaintiffs' counsel as here) (Fogdall Decl., ¶ 5, Ex. 4); *see Thurmond v. Suntrust Banks, Inc.*, No. 11-1352 (E.D. Pa. Sept. 7, 2011) (Fogdall Decl., ¶ 6, Ex. 5); *see also Munoz v. PHH Corp.*, 1:08-cv-00759 (E.D. Cal. Sept. 9, 2011) (Fogdall Decl., ¶ 7, Ex. 6); *White v. The PNC Financial*

*Services Group, Inc.*, 1:11-cv-7928 (E.D. Pa., March 7, 2012) (Fogdall Decl., ¶ 7, Ex. 7) (involving same Plaintiffs' counsel as here).[4]

### B. A Brief Partial Stay Is Appropriate Because The Supreme Court's Ruling In *Edwards* May Render Any Additional Proceedings Unnecessary.

The sole issue in *Edwards* bears directly on the threshold issue in this case. The Court will decide whether a litigant, like Plaintiffs here, who suffered no independent economic injury as a result of the alleged statutory violation, has Article III standing to sue under RESPA. By granting certiorari in *Edwards*, the Supreme Court expressed its willingness to decide whether the Ninth Circuit's decision, which did not require an independent injury to pursue a RESPA violation, conflicts with the bedrock jurisdictional principal that "injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009). Plaintiffs have not shown and cannot show here that they were overcharged for mortgage insurance. Mortgage insurers file rates with state insurance departments for the mortgage insurance premiums they charge, and these premiums are charged across the board without regard to whether the risk of loss is reinsured by mortgage insurers or is kept net for their own accounts. Furthermore, any argument of the overcharge would run afoul of the filed rate doctrine, which provides that "regulated companies are required by federal or state law to file proposed rates or charges with a regulatory agency, any rate approved by the agency is 'per se reasonable and unassailable in judicial proceedings brought by ratepayers.'" *Stevens v. Union Planters Corp.*, No. 00-CV-1695, 2000 U.S. Dist. LEXIS 22630, at *9-10 (E.D. Pa. Aug. 20, 2000) (dismissing RESPA claims based on file rate doctrine). In short, if the Supreme Court decides in *Edwards* that Article III requires a RESPA plaintiff to plead an economic injury, Plaintiffs' claims (based on the theory asserted in the First Amended Complaint) will not survive.

---

[4] In *White*, as in this case, MGIC, Triad and PMI also moved to dismiss because they did not insure the named plaintiffs' loans. Judge Stengel stayed the entire case in *White,* without entertaining the motion to dismiss. The Moving Defendants respectfully submit that Judge Stengel's decision is not binding on this Court and this Court should dismiss the claims against the Moving Defendants for lack of standing.

### C. A Brief Partial Stay Of The Proceedings Until The Supreme Court Rules In *Edwards* Will Not Damage Anyone And Will Promote Judicial Efficiency And Avoid Potentially Unnecessary And Costly Litigation.

A stay until the Supreme Court rules in *Edwards* will not cause harm to Plaintiffs or the proposed class. [As stated above, the Complaint contains no specific allegations of overcharges to even assess how much the Plaintiffs claim they have overpaid and what effect, if any, this amount has on their individual circumstances.] Indeed, delay of a monetary award is not the kind of harm that precludes a stay. *CMAX, Inc.*, 300 F.2d at 268-69; *Lopez*, 2010 WL 3637755, at *5 (holding that even if "Defendants will continue to unfairly obtain money from Plaintiffs and class members through excess finance charges" during the course of a stay, it was still necessary to prevent the defendants from "litigat[ing] this case and incur[ring] related expenses" while the Supreme Court reviewed a related case); *Carney*, 2010 WL 3058106, at *3 (granting a stay to prevent substantial hardship of defending litigation, including "engaging in fact and expert discovery, motion practice and trial preparation," because "any damage that consumers may suffer as a result of Defendants' conduct may be remedied by an award of damages.") There is no "prejudice" to the Plaintiffs or the proposed class if the Supreme Court holds that a separate economic injury must be shown to maintain a RESPA claim. *CMAX*, 300 F.2d at 269. That is because "if [the Plaintiffs'] case is weak, justice will be served by having that fact revealed prior to the" final judgment. *Id.*

In contrast to Plaintiffs not suffering any harm or prejudice if the case is stayed, proceeding with this litigation until the Supreme Court announces the rule for Article III standing in RESPA cases will create significant hardship to Defendants and will likely cause an overall inequitable result. Where, as here, the ability of Plaintiffs to pursue their claims is seriously questioned, courts preserve the judicial resources and stay actions pending resolution of threshold issues by higher courts. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation omitted); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (allowing an invalid claim to proceed "does nothing but waste the resources of the litigants in the action before the court" and "squander scarce judicial resources"). Staying this action will save, at a minimum, the parties' and the Court's resources that will be used in

briefing motions to dismiss for failure to state a claim (on the basis other than the standing issue being addressed in *Edwards*).  In the event the case is not resolved on motions to dismiss, the parties will also have to incur significant expenses related to class discovery and briefing of the class certification issue.  Allowing this case to proceed to possible class certification before the threshold standing issue is decided is a wholly unnecessary and avoidable waste of resources.  A class certification presents an enhanced risk to any defendant and may force a party to settle rather than incur the costs of defending a class and run the risk of potentially ruinous liability. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir.  2005).  A stay at this juncture permits the Court to ensure that the Plaintiffs' claims satisfy the Supreme Court's rule on standing in RESPA cases and avoids the hardships of unnecessary and costly litigation.

### D. A Limited Carve Out Is Appropriate To Allow Moving Defendants To Move To Dismiss.

Although a stay is appropriate in this case for the reasons explained above, a limited carve out is necessary to allow the Moving Defendants, who are not alleged to have dealt with the Named Plaintiffs in the fashion that is being challenged, to move to dismiss on standing grounds.  In the absence of such a carve out, the Moving Defendants would be harmed as they would remain as wrongly named defendants and would have to follow expensive and needless litigation hold practices and would face disclosures and public relations inquiries.[5]  Moreover, allowing the case to remain pending creates a risk that the statute of limitations might (although it should not ) be tolled for some future plaintiff.  This would be contrary to the established policy that underlies statute of limitations provisions.  Statutes of limitations serve a critical purpose: they "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  *Railroad Teelgraphers v. Railway Express Agency, Inc.*, 321 U.S.  342, 348-49

---

[5] For example, Generally Accepted Accounting Principles ("GAAP") require that all information pertaining to the financial position of a business—including lawsuits, no matter how meritless—be disclosed in a company's financial records. *See, e.g.*, William H.  Webster, Accounting for Managers 33 (2004).

(1944). Indeed, statutes of limitations reflect a legislative judgment that "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* at 349.

While this carve out will require Plaintiffs to defend the motions to dismiss, even though the *Edwards* decision may nullify their claims completely, the Moving Defendants should not be forced to incur the expenses of being parties to this action given that the Plaintiffs have not and cannot establish standing with respect to the Moving Defendants. It should not be too much to ask a named plaintiff to simply allege that someone it is suing actually used the challenged practices against them. Indeed Rule 11 would appear to demand nothing less.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, and without prejudice to the pending Motion to Dismiss filed by MGIC, Triad, Radian and PMI, this Court should stay this case pending the decision of the Supreme Court in *Edwards,* but permit the Moving Defendants to file and prosecute their motion to dismiss pursuant to Rule 12(b)(1) because they are not alleged to have engaged in the challenged practices against the named Plaintiffs. In the event that the Court denies the Moving Defendants' Motion to Dismiss, the Moving Defendants submit to the stay in place, subject to being able to respond to the Complaint, including making appropriate arguments for dismissal under Rule 12(b)(6), assuming this case continues to be viable after the Supreme Court's decision in *Edwards*.

| | | |
|---|---|---|
| 1 | Dated:  March 16, 2012 | SCHNADER HARRISON SEGAL & LEWIS LLP |

/s/Christopher H. Hart
Christopher H. Hart
David Smith (*Admitted Pro Hac Vice*)
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
Attorneys for Defendant
RADIAN GUARANTY INC.
One Montgomery Street Suite 2200
San Francisco, CA 94104-5501
Phone: 415-364-6700
Fax: 415-364-6785
Email:  chart@schnader.com


Dated:  March 16, 2012            ARNOLD & PORTER LLP

/s/Douglas A. Winthrop
Douglas A. Winthrop
Sara J. Eisenberg
Attorneys for Defendant
PMI MORTGAGE INSURANCE CO.
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Phone: 415-434-1600
Fax: 415-677-6262
douglas.winthrop@aporter.com
sara.eisenberg@aporter.com

Eric Shapland
Amie L. Medley
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Phone:  213-243-4000
Facsimile:  213-243-4199
Eric.shapland@aporter.com
Amie.medley@porter.com

| | | |
|---|---|---|
| 1 | Dated: March 16, 2012 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | /s/Michael S. Lawrence _____ |
| | | Michael S. Lawrence |
| 4 | | Attorney for Defendant |
| | | MORTGAGE GUARANTY INSURANCE |
| 5 | | CORPORATION |
| | | Foley & Lardner LLP |
| 6 | | 555 South Flower Street Suite 3500 |
| | | Los Angeles, CA 90071-2411 |
| 7 | | Phone: 213-972-4500 |
| 8 | | Fax: 213-486-0065 |
| | | mlawrence@foley.com |
| 9 | | |
| 10 | Dated: March 16, 2012 | LOCKE LORD LLP |
| 11 | | |
| 12 | | /s/Daniel A. Solitro _____ |
| | | Thomas J. Cunningham |
| 13 | | Daniel A. Solitro |
| | | Attorneys for Defendant |
| 14 | | TRIAD GUARANTY INSURANCE CORP. |
| 15 | | 300 South Grand Avenue, Suite 2600 |
| | | Los Angeles, CA, 90071 |
| 16 | | 213-485-1500 |
| | | Fax: 213-485-1200 |
| 17 | | tcunningham@lockelord.com |
| | | dsolitro@lockelord.com |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |