Daniel L. Germain (Cal. Bar No. 143334)
germain@lalawyer.com
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard
Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
*Attorneys for Plaintiff and the Proposed Class*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE  GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.<br><br>Defendants. | CASE NO. 5:11-CV-01950 VAP-SP<br><br>Hon. Virginia A. Phillips<br><br>**PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR PARTIAL STAY**<br><br>Date: April 16, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>3470 Twelfth Street, 2nd Floor<br>Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

## I. INTRODUCTION

Plaintiffs hereby submit the following in Opposition to Certain Defendants' Motion for Partial Stay[1] pending the Supreme Court's Decision in *First American Financial Corporation v. Edwards* ("Partial Stay Motion"). In lieu of agreeing to a complete stay of the proceedings pending the Supreme Court's Decision in *First American Financial Corp. v. Denise P. Edwards*, No. 10-708 (U.S.) ("*Edwards*"), Moving Defendants, while acknowledging that a stay is generally appropriate, argue in their Partial Stay Motion that they should nonetheless be allowed to proceed with their Motion to Dismiss the First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1)("MTD").

Plaintiffs believe that it would be wasteful of the Court's and the parties' resources to litigate the pending motion to dismiss as the decision in *Edwards* is likely to impact the contours and substance of the issues and arguments presented in future motions to dismiss, rendering consideration of Moving Defendants' current MTD inefficient and unnecessary. As such, Plaintiffs request that the Court deny the "limited carve out" sought by the Moving Defendants and enter a complete stay as to all parties pending the resolution of *Edwards*.

## II. PROCEDURAL AND FACTUAL BACKGROUND

As an initial matter, in an effort to conserve the Court's resources and to avoid duplicative and unnecessarily repetitive briefing and argument, Plaintiffs refer this Court to Plaintiffs' Motion to Stay Action as to Defendants Mortgage Guaranty

---

[1] Moving Defendants are Mortgage Guaranty Insurance Corporation, PMI Mortgage Insurance Co., Radian Guaranty Inc. and Triad Guaranty Insurance Corporation's ("Moving Defendants").

Insurance Corp., PMI Mortgage Insurance Co., Radian Guaranty Inc, and Triad Guaranty Insurance Corp. Pending the United States Supreme Court's Decision in *American Financial Corp. v. Edwards*, ECF No. 90 ("Plaintiffs Motion for a Complete Stay") and Plaintiffs Opposition to Defendants' Mortgage Guaranty Insurance Corp., PMI Mortgage Insurance Co., Radian Guaranty Inc, and Triad Guaranty Insurance Corp.'s Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1)("Plaintiffs' Opposition to MTD") filed concurrently herewith and incorporate them in their entirety herein. Plaintiffs' Motion for a Complete Stay details the procedural history relating to this matter and relevant factual issues and also provides detailed argument as to why a complete stay of this action is appropriate. Plaintiffs' Opposition to MTD provides an updated procedural history and addresses the arguments raised by the Moving Defendants herein relating to standing. For the Court's convenience, the Plaintiffs provide a brief summary of the relevant procedural history to date.

On December 9, 2011, Plaintiffs filed a Class Action Complaint ("Complaint"), alleging that Defendants JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A., together with their affiliated reinsurer, Defendant Cross Country Insurance Co. ("Cross Country") (collectively, "JPMorgan"), have acted in concert with Defendants United Guaranty, PMI, MGIC, Genworth, Republic, Radian and Triad (collectively, the "Private Mortgage Insurers") (together with JPMorgan, "Defendants") to effectuate a single, unified captive reinsurance scheme whereby, in violation of Sections 8(a) and (b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2607(a) and (b): (a) illegal referral payments in the form of purported reinsurance premiums were paid by the Private Mortgage Insurers to Cross Country; and (b) Cross Country received an unlawful split of private mortgage insurance premiums paid by JPMorgan's customers. *See* ECF No. 1. Shortly

thereafter, Plaintiffs, JPMorgan, United Guaranty and Genworth agreed to a complete stay pending a decision in *Edwards*, see ECF No. 63, which stay was entered by the Court. *See* ECF No. 71.

Despite the obvious efficiencies that would result from a complete stay, Moving Defendants (and Republic) did not agree to such a stay and instead filed two motions: (1) a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that "Plaintiffs' purported 'injury' under RESPA is predicated on the theory that their respective lenders supposedly referred them to a particular mortgage insurer in exchange for an agreement by the mortgage insurer to purchase reinsurance for their loans from Cross Country" and "[a]s a matter of law, that theory cannot apply to [PMI, MGIC, Radian, and Triad] because [these entities] did not insure [P]laintiffs' loans," *see* ECF No. 54-1 at 1-2, and (2) a motion, with Republic joining, for a partial stay. *See* ECF No. 53.

Before the Court ruled on these motions, Plaintiffs filed a First Amended Complaint ("Amended Complaint") on March 2, 2012. ECF No. 79. The Amended Complaint mooted the outstanding motions. In the meantime, believing that continuing to litigate issues that may be impacted by the *Edwards* decision would be inefficient and wasteful, Plaintiffs filed a motion seeking a complete stay as to all Defendants. ECF No. 90. Moving Defendants renewed their Motion to Dismiss (ECF 54-1) and Motion for Partial Stay (ECF No. 53). (Republic, while it originally joined the Moving Defendants in these motions, changed course, and entered into a stipulation with Plaintiffs agreeing to a complete stay pending *Edwards*. ECF No. 95.)

### III. ARGUMENT

Moving Defendants' request for a partial stay is a red herring because if this Court allows their Motion to Dismiss to go forward at this point, any efficiencies to be achieved by a stay of this matter, which even Moving Defendants concede are

- 3 -

desirable and appropriate, will be lost. Moving Defendants ask this Court to proceed on a motion dismiss that may well prove unnecessary, premature and redundant.

Moving Defendants concede that the "sole issue in *Edwards* bears directly on the threshold issue in this case. The Court will decide whether a litigant, like Plaintiffs here … ha[ve] Article III standing to sue under RESPA." Partial Stay Motion at 7. Even though, as Moving Defendants further concede, the *Edwards* decision may render the arguments they make in their motion to dismiss irrelevant, they press for this Court to take up this matter. Moving Defendants do not even acknowledge that the *Edwards'* decision is imminent. (Indeed, that very imminence robs their arguments relating to cost and burden of any weight).

By requesting a complete stay, Plaintiffs sought to avoid any waste of time and judicial resources and to preempt an uncoordinated and piecemeal approach to this litigation. When Moving Defendants would not agree, Plaintiffs filed a motion for a complete stay. In that Motion and accompanying memorandum of law, Plaintiffs have addressed the issues that Defendants raise here relating to their request for a limited carve out. *See* ECF No. 90-1, Section III.b. Plaintiffs there argue that the Moving Defendants concerns regarding time and expense, including litigation hold requirements did not seem of great concern to the all the other defendants who agreed to the stay.

Moreover, Moving Defendants arguments regarding reporting and litigation hold requirements lack substance. Prosecuting their motion to dismiss during the limited time left before the *Edwards'* decision issues, will not relieve them of any reporting and litigation hold requirements for that period of time nor thereafter as, should they prevail, (which Plaintiffs believe an unlikely outcome), Plaintiffs' would likely seek reconsideration, requiring them to continue to report and enforce a litigation hold. As such, it is unlikely that the outcome of the MTD would alter any

- 4 -

litigation hold or reporting requirements before June of 2012, by which time they concede, the *Edwards* decision will have been handed down. Partial Stay Motion at 5. Moving Defendants have hardly presented a compelling argument that they will be harmed by a complete stay encompassing such a brief period of time.[2]

Lastly, Plaintiffs have addressed the Moving Defendants' arguments relating to Plaintiffs' standing to bring claims against them. In their brief opposing that motion, Section IV, they set forth a detailed analysis of why they have properly alleged that they possess Article III standing as to Moving Defendants, having alleged that Moving Defendants participated in a coordinated scheme with *all* the defendants. In that brief, Plaintiffs describe, in detail, how they have alleged (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of … fairly trace[able] to the challenged action of the defendant," and (3) a "likely" injury which will be "redressed by a favorable decision," in accordance with guidance set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992).

---

[2]   As noted in Plaintiffs' Opposition to the Moving Defendants' Motion to Dismiss (at pp. 3-4), at this juncture, a growing number of courts in analogous cases have determined that it is appropriate to stay all proceedings pending a decision in *Edwards*. See Declaration of Edward W. Ciolko, Esq., in support of Plaintiffs' Opposition to Motion to Dismiss, dated March 26, 20-12, at ¶¶ 3-10, referencing *Munoz v. PHH Corp.*, No. 08-cv-0759 (E.D. Cal. Filed June 2, 2008); *Moore v. GMAC Mortgage, LLC*, No. 07-cv-04296 (E.D. Pa. filed Dec. 20, 2006); *Thurmond v. SunTrust Banks, Inc.*, No. 11-cv-01352 (E.D. Pa. filed Feb. 25, 2011);, *White v. The PNC Financial Services Group, Inc.*, No. 11-cv-07928 (E.D. Pa. Filed Dec. 30, 2011)(Dkt. No.'s 64 and 65); and *Menichino, et al. v. CitiBank, N.A., et al.*, No 12-58 (W.D. PA, Order dated March 22, 2012, Dkt. No. 44).

## IV. CONCLUSION

For the reasons set forth herein and in Plaintiffs' Motion for a Complete Stay and Plaintiffs' Opposition to MTD, Moving Defendants Motion for a partial stay should be denied in part and this court should enter a complete stay as to the Moving Defendants.

Dated: March 26, 2012                    Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

By: /s/ *Edward W. Ciolko*
Edward W. Ciolko
Terence S. Ziegler
Donna Siegel Moffa
Amanda R. Trask
Michelle A. Coccagna
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Daniel L. Germain (Bar No. 143334)
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

**BRAMSON PLUTZIK MAHLER
& BIRKHAEUSER LLP**
Alan R. Plutzik
2125 Oak Grove Boulevard, Ste. 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

1
2
3
4

**BERKE, BERKE & BERKE**
Andrew L. Berke
420 Frazier Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 266-5171

5
6

*Attorneys for Plaintiffs and the Proposed Class*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Edward W. Ciolko*