1  Christopher H. Hart (CSBN 184117)
    chart@schnader.com
2  David Smith (*Admitted Pro Hac Vice*)
    dsmith@schnader.com
3  Stephen A. Fogdall (*Admitted Pro Hac Vice*)
    sfogdall@schnader.com
4  Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
    tloscalzo@schnader.com
5  SCHNADER HARRISON SEGAL & LEWIS LLP
6  One Montgomery Street, Suite 2200
7  San Francisco, California 94104-5501
   Telephone: 415-364-6700
8  Facsimile: 415-364-6785

9  Attorneys for Defendant RADIAN GUARANTY INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KMOARCHUCK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No: 5:11-cv-01950 VAP-SP<br><br>**CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY ACTION AS TO DEFENDANTS MORTGAGE GUARANTY INSURANCE CORP., PMI MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., AND TRIAD GUARANTY INSURANCE CORP. PENDING THE UNITED STATES SUPREME COURT'S DECISION IN FIRST AMERICAN FINANCIAL CORPORATION V. EDWARDS**<br><br>Judge:   Hon. Virginia A. Phillips<br>Date Complaint Filed: 12/09/2011<br><br>DATE: April 16, 2012<br>TIME: 2:00 PM<br>COURTROOM: 2 |

## I. INTRODUCTION

Defendants Mortgage Guaranty Insurance Corporation, PMI Mortgage Insurance Corporation, Radian Guaranty Inc. and Triad Guaranty Insurance Corporation (collectively "Certain Defendants") hereby submit this memorandum in opposition to the Plaintiffs' Motion to Stay Action as to Defendants Mortgage Guaranty Insurance Corp., PMI Mortgage Insurance Co., Radian Guaranty Inc., and Triad Guaranty Insurance Corp. Pending the United States Supreme Court's Decision in *First American Financial Corporation v. Edwards* (Docket Entry No. 90). The arguments and evidence in support of this memorandum are fully set forth in Certain Defendants' own Motion for Partial Stay Pending the Supreme Court's Decision in *First American Financial Corporation v. Edwards* (Docket Entry No. 93), in which Certain Defendants requested that the Court stay this case pending the decision of the Supreme Court in *Edwards,* but permit Certain Defendants to file and prosecute their motion to dismiss pursuant to Rule 12(b)(1). Accordingly, all of the arguments in Certain Defendants' Motion for Partial Stay (Docket Entry No. 93) are hereby incorporated into this memorandum, as if fully set forth herein; similarly, all of the evidence submitted in support of the Motion for Partial stay is hereby incorporated in support of this memorandum, as if fully attached hereto.[1]

## II. DISCUSSION

Briefly summarized, Certain Defendants respectfully submit this memorandum on the basis that in this action three sets of plaintiffs have sued their mortgage lenders, seven different mortgage insurance companies, and the lenders' reinsurance affiliate, alleging that the lenders referred the plaintiffs' mortgage loans to defendant mortgage insurers because those insurers agreed to reinsure the risk with the lenders' reinsurance affiliate on favorable or preferential

---

[1] Certain Defendants note that their own motion for a partial stay is scheduled to be heard on the same date and time as Plaintiffs' motion to stay (that is, at 2:00 p.m. on April 16, 2012), and the Court already has copies of the memorandum and evidence submitted by Certain Defendants in support of their own motion for a partial stay. Accordingly, and so as not to inundate the Court with a significant amount of excess paper, Certain Defendants are not providing additional copies of the filings in support of their own motion for a partial stay at this time. If the Court wishes to receive additional copies of these documents, Certain Defendants will be more than happy to provide them.

1
CERTAIN DEFENDANTS' OPPOSITION TO MOTION FOR STAY
CASE NO. 5:11-CV-01950 VAP-SP

4835-0329-3710.3

terms. The gravamen of Plaintiffs' claims is that the alleged provision of such favorable or preferential terms to the lenders' reinsurance affiliate serves as a payment of a "thing of value" to the lenders in return for the referral of the mortgage insurance business, in alleged violation of section 8(a) of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2607. Certain Defendants deny these allegations, and, if put to the test, intend to so prove.

However, these allegations, even taken as true, reveal two obvious legal deficiencies. First, there is no allegation that any of the named plaintiffs suffered any economic injury (*i.e.* paid more for mortgage insurance) as a result of the reinsurance transactions between the mortgage insurers and the lenders' affiliated reinsurer. Plaintiffs' claims thus raise a threshold issue of whether they suffered an injury in fact, an indispensable requirement for standing purposes under Article III of the United States Constitution. And in *Edwards*, the United States Supreme Court has agreed to decide that very issue, which warrants the stay of this action pending a decision in *Edwards*,-- a path that many courts presiding over similar RESPA claims have taken.

The stay, however, should not be all encompassing because of the second fundamental legal deficiency in the Complaint. It is clear from the face of the Complaint that with only three sets of Plaintiffs, four of the seven mortgage insurer defendants (MGIC, Radian, PMI, and Triad) are not alleged to have engaged in the allegedly wrongful practices with any of the Named Plaintiffs. Accordingly, this case must be dismissed against MGIC, Radian, PMI, and Triad.[2]

---

[2] As Certain Defendants demonstrate in their motion to dismiss filed on March 16, 2012 (Docket Entry No. 91), Plaintiffs' effort to bring this lawsuit as a class action under Rule 23 does not excuse them from the constitutional requirement that they establish their standing as to each defendant. *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing . . . ."). Indeed, Rule 23 could not possibly alter the rules of standing because the Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82; *Lee v. Oregon*, 107 F.3d 1382, 1390 (9th Cir. 1997) ("Standing is a jurisdictional element that must be satisfied prior to class certification."); *Thompson v. Bd. of Educ. of the Romeo Community Schs.*, 709 F.2d 1200, 1204 (6th Cir. 1983) ("Standing is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23 alters this requirement."); *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 543, 544 n.2 (D. Nev. 2004) ("Standing is a jurisdictional limitation on this Court's jurisdiction that cannot be expanded by class action principles under Federal Rule of Civil Procedure 23."). Accordingly, in cases just like this, where named plaintiffs attempt to sue defendants with whom they have not dealt or who did not insure them, courts routinely and correctly dismiss claims against those defendants even where the defendants are alleged to have engaged in similar

Although Certain Defendants could, in theory, agree to the stay, they request the right to file a limited motion to dismiss under Rule 12(b)(1) that only addresses the failure of the Plaintiffs to allege that these four defendants engaged in the complained of practices with any of the Plaintiffs. *See* Docket Entry No. 91 (limited motion to dismiss filed by Certain Defendants). While absent this obvious defect, Certain Defendants agree and support the requested stay,[3] they believe that they need to proceed with a motion to dismiss that, in their view, can not reasonably be opposed. If they do not proceed in this manner, they will not only have a case pending against them that can not legally be brought,[4] but they will have to maintain burdensome and

---

practices vis-à-vis unnamed class members. *See, e.g., Perez v. State Farm. Mut. Auto. Ins. Co.*, No. 06-01962 JW, 2011 U.S. Dist. LEXIS 135844, at **11-12 (N.D. Cal. Nov. 15, 2011); *Hovenkotter v. Safeco Corp.*, No. 09-218JLR, 2009 U.S. Dist. LEXIS 129596, at **10-12 (W.D. Wa. Aug. 3, 2009); *Johnson v. GEICO Casualty Co.*, 673 F. Supp. 2d 244 (D. Del. 2009); *Cady v. Anthem Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d 1102 (N.D. Cal. 2008); *Aguilar v. Allstate Fire and Casualty Ins. Co.*, No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at *5 (E.D. La. 2007); *Mull v. Alliance Mortgage Banking Corp.*, 219 F. Supp. 2d 895, 908-09 (W.D. Tenn. 2002).

Certain Defendants also demonstrate in their Motion to Dismiss that Plaintiffs' Amended Complaint does not allege facts to confer standing on the Plaintiffs to sue Certain Defendants.

Certain Defendants note that the hearing for their Motion to Dismiss is scheduled to be held on the same date and time as Certain Defendants' motion for a partial stay, as well as Plaintiffs' motion to stay (that is, the hearings on all these motions are scheduled to be held at 2:00 p.m. on April 16, 2012).

[3]    Indeed, should Certain Defendants lose their 12(b)(1) motions, they would expect to have the cases against them deemed subject to the stay, provided that they, as well as other Defendants, were able to respond to the Complaint, including making appropriate 12(b)(6) motions, in the event that the case is deemed viable after *Edwards* is decided.

[4]    In this regard, Defendant PMI advises the Court that it is currently operating pursuant to an interim receivership order issued by the Arizona Department of Insurance. A stipulated consent to receivership has been filed with the court and PMI expects that a permanent receivership order will be entered shortly. If PMI has not yet been dismissed from the case at that time, PMI intends to seek dismissal of the claims against it and/or transfer to the Maricopa County Superior Court, which is responsible for administering the receivership. *See, e.g., Clark v. Fitzgibbons*, 105 F.3d 1049 (5th Cir. 1997) (affirming dismissal of federal action based on (1) full faith and credit to the receivership order of the Arizona court, which required all persons with claims against the defendant to bring those claims before the receiver, and (2) deferral to the Arizona receivership proceeding under the doctrine of Burford abstention); *see also, e.g., Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419 (7th Cir. 1990) (dismissing based on Burford abstention); *Lac D'Amiante Du Quebec v. American Home Assurance Co.*, 864 F.2d 1033 (3d Cir. 1988) (same).

costly litigation holds, make disclosures, and deal with publicity that otherwise would not be necessary.

In their Motion to Stay, Plaintiffs fail to explain why PMI, Triad, MGIC and Radian should continue to incur the burden and expense of being defendants in this case. Whatever impact Edwards will have on the Plaintiffs' substantive RESPA claims against those defendants who insured Plaintiffs loans and reinsured the risk with the defendant lender captive reinsurer, Edwards does not affect the threshold issue of Plaintiffs' lack of standing as to PMI, Triad, MGIC and Radian. That is why PMI, Triad, MGIC and Radian moved to dismiss this case as to them. If PMI, Triad, MGIC and Radian are dismissed from this case for lack of standing, there will be no need for these defendants to burden this Court with arguments for dismissal post Edwards. Of course, if the Court denies the Motion to Dismiss for Lack of Standing, which would force PMI, Triad, MGIC and Radian to respond to the substantive RESPA issues raised by Plaintiffs, Certain Defendants agree to the stay pending *Edwards*. Thus, it is Plaintiffs' proposed approach, not that of Certain Defendants, that would result in wasteful litigation of RESPA arguments that Certain Defendants do not have to prepare because Plaintiffs have no standing to sue them in the first place.

While Certain Defendants cited *Moore v. GMAC Mortgage, LLC*, No. 07-cv-04296 (E.D. Pa. filed Dec. 20, 2006), *Munoz v. PHH Corp.*, No. 08-cv-0759 (E.D. Cal. Filed June 2, 2008), and *Thurmond v. SunTrust Banks, Inc.*, No. 11-cv-01352 (E.D. Pa. filed Feb. 25, 2011) in support of an argument to stay (if a motion to dismiss is not granted), these cases can not be used by Plaintiffs to suggest that this case should be stayed in its entirety and the motion to dismiss should not be considered. In *Moore*, *Munoz*, and *Thurmond*, named Plaintiffs had standing to sue each of the named Defendants. Lastly, while the Plaintiffs correctly point that Defendants in *White v. The PNC Financial Services Group, Inc.,* No. 11-cv-07928 (E.D. Pa. filed Dec. 30, 2011) moved to dismiss for lack of standing, and the court stayed the case, as Certain Defendants pointed in their Motion for Partial Stay (Docket Entry No. 93)), *White* is not binding on this Court.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Stay Action as to Defendants Mortgage Guaranty Insurance Corp., PMI Mortgage Insurance Co., Radian Guaranty Inc., and Triad Guaranty Insurance Corp. Pending the United States Supreme Court's Decision in *First American Financial Corporation v. Edwards* should be DENIED.

5
CERTAIN DEFENDANTS' OPPOSITION TO MOTION FOR STAY
CASE NO.  5:11-CV-01950 VAP-SP

4835-0329-3710.3

| | | |
|---|---|---|
| 1 | Dated: March 26, 2012 | SCHNADER HARRISON SEGAL & LEWIS LLP |
| 2 | | |
| 3 | | /s/Stephen Fogdall |
| 4 | | Christopher H. Hart |
| 5 | | David Smith (*Admitted Pro Hac Vice*) |
| | | Theresa E. Loscalzo (*Admitted Pro Hac Vice*) |
| 6 | | Stephen A. Fogdall (*Admitted Pro Hac Vice*) |
| 7 | | Attorneys for Defendant |
| | | RADIAN GUARANTY INC. |
| 8 | | 1600 Market Street, Suite 3600 |
| | | Philadelphia, Pennsylvania 19103-7286 |
| 9 | | Phone: 215-751-2000 |
| 10 | | Fax: 215-751-2205 |
| | | Email: sfogdall@schnader.com |
| 11 | | |
| 12 | Dated: March 26, 2012 | ARNOLD & PORTER LLP |
| 13 | | |
| | | /s/Douglas A. Winthrop |
| 14 | | Douglas A. Winthrop |
| 15 | | Sara J. Eisenberg |
| | | Attorneys for Defendant |
| 16 | | PMI MORTGAGE INSURANCE CO. |
| | | Three Embarcadero Center, 7th Floor |
| 17 | | San Francisco, California 94111-4024 |
| | | Phone: 415-434-1600 |
| 18 | | Fax: 415-677-6262 |
| 19 | | douglas.winthrop@aporter.com |
| | | sara.eisenberg@aporter.com |
| 20 | | |
| | | Eric Shapland |
| 21 | | Amie L. Medley |
| | | 777 South Figueroa Street, 44th Floor |
| 22 | | Los Angeles, CA 90017-5844 |
| | | Phone: 213-243-4000 |
| 23 | | Facsimile: 213-243-4199 |
| 24 | | Eric.shapland@aporter.com |
| | | Amie.medley@porter.com |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: March 26, 2012 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | /s/Michael S. Lawrence |
| | | Michael S. Lawrence |
| 4 | | Attorney for Defendant |
| | | MORTGAGE GUARANTY INSURANCE |
| 5 | | CORPORATION |
| | | Foley & Lardner LLP |
| 6 | | 555 South Flower Street Suite 3500 |
| 7 | | Los Angeles, CA 90071-2411 |
| | | Phone: 213-972-4500 |
| 8 | | Fax: 213-486-0065 |
| | | mlawrence@foley.com |
| 9 | | |
| 10 | Dated: March 26, 2012 | LOCKE LORD LLP |
| 11 | | |
| 12 | | /s/Daniel A. Solitro |
| | | Thomas J. Cunningham |
| 13 | | Daniel A. Solitro |
| | | Attorneys for Defendant |
| 14 | | TRIAD GUARANTY INSURANCE CORP. |
| 15 | | 300 South Grand Avenue, Suite 2600 |
| | | Los Angeles, CA, 90071 |
| 16 | | 213-485-1500 |
| | | Fax: 213-485-1200 |
| 17 | | tcunningham@lockelord.com |
| | | dsolitro@lockelord.com |
| 18 | | |