1 Daniel L. Germain (Cal. Bar No. 143334)
germain@lalawyer.com
2 **ROSMAN & GERMAIN LLP**
3 16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
4 Telephone: (818) 788-0877
5 Facsimile: (818) 788-0885
*Attorneys for Plaintiff and the Proposed Class*
6

7 [Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated, | CASE NO. 5:11-CV-01950 VAP-SP |
| | Hon. Virginia A. Phillips |
| Plaintiffs, | **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY ACTION** |
| v. | |
| JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP. | Date: April 16, 2012 Time: 2:00 p.m. Place: Courtroom 2 3470 Twelfth Street, 2nd Floor Riverside, CA Judge: The Honorable Virginia A. Phillips |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs hereby submit this Reply in further support of their Motion to Stay Action as to Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), PMI Insurance Corp. ("PMI"), Radian Guaranty Inc. ("Radian"), and Triad Guaranty Insurance Corp. ("Triad") (ECF No. 90) ("Plaintiffs' Motion to Stay").

In their Motion, Plaintiffs ask the Court to extend the current stay, which was entered pursuant to stipulation on February 13, 2012 (ECF No. 71) and applies to Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., Cross Country Insurance Co. (collectively, "JPMorgan"), United Guaranty Residential Insurance Co. ("United Guaranty"), and Genworth Mortgage Insurance Corp. ("Genworth"), to Defendants MGIC, PMI, Radian, and Triad (the "Certain Defendants"[1]) in order to have a complete stay of the proceedings as to *all parties*[2] pending the Supreme Court's Decision in *First American Financial Corp. v. Denise P. Edwards*, No. 10-708 (U.S.) ("*Edwards*"). As is apparent from the Certain Defendants' opposition to the complete stay sought by Plaintiffs, those defendants seek to use the pendency of the *Edwards* case as justification for two rounds of motion to dismiss briefing—one round before the Supreme Court issues its decision (which, given the fact that *Edwards* was fully briefed and argued as of November 28, 2011, is expected in June—*see* Certain Defendants' Motion for Partial Stay, ECF No. 93, at 5), and another round after. *See* ECF No. 102 n. 3 (expressly advising the Court of Certain Defendants' intent to file additional dismissal motions following the *Edwards* decision). Not only is such an approach

---

[1] These non-stipulating defendants refer to themselves in their Opposition to Plaintiffs' Motion to Stay Action as the "Certain Defendants." Although somewhat awkward, in order to avoid confusion, Plaintiffs will likewise refer to the defendants who did not stipulate to the complete stay and who opposed Plaintiffs' Motion to Stay Action as the "Certain Defendants."

[2] The remaining Defendant in this action, Republic Mortgage Insurance Co. ("Republic"), also entered into a stipulation with Plaintiffs to stay this action on March 19, 2012 (ECF No. 95). The Court has not yet ruled on that stipulation.

plainly inefficient and wasteful but, just as troubling, it is inequitable. The orderly process of litigation does not ordinarily provide for *seriatim*, piecemeal and repetitive dismissal motions that require Plaintiffs and the Court to consider newly conjured arguments in succession. The complete stay sought by Plaintiffs (and ordered by numerous Courts in newly filed and existing analogous cases) would prevent such an approach, as well as the burdens that such an approach imposes.

Moreover, the Certain Defendants' argument that they will be unduly burdened by a stay because they "will have to maintain burdensome and costly litigation holds, make disclosures and deal with publicity that otherwise would not be necessary" (Certain Defendants' Opp. 3-4) is a chimeric red herring. As Plaintiffs have already noted, Certain Defendants will not be relieved of a litigation hold or any reporting requirements during the short period of time remaining before *Edwards* is decided as they will have to maintain such a hold during the pendency of any briefing related to their motion to dismiss should it go forward. Further, if Certain Defendants somehow prevail on all or part of their motion, Plaintiffs will inevitably take further action, whether it be a request for interlocutory appeal, amendment of their complaint, service of subpoenas, etc.[3] In addition, as the Certain Defendants have already noted in their public filings, they are or have been subject to investigations from various federal and state agencies and authorities regarding substantially the same practices as Plaintiffs allege they participated in here. Given the overlap in subject matter, Certain Defendants' protestations aside, for all practical purposes, they will have to

---

[3] As set forth in Plaintiffs' Memorandum of Points and Authorities in Support of their Motion to Stay Action, and in greater detail in Plaintiffs' Opposition to Certain Defendants' Motion to Dismiss and Plaintiffs' Opposition to Certain Defendants' Motion for Partial Stay, the filing of Plaintiffs' First Amended Class Action Complaint was intended to further address the issues raised by Certain Defendants in their Motion to Dismiss by making clear, to an even greater extent than the original Complaint, that Defendants' captive reinsurance arrangement constituted a single, unified scheme.

maintain a "litigation hold" regarding issues directly relevant to this action. Certain Defendants utterly fail to explain how allowing their motion to dismiss to proceed increases— or would have any material effect on—their already existing litigation hold and reporting requirements.

Given the impact that the Supreme Court's imminent decision in *Edwards* is likely to have on the issues, substance and contours of the arguments presented in motions to dismiss— which is conceded by ***all*** of the parties here, including the Certain Defendants—a complete stay as to all parties pending the decision in *Edwards* which is sought by Plaintiffs is more than appropriate. Such a stay will conserve the Court's and the parties' resources, prevent duplicative and unnecessarily repetitive briefing and argument, and ensure that the presentation and consideration of the issues before the Court is informed by the Supreme Court's expected decision in *Edwards*. Accordingly, Plaintiffs' Motion to Stay Action as to all parties pending the resolution of *Edwards* should be granted.

## II. ARGUMENT

In their Opposition to Plaintiffs' Motion to Stay Action, the Certain Defendants describe the Supreme Court's imminent *Edwards* decision as one that will "decide [the] very issue" of whether, as a threshold matter, Plaintiffs have suffered an injury in fact and have Article III standing to sue under RESPA. *See* Certain Defendants' Opp. 2. This reality, that Certain Defendants expressly concede, "warrants the stay of this action pending a decision in *Edwards*,—a path that many courts presiding over similar RESPA claims have taken." *Id*. And, indeed, the Certain Defendants are correct that the apparent relevance of any *Edwards* decision to the analysis of RESPA claims of the type presented in this lawsuit has led court after court to deem it appropriate to stay similar actions—recently filed and longstanding— without regard to the stage of the proceedings:

- In *Menichino v. Citibank, N.A.*, No. 12-cv-00058 (W.D. Pa. Mar. 22, 2012), another case asserting RESPA claims against the lender, its captive reinsurer and the participating private mortgage insurance companies, the court directed the

Clerk of Court to make the case "Administratively Closed" pending *Edwards* which lends further support to the propriety of the stay sought by Plaintiffs in their Motion to Stay Action as to all parties here. *See* Exhibit A attached to the Declaration of Edward W. Ciolko in Support of Plaintiffs' Reply in Further Support of their Motion to Stay Action ("EWC Reply Decl.") (Mar. 22, 2012 Order). Although the court refrained from ruling on the joint motion filed by the plaintiffs and several of the defendants to stay the action, the court noted that the case should be administratively closed pending *Edwards* "in the interest of judicial economy." *Id*.

- In *White v. The PNC Financial Services Group, Inc.,* No. 11-cv-07928 (E.D. Pa. Mar. 5, 2012), a case in which claims virtually identical to those asserted here are also asserted against the lender, its captive reinsurer and the scheme-participating private mortgage insurance companies, the court very recently granted a joint motion by the plaintiffs and the lender and reinsurer defendants to stay the action as to *all parties* over the objection of a subset of the defendants who, just as the Certain Defendants here, had filed a motion to dismiss as well as a motion for partial stay in which they sought leave to prosecute their motion to dismiss. *See* ECF No. 90-2 (Order granting joint motion to stay action and Order granting in part motion for partial stay). While, as Certain Defendants note (see Certain Defendants' Opp. 4), the decision to stay in *White* is in no way binding on this Court, the court's order is directly on point and persuasive, reflecting judicial agreement with Plaintiffs' contention that a complete stay pending the *Edwards* decision is the most practical, logical and efficient way to proceed and does not result in prejudice to any party.

- In *Munoz v. PHH Corp.,* No. 08-cv-00759, 2011 WL 4048708, at *2 (E.D. Cal. Sept. 9, 2011), the District Court for the Eastern District of California entered a stay order pending the outcome of *Edwards* even though a motion for class

certification and a motion to strike affirmative defenses were ready for resolution.[4]

- In *Thurmond v. SunTrust Banks, Inc.*, No. 11-cv-01352 (E.D. Pa. Sept. 7, 2011), an action filed in February 2011 in the Eastern District of Pennsylvania, an order was entered granting the defendants' motion to stay the action in September 2011 pending the *Edwards* decision *sua sponte* before the plaintiffs had even responded. *See* ECF No. 90-2 (attaching Order granting defendant's motion for stay of action).

- In *Moore v. GMAC Mortgage, LLC*, No. 07-cv-04296 (E.D. Pa. Aug. 17, 2011), despite the fact that class certification and summary judgment motions had been fully briefed and were ripe for resolution, the District Court for the Eastern District of Pennsylvania stayed those proceedings pending the outcome of *Edwards*. *See* ECF No. 90-2 (attaching Order granting defendant's motion for stay of action and Order staying proceedings).

Indeed, upon receiving the Order in the *Menichino* action—the most recent analogous case currently "on hold" pending the *Edwards* ruling—Plaintiffs' counsel promptly provided it to counsel for the Certain Defendants (although as parties to the *Menichino* action they would have received service of the order *via* the ECF system) and requested again that the Certain Defendants drop their opposition to a complete stay. *See* EWC Decl. ¶ 4. Plaintiffs' counsel also referenced the filing of Plaintiffs' Amended Complaint which made clear, to an even greater extent than the original Complaint, that Defendants' captive reinsurance arrangement constituted a single, unified scheme. *Id*. Indeed, although Plaintiffs' Amended Complaint was intended to address Defendants' arguments in their original Motion to

---

[4] The defendants' motion for summary judgment was also pending, but the court had earlier vacated the hearing on the motion without prejudice pending a decision on the plaintiffs' motion for class certification.

Dismiss, the Certain Defendants never engaged in a substantive meet and confer with Plaintiffs after the filing of Plaintiffs' Amended Complaint and prior to the filing of their renewed Motion to Dismiss. *Id*. Plaintiffs' good faith meet-and-confer effort to resolve the pending motions was ignored by all but one of the Certain Defendants. *Id*. However, not one of the Certain Defendants had any substantive discussion with Plaintiffs' counsel regarding whether, in light of the *Menichino* decision and the stays entered in the other actions that preceded it, as well as the filing of Plaintiffs' Amended Complaint, the better way of proceeding here too would be to stay the entire action pending the decision in *Edwards*. *Id.*

By requesting a complete stay, Plaintiffs have sought to avoid any waste of time and judicial resources and to preempt an uncoordinated and piecemeal approach to this litigation. As noted in Plaintiffs' Opposition to Certain Defendants' Motion for Partial Stay (which is incorporated herein by reference and will not be reiterated in full here), *see* ECF No. 101, there is no *bona fide* justification for denial of a complete stay in this action. Allowing the Certain Defendants to proceed with a preliminary round of motions to dismiss during the limited time left before the *Edwards* decision issues will not relieve them of any reporting and litigation hold requirements for that period of time nor thereafter. *Id.* at 4-5.[5] Indeed, from a practical standpoint, this argument has no merit and is unsupportable on its face. As a result of the stays that have been issued in analogous cases as set forth above, the alleged "burdensome" and "costly" litigation holds and reporting requirements described by the Certain Defendants should they remain defendants at this time are unavoidable regardless of the course of this action. The overlapping background and relevant discoverable information

---

[5] In their Opposition to Plaintiffs' Motion to Stay Action, Certain Defendants reiterate, at 2-3 and note 2, their arguments regarding standing which they have advanced in favor of their Motion to Dismiss. In response to these arguments, Plaintiffs refer the Court to their Memorandum of Law in Opposition to the Motion to Dismiss (ECF No. 103) and incorporate the same herein.

in each of the "PMI kickback" cases would have to be subject to "holds" in the other cases, and those cases would be reportable in any relevant public filing.

Further, because at least some of the Certain Defendants have received requests from the Department of Housing and Urban Development ("HUD"), the Consumer Financial Protection Bureau ("CFPB"), and/or various state regulatory agencies for information relating to their reinsurance arrangements with lenders and captive reinsurers, they surely have already gathered and/or continue to gather and maintain information relevant to captive reinsurance arrangements and have reported the existence of such investigations in their public filings. *See, e.g.*, http://www.radian.biz/page?name=SECFilings (Radian Group Inc.'s 2011 10-K at 52-53, explaining that Radian and other mortgage insurers have been subject to multiple inquiries from the Minnesota Department of Commerce relating to their captive reinsurance arrangements, that Radian has also received a subpoena from the Office of the Inspector General of HUD, requesting information relating to captive reinsurance, and that, in January 2012, Radian and other mortgage insurers received a request for information and documents from the CFPB relating to captive reinsurance arrangements); http://phx.corporate-ir.net/phoenix.zhtml?c=117240&p=irol-reportsAnnual (MGIC Investment Corporation's 2011 Annual Report at 69-70, explaining that MGIC received a letter from the New York Insurance Department regarding captive mortgage reinsurance arrangements, an administrative subpoena from the Minnesota Department of Commerce seeking information about captive mortgage reinsurance, various subpoenas from HUD seeking information about captive mortgage reinsurance, and, as recently as January 2012, correspondence from the CFPB regarding an investigation into captive mortgage reinsurance premium ceding practices by private mortgage insurers, including a request for information regarding MGIC's captive mortgage reinsurance transactions).

Additionally, Certain Defendants' Opposition to Plaintiffs' Motion to Stay Action presents no compelling argument for the approach they advocate pursuant to which the Court and the Plaintiffs would be burdened with *seriatim* motions to dismiss and the extensive

briefing that will be required in conjunction with each such motion. Plaintiffs will have to counter and ponder arguments at one juncture, and this Court will have to consider those same arguments, only to face them again, as refined or augmented, in a later set of briefs and motions. And, while the parties will likely disagree on the way and the extent to which any decision rendered in *Edwards* will affect Plaintiffs' claims and their standing to pursue their RESPA remedies, it is clear that the *Edwards* decision will result, at the very least, in a refinement of the Certain Defendants' arguments and, possibly, Plaintiffs' operative complaint. As such, allowing the Certain Defendants to proceed with the motion to dismiss as they request at this juncture is wasteful of judicial time and resources as well as those of the parties, and will result in a disorderly approach to briefing the issues raised by the Certain Defendants. The issues raised by the Certain Defendants can, if necessary, be addressed by the parties and the Court in a single set of motions following the decision in *Edwards*—which the parties expect to be released in the near future. *See* Section I *supra*. In such circumstances, it is simply inefficient, illogical and inequitable not to stay the entire action as to all parties pending a decision in *Edwards*.

### III. CONCLUSION

For the reasons set forth herein, in Plaintiffs' Memorandum in Support of their Motion for a Stay and in Plaintiffs' Opposition to Certain Defendants' Motion for a Partial Stay, Plaintiffs' Motion for a Complete Stay as to all parties should be granted.

Dated: April 2, 2012

Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

By: */s/ Edward W. Ciolko*
Edward W. Ciolko
Terence S. Ziegler
Donna Siegel Moffa
Amanda R. Trask
280 King of Prussia Road
Radnor, PA 19087

Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Daniel L. Germain (Bar No. 143334)
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

**BRAMSON PLUTZIK MAHLER & BIRKHAEUSER LLP**
Alan R. Plutzik
2125 Oak Grove Boulevard, Ste. 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

**BERKE, BERKE & BERKE**
Andrew L. Berke
420 Frazier Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 266-5171

*Attorneys for Plaintiffs and the Proposed Class*

9
PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY
Case No. 5:11-cv-01950 VAP-SP

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Edward W. Ciolko*