# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.<br><br>Defendants. | CASE NO. 5:11-CV-01950 VAP-SP<br><br>Hon. Virginia A. Phillips<br><br>**DECLARATION OF EDWARD W. CIOLKO IN SUPPORT OF PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY ACTION**<br><br>Date: April 16, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>      3470 Twelfth Street, 2nd Floor<br>      Riverside, CA<br>Judge: The Honorable Virginia A. Phillip |

I, Edward W. Ciolko, declare as follows:

1. I am a partner with the law firm of Kessler Topaz Meltzer & Check, LLP ("KTMC"), attorneys of record for Plaintiffs Wayne Samp, Roberta Samp, Daniel Komarchuk, Susan Komarchuk, and Annetta Whitaker (collectively, "Plaintiffs") in the above-captioned matter. The matters set forth in this declaration are based upon my personal knowledge and, if called to testify, I could and would competently testify thereto. I submit this declaration in support of Plaintiffs' Reply in Further Support of their Motion to Stay Action as to Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), PMI Mortgage Insurance Co. ("PMI"), Radian Guaranty Inc. ("Radian") and Triad Guaranty Insurance Corp. ("Triad") pending the United States Supreme Court's decision in *First American Financial Corp. v. Denise P. Edwards*, No. 10-708 ("*Edwards*").

2. As set forth in their Motion to Stay Action and Reply in Further Support of their Motion to Stay Action, Plaintiffs seek to extend the stay entered on February 13, 2012 (ECF No. 71) pursuant to a stipulation between Plaintiffs and Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., Cross Country Insurance Company (collectively, "JPMorgan"), United Guaranty Residential Insurance Co. ("United Guaranty"), and Genworth Mortgage Insurance Corp. ("Genworth") (ECF No. 63), to *all* parties, including Defendants MGIC, PMI, Radian, and Triad, for *all* purposes pending a decision in *Edwards*.[1]

3. After the March 16, 2012 filing of Plaintiffs' Motion to Stay Action, the District Court for the Western District of Pennsylvania in *Menichino v. Citibank, N.A.*, No. 12-cv-00058 (W.D. Pa. Mar. 22, 2012), an action involving virtually identical claims to those asserted here, entered an order directing the Clerk of Court to mark the case "Administratively Closed" pending *Edwards*. Although the court refrained from ruling on

---

[1] Republic Mortgage Insurance Co. ("Republic") entered into a stipulation with Plaintiffs to stay this action on March 19, 2012 (ECF No. 95), similar to the stipulation entered into between Plaintiffs, JPMorgan, United Guaranty, and Genworth. The Court has not yet ruled on that stipulation.

1

the joint motion filed by the plaintiffs and several of the defendants to stay the action, it noted that the case should be administratively closed "in the interest of judicial economy." *See* Exhibit A attached hereto (Mar. 22, 2012 Order).

4. On March 23, 2012 and March 26, 2012, I again reached out to the various counsel for MGIC, PMI, Radian, and Triad in an effort to further meet and confer regarding their pending Motion to Dismiss and Motion for Partial Stay, as well as Plaintiffs' pending Motion to Stay. Specifically, I referenced the court's decision in the *Menichino* action, as well as the filing of Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") which made clear, to an even greater extent than the original Complaint, that Defendants' captive reinsurance arrangement constituted a single, unified scheme. This good faith meet-and-confer effort to resolve the pending motions was ignored by all but one of the various counsel for the Certain Defendants. Indeed, although Plaintiffs' Amended Complaint was intended to address Defendants' arguments in their original Motion to Dismiss, the Certain Defendants never engaged in a substantive meet and confer with Plaintiffs after the filing of Plaintiffs' Amended Complaint and prior to the filing of the Certain Defendants' renewed Motion to Dismiss. However, not one of the Certain Defendants had any substantive discussion with Plaintiffs' counsel regarding whether, in light of the *Menichino* stay and the stays entered in the other actions that preceded it, as well as the filing of Plaintiffs' Amended Complaint, the better way of proceeding here too would be to stay the entire action pending the decision in *Edwards*.

5. Despite the fact that yet another court had deemed it the efficient course of conduct to stay a similar action pending *Edwards*, MGIC, PMI, Radian, and Triad decided to file their opposition to Plaintiffs' Motion to Stay Action on March 26, 2012. *See* ECF No. 102.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed by me on this 2nd day of

//

//

2

REPLY DECLARATION OF EDWARD W. CIOLKO
Case No. 5:11-cv-01950 VAP-SP

April, 2012, in Radnor, Pennsylvania.

*/s/ Edward W. Ciolko*
Edward W. Ciolko

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MENICHINO, ET AL, ETC., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 12-58 |
| ) | |
| CITIBANK, N.A., ET AL., ) | |
| Defendants. ) | |

ORDER OF COURT

AND NOW this 22nd day of March, 2012, before the court is the parties' Joint Motion to Stay Action [document #43] pending a decision by the United States Supreme Court in the case of <u>First American Financial Corporation, et al. V. Denise P. Edwards</u>, Case No. 10-708, the resolution of which will impact the claims and defenses to be asserted in this matter. Upon review, the Court will refrain from ruling on the outstanding motion. However, in the interest of judicial economy, IT IS HEREBY ORDERED that the Clerk of Court is directed to mark this case ADMINISTRATIVELY CLOSED.

Nothing contained in this order shall be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate them by motion to the Court, submitting a copy of the Supreme Court's decision in the above captioned case.

BY THE COURT:

_____,C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record