Christopher H. Hart (CSBN 184117)
  chart@schnader.com
David Smith (*Admitted Pro Hac Vice*)
  dsmith@schnader.com
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
  sfogdall@schnader.com
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
  tloscalzo@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Defendant RADIAN GUARANTY INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No:  5:11-cv-01950 VAP-SP<br><br>**CERTAIN DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL STAY PENDING THE SUPREME COURT'S DECISION IN *FIRST AMERICAN FINANCIAL CORPORATION V. EDWARDS***<br><br>Judge:    Hon. Virginia A. Phillips<br>Date Complaint Filed:  12/09/2011<br><br>DATE: April 16, 2012<br>TIME:  2:00 PM<br>COURTROOM: 2 |

Defendants Mortgage Guaranty Insurance Corporation, Radian Guaranty Inc., PMI Mortgage Insurance Co., and Triad Guaranty Insurance Corp. (collectively "Moving Defendants") respectfully submit this Reply Memorandum in support of their Motion For A

Partial Stay Pending the Supreme Court's Decision in *First American Financial Corporation v Edwards*, No. 10-708 ("*Edwards*") (Dkt. No. 93). As the Moving Defendants demonstrated in their opening brief, Plaintiffs' action suffers from two fundamental legal deficiencies: (1) Plaintiffs have not alleged that they suffered an economic injury (*i.e.* paid more for mortgage insurance) as a result of the reinsurance transactions between their mortgage insurers and their lenders' affiliated reinsurer and (2) Plaintiffs do not have standing as to the Moving Defendants because Plaintiffs do not and cannot allege that the Moving Defendants insured the Plaintiffs' mortgage loans. If the Plaintiffs' action suffered only from the first deficiency identified above, the Moving Defendants would have agreed with the Plaintiffs that a complete stay of this action was appropriate, since the Supreme Court will decide in *Edwards* whether Plaintiffs can sue for a violation of RESPA without demonstrating an economic injury. However, because the second deficiency identified above warrants an immediate dismissal as to the Moving Defendants, the latter asked for a *partial* stay, so that the Court could consider the Moving Defendants' Motion to Dismiss for Lack of Standing ("Motion to Dismiss") (Dkt. No. 91) without waiting for the Supreme Court's decision in *Edwards*.

Plaintiffs oppose the Moving Defendants' request for a partial stay mainly because Plaintiffs oppose the Motion to Dismiss. If the Court considers the Motion to Dismiss, then the Moving Defendants' and Plaintiffs' arguments for and against a complete stay or a partial stay become moot. If the Court denies the Motion to Dismiss, the Moving Defendants agree to a complete stay pending *Edwards*, as requested by Plaintiffs and other Defendants and ordered by the Court already (Dkt. No. 71).

Because the issue in *Edwards* has nothing to do with why this action should be dismissed as to the Moving Defendants for lack of standing, Plaintiffs' arguments against a partial stay (and hence a consideration of the Motion to Dismiss) miss the mark. Plaintiffs argue that a partial stay and a consideration of the Motion to Dismiss would waste the Court's resources because the same arguments could be made after *Edwards* is decided (Dkt. No. 101 at 1). On the contrary, if the Motion to Dismiss is considered and granted (as it should be), the Moving Defendants, Plaintiffs, and the Court would save time and resources in not briefing and considering the

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785

impact of *Edwards* (which is almost inevitable as Plaintiffs and Defendants would surely view the Supreme Court's mandate and Plaintiffs' allegations differently) as well as numerous other defenses on the merits. On the other hand, if the Court stays the action in its entirety, the Moving Defendants will still be making the standing arguments after *Edwards* as well as other arguments on the merits that, appropriately, should be made after *Edwards*.

Why should the Moving Defendants be forced to spend their resources on making arguments on the merits if Plaintiffs have no standing to sue the Moving Defendants in the first instance? Plaintiffs offer no good answer to this question besides empty rhetoric that a motion to dismiss "may well prove unnecessary, premature and redundant." (Dkt. No. 101 at 4). Moreover, there is something clearly improper and distasteful about being named defendants in a case in which they are not alleged to have had any dealings at all with the named plaintiffs. The Moving Defendants respectfully suggest that this Court should not countenance this type of overreaching and pleading and should hear the Motion to Dismiss.

Plaintiffs' arguments against a partial stay and a consideration of a Motion to Dismiss are falsely premised on the belief that the decision in *Edwards* is "imminent" and that the Moving Defendant would still incur reporting and litigation hold expenses (Dkt. No. 101 at 4). Neither argument is grounded in fact or logic. While the Moving Defendants and all others following *Edwards* expect the Supreme Court's decision by the end of the term in June, 2012, it is not clear exactly when *Edwards* will be decided. And if the Moving Defendants are dismissed from this case *now* (as they should be), it is a matter of elementary logic that they would not be incurring expenses that are normally associated with pending cases. Plaintiffs' "belief" that the Moving Defendants will continue to incur expenses if the Motion to Dismiss is (successfully) prosecuted now simply makes no sense.

In conclusion, the partial stay and the consideration of the Motion to Dismiss will result in the efficient presentation and disposition of this case and will relieve the Moving Defendants, the Plaintiffs, and the Court from making and considering unnecessary arguments when the Moving Defendants should be dismissed from this case now for Plaintiffs' lack of standing as to them.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785

Dated: April 2, 2012   SCHNADER HARRISON SEGAL & LEWIS LLP

/s/David Smith
Christopher H. Hart
David Smith (*Admitted Pro Hac Vice*)
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
Attorneys for Defendant
RADIAN GUARANTY INC.
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
Phone: 215-751-2000
Fax: 215-751-2205
Email: dsmith@schnader.com

Dated: April 2, 2012   ARNOLD & PORTER LLP

/s/Douglas A. Winthrop
Douglas A. Winthrop
Sara J. Eisenberg
Attorneys for Defendant
PMI MORTGAGE INSURANCE CO.
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Phone: 415-434-1600
Fax: 415-677-6262
douglas.winthrop@aporter.com
sara.eisenberg@aporter.com

Eric Shapland
Amie L. Medley
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Phone: 213-243-4000
Facsimile: 213-243-4199
eric.shapland@aporter.com
amie.medley@porter.com

CERTAIN DEFENDANTS' REPLY MEMORANDUM ISO MOTION FOR PARTIAL STAY
CASE NO. 5:11-CV-01950 VAP-SP

| | | |
|---|---|---|
| 1 | Dated: April 2, 2012 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | /s/*Michael S. Lawrence*___ |
| | | Michael S. Lawrence |
| 4 | | Attorney for Defendant |
| | | MORTGAGE GUARANTY INSURANCE |
| 5 | | CORPORATION |
| | | Foley & Lardner LLP |
| 6 | | 555 South Flower Street Suite 3500 |
| | | Los Angeles, CA 90071-2411 |
| 7 | | Phone: 213-972-4500 |
| 8 | | Fax: 213-486-0065 |
| | | mlawrence@foley.com |
| 9 | | |
| 10 | Dated: April 2, 2012 | LOCKE LORD LLP |
| 11 | | |
| 12 | | /s/*Daniel A. Solitro*___ |
| | | Thomas J. Cunningham |
| 13 | | Daniel A. Solitro |
| | | Attorneys for Defendant |
| 14 | | TRIAD GUARANTY INSURANCE CORP. |
| | | 300 South Grand Avenue, Suite 2600 |
| 15 | | Los Angeles, CA, 90071 |
| 16 | | 213-485-1500 |
| | | Fax: 213-485-1200 |
| 17 | | tcunningham@lockelord.com |
| | | dsolitro@lockelord.com |
| 18 | | |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785