JOHN E. WALKER (SBN 166270)
john.walker@snrdenton.com
BENITO DELFIN, JR. (SBN 281607)
ben.delfin@snrdenton.com
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623-9924

REID L. ASHINOFF (*admitted pro hac vice*)
MELANIE A. MCCAMMON
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:  (212) 768-6700
Facsimile:   (212) 768-6800

*Attorneys for Defendant*
*Genworth Mortgage Insurance Corp.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | CASE NO. CV 5:11-1950 VAP (SPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT GENWORTH MORTGAGE INSURANCE CORP. TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: November 5, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>         3470 Twelfth Street, 2nd Floor<br>         Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 1

BACKGROUND ............................................................................................ 3

ARGUMENT .................................................................................................. 5

   I.    RESPA BARS PLAINTIFFS' CLAIMS ............................................. 5

   II.   EQUITABLE TOLLING CANNOT SAVE PLAINTIFFS' UNTIMELY CLAIMS ........................................................................ 5

       A.    The Discovery Rule Does Not Apply ....................................... 6

       B.    Genworth did not Fraudulently Conceal the Samps' Claims ........................................................................................ 8

   III.  THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED ................................................................................ 9

CONCLUSION ............................................................................................. 10

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Defendant Genworth Mortgage Insurance Corporation ("Genworth ") submits this memorandum of points and authorities in support of its motion to dismiss the claims against it in this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Genworth incorporates by reference the arguments and authorities in Mortgage Guaranty Insurance Corp., Radian Guaranty Inc., and Triad Guaranty Insurance Corp.'s Motion to Dismiss (the "Non-Contracting Defendants' Motion") and United Guaranty Residential Insurance Co.'s ("United Guaranty") Motion to Dismiss (the "UG Motion").

## INTRODUCTION

Plaintiffs allege that defendants violated the Real Estate Settlement Procedures Act ("RESPA") by entering into reinsurance arrangements with defendant JPMorgan Chase Bank, N.A. ("JPMorgan") and JPMorgan's affiliated reinsurer—defendant Cross Country Insurance Company ("Cross Country"). Although Cross Country has paid (and continues to pay) reinsurance claims, Plaintiffs allege that the captive reinsurance arrangements were part of a purported "kickback" scheme between all defendants.

Plaintiffs' claims are plainly time-barred. Under RESPA, a plaintiff must commence a suit within one year of the "occurrence" of the alleged violation. 12 U.S.C. § 2614. In the context of mortgage insurance, a RESPA violation occurs at the closing of the underlying loan transaction. Genworth allegedly insured Roberta and Wayne Samp's (the "Samps") mortgage loan which closed in June of

2008.[1] But the instant case was not filed until December of 2011—long after the one-year RESPA limitations period had expired. The Samps' delay warrants dismissal of their claims.

Plaintiffs seek to excuse this delay by claiming that equitable tolling applies under: (1) the discovery rule; or (2) a fraudulent concealment theory. Neither of these tolling theories, however, can save Plaintiffs' untimely claims. The discovery rule is inapplicable because a RESPA claim accrues from the "occurrence"—not the discovery—of the alleged violation. And contrary to Plaintiffs' conclusory self-serving allegations that the Cross Country captive reinsurance arrangements are "undisclosed" and "self-concealing" schemes, there was nothing that prevented the Plaintiffs from discovering the alleged RESPA violations. Am. Compl. ¶ 139. Indeed, the Samps received disclosures advising that the lender may gain a financial benefit from the Cross Country captive arrangement and were given the opportunity to opt out. Additionally, the Amended Complaint cites to, quotes, and incorporates a vast amount of publicly available information discussing captive reinsurance arrangements and purported

---

[1] Plaintiffs Susan Komarchuk and Daniel Komarchuk (the "Komarchuks") allege their loan closed in January 2005; and Plaintiff Annetta Whitaker ("Whitaker") alleges her loan closed in April 2005. Am. Compl. ¶¶ 19 - 21. The Complaint does not allege that Genworth insured the Komarchuks or Whitaker. *See* Am. Compl. ¶¶ 20 - 21. Because Genworth did not interact with or insure the Komarchuks or Whitaker, these plaintiffs cannot assert claims against Genworth for the reasons stated in the Non-Contracting Defendants' Motion. To the extent the Court finds that the Komarchuks and Whitaker do have claims against Genworth, these claims are barred because they are untimely for the reasons stated within the Non-Contracting Defendants' Motion and the UG Motion.

RESPA concerns since 1997. Fraudulent concealment similarly fails because the Samps have not alleged specific facts as to how Genworth (or any other defendant) fraudulently concealed their claims.

Plaintiffs' unjust enrichment claim fails because it is dependent on—and duplicative of—their RESPA claim. Additionally, the applicable two-year limitations period for unjust enrichment has expired. Further, unjust enrichment is generally not available when a contractual relationship is present.

For the reasons below, and the reasons set forth in the Non-Contracting Defendants' Motion and the UG Motion, the Court should dismiss this lawsuit against Genworth, with prejudice.

## BACKGROUND

Plaintiffs Wayne Samp and Roberta Samp obtained a home mortgage loan in June 2008 from defendant JPMorgan. JPMorgan allegedly purchased mortgage insurance from defendant Genworth and various other mortgage insurers. Am. Compl. ¶ 19. Plaintiffs claim that JPMorgan required Genworth and the other mortgage insurance companies to obtain reinsurance from defendant Cross Country, a reinsurance company affiliated with JPMorgan. Am. Compl. §§ 1-14; 19-21. Plaintiffs contend that these reinsurance arrangements violated RESPA.[2]

---

[2] Although it is not germane to the legal issues raised in this motion to dismiss, the Plaintiffs have not alleged that their specific loans were actually placed in the Cross Country captive. *See* Am. Compl. ¶¶ 19-21. While not a basis for this motion, the Samps' loan, which Genworth insured, was not placed in the Cross Country captive.

-3-

On December 9, 2011, Plaintiffs commenced this action. The filing of the Complaint took place *three-and-a-half years* after the Samps had closed their mortgage loan. [Dkt. 1]. On February 13, 2012, the Court stayed this action as to certain defendants, including Genworth [Dkt. 71]. Plaintiffs filed the First Amended Complaint ("Amended Complaint") on March 2, 2012. [Dkt. 79]. Thereafter, on August 20, 2012 [Dkt. 125] the Court lifted the stay.

Plaintiffs' specific allegations against Genworth are sparse. Despite spanning 58-pages, the Amended Complaint only specifically mentions Genworth in five paragraphs. *See, e.g.*, Am. Compl. ¶¶ 1 (conclusory conspiracy allegations); 19 (alleging Genworth insured the Samps and that Genworth entered into a captive reinsurance arrangement with JPMorgan); 29 (alleging Genworth is a North Carolina Corp.); 38 (alleging Genworth is one of seven national mortgage insurers); and 94 (alleging Genworth and other mortgage insurers disclosed having received regulatory inquiries).

These conclusory and mundane allegations cannot support the critical tolling arguments that are fundamental to Plaintiffs' claims. The Amended Complaint fails to allege how Genworth's conduct impeded the timely filing of the Samps' claims. Nor is there any credible explanation as to why the Samps could not have discovered their potential claims earlier. Indeed, the Amended Complaint attaches a disclosure statement signed by the Samps which states that JPMorgan could receive a financial benefit if their mortgage loan was placed in the Cross Country captive. Am. Compl. ¶ 150 & Ex. HH.

# ARGUMENT

Genworth incorporates the legal arguments and authorities discussed in Non-Contracting Defendants' Motion and the UG Motion as if fully set forth herein. Rather than burdening the Court with presenting these arguments in full, Genworth merely provides additional context to illustrate why these arguments also support dismissal of all claims asserted against Genworth with prejudice.

## I. RESPA BARS PLAINTIFFS' CLAIMS

As noted above, the Samps allege that they closed their mortgage loan on June 6, 2008. Therefore, RESPA's one-year limitations period expired on June 7, 2009. But the Samps did not file this suit until December 2011—more than *three-and-a-half years* after the Samps closed their mortgage. Thus, the Samps' claims are untimely based on the face of the Amended Complaint.

As set forth in the Non-Contracting Defendants' Motion and the UG Motion, the Komarchuks and Whittaker claims are similarly time barred.

## II. EQUITABLE TOLLING CANNOT SAVE PLAINTIFFS' UNTIMELY CLAIMS

Plaintiffs concede that their claims were not raised within RESPA's one-year limitations period. Instead, Plaintiffs claim that tolling applies under either: (1) the discovery rule; or (2) a fraudulent concealment theory. As set forth in the Non-Contracting Defendants' Motion and the UG Motion, neither of these theories applies here.

### A.     The Discovery Rule Does Not Apply

As discussed in greater detail in the Non-Contracting Defendants' Motion, the discovery rule does not apply to RESPA because the limitations period runs from the "occurrence" of the violation.

But even if the discovery rule could apply to RESPA claims (which it cannot), the Amended Complaint does not allege how the Samps became aware of their potential claims or how they could not have discovered their claims during the limitations period with reasonable diligence.

As noted in the incorporated motions, Plaintiffs' conclusory allegations that captive reinsurance arrangements are "self-concealing" or "undisclosed" schemes fail as a matter of law. But the Amended Complaint belies these self-serving statements; the existence of the Cross Country captive was openly disclosed to the Samps and other borrowers. In fact, the captive reinsurance disclosure signed by the Samps put them on inquiry notice—if not actual notice—that JPMorgan could receive a "financial gain" if their loan was placed in the Cross Country captive. Am. Compl. ¶ 150 & Ex. HH. The Samps' disclosure provided, in relevant part:

> **If I am required to have mortgage guarantee insurance**, Chase [JPMorgan] will arrange for an insurance company to provide this coverage at my expense. The insurance company may ask another insurance company to assume some or all of the risk under the insurance policy in exchange for a portion of the insurance premium. This is called 'reinsurance' and may result in a financial gain to the company providing

<u>the reinsurance</u>.  Chase has an affiliate, Cross Country Insurance Company, that provides reinsurance to mortgage guaranty insurance companies; however, **a reinsurance arrangement with Chase will not change my mortgage guaranty insurance premiums.**

Even though a reinsurance arrangement involving Chase's affiliate will not increase my premiums, **I understand that I may exclude the mortgage guaranty insurance coverage from this arrangement** [by providing JPMorgan with written confirmation]. . . .

Am. Comp. Ex. HH (bolded emphasis in original) (underlined emphasis added).[3]

In addition to the clear disclosure statement that the Samps signed, the existence of captive reinsurance arrangements has been publicly documented for more than a decade.  Indeed, Plaintiffs cite and quote multiple public sources discussing RESPA concerns involving captive reinsurance.  *See, e.g.*, Am. Compl., Ex. N (August 6, 1997 "HUD Letter" addressing "captive reinsurers and RESPA's anti-kickback violations" (Am. Compl., ¶ 80)), Ex. M (February 1, 1998 article, *Investigating Captive Mortgage Reinsurance*), Ex. I (March 23, 1998 article, *Using a Bank Captive Subsidiary to Reinsure Mortgage Insurance*), Ex. II (March 7, 2005 article describing state investigation of captive reinsurers), and Ex. Z

---

[3] The Komarchuks received a similar disclosure.  Am. Compl. ¶ 150 & Ex. H.

(April 26, 2006 congressional testimony of HUD Deputy Assistant Secretary for Regulatory Affairs).

Although courts have rejected Plaintiffs' argument that they could not discover their claims without the assistance of counsel, the public record belies this conclusory statement. In fact, many of the named plaintiffs in similar actions filed by Plaintiffs' counsel filed actions within the one-year RESPA limitations period. *See, e.g., Alston v. Countrywide Fin. Corp.*, No. 06-CV-08174 (C.D. Cal., Dec. 22, 2006) (transferred to E.D.Pa. under No. 07-CV-03508), *Moore v. GMAC LLC*, No. 07-CV-04296 (E.D.Pa., Oct. 12, 2007); *Alexander v. Washington Mut., Inc.*, No. 07-CV-04426 (E.D.Pa., Oct. 22, 2007); *Liguori v. Wells Fargo & Co.*, No. 08-CV-00479 (E.D.Pa., Jan. 31. 2008); *Munoz v. PHH Corp.*, No. 08-CV-00759 (E.D. Cal., June 2, 2008). Plaintiffs do not (and cannot) explain how plaintiffs in these earlier RESPA-actions were able to discover the purported RESPA violations within the one-year limitations period, whereas the Samps and the other plaintiffs herein could not.

Accordingly, the discovery rule is inapplicable to the Samps' belated claims.

### B. Genworth did not Fraudulently Conceal the Samps' Claims

The Amended Complaint similarly cannot support a fraudulent concealment theory against Genworth (or any other defendant).

Plaintiffs have made no allegations that Genworth took any affirmative steps to conceal the existence of the captive reinsurance arrangements.[4] The absence of specific allegations concerning Genworth falls far short of the heightened pleading requirements imposed by Rule 9(b). And, as described above, the Samps signed a written disclosure indicating that JPMorgan may obtain a "financial gain" if their loan was placed in the Cross Country captive and borrowers had the ability to opt out. In addition to the numerous publicly available documents cited in their Amended Complaint, the Samps cite Genworth's 2008 Annual Report for its disclosures that several states were investigating captive reinsurance arrangements. Am. Compl. ¶ 94. This document was published and available within the one-year limitations period.

Thus, for the foregoing reasons, and the reasons stated in the Non-Contracting Defendants' Motion and the UG Motion, the Samps cannot rely on a "fraudulent concealment" theory to toll their claims.

### III. THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

For the reasons stated in the Non-Contracting Defendants' Motion and the UG Motion, the Samps have failed to state a claim for unjust enrichment because: (1) unjust enrichment is not a standalone claim; (2) Plaintiffs' unjust enrichment claim is duplicative of their RESPA claim and must be dismissed with it; (3) the applicable two-year limitations period for unjust enrichment has expired; and (4)

---

[4] As noted in the incorporated briefing, mere silence or non-disclosure (absent a duty to speak) cannot support fraudulent concealment as a matter of law.

unjust enrichment claims are inapplicable when a legal contract is present (as here).

## CONCLUSION

For the foregoing reasons, and the reasons articulated in the Non-Contracting Defendants' Motion and the UG Motion, Genworth respectfully request that the Court dismiss Plaintiffs' First Amended Class Action Complaint against it, with prejudice.

Dated: October 4, 2012

SNR DENTON US LLP

By: /s/ *Benito Delfin, Jr.*
JOHN E. WALKER
BENITO DELFIN, JR.

601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

REID L. ASHINOFF
MELANIE A. MCCAMMON
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Defendant
Genworth Mortgage Insurance Corp.*

17772487