William L. Kirkman (SBN 11518700)
billk@bourlandkirkman.com
Bourland & Kirkman ,L.L.P.
201 Main Street, Suite 1400
Fort Worth, Texas 76102
Telephone:  (817) 336-2800
Facsimile:  (817) 877-1863

Michael L. Tidus (SBN 126425)
mtidus@jdtplaw.com
John Petrasich (SBN 48469)
jpetrasich@jdtplaw.com
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California 92614
Telephone: (949) 752-8585
Facsimile:  (949) 752-0597

Attorneys for Moving Defendant Republic
Mortgage Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendant. | CASE NO.  ED CV11-01950 VAP-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT REPUBLIC MORTGAGE INSURANCE COMPANY TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**<br><br>DATE:      November 5, 2012<br>TIME:       2:00 p.m.<br>PLACE:    Courtroom 2 |

-1-

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1
BACKGROUND ....................................................................................................... 2
ARGUMENT ............................................................................................................. 4
    1.    RESPA Bars Plaintiffs' Claims ............................................................. 4
    2.    Equitable Tolling Cannot Save Plaintiffs' Untimely Claims ............... 4
        A.    The Discovery Rule Does Not Apply .......................................... 4
        B.    RMIC did not Fraudulently Conceal the Komarchuks' Claims .......................................................................................... 6
    3.    The Unjust Enrichment Claim Should Be Dismissed .......................... 7
CONCLUSION .......................................................................................................... 8

Defendant Republic Mortgage Insurance Company ("RMIC") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the claims against it in this action pursuant to Federal Rule of Civil Procedure 12(b)(6). RMIC incorporates by reference the arguments and authorities contained in Mortgage Guaranty Insurance Corp., Radian Guaranty Inc., and Triad Guaranty Insurance Corp.'s Motion to Dismiss (the "Non-Contracting Defendants' Motion") and United Guaranty Residential Insurance Co.'s ("United Guaranty") Motion to Dismiss (the "UG Motion") filed recently herein.

## INTRODUCTION

Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by entering into reinsurance arrangements with Defendant JPMorgan Chase Bank, N.A. ("JP Morgan") and JP Morgan's affiliated reinsurer – Defendant Cross Country Insurance Company ("Cross Country"). Although Cross Country has paid (and continues to pay) valid reinsurance claims, Plaintiffs allege that the captive reinsurance arrangements were part of a purported "kickback" scheme between all Defendants.

Plaintiffs' claims are time-barred. Under RESPA, a plaintiff must commence a suit within one year of the "occurrence" of the alleged violation. 12 U.S.C. § 2614. In the context of mortgage insurance, a RESPA violation occurs at the closing of the underlying loan transaction. RMIC is alleged to have insured a mortgage loan made to Daniel and Susan Komarchuk (the "Komarchuks"), which loan funded and closed in January of 2005.[1] But the instant case was not filed until

---

[1] Plaintiffs Roberta Samp and Wayne Samp (the "Samps") allege their loan closed in June of 2008 and Plaintiff Annetta Whitaker ("Whitaker") alleges her loan closed in April 2005. Am. Compl. ¶¶ 19-21. The Complaint does not allege that RMIC insured the Samps or Whitaker. See Am. Compl. ¶¶ 20-21. Because RMIC did not interact with or insure the Samps or Whitaker, these Plaintiffs cannot assert claims against RMIC for the reasons stated in the Non-Contracting Defendants' Motion. To the extent the Court finds that the Samps and Whitaker do have claims against RMIC, these claims are also barred because they are untimely for the reasons stated herein and within the Non-Contracting Defendants' Motion and the UG Motion.

-1-

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

December of 2011 – long after the one-year RESPA limitations period had expired. The Komarchuks' delay warrants dismissal of their claims.

Plaintiffs seek to excuse this delay by claiming that equitable tolling applies under: (1) the discovery rule; or (2) a fraudulent concealment theory. Neither of these tolling theories, however, can save Plaintiffs' untimely claims. The discovery rule is inapplicable because a RESPA claim accrues from the "occurrence" – not the discovery – of the alleged violation. And contrary to Plaintiffs' conclusory self-serving allegations that the Cross Country captive reinsurance arrangements are "undisclosed" and "self-concealing" schemes, there was nothing that prevented the Plaintiffs from discovering the alleged RESPA violations. Am. Compl. ¶ 139. Indeed, the Komarchuks allege that they received a disclosure advising that the lender may gain a financial benefit from the Cross Country captive arrangement and were given the opportunity to opt out. Additionally, the Amended Complaint cites to, quotes, and incorporates a vast amount of publicly available information discussing captive reinsurance arrangements and purported RESPA concerns since 1997. Fraudulent concealment also fails because the Komarchuks have not alleged specific facts as to how RMIC (or any other Defendant) fraudulently concealed their claims.

Finally, Plaintiffs' unjust enrichment claim fails because it is dependent on – and duplicative of – their RESPA claim. Additionally, the applicable two-year limitations period for unjust enrichment has expired. Unjust enrichment is also not available when a contractual relationship is present.

For the reasons below, and the reasons set forth in the Non-Contracting Defendants' Motion and the UG Motion, the Court should dismiss this lawsuit against RMIC with prejudice.

## BACKGROUND

Plaintiffs Daniel Komarchuk and Susan Komarchuk obtained a home mortgage loan on January 27, 2005, from Defendant JP Morgan. JP Morgan

-2-

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

allegedly purchased mortgage insurance from Defendant RMIC on the Komarchuks' loan and from other mortgage insurers on the other loans. Am. Compl. ¶¶ 19-21. Plaintiffs claim that JP Morgan required RMIC (and the other mortgage insurance companies) to obtain reinsurance from Defendant Cross Country, a reinsurance company affiliated with JP Morgan. Am. Compl. §§ 1-14; 19-21. Plaintiffs contend that these reinsurance arrangements violated RESPA.[2]

On December 9, 2011, Plaintiffs commenced this action. The filing of the Complaint took place *almost six full years* after the Komarchuks had closed their mortgage loan. [Dkt. 1]. On February 13, 2012, the Court stayed this action as to certain Defendants, including RMIC [Dkt. 71]. Plaintiffs filed the First Amended Complaint ("Amended Complaint") on March 2, 2012. [Dkt. 79]. Thereafter, on August 20, 2012 [Dkt. 125] the Court lifted the stay.

Plaintiffs' specific allegations against RMIC are sparse. Despite spanning fifty-eight pages, the Amended Complaint only specifically mentions RMIC in a few paragraphs. *See, e.g.*, Am. Compl. ¶¶ 1 (conclusory conspiracy allegations); 20 (alleging RMIC insured the Komarchuks and that RMIC entered into a captive reinsurance arrangement with JP Morgan); 30 (alleging RMIC is a North Carolina Corp.); 38 (alleging RMIC is one of seven national mortgage insurers); and 94 (alleging RMIC and other mortgage insurers disclosed having received regulatory inquiries). These conclusory and mundane allegations cannot support the critical tolling arguments that are fundamental to Plaintiffs' claims. The Amended Complaint fails to allege how RMIC's conduct impeded the timely filing of the Komarchuks' claims. Nor is there any credible explanation as to why the Komarchuks could not have discovered their potential claims earlier. Indeed, the Amended Complaint attaches an unsigned Application Disclosure which is alleged to have been presented to the Komarchuks at closing (in January 2005), which

---

[2] Although it is not germane to the legal issues raised in this Motion to Dismiss, the Plaintiffs have not alleged that their specific loans were actually placed in the Cross County captive. See Am. Compl. ¶¶ 19-21.

states that JP Morgan could receive a "financial gain" if the Komarchuks' mortgage loan was placed in the Cross Country captive. Am. Compl. at Ex. H.

## ARGUMENT

RMIC incorporates the legal arguments and authorities discussed in Non-Contracting Defendants' Motion and the UG Motion as if fully set forth herein. Rather than burdening the Court with presenting these arguments again in full, RMIC merely provides additional context to illustrate why these arguments also support dismissal of all claims asserted against RMIC with prejudice.

### 1.   RESPA Bars Plaintiffs' Claims

As noted above, the Komarchuks allege they closed their mortgage loan on January 27, 2005. Therefore, RESPA's one-year limitations period expired on January 28, 2006. But the Komarchuks did not file this suit in until December 2011 – more than six years after the Komarchuks closed their mortgage loan and five years beyond the statute. Thus, the Komarchuks' claims are untimely based on the face of the Amended Complaint.

As set forth in the Non-Contracting Defendants' Motion and the UG Motion, the Samp and Whitaker claims are similarly time barred.

### 2.   Equitable Tolling Cannot Save Plaintiffs' Untimely Claims

Plaintiffs concede that their claims were not raised within RESPA's one-year limitations period. Instead, Plaintiffs claim that tolling applies under either: (1) the discovery rule; or (2) a fraudulent concealment theory. As set forth in the Non-Contracting Defendants' Motion and the UG Motion, neither of these theories applies here.

#### A.   THE DISCOVERY RULE DOES NOT APPLY

As discussed in greater detail in the Non-Contracting Defendants' Motion, the applicable law is clear that the discovery rule does not apply to Plaintiffs' RESPA claim because the limitations period runs from the "occurrence" of the violation.

-4-

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

But even if the discovery rule could somehow apply to RESPA claims (which it cannot), the Amended Complaint does not allege how the Komarchuks became aware of their potential claims or how they could not have discovered their claims during the limitations period with reasonable diligence.

As noted in the incorporated motions, Plaintiffs' conclusory allegations that captive reinsurance arrangements are "self-concealing" or "undisclosed" schemes fail as a matter of law. And, the Amended Complaint belies these self-serving statements; the existence of the Cross Country captive was openly disclosed to the Komarchuks and other borrowers. In fact, the captive reinsurance disclosure which Plaintiffs say was provided to the Komarchuks put them on inquiry notice – if not actual notice – that JP Morgan could receive a "financial gain" if their loan was placed in the Cross Country captive. Am. Compl. ¶ 150 & Ex. H. The Komarchuks' disclosure provided, in relevant part:

> **If I am required to have mortgage guarantee insurance**, Chase will arrange for an insurance company to provide this coverage at my expense. The insurance company may ask another insurance company to assume some or all of the risk under the insurance policy in exchange for a portion of the insurance premium. <u>This is called 'reinsurance' and may result in a financial gain to the company providing the reinsurance</u>. Chase has an affiliate, Cross Country Insurance Company, that provides reinsurance to mortgage guaranty insurance companies; however, **a reinsurance arrangement with Chase will not change my mortgage guaranty insurance premiums.**
>
> Even though a reinsurance arrangement involving Chase's affiliate will not increase my premiums, **I understand that I may exclude the mortgage guaranty insurance coverage from this arrangement** [by providing JP Morgan with written confirmation]. . . .

Am. Compl. Ex. H (bolded emphasis in original) (underlined emphasis added).[3]

Setting aside the clear disclosure statement that Plaintiffs say was provided to the Komarchuks, the existence of captive reinsurance arrangements has been publicly documented for more than a decade. Indeed, Plaintiffs cite and quote

---

[3] The Samps received a similar disclosure. Am. Compl. ¶ 150 and Ex. HH.

-5-

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

multiple public sources discussing RESPA concerns involving captive reinsurance. *See*, *e.g.*, Am. Compl., Ex. N (August 6, 1997 "HUD Letter" addressing "captive reinsurers and RESPA's anti-kickback violations" (Am. Compl., ¶ 80)), Ex. M (February 1, 1998 article, *Investigating Captive Mortgage Reinsurance*), Ex. I (March 23, 1998 article, *Using a Bank Captive Subsidiary to Reinsure Mortgage Insurance*), Ex. II (March 7, 2005 article describing state investigation of captive reinsurers), and Ex. Z (April 26, 2006 congressional testimony of HUD Deputy Assistant Secretary for Regulatory Affairs).

Although courts have rejected Plaintiffs' argument that they could not discover their claims without the assistance of counsel, the public record belies this conclusory allegation. In fact, many of the named plaintiffs in similar actions filed by Plaintiffs' counsel filed actions within the one-year RESPA limitations period. *See, e.g.*, *Alston v. Countrywide Fin. Corp.*, No. 06-CV-08174 (C.D. Cal., Dec. 22, 2006) (transferred to E.D.Pa. under No. 07-CV-03508), *Moore v. GMAC LLC*, No. 07-CV-04296 (E.D.Pa., Oct. 12, 2007); *Alexander v. Washington Mut., Inc.*, No. 07-CV-04426 (E.D.Pa., Oct. 22, 2007); *Liguori v. Wells Fargo & Co.*, No. 08-CV-00479 (E.D.Pa., Jan. 31. 2008); and *Munoz v. PHH Corp.*, No. 08-CV-00759 (E.D. Cal., June 2, 2008). Plaintiffs do not (and cannot) explain how plaintiffs in these earlier RESPA actions were able to discover the purported RESPA violations within the one-year limitations period, whereas the Komarchuks and the other Plaintiffs herein could not.

The discovery rule is inapplicable to the Komarchuks' belated claims.

### B. RMIC DID NOT FRAUDULENTLY CONCEAL THE KOMARCHUKS' CLAIMS

The *Amended Complaint* similarly cannot support a fraudulent concealment theory against RMIC (or any other Defendant).

1   Plaintiffs have made no allegations that RMIC took any affirmative steps to
2   conceal the existence of the captive reinsurance arrangements.[4] The absence of
3   specific allegations concerning RMIC falls far short of the heightened pleading
4   requirements imposed by Rule 9(b). And, as described above, the Komarchuks
5   claim they were provided a written disclosure identifying that JP Morgan may
6   obtain a "financial gain" if their loan was placed in the Cross Country captive and
7   borrowers had the ability to opt out. In addition the numerous publicly available
8   documents cited in their Amended Complaint, the Komarchuks cite RMIC's 2008
9   Annual Report for its disclosures that several states were investigating captive
10  reinsurance arrangements. Am. Compl. ¶ 94.

11  Thus, for the foregoing reasons, and the reasons stated in the Non-
12  Contracting Defendants' Motion and the UG Motion, the Komarchuks cannot rely
13  on a "fraudulent concealment" theory to toll their claims.

### 3. The Unjust Enrichment Claim Should Be Dismissed

15  For the reasons stated in the Non-Contracting Defendants' Motion and the
16  UG Motion, the Komarchuks have failed to state a claim for unjust enrichment
17  because: (1) unjust enrichment is not a standalone claim; (2) Plaintiffs' unjust
18  enrichment claim is duplicative of their RESPA claim and must be dismissed with
19  it; (3) the applicable two-year limitations period for unjust enrichment has expired;
20  and (4) unjust enrichment claims are inapplicable when a legal contract is present
21  (as here).

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

---

[4] As noted in the incorporated briefing, mere silence or non-disclosure (absent a duty to speak) cannot support fraudulent concealment as a matter of law.

## CONCLUSION

For the foregoing reasons, and the reasons articulated in the Non-Contracting Defendants' Motion and the UG Motion, RMIC respectfully request that the Court dismiss Plaintiff's First Amended Class Action Complaint against it, with prejudice.

Dated: October 4, 2012      Respectfully submitted,

BOURLAND & KIRKMAN, L.L.P.

JACKSON, DeMARCO, TIDUS & PECKENPAUGH
MICHAEL L. TIDUS
JOHN PETRASICH

By: /s/ *Michael L. Tidus*
Michael L. Tidus
Attorneys for Defendant
Republic Mortgage Insurance Company

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**