QUINN EMANUEL URQUHART & SULLIVAN, LLP
Daniel C. Posner (Bar No. 232009)
danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

-and-

Michael B. Carlinsky (*pro hac vice*)
michaelcarlinsky@quinnemanuel.com
Jane M. Byrne (*pro hac vice*)
janebyrne@quinnemanuel.com
Brad E. Rosen (*pro hac vice*)
bradrosen@quinnemanuel.com
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendant United Guaranty
Residential Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | CASE NO. CV 11-1950 VAP (SPx)<br><br>**DEFENDANT UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　February 11, 2013<br>Time:　2:00 p.m.<br>Crtrm.:　2<br>Judge:　Hon. Virginia A. Phillips |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

I.   PLAINTIFFS' RESPA CLAIMS ARE TIME-BARRED ................................ 2

II.  PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO TOLL THE STATUTE OF LIMITATIONS ................................................................. 3

    A.   The Court May Dismiss Plaintiffs' Time-Barred Claims On A Motion Under Rule 12(b)(6) ................................................................. 3

    B.   Plaintiffs' Failure To Allege Diligence Is Dispositive Of Their Tolling Arguments ................................................................................. 4

    C.   Plaintiffs' Tolling Arguments Fail For Additional Reasons ................. 8

III. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS ............................ 11

IV.  PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND .......... 11

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

### Cases

*Ayon v. JPMorgan Chase Bank*,
2012 WL 1189455 (E.D. Cal. Apr. 9, 2012) ......................................................... 5

*In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
2008 WL 4544441 (N.D. Cal. Sept. 30, 2008) ...................................................... 9

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) ............................................................................. 11

*Gerawan Farming, Inc. v. Rehrig Pacific Co.*,
2012 WL 691758 (E.D. Cal. March 2, 2012) ....................................................... 9

*Global Services v. Ikon Office Solutions*,
2011 WL 6182425 (N.D. Cal. Dec. 13, 2011) .................................................... 10

*Hexcel Corp. v. Ineos Polymers, Inc.*,
681 F.3d 1055 (9th Cir. 2012) ........................................................................... 5, 7

*Hill v. Roll Int'l Corp.*,
195 Cal. App. 4th 1295, 128 Cal. Rptr. 3d 109 (2011) ...................................... 11

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) ................................................................................ 4

*Ireland v. Centralbanc Mortgage Corp.*,
2012 WL 6025764 (N.D. Cal. Dec. 4, 2012) ........................................................ 3

*Jang v. 1st United Bank*,
2012 WL 2959985 (E.D. Cal. July 19, 2012) ..................................................... 12

*Justo v. Indymac Bancorp*,
2010 WL 623715 (C.D. Cal. Feb. 19, 2010) ........................................................ 9

*Lundy v. Union Carbide Corp.*,
695 F.2d 394 (9th Cir. 1982) ................................................................................ 4

*McBride v. Broughton*,
123 Cal. App. 4th 379, 20 Cal. Rptr. 3d 115 (2004) .......................................... 11

*McCarn v. HSBC USA, Inc.*,
2012 WL 5499433 (E.D. Cal. Nov. 13, 2012) ....................................... 2, 3, 6, 8, 12

*Ohlendorf v. American Brokers Conduit*,
2012 WL 718682 (E.D. Cal. March 5, 2012) .................................................... 5, 9

*Santa Maria v. Pac. Bell*,
202 F.3d 1170 (9th Cir. 2000) .............................................................................. 4

*Scholar v. Pac. Bell*,
    963 F.2d 264 (9th Cir. 1992) .................................................................................. 8

*Thorman v. Am. Seafoods Co.*,
    421 F.3d 1090 (9th Cir. 2005) ............................................................................ 10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .............................................................................. 9

*Wadhwa v. Aurora Loan Services, LLC*,
    2011 WL 1601593 (E.D. Cal. Apr. 27, 2011) ..................................................... 12

*Yee v. JPMorgan Chase Bank, NA*,
    2010 WL 114383 (C.D. Cal. Jan. 4, 2010) ............................................................ 3

## Introduction

Plaintiffs concede that their RESPA claims are untimely on their face – they were raised as long as six years after they accrued – and that they survive United Guaranty's motion to dismiss only if the statute of limitations was tolled until at least December 9, 2010, one year before Plaintiffs filed suit. For any tolling doctrine to apply, however, Plaintiffs must have used *diligence* to discover their claims throughout the time period they seek to have tolled. Yet in their hundreds of allegations, spanning two complaints, and their 50 pages of opposition briefing, the only "diligence" they allege is that they signed their loan documents. Then, they stood idly by for years until late 2011, when, for some unexplained reason, they finally met with an attorney. Plaintiffs' failure to allege any diligence at all between the time when their claims accrued and the time when they purport to have "discovered" their claims is fatal to all their tolling arguments.

Plaintiffs' tolling arguments fail not only for lack of diligence, but for other reasons too. First, Plaintiffs fail to allege any "extraordinary circumstances" or affirmative fraudulent conduct by United Guaranty (or any other defendant) that prevented them from discovering their claims during the limitations period. Second, Plaintiffs fail to plead fraudulent concealment with particularity as to United Guaranty (or any other defendant). Third, publicly-available documents – including many on which Plaintiffs rely in their complaint – confirm that Plaintiffs have had at least inquiry notice of their claims for years, which is sufficient notice to trigger the running of the statute of limitations even when a claim has been concealed.

Further, whether characterized as "unjust enrichment" or "restitution," or both (as Plaintiffs try to do), Plaintiffs' second cause of action is entirely duplicative of their RESPA claims, and therefore fails along with the RESPA claims. Without any basis to find that United Guaranty did anything that was "unjust," there is no basis to award restitution. Plaintiffs' unjust enrichment claim is additionally time barred.

Finally, Plaintiffs do not even hint at what additional facts they could allege in a further amended complaint to satisfy their burden of pleading the timeliness of their claims, and there are none. Plaintiffs' counsel's recent conduct following the dismissal of a related RESPA case in the Eastern District of California, *McCarn v. HSBC USA, Inc.*, Case No. 12-cv-00375-LJO, confirms as much. There, the plaintiff *declined* an opportunity to amend his complaint to attempt to allege the timeliness of his claims and instead voluntarily dismissed his case, without an appeal. Shortly thereafter, Plaintiffs' counsel re-filed the same case, on behalf of a nominally different group of plaintiffs, in the Eastern District of Pennsylvania, raising the same equitable tolling allegations that had just been rejected in *McCarn*. *Ba v. HSBC USA, Inc.*, Case No. 2:13-cv-00072-PD (filed January 4, 2013). Plaintiffs' counsel's failure to appeal the dismissal of *McCarn* or to even try to amend the complaint not only undermines Plaintiffs' argument that the very same tolling allegations raised herein are legally sufficient, it also confirms that Plaintiffs have nothing further to allege to state timely claims. Plaintiffs' complaint should therefore be dismissed *without* leave to amend.[1]

I. **PLAINTIFFS' RESPA CLAIMS ARE TIME-BARRED**

Plaintiffs do not dispute the most critical factors establishing that their RESPA claims are time-barred: (1) their RESPA claims are subject to a one-year statute of limitations, (2) their claims accrued when they closed their loans in

---

[1] United Guaranty reasserts its joinder in the motion to dismiss filed by defendants Mortgage Guaranty Insurance Corp., Radian Guaranty Inc., and Triad Guaranty Insurance Corp. (Dkt. 132) as it pertains to the claims raised by plaintiffs Wayne and Roberta Samp and Daniel and Susan Komarchuk, whose mortgages United Guaranty did not insure. For the reasons set forth in that motion, these "non-insured plaintiffs" lack standing under RESPA to raise claims against United Guaranty. In any case, as set forth in United Guaranty's moving papers, the non-insured plaintiffs' claims are time-barred to the same extent as plaintiff Whitaker's claims, and they should be dismissed for this reason as well.

January 2005 (the Komarchuks), April 2005 (plaintiff Whitaker), and June 2008 (the Samps), and (3) they did not raise their claims until December 9, 2011. Accordingly, it is undisputed that Plaintiffs' RESPA claims are untimely on their face, and that unless the statute of limitations was tolled until December 9, 2010, one year before Plaintiffs finally brought their lawsuit, their claims are time-barred.

## II. PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO TOLL THE STATUTE OF LIMITATIONS

### A. The Court May Dismiss Plaintiffs' Time-Barred Claims On A Motion Under Rule 12(b)(6)

Plaintiffs argue that this Court may not in any circumstances grant defendants' motion to dismiss because Plaintiffs have put "equitable tolling" at issue. Opp. at 25. However, it is well-established that even though "the applicability of equitable tolling often depends on matters outside the pleadings, . . . *dismissal is appropriate when a plaintiff fails to allege sufficient facts to raise it*." *Ireland v. Centralbanc Mortgage Corp.*, 2012 WL 6025764, *4 (N.D. Cal. Dec. 4, 2012) (emphasis added) (dismissing TILA and RESPA claims without leave to amend because the plaintiffs failed to allege that their claims were "diligently pursued with anything more than vague allegations"). Indeed, such dismissals happen as a matter of course. *See*, *e.g.*, *Yee v. JPMorgan Chase Bank, NA*, 2010 WL 114383, *3 (C.D. Cal. Jan. 4, 2010) (dismissing TILA and RESPA claims under Rule 12(b)(6) because "Plaintiff's allegations here amount to [] bare conclusions, unsupported by specific facts," and do not "include factual allegations as to how [] plaintiff was precluded from discovering the [statutory] violation"). Plaintiffs' counsel are well aware of this; as noted, the *McCarn* case was dismissed just weeks ago, based on identical allegations of equitable tolling. *See McCarn v. HSBC USA, Inc.*, 2012 WL 5499433, *6 (E.D. Cal. Nov. 13, 2012) (dismissing RESPA claim as untimely because the plaintiff "failed to meet his burden of showing that he exercised reasonable diligence [or] that he was impeded by some extraordinary circumstance to qualify for equitable tolling").

Reflecting the fact that their argument that the sufficiency of their tolling allegations may not be decided at this stage is not supported by law, Plaintiffs take great liberties with their citations to authority. For example, they argue that *Lundy v. Union Carbide Corp.*, 695 F.2d 394, 397 (9th Cir. 1982), "[held] that for statute of limitations purposes, what a plaintiff knew and when he knew it are factual issues inappropriate for resolution on summary judgment." Opp. at 25. But the court made no such ruling – and this is not the law. Rather, *Lundy* held on that *on the facts before it*, the plaintiff had created a disputed issue of fact regarding the timing of his discovery of his claim. *Id.* ("We therefore hold that the district court's grant of summary judgment based on the limitation ground was improper in view of the factual dispute as to whether Lundy knew or should have known in December 1975 that his permanent condition was caused by asbestos."); *see also* Opp. at 25 (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006), to argue that "the applicability of equitable tolling depends on matters outside the pleadings," but failing to note that the court *affirmed the dismissal of the plaintiffs' complaint under Rule 12(b)(6)* because the plaintiffs had failed to allege that any "extraordinary circumstances beyond [their] control made it impossible to file the claims on time"). Plaintiffs' own authorities therefore do not support their argument. Accordingly, the Court can, and should, dismiss Plaintiffs' claims for being untimely.

**B.  Plaintiffs' Failure To Allege Diligence Is Dispositive Of Their Tolling Arguments**

A central requirement of each of the "tolling" doctrines Plaintiffs assert, equitable tolling and fraudulent concealment, as well as the "discovery rule," which may delay accrual of a plaintiff's claim, is that no matter the circumstances that may have prevented Plaintiffs from timely discovering their claims, ***they must have used diligence to discover their claims throughout the period they seek to have tolled***:

- Equitable tolling: *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, ***despite all due diligence***, a

plaintiff is unable to obtain vital information bearing on the existence of his claim.") (emphasis added).

- Fraudulent concealment: *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) ("'[The plaintiff] carries the burden of pleading and proving fraudulent concealment; it must plead facts showing that [the defendant] affirmatively misled it, and that [the plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim ***despite its diligence in trying to uncover those facts***.'") (citations omitted) (emphasis added).

- Discovery rule: *Ayon v. JPMorgan Chase Bank*, 2012 WL 1189455, *9 (E.D. Cal. Apr. 9, 2012) ("To rely on delayed discovery of a claim, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) ***the inability to have made earlier discovery despite reasonable diligence***.'") (internal citations omitted) (emphasis added).

Plaintiffs' complaint is devoid of a single allegation attesting to the diligence they used to discover their claims during the limitations period – or indeed at any time before September 2011 when, for some unexplained reason, the first of the plaintiffs finally met with an attorney. In their oversized opposition brief, the only "diligence" Plaintiffs point to are their allegations that they "fully participat[ed] in their loan transactions," and later, "*after learning of the underlying nature of their possible RESPA claims*," contacted defendants "in an effort to obtain further information about the reinsurance of their private mortgage insurance and to ask that their loans be removed from Defendants' captive reinsurance program." Opp. at 36 (citing Complaint, ¶¶ 143, 154) (emphasis added). These allegations are wholly deficient to satisfy Plaintiffs' obligation to plead diligence, for several reasons.

*First*, even if Plaintiffs were "diligent" at the moment they entered into their loan transactions years ago, their obligation is to show "due diligence" for the entire period of time "***until discovery of the operative facts that are the basis of [their] cause of action***." *Ohlendorf v. American Brokers Conduit*, 2012 WL 718682, *7 (E.D. Cal. March 5, 2012) (emphasis added). Accordingly, Plaintiffs' argument that

after signing their loan documents, they were free to sit idly by for years without doing anything to attempt to discover their claims fails as a matter of law.

*Second*, Plaintiffs' argument that they met their diligence obligations because of certain actions they allegedly took at times ***after*** they purportedly "discovered the underlying basis for their claims" (Opp. at 38) misapprehends the nature of their diligence obligations, and is irrelevant. *See also*, *e.g.*, Opp. at 6 ("Upon learning of the existence of a possible claim[], Plaintiffs acted diligently in contacting Defendants"); Opp. at 34 ("once Plaintiffs discovered the underlying basis for their claims, they acted immediately and diligently"); Opp. at 43 ("Plaintiffs have also specifically alleged that once they became aware of the underlying basis for their claims, they diligently sought information from Defendants"). Contrary to Plaintiffs' argument, equitable tolling, fraudulent concealment and the discovery rule each requires that Plaintiffs were diligent *before* they discovered their claims, not afterwards (indeed, defendants do not even challenge that Plaintiffs filed their claims within one year from the (undisclosed) date when they claim to have "discovered" their claims in late 2011). If anything, Plaintiffs' repeated references to their conduct *after* "discovering" their claims show not only that Plaintiffs know they are required to allege that they exercised diligence (lest they would not have tried so hard to show that they did), but also that Plaintiffs *failed* to use diligence during the period they seek to have tolled (the actual relevant time period), because Plaintiffs do not allege that they ever tried to contact defendants before late 2011. *See McCarn*, 2012 WL 5499433 at *6 (plaintiff's allegation of a "lone telephone conversation" with his lender shortly before filing his complaint, "which is apparently the only attempt Plaintiff ever made at any sort of diligence over the course of five years after the accrual of Plaintiff's claim, does not constitute Plaintiff 'pursuing his rights diligently'").

*Third*, Plaintiffs' argument that they should be excused from their diligence obligations because diligence would have been *futile* fails as a matter of law and

because it is belied by Plaintiffs' own allegations. *See*, *e.g.*, Opp. at 43 (arguing that "no reasonable person, even with the exercise of due diligence, would have discovered" their RESPA claim"). As explained above, equitable tolling, fraudulent concealment and the discovery rule do not apply unless a plaintiff is unable to discover his or her claims "*despite*" the exercise of diligence. *Supra*, pp. 4-5. Accordingly, Plaintiffs were therefore required to allege the futility of their *actual diligence*, not merely that diligence they failed to use would have been futile. Plaintiffs have not done that here. Furthermore, Plaintiffs' argument that their diligence would have been futile is contradicted by their own allegations that detailed information and documents about their RESPA claims have been publicly available for many years. *See* Dkt. 130 at 11-12 (discussing exhibits to Plaintiffs' complaint). Although Plaintiffs remarkably argue that "these documents provide *no information* that would put a borrower on notice of the *possible existence* of his or her claim for a violation of RESPA" (Opp. at 32 (emphasis added)), these are the very same documents on which Plaintiffs rely in their complaint to actually attempt to prove their claims. Indeed, Plaintiffs' allegations rest almost entirely on this public information, and not on anything that the defendants specifically did or did not do. Plaintiffs cannot credibly dispute that this information was sufficient to put them on at least "*inquiry notice*" of their claims (the "very notion of [which] implies something less" than "full knowledge") such that tolling does not apply. *Hexcel Corp.*, 681 F.3d at 1060 (quotation omitted).[2] Finally, Plaintiffs' argument that "*no*

---

[2] Plaintiffs argue that even if they had discovered these documents during the limitations period, they still would not have discovered their claims because they *also* would have known about the settlement of *Baynham v. PMI Mortgage Insurance*, filed in 1999 in Georgia, which purportedly "included an injunction prohibiting the [defendants'] challenged conduct," and they would have (mistakenly) concluded that defendants' conduct had been "curbed" by that injunction, "through at least 2004 when the injunction expired." Opp. at 33. Not
(footnote continued)

*reasonable person*" could have discovered their RESPA claims until 2011 fails because it is directly contradicted by Plaintiffs' allegation that other plaintiffs have been bringing "analogous" RESPA claims *since 1999* (*see* Complaint, ¶ 87, n.13).

### C. Plaintiffs' Tolling Arguments Fail For Additional Reasons

In addition to failing for their lack of diligence, Plaintiffs' tolling allegations are deficient for other reasons that Plaintiffs fail to dispute in their opposition brief.

*First*, Plaintiffs do not dispute that equitable tolling is a limited doctrine that applies only in "extreme cases," such as "when the statute of limitations was not complied with because of defective pleadings, [or] when a claimant was tricked by an adversary into letting a deadline expire." Dkt. 130 at 6-7 (quoting *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992)). Plaintiffs do not allege any such circumstances, including incomplete loan documents or misconduct by the defendants. Moreover, Plaintiffs' allegation that they did not discover their claims until they met with an attorney in 2011 "does not constitute[] an 'extraordinary circumstance' that prevented [them] from filing [their] claim within the limitations period," as the *McCarn* court recently concluded. *McCarn*, 2012 WL 5499433 at *6. Indeed, "to follow [Plaintiffs'] line of reasoning, any plaintiff who requires the assistance of counsel to discover the existence of a claim, including plaintiffs who conduct virtually no diligence, would be automatically entitled to equitable tolling of the statute of limitations for an indefinite period of time until that plaintiff retains counsel." *Id*. This cannot be, and is not, the law.

---

only do Plaintiffs allege no such knowledge of the *Baynham* settlement, but it is unreasonable to conclude that the same plaintiffs who allege they were not savvy enough to discover their claims notwithstanding widespread public information about them would have known of this settlement and relied on it to conclude they have no claims. It also makes no sense that Plaintiffs could have been misled by an injunction that they admit ended in *2004*, as none of them obtained their loans until *2005*. Plaintiffs' reliance on the *Baynham* settlement is therefore a red herring.

*Second*, Plaintiffs do not dispute that their complaint is devoid of any allegations regarding the time and manner of the discovery of their claims. Absent this information, the Court has no way of determining that Plaintiffs actually discovered something in late 2011 that they could not have discovered before then. *See Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2012 WL 691758, *14 (E.D. Cal. March 2, 2012) (dismissing claims as untimely where there "are no facts regarding the 'time' or 'manner' in which [the plaintiff] made this discovery, nor are there any facts as to why [it] was unable to make this discovery any earlier than it did 'despite reasonable diligence'"); *Ohlendorf*, 2012 WL 718682 at *7 (dismissing TILA and RESPA claims because the plaintiff "failed to allege any facts either: (1) explaining why he had no reasonable opportunity to discover the facts underlying the alleged violations within the statutory period, when he was apparently able to discover the violations thereafter; or (2) showing diligence on his part in attempting to discover the facts underlying the alleged violations").

*Third*, Plaintiffs do not dispute that they are obligated to plead fraudulent concealment with particularity under Rule 9(b), yet they failed to allege the "who, what, when, where, and how" of any alleged act of fraud or deceit by United Guaranty specifically. *See* Dkt. 130 at 10-11 (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Plaintiffs' attempt to "lump together" United Guaranty with all the other defendants therefore fails as a matter of law, because a plaintiff must "specify[] the role of each defendant in a fraud." *Justo v. Indymac Bancorp*, 2010 WL 623715, *9 (C.D. Cal. Feb. 19, 2010).[3]

---

[3] Plaintiffs argue (Opp. at 41) that *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2008 WL 4544441 (N.D. Cal. Sept. 30, 2008), held that "allegations regarding fraudulent concealment [that] were attributed generally" to all defendants were sufficient, but they fail to note that the court found that, unlike here, the "plaintiff's complaint also sets forth allegations detailing each of the Moving Defendant's alleged role in the [fraudulent activity]." *Id.* at *9.

*Fourth*, Plaintiffs do not dispute that absent a legal duty to disclose information (of which Plaintiffs allege none), mere "silence or passive conduct does not constitute fraudulent concealment." *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1095 (9th Cir. 2005). However, as Plaintiffs concede, their fraudulent concealment allegations *with respect to all defendants* are premised on *non-disclosures* of information. *See*, *e.g.*, Opp. at 26 (arguing that "Plaintiffs *were not informed* that there was a preexisting agreement," and that "Plaintiffs *were provided with absolutely no information*" about the sufficiency of risk transfer); Opp. at 27 (discussing their lender's disclosures that allegedly "*fail[ed] to advise*" about and "*[did] not even suggest*" certain information, and "*did not even contain* basic information") (emphases added). These alleged non-disclosures are not actionable.

Plaintiffs' argument that defendants engaged in "affirmative act[s] of denying wrongdoing" (Opp. at 40) also fails. Plaintiffs do not allege any "denials of wrongdoing" with particularity under Rule 9(b). Even if they did, a "mere denial of liability, rather than a misrepresentation bearing on the necessity of bringing a timely suit, is insufficient to establish an estoppel to assert the statute of limitations" unless "the circumstances made the plaintiff's reliance upon the denial reasonable." *Global Services v. Ikon Office Solutions*, 2011 WL 6182425, *3 (N.D. Cal. Dec. 13, 2011) (quotations omitted). Here, it is not plausible to conclude that Plaintiffs knew of and relied upon the defendants' alleged "denials of wrongdoing," while at the same time, they had no knowledge of the other public information on which they now rely to support their claims. Plaintiffs cannot have it both ways. Moreover, any claim by Plaintiffs that they reasonably relied upon the defendants' alleged denials of wrongdoing is disingenuous, because the defendants "affirmatively deny wrongdoing" *to this very day*, yet clearly, Plaintiffs were able to discover their purported claims nevertheless. Plaintiffs also do not explain what occurred in late 2011 that allowed them to finally see through the defendants' alleged "denials of wrongdoing" and realize that they do have claims against them.

### III. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS

Conceding that "unjust enrichment" is not a viable cause of action, Plaintiffs try to recast their claim as "restitution." Opp. at 46. Labels aside, Plaintiffs do not dispute that their "unjust enrichment/restitution" claim is merely an "echo" of their RESPA claim because the underlying allegations are identical. Plaintiffs' duplicate unjust enrichment claim therefore fails along with their untimely RESPA claim. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1041 (9th Cir. 2010) (when "[u]njust enrichment is essentially another way of stating a tort claim, . . . once the underlying tort claim is dismissed, so is the unjust enrichment claim").

Nor is Plaintiffs' unjust enrichment claim viable simply as a means to obtain restitution. *See* Opp. at 47-48. Plaintiffs are entitled to restitution only if they can prove that United Guaranty was "unjustly enriched at the expense of another." *McBride v. Broughton*, 123 Cal. App. 4th 379, 389, 20 Cal. Rptr. 3d 115, 122 (2004). But the only conduct Plaintiffs allege that could render United Guaranty's alleged enrichment "unjust" is a violation of RESPA. Because Plaintiffs' RESPA claim fails, Plaintiffs cannot recover restitution by rehashing their failed RESPA claim under a different name. *See*, *e.g.*, *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307, 128 Cal. Rptr. 3d 109, 118 (2011) ("[t]here being no actionable wrong, there is no basis for the relief" of unjust enrichment or restitution).

Finally, as discussed above, Plaintiffs provide no basis for concluding that the two-year statute of limitations that applies to their unjust enrichment claim was tolled. Plaintiffs' unjust enrichment claim is therefore time-barred.

### IV. PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiffs do not even hint at what they could allege in an amended complaint to "cure" the many deficiencies in their pleading, including that their claims are untimely and fail for lack of standing. At best, Plaintiffs argue, in a footnote, that they could add more "details" about what they did to pursue their claims *after* they allegedly discovered them. Opp. at 6, n. 2. As discussed above, "details" about

what Plaintiffs did *after* they discovered their claims are irrelevant to their tolling arguments, and more such "details" would not render their claims timely.

Moreover, Plaintiffs' counsel's failure to even try to amend the complaint in the related *McCarn* case to establish timeliness – and their decision instead to re-file in a different forum – confirms that Plaintiffs have nothing to add, and are simply shopping for a judge who will consider their clients' time-barred claims based on the insufficient allegations already included in Plaintiffs' complaint. In such circumstances, the Court would be well-within its discretion to dismiss Plaintiffs' complaint *without* leave to amend. *See Wadhwa v. Aurora Loan Services, LLC*, 2011 WL 1601593, *4 (E.D. Cal. Apr. 27, 2011) (dismissing RESPA claim without leave to amend where the "Plaintiffs have had two opportunities to allege facts to support equitable tolling as well as an opportunity in their memorandum in opposition . . . to argue that they could allege such facts if given the opportunity to amend, and yet have failed to provide any reason why the court should toll the applicable statutes of limitations"); *Jang v. 1st United Bank*, 2012 WL 2959985, *3 (E.D. Cal. July 19, 2012) (dismissing time-barred TILA and RESPA claims without leave to amend because Plaintiff's failure to give any "indication of what more [he] could plead to state a claim . . . [signals] that indeed there are no additional facts [he] could include in [his] Complaint if [he] were granted leave to amend").

## Conclusion

For the foregoing reasons, United Guaranty respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

DATED:  January 28, 2013          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

                                   By   /s/ Daniel C. Posner
                                       Daniel C. Posner
                                       Attorneys for Defendant United Guaranty
                                       Residential Insurance Company