William L. Kirkman (SBN 11518700)
billk@bourlandkirkman.com
Bourland & Kirkman, L.L.P.
201 Main Street, Suite 1400
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Michael L. Tidus (SBN 126425)
mtidus@jdtplaw.com
John Petrasich (SBN 48469)
jpetrasich@jdtplaw.com
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California 92614
Telephone: (949) 752-8585
Facsimile: (949) 752-0597

Attorneys for Moving Defendant Republic
Mortgage Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　　Defendant. | CASE NO. ED CV11-01950 VAP-SP<br><br>**REPLY IN SUPPORT OF MOTION OF REPUBLIC MORTGAGE INSURANCE COMPANY TO DISMISS**<br><br>DATE:　April 1, 2013<br>TIME:　2:00 p.m.<br>PLACE:　Courtroom 2<br>3470 Twelfth St., 2nd Floor<br>Riverside, California<br>Judge: The Honorable Virginia A. Phillips |

**NOTICE OF MOTION AND MOTION BY DEFENDANT REPUBLIC MORTGAGE INSURANCE COMPANY TO DISMISS**

Defendant Republic Mortgage Insurance Company ("RMIC") submits this *Reply* to Plaintiffs' *Response* to its *Motion to Dismiss* (titled *Plaintiffs' Omnibus Opposition to the Five Motions to Dismiss Filed by Defendants*) and respectfully shows:

Plaintiffs devote twenty-two pages of their *Response* to arguments regarding limitations. However, they fail to point out, because they cannot, where they have sufficiently pleaded facts to support the tolling of limitations and why this Court should not be guided by the opinion in *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375-LJO-SKO, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012). Plaintiffs' *Response* to the *Motion* as to unjust enrichment likewise fails. And, Plaintiffs have not shown why they should be given yet another opportunity to amend their *Complaint*.

## I. Limitations

Plaintiffs admit that claims arising under Section 8 of RESPA are subject to a one-year statute of limitations, and, implicitly, that their claims would be barred by limitations unless tolling applies. *Plts. Omnibus Opp.* at 23. 12 U.S.C. § 2614. They argue, however, that limitations should be tolled in this case pursuant to theories of equitable tolling, fraudulent concealment, and California's delayed discovery rule. None of these theories applies.

Equitable tolling is applied sparingly in this Circuit and is only available in extreme cases. *Smith v. Ratelle*, 323 F.3d 813, 820-21 (9th Cir. 2003); *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992). To establish the applicability of equitable tolling, Plaintiffs must show that they diligently pursued their rights, but that some extraordinary circumstance stood in their way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Plaintiffs' only argument regarding their due diligence is contained at pages 36-37 of their *Response*, where they claim that they have "adequately pled that they

exercised due diligence 'by fully participating in their loan transactions' and after learning of the underlying nature of their possible RESPA claims, each Plaintiff 'contacted Defendants in an effort to obtain further information about the reinsurance of their private mortgage insurance and to ask that their loans be removed from Defendants' captive reinsurance program.'" *Pls. Omnibus Opp.* at 36 (citing *Plaintiffs' First Amended Complaint*, ¶¶ 143, 154). This brief conclusory allegation that Plaintiffs "fully participated" in their loan transactions is meaningless. And, Plaintiffs admit that any contact with Defendants was not made until after Plaintiffs retained counsel. *Pls. First Am. Complaint*, ¶ 143. Plaintiffs fail to cite to any facts they have pleaded regarding what transpired between the closing of their loans (in 2008 for Samp and 2005 for Komarchuk and Whitaker) and retention of counsel (in 2011) to show that they exercised any diligence whatsoever. This is fatal. *See Ohlendorf v. American Brokers Conduit*, No. S-11-293 LKK/EFB, 2012 WL 718682, at *7 (E.D. Cal. Mar 5, 2012) (plaintiffs must show the exercise of diligence until discovery of the operative facts that are the basis of their cause of action). Nor do they cite to any facts to support a claim that this case is the extreme one in which they were impeded by extraordinary circumstances. For instance, Plaintiffs plead no facts regarding their retention of counsel or why they were unable to file their lawsuit until 2011 when others similarly situated filed lawsuits as early as 2006, *Alston v. Countrywide Fin. Corp.*, No. 06-cv-8174 (C.D. Cal.), 2007, *see, e.g., Moore v. GMAC Mortgage, LLC*, No. 07-cv-04296 (E.D. Pa.), and 2008, *see, e.g., Munoz v. PHH Corp.*, No. 08-cv-00759 (E.D. Cal.), cited at paragraph 92 of *Plaintiffs' First Amended Class Action Complaint*. <u>Plaintiffs' own ignorance is not an extraordinary circumstance entitling them to tolling.</u> *Carranza v. McEwen*, No. CV 10-06772-CAS (VBK), 2011 WL 3359567, *6 (C.D. Cal. June 28, 2011).

To be entitled to tolling on the basis of fraudulent concealment (also known

as equitable estoppel), Plaintiffs must show that RMIC itself took some action to prevent Plaintiffs from filing suit in time. *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1095 (9th Cir. 2005)(silence or passive conduct does not constitute fraudulent concealment; there must be affirmative conduct by the defendant); *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)(equitable estoppel focuses on the actions taken by the defendant to prevent the plaintiff from filing suit). And, Plaintiffs' allegations in this regard must be pleaded with sufficient specificity to meet the requirements of Rule 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) (plaintiff must plead with particularity the facts giving rise to fraudulent concealment and plead affirmative conduct on the part of the defendant); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Plaintiffs do not—because they cannot—point to any pleadings regarding representations made by RMIC. Indeed, there is no mention of RMIC in the section of the *Amended* Complaint addressing "tolling of statute of limitations." *First Am. Complaint*, ¶¶ 138-55. Instead, in responding to this ground of the *Motion to Dismiss*, Plaintiffs rely on the nebulous allegations in paragraph 146 and 147 of their *First Amended Complaint* regarding "banks and insurers." *Pls. Omnibus Opp.* at 40. Even if RMIC were one of the "insurers" to which reference is made, Plaintiffs do not identify any incomplete or inadequate information, much less plead that they relied on any of the alleged representations in failing to timely pursue their claims. Rather, it is clear that Plaintiffs made no attempt to contact any of the Defendants until long after limitations had run. *First Am. Complaint*, ¶ 143. In any event, Plaintiffs cannot on one hand rely on public documents from as early as 1997 through 2006 to show that Defendants concealed or failed to disclose their alleged scheme and on the other hand claim that they were not aware of, or able to access, such public documents. *See, e.g., Am. Complaint*, ¶ 56 & Ex. I, ¶ 65 & Ex.

M, ¶ 80 & Ex. N, ¶ 103 & Ex. Z, ¶ 152 & Ex. II. Further, it is undisputed that Plaintiffs were given notice at closing that mortgage reinsurance might be obtained from an affiliate of Defendant JPMorgan Chase, which "might result in a financial gain" to that affiliate, and that they could opt out of that possibility, yet they never contacted any Defendant to make inquiry until after they obtained counsel. *Am. Complaint*, ¶ 150 & Exs. H & HH.

In sum, despite Plaintiffs' protestations to the contrary, *Omnibus Opp.* at 27-28, the facts here are no different than in *Kay v. Wells Fargo & Co.*, 247 F.R.D. 571 (N.D. Cal. 2007), wherein the court determined that neither equitable tolling nor equitable estoppel applied. Plaintiffs have failed to allege any misrepresentation beyond the actual basis of the lawsuit. *Coppinger-Martin v. Solis*, 627 F.3d 745, 751-52 (9th Cir. 2010); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 149-52 (9th Cir. 2008). Moreover, their failure to state with particularity the circumstances constituting the fraud by RMIC dooms their right to tolling on the basis of fraudulent concealment.

Finally, Plaintiffs' attempt to invoke the delayed discovery rule fails because Plaintiffs have not pleaded specific facts to show the time and manner of the discovery of their claims and their inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 27 Cal. Rptr. 3d 661, 110 P.3d 9149 (2005). As noted, *supra*, Plaintiffs have not pleaded facts to show that they exercised any diligence in discovering their claims. They certainly do not cite to any provisions of their *Complaint* in responding to the delayed discovery ground of the *Motions to Dismiss*. See *Pls. Omnibus Opp.* at 42-44. Rather, they simply say that they have "adequately alleged that no reasonable person, even with the exercise of due diligence, would have discovered that Defendants' captive reinsurance scheme was a disguised kickback in violation of RESPA and that the reinsurance failed to transfer risk." *Id.* at 43. Yet, Plaintiffs

1  themselves cite to *Alston, Moore,* and *Munoz* as well as the public documents
2  previously noted, which show that some, presumably reasonable, people did figure
3  out the alleged scheme years before Plaintiffs filed this suit. Thus, the statute of
4  limitations bar is evident on the face of the *Amended Complaint* and dismissal
5  under Rule 12(b)(6) is appropriate. *See Ayon v. JPMorgan Chase Bank, N.A.,* No.
6  CV F 12-0355 LJO SKO, 2012 WL 1189455, *3 (E.D. Cal. Apr. 9, 2012); *Straker*
7  *v. Deutsche Bank Nat'l Tr.,* No. 3:09-CV-338, 2011 WL 398374, *8 (M.D. Pa. Feb.
8  3, 2011).

9  Plaintiffs devote a separate section of their response to the *McCarn* decision,
10 disingenuously urging that it was "wrongly decided." *Omnibus Opp.* at 44-45. The
11 best they can do is to urge that their allegation that they "fully participated" in their
12 loan transactions somehow changes the outcome completely. Yet, they have
13 pleaded no facts to explain what they mean by "fully participated" and how this is
14 different from what the typical purchaser normally does at closing. And, again, they
15 fail to point to any facts showing that they exercised diligence. *See Gerawan*
16 *Farming, Inc. v. Rehrig Pacific Co.,* No. 1:11-CV-01273, 2012 WL 691758, at *14
17 (E.D. Cal. Mar. 2, 2012) (conclusory allegations are insufficient to withstand a
18 motion to dismiss; plaintiffs must allege facts regarding the time or manner in
19 which they discovered their claims and why they were unable to make this
20 discovery earlier despite the exercise of reasonable diligence). This case is no
21 different from *McCarn* and the outcome should be the same.

22 **II. Unjust Enrichment**

23 As other courts in this Circuit have noted, unjust enrichment is not a cause of
24 action under California law. *Fraley v. Facebook, Inc.,* 830 F. Supp. 2d 785, 814
25 (N.D. Cal. 2011); *In re Toyota Motor Corp.,* 785 F. Supp. 2d 883, 898 (C.D. Cal.
26 2011). It is simply a restitution claim. *Hill v. Roll Int'l Corp.,* 195 Cal. App. 4th
27 1295, 1307, 128 Cal. Rptr. 3d 109, 118 (2011). And, Plaintiffs cannot assert unjust
28

enrichment claims that are merely duplicative of statutory or tort claims. *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011). Here, the unjust enrichment claim is duplicative of the RESPA claims asserted. It does not provide an independent basis for relief.

Plaintiffs do not dispute that their unjust enrichment claim is subject to a two-year statute of limitations. *Omnibus Opp.* at 49. Instead, they argue that tolling would apply. For the reasons discussed in the preceding section, Plaintiffs have failed to show that they are entitled to the tolling of limitations. Therefore, even if this claim could provide an independent basis for relief, and it cannot, it is time-barred.

### III. Repleading

Plaintiffs have already had two tries at pleading in this case. That they still have not pleaded sufficient facts to state claims upon which relief can be granted is not the fault of RMIC. Clearly, Plaintiffs' counsel, having filed numerous similar cases met by motions to dismiss, knew what was required. *See Jang v. 1st United Bank*, No. 2:11-CV-02427, 2012 WL 2959985, at *3 (E.D. Cal. July 19, 2012). And, although they allege that it would be error to deny leave to amend, they do not offer any explanation of how an amended complaint would meet the pleading standards required. *Id.* (denying leave to amend where attorneys who had filed similar cases failed to indicate what more could be pleaded to state a claim). Surely, if Plaintiffs had specific facts to support their claims, they would have already pleaded them. At this point, they cannot change the allegations to meet pleading deficiencies. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). Leave to amend must be denied. *See Wadhwa v. Aurora Loan Servs., L.L.C.*, No. 2:10-3361, 2011 WL 1601593, at *4 (E.D. Cal. Apr. 27, 2011) (dismissing RESPA claim without leave to amend where plaintiffs had already had two opportunities to plead sufficient facts to support equitable tolling).

**REPLY IN SUPPORT OF DEFENDANT RMIC'S MOTION TO DISMISS**

**WHEREFORE, PREMISES CONSIDERED,** RMIC prays that the Court grant its *Motion to Dismiss* and for such other and further relief to which it may be justly entitled.

Dated: February 28, 2013                Respectfully submitted,


JACKSON, DeMARCO, TIDUS & PECKENPAUGH
MICHAEL L. TIDUS
JOHN PETRASICH


By: /s/ *Michael L. Tidus*
　　　　Michael L. Tidus
Attorneys for Defendant
Republic Mortgage Insurance Company


BOURLAND & KIRKMAN, L.L.P.


By: /s/ *William L. Kirkman*
　　　William L. Kirkman (*pro hac vice*)
201 Main Street, Suite 1400
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863
Attorneys for Defendant
Republic Mortgage Insurance Company

8001-109707\1135086.1

-2-

# PROOF OF SERVICE

I, Suzanne Delaney, the undersigned, declare as follows:

I am employed at the law firm of Jackson, DeMarco, Tidus & Peckenpaugh.

I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause.

My business address is 2030 Main Street, Suite 1200, Irvine, California 92614.

I caused the following document to be served: **REPLY IN SUPPORT OF MOTION OF REPUBLIC MORTGAGE INSURANCE COMPANY TO DISMISS** by Electronic Service. I certify that on March 1, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all e-mail addresses denoted on the electronic mail notice list.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under penalty of perjury that the foregoing is true and correct.

/s/ *Suzanne Delaney*
Suzanne Delaney