SAMUEL A. KEESAL, JR., CASB No. 38014
skip.keesal@kyl.com
BEN R. SUTER, CASB No. 107680
ben.suter@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
KRISTY A. HEWITT, CASB No. 274452
kristy.hewitt@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:      (562) 436-2000
Facsimile:      (562) 436-7416

- and

ANDREW J CERESNEY  (pro hac vice)
ajceresney@debevoise.com
MAEVE O'CONNOR  (pro hac vice)
moconnor@debevoise.com
JAMES BENJAMIN AMLER (pro hac vice)
jbamler@debevoise.com

DEBEVOISE AND PLIMPTON LLP
919 Third Avenue
New York, NY 10028
Telephone:  212-909-6000
Facsimile:  212-909-6836

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., CHASE
BANK USA, N.A., JPMORGAN CHASE & CO.,
and CROSS COUNTRY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs, | Case No. EDCV11-01950 VAP SPX<br><br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANTS JPMORGAN CHASE** |

vs.

JPMORGAN CHASE BANK, N.A.,
CHASE BANK USA, N.A., JPMORGAN
CHASE & CO., CROSS COUNTRY
INSURANCE COMPANY, UNITED
GUARANTY RESIDENTIAL
INSURANCE CO., PMI MORTGAGE
INSURANCE CO., MORTGAGE
GUARANTY INSURANCE CORP.,
GENWORTH MORTGAGE INSURANCE
CORP., REPUBLIC MORTGAGE
INSURANCE CO., RADIAN
GUARANTY INC., and TRIAD
GUARANTY INSURANCE CORP.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**BANK, N.A., CHASE BANK USA,
N.A., JPMORGAN CHASE & CO.,
AND CROSS COUNTRY
INSURANCE COMPANY'S
MOTION TO DISMISS THE
COMPLAINT PURSUANT TO FED.
R. CIV. P. 12(B)(6)**

Date:      April 1, 2013
Time:      2:00 p.m.
Place:     Courtroom 2
           3470 Twelfth Street, 2nd Floor
           Riverside, CA
Judge:     The Honorable Virginia A.
           Phillips

# **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................ - 1 -

II. ARGUMENT ......................................................................................... - 3 -

    A.     PLAINTIFFS' EQUITABLE TOLLING ARGUMENTS FAIL ............ - 3 -

          1.     Plaintiffs Were On Notice Of The Possible Existence Of Their Claims Within The Limitations Period. ...................... - 4 -

          2.     Plaintiffs Performed No Timely Due Diligence ......................... - 5 -

                a)     Taking Out A Loan Does Not Constitute Due Diligence. ......................................................................... - 5 -

                b)     Plaintiffs' Alleged Inquiries Years After The Limitations Period Has Expired Are Irrelevant And Insufficient. .................................................................. - 6 -

          3.     Plaintiffs Fail To Show That Discovery Of Their Claims Was Prevented By Some Extraordinary Circumstance. ............................................................................... - 6 -

III. THE DISCOVERY RULE DOES NOT SAVE PLAINTIFFS' CLAIMS. .......... - 9 -

IV. PLAINTIFFS FAIL TO ALLEGE FRAUDULENT CONCEALMENT OF THEIR CLAIMS .................................................................................. - 10 -

V. PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED. ....................................................................................... - 11 -

VI. CONCLUSION ................................................................................... - 12 -

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Pages</u>

3

4

**CASES**

5

6

*Alexander v. Washington Mut., Inc.*,
    No. 07-CV-04426 (E.D. Pa. Oct. 22, 2007) ...............................................9

7

8

*Alston v. Countrywide Fin. Corp.*,
    No. 06-CV-08174 (C.D. Cal. Dec. 22, 2006)
    (transferred to E.D. Pa. under No. 07-CV-03508)....................................9

9

10

*Baldwin Cnty. Welcome Ctr. v. Brown*,
    466 U.S. 147 (1984).............................................................................5, 6

11

12

*Benas v. Shea*,
    No. 11-1461, 2012 WL 993281 (S.D. Cal. Mar. 22, 2012)...................4, 7

13

14

*Bonds v. Nicoletti Oil, Inc.*,
    No. 07-CV-1600, 2008 WL 2233511 (E.D. Cal. May 28, 2008) ..............8

15

16

*Boudin v. Residential Essentials, LLC*,
    No. 07-CV-0018, 2007 WL 2023466 (S.D. Ala. July 10, 2007)...............6

17

*Edstrom v. Ndex West, LLC*,
    No. S-10-105, 2010 WL 4069482 (E.D. Cal. Oct. 18, 2010) ...................4

18

19

*Egerer v. Woodland Realty, Inc.*,
    556 F.3d 415 (6th Cir. 2009) ...................................................................4

20

21

*F.D.I.C. v. Countrywide Fin. Corp.*, No. 12–CV–4354, 2012 WL 5900973 (C.D.
    Cal. Nov. 21, 2012)..................................................................................8

22

23

*Gerhart v. Beazer Homes Holdings Corp.*,
    No. 08-1650, 2009 WL 799256 (E.D. Cal. Mar. 23, 2009)......................4

24

25

*Hyunh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006) ...................................................................3

26

*Jolly v. Eli Lilly & Co.*,
    44 Cal. 3d 1103 (1988) ..........................................................................10

27

28

*Kay v. Wells Fargo & Co.*,
    247 F.R.D. 572 (N.D. Cal. 2007)..............................................................5

*Kay v. Wells Fargo & Co. N.A.*,
    No. C 07-01351, 2007 WL 2141292 (N.D. Cal. July 24, 2007) ...............................4

*Khan v. ReconTrust Co.*,
    No. C 12–01107 LB, 2012 WL 2571312 (N.D. Cal. July 2, 2012)...........................4

*Liguori v. Wells Fargo & Co.*,
    No. 08-CV-00479 (E.D. Pa. Jan. 31, 2008) ...............................................................9

*Lyman v. Loan Correspondents*,
    No. SACV 06-01174, 2009 WL 3757398 (C.D. Cal. Nov. 6, 2009),
    *aff'd* 470 Fed. App'x 688 (9th Cir. 2012)...........................................................3, 6, 7

*Marple v. Countrywide Fin. Corp.*,
    No. 07-CV-4402, 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008)...................6

*McAnelly v. PNC Mortg.*,
    No. 10-02754, 2011 WL 6260537 (E.D. Cal. Dec. 15, 2011)...................................7

*McCarn v. HSBC USA, Inc.*,
    No. 1:12–CV–00375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012)..............Passim

*Moore v. GMAC LLC*,
    No. 07-CV-04296 (E.D. Pa. Oct. 12, 2007) ..............................................................9

*Munoz v. PHH Corp.*,
    No. 08 cv 0759, 2011 WL 4048708 (E.D. Cal. Sept. 9. 2011) ................................9

*Pace v. DiGuglielmo*,
    544 U.S. 408 (2005)...................................................................................................3

*Proctor v. Metro. Money Store Corp.*,
    645 F. Supp. 2d 464 (D. Md. 2009)...........................................................................6

*Ramirez v. Yates*,
    571 F.3d 993 (9th Cir. 2009) .....................................................................................3

*Santa Maria v. Pac. Bell*,
    202 F.3d 1170 (9th Cir. 2000) ...................................................................................5

*Scholar v. Pac. Bell*,
    963 F.2d 264 (9th Cir. 1992) .................................................................................1, 5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) .....................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ....................................................................................... 10

1

**I.      PRELIMINARY STATEMENT**

2              Plaintiffs concede that both their RESPA and unjust enrichment claims

3     were filed years after the expiration of the applicable statute of limitations.[1]  Plaintiffs

4     conducted *no diligence* during the limitations period and make no attempt to identify

5     extraordinary circumstances that prevented them from doing so.  Moreover, Plaintiffs

6     have no explanation for why they waited until 2011 to bring their claims, when

7     numerous plaintiffs filed lawsuits as early as 2006 alleging nearly identical RESPA

8     violations.  Nevertheless, Plaintiffs ask this Court to apply equitable principles to

9     excuse Plaintiffs' years of delay – a request which the Ninth Circuit advises should be

10    granted "sparingly," and only in "extreme cases."  *Scholar v. Pac. Bell*, 963 F.2d 264,

11    267–68 (9th Cir. 1992).  Plaintiffs' conclusory allegations do not come close to meeting

12    that high bar.

13             <u>First</u>, Plaintiffs were immediately put on notice of the possible existence of

14    their claims by the disclosures they received at the closing of their loans that described

15    the reinsurance relationship at issue.  There is no legal or logical support for Plaintiffs'

16    suggestion that defendants were required to admit in their disclosures to an alleged –

17    and vigorously disputed – violation of RESPA.  To invent such a standard would

18    effectively negate RESPA's statute of limitations.

19             <u>Second</u>, the tolling doctrine applies only where plaintiffs exercised

20    diligence in attempting to discover their potential claims <u>during</u> the limitations period.

21    Plaintiffs conducted no due diligence at all until years after the limitations period had

22    run.

23             <u>Third</u>, Plaintiffs identify no extraordinary circumstances that supposedly

24    prevented them from discovering their claims, or retaining counsel, within the

25

26

27    [1]      Plaintiffs' Omnibus Opposition to the Five Briefs Filed by Defendants (Docket

28    No. 151) (hereinafter "Opposition" or "Opp'n") at 23, 49.

1   limitations period.  Nor do Plaintiffs explain what supposedly new information

2   appeared after the limitations period and led them to discover their possible claims.

3       <u>Fourth</u>, Plaintiffs fail to identify any misrepresentations or concealment on

4   which they reasonably relied in failing to timely file suit.

5       Plaintiffs' insistence that this lawsuit cannot be dismissed because they

6   have invoked the phrase "equitable tolling" is simply incorrect.  District courts in this

7   Circuit routinely grant dismissal of untimely claims notwithstanding tolling allegations.

8   *See infra* at 3, n.6.  The Court need not delay dismissal of plainly stale claims where –

9   as here – plaintiffs have failed to plead the required elements of equitable tolling and no

10  disputed issues of material fact bear on the outcome.  Indeed, a recent decision from the

11  Eastern District of California dismissed as time-barred a nearly identical complaint

12  filed by Plaintiffs' counsel in this case, rejecting nearly identical allegations for tolling

13  and for estoppel.  *McCarn v. HSBC USA, Inc.*, No. 1:12–CV–00375, 2012 WL 5499433

14  (E.D. Cal. Nov. 13, 2012) (granting motion to dismiss RESPA and unjust enrichment

15  claims as untimely).

16      Finally, Plaintiffs' request for leave to replead should be denied.  Plaintiffs

17  do not and cannot identify any facts that they could add to a third complaint to justify

18  equitable relief.[2]  Here, as in *McCarn*, Plaintiffs' equitable tolling allegations are plainly

19  inadequate and cannot be cured.  Plaintiffs' Complaint should be dismissed entirely and

20  with prejudice.[3]

21

22

————————————

23  [2]    Tellingly, following dismissal of *McCarn* on limitations grounds, Plaintiffs'

24  counsel did not amend the equitable tolling allegations or seek leave to appeal (despite
    the fervid assertions in the Opposition Brief that *McCarn* was wrongly decided), but

25  instead refiled their complaint in the Eastern District of Pennsylvania in the hope of
    getting a different result.

26  [3]    The JPMC Defendants note that Plaintiffs do not oppose dismissal of defendants

27  Chase Bank USA, N.A. and JPMorgan Chase & Co.  Opp'n at 50.

28

## II.   ARGUMENT[4]

### A.   PLAINTIFFS' EQUITABLE TOLLING ARGUMENTS FAIL.

Plaintiffs' threadbare allegations do not in any way justify the exceptional remedy of equitable tolling.[5]  Plaintiffs were on notice of the possible existence of their claims, yet they have failed to show – as they must – both that they were "pursuing [their] rights diligently" *and* that some "extraordinary circumstance" prevented them from timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also, e.g.*, *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (Party claiming equitable tolling must show "that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time" despite his reasonable diligence.).  Plaintiffs insist that "no reasonable person would have actual or constructive notice of the existence of a possible RESPA violation within the statute of limitations period."  Opp'n at 2.  Yet, tellingly, Plaintiffs do not and cannot identify any supposedly new information acquired after the limitations period that alerted them to possible claims.  Contrary to Plaintiffs' assertion, courts routinely dismiss at the motion stage where, as here, "the running of the statute is apparent on the face of the complaint."[6]

---

[4]    The JPMC Defendants hereby adopt and incorporate by reference the arguments made by PMI Defendants in their reply briefs to the extent those arguments are applicable.  Contrary to Plaintiffs' assertion, the JPMC Defendants do not "concede that Plaintiffs state a claim for a RESPA violation as a matter of law."  Opp'n at 23.

[5]    Mem. of Law in Support of Defs. JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., and Cross Country Insurance Company's Mot. to Dismiss the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 135) (hereinafter "Mem.") at 8.  All capitalized terms used herein have the definitions set forth in the JPMC Memorandum.

[6]    *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Hyunh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also, e.g.*, *Lyman v. Loan Correspondents*, No. SACV 06-01174, 2009 WL 3757398 (C.D. Cal. Nov. 6, 2009), *aff'd* 470 Fed. App'x 688 (9th Cir. 2012) (affirming dismissal of RESPA claim with prejudice where plaintiffs conducted no due diligence

1.   **Plaintiffs Were On Notice Of The Possible Existence Of Their Claims Within The Limitations Period.**

Courts repeatedly have held that the type of information that was provided to Plaintiffs is sufficient to put a person on notice of the possible existence of their RESPA claims and to trigger the commencement of the statute of limitations.  Mem. at 11-12.  For example, in *Kay*, the court found that plaintiffs were on notice of their claims where, as here, defendants "disclosed the reinsurance relationship itself, [even though they] did not admit to putative class members that they were violating RESPA." *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351, 2007 WL 2141292, at *4 (N.D. Cal. July 24, 2007).[7]  Plaintiffs cannot distinguish Kay, and thus instead ask that this Court ignore it.  Opp'n at 27-28, 36 n.24.[8]

---

within limitations period); *McCarn*, 2012 WL 5499433, at *9 (dismissing untimely RESPA claim); *Benas v. Shea*, No. 11-1461, 2012 WL 993281, at *3 (S.D. Cal. Mar. 22, 2012) (dismissing RESPA claim with prejudice where plaintiffs failed to exercise reasonable due diligence).

[7]   Plaintiffs attempt to distinguish *Gerhart v. Beazer Homes Holdings Corp.*, No. 08-1650, 2009 WL 799256 (E.D. Cal. Mar. 23, 2009), and *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009), by claiming that the disclosures in this case "do not even suggest" that the reinsurance relationship might "ultimately yield financial benefits for JPMorgan."  Opp'n at 27.  This distinction is wrong on its face.  Plaintiffs received disclosures:  (i) that Cross Country was a reinsurer "affiliate" of JPMC; (ii) that reinsurance "may result in a financial gain to the reinsurer"; and (iii) that expressly referred to a "reinsurance arrangement with Chase."  Mem. at 11.

[8]   Plaintiffs attempt to distinguish cases involving TILA "logic," or TILA violations, on the basis that unlike TILA cases, "Plaintiffs' RESPA claims here were not apparent on the face of the loan violations."  Opp'n at 36 n.24.  This attempt fails because:  (i) Plaintiffs were on notice of their RESPA claims (Mem. at 9-12); (ii) many of these "TILA cases *also* dealt with and rejected RESPA claims on the same ground, *e.g., Edstrom v. Ndex West, LLC*, No. S-10-105, 2010 WL 4069482, at *4 (E.D. Cal. Oct. 18, 2010) (refusing to toll a RESPA claim on the same statute of limitations grounds as the TILA claim); and (iii) RESPA borrowed its statute of limitations from TILA and therefore TILA "logic" is persuasive, *e.g., Khan v. ReconTrust Co.*, No. C 12–01107 LB, 2012 WL 2571312, at *5 (N.D. Cal. July 2, 2012) (noting that for RESPA claims, "the court applies the principles announced by the Ninth Circuit regarding equitable tolling of TILA claims.") (citation omitted).

There is no basis for Plaintiffs' nonsensical suggestion that JPMC was required to admit an alleged violation of RESPA – an allegation that JPMC vigorously disputes – to put Plaintiffs on notice of their potential claims. *See* Opp'n at 27 (arguing that JPMC failed to disclose "that Cross Country was created solely to serve as a repository for illegal kickbacks"); *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. 2007) (to be on notice for purposes of equitable tolling, Plaintiffs need not be "aware of every particular element of their claim"); Mem. at 9-10. To hold otherwise would eliminate the diligence requirement entirely. Under Plaintiffs' construction, no plaintiff could ever be on notice – and every statute of limitations would be tolled – until a defendant publicly announces the alleged illegality of its alleged conduct. That absurd result is not the law.

### 2.   Plaintiffs Performed No Timely Due Diligence.

Plaintiffs are not entitled to equitable tolling because they performed no due diligence during the limitations period. *E.g., Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (equitable tolling only available "if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim") (emphasis added); Mem. at 12-17. Courts in the Ninth Circuit are "generally unforgiving" when a late filing is caused by a plaintiff's failure "to exercise due diligence in preserving his legal rights." *Scholar*, 963 F.2d at 267–68 (noting that equitable tolling should be granted "sparingly" and only in "extreme cases").

### a)   Taking Out A Loan Is Not Due Diligence.

Plaintiffs cannot satisfy their burden of pleading that they diligently pursued their rights by alleging that they "fully participat[ed] in their loan transactions." Opp'n at 36; Mem. at 13-14; *McCarn*, 2012 WL 5499433, at *6 (where plaintiff conducted no due diligence after closing on a loan, he "failed to meet his burden of showing that he exercised reasonable due diligence and was impeded by some extraordinary circumstance."). The diligence requirement would be eviscerated if it were satisfied simply by the act of taking out a loan. Mem. at 13-14; *see Baldwin Cnty.*

1   *Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently

2   cannot invoke equitable principles to excuse that lack of diligence.").[9]

3               **b)   Plaintiffs' Alleged Inquiries Years After The Limitations**

4                      **Period Had Expired Are Irrelevant And Insufficient.**

5               Plaintiffs cannot cure their lack of due diligence by making inquiries years

6   after the expiration of the limitations period.  Mem. at 14-15.  Plaintiffs' argument that

7   a single phone call made to JPMC in 2011 satisfies the due diligence requirement,

8   Opp'n at 34, "does not constitute Plaintiff[s] 'pursuing [their] rights diligently.'"

9   *McCarn*, 2012 WL 5499433, at *6 (rejecting diligence argument based on a lone

10  telephone conversation – which, as here, was made years after the accrual of RESPA

11  claim) (citing *Pace*, 544 U.S. at 418).

12              Plaintiffs' utter lack of due diligence during the limitations period is fatal

13  to their request for equitable tolling.  *E.g., McCarn*, 2012 WL 5499433, at *6.

14          **3.   Plaintiffs Fail To Show That Discovery Of Their Claims Was**

15               **Prevented By Some Extraordinary Circumstance.**

16              Courts considering RESPA claims consistently have ruled that a plaintiff

17  who was ignorant of the law until informed by counsel is **not** entitled to equitable

18  tolling on that basis.  *E.g., Lyman v. Loan Correspondents, Inc.*, No. SACV 06-01174,

19  2009 WL 3757398, at *2 (C.D. Cal. Nov. 6, 2009) (refusing to toll the RESPA statute

20  of limitations where plaintiffs argued "they did not discover the kickbacks paid to their

21  mortgage broker until their attorney's investigation," but did not explain why they

22

23  _____

    [9]     The cases cited by Plaintiffs are from outside this Circuit and not to the contrary.
24  In *Marple v. Countrywide Fin. Corp.*, No. 07-CV-4402, 2008 U.S. Dist. LEXIS 37705,
    at *11-12 (D.N.J. May 7, 2008), and *Boudin v. Residential Essentials, LLC*, No. 07-CV-
25  0018, 2007 WL 2023466, at *5 (S.D. Ala. July 10, 2007), defendants had actively
    misled plaintiffs, which justified tolling the statute of limitations – facts that are not
26  present here.  Opp'n at 36.  *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464,
    486 (D. Md. 2009) does not even discuss the diligence requirement and does not
27  support Plaintiffs' argument.  Opp'n at 44.

28

could not have investigated within the statute of limitations) *aff'd* 470 Fed. App'x 688 (9th Cir. 2012).[10]  As in *McCarn*,

> Plaintiff[s] fail[] to mention what 'extraordinary
> circumstance' prevented [them] obtaining assistance from
> counsel earlier, or how not retaining counsel earlier
> constitutes an 'extraordinary circumstance' that prevented
> [them] from filing [their] claim within the limitations
> period…
> [T]o follow Plaintiff[s'] line of reasoning, any plaintiff who
> requires the assistance of counsel to discover the existence of
> a claim, including plaintiffs who conduct virtually no
> diligence, would be automatically entitled to equitable tolling
> of the statute of limitations for an indefinite period of time
> until that plaintiff retains counsel.

2012 WL 5499433, at *6 (citations omitted).  The multitude of similar suits alleging nearly identical RESPA violations filed by Plaintiffs' counsel since 2006 on behalf of nearly identically-situated plaintiffs is evidence that Plaintiffs could have obtained assistance of such counsel within the limitations period had they sought it.  Mem. at 15-17.[11]

Plaintiffs cannot meet their burden of demonstrating that due diligence was somehow futile and would not have uncovered their claims.  *See* Mem. at 17-20; *Benas*,

---

[10]     Plaintiffs attempt to distinguish *Lyman* by mischaracterizing it as a TILA case.  Opp'n at 38-39.  Defendants cite *Lyman* for the court's discussion of the untimely RESPA claim.  *Lyman*, 2009 WL 3757398, at *2.  *See also McAnelly v. PNC Mortg.*, No. 10-02754, 2011 WL 6260537, at *3 n.4 (E.D. Cal. Dec. 15, 2011) (same); *Benas*, 2012 WL 993281, at *3 (same) (collecting cases).

[11]     Contrary to Plaintiffs' assertion, this fact has nothing to do with imputing Plaintiffs' counsel's knowledge to Plaintiffs.  Opp'n at 38.

1    2012 WL 993281, at *3 ("At the pleading stage, a plaintiff seeking the benefit of

2    equitable tolling must allege facts sufficient to demonstrate that he could not have

3    discovered the alleged violations by exercising reasonable diligence.") (internal

4    quotation omitted).  Plaintiffs assert that they "demonstrated the futility of their own

5    due diligence" by making one telephone call to their lender in late 2011 – *years* after

6    the expiration of the statute of limitations – during which call they allegedly were

7    "stonewalled."  Opp'n at 28.  Even assuming that the Complaint contained any factual

8    allegations of "stonewalling" – which it does not – the alleged telephone call took place

9    years too late.[12]  FAC ¶ 143.

10              Moreover, the wealth of materials publicly available during the limitations

11   period contradicts any suggestion that "extraordinary circumstances" prevented

12   Plaintiffs from discovering their claims prior to the fall of 2011.  Mem. at 17-20.

13   Plaintiffs do not dispute that these materials were publicly available during the

14   limitations period or that these materials were in fact sufficient to spur nearly identical

15   lawsuits by numerous other plaintiffs.  Plaintiffs instead assert that "public knowledge

16   cannot be imputed to plaintiffs for statute of limitations purposes."  Opp'n 30.[13]  That is

17

18   [12]    Paragraph 143 asserts only that when the Komarchuks "contacted Defendants to
19   discuss removing their loan from the Defendants' captive reinsurance program, the
     individuals with whom they spoke did not understand their request."  Plaintiffs likewise
20   assert in a conclusory manner that when they "sought to speak with someone with
     knowledge of the reinsurance" program – presumably a reference to the same, single
21   phone call – "they were unable to obtain any information."  There is no allegation of
22   whom (if anyone) Plaintiffs contacted in this belated phone call or what response
     Plaintiffs received.  FAC ¶ 143.

23   [13]    In support of this argument, Plaintiffs incorrectly cite *Bonds v. Nicoletti Oil, Inc.*,
24   No. 07-CV-1600, 2008 WL 2233511, at *13 (E.D. Cal. May 28, 2008), by
     misattributing internal quotations to the courts' holding.  Opp'n 30.  In reality, the court
25   in *Bonds* held that dismissal on statute of limitations grounds was inappropriate because
     there was a question of fact as to *when the injury that formed the basis of the claim*
26   *actually occurred*.  *Bonds*, 2008 WL 2233511, at *9.  In any case, information in the
     public realm can be considered for statute of limitations purposes.  *E.g., F.D.I.C. v.*
27   *Countrywide Fin. Corp.*, No. 12–CV–4354, 2012 WL 5900973, at *3 (C.D. Cal. Nov.
28

beside the point:  the materials were abundant and readily available had Plaintiffs made any effort to discover them.  On the one hand, Plaintiffs' allegations are based almost exclusively on publicly available materials, yet Plaintiffs urge this Court to ignore the existence of such materials for statute of limitations purposes.

Indeed, Plaintiffs' Complaint is constructed almost entirely on the recitation of articles from the *American Banker*—articles which merely compile information from sources published between 1997 and 2007.[14]  As the Complaint itself demonstrates, the information on which Plaintiffs rely had been publicly available for years, had Plaintiffs bothered to pursue it.  In fact, numerous other plaintiffs, many represented by the same counsel, brought RESPA claims beginning in 2006 based on the very same public information cited in the Complaint.[15]  As Plaintiffs admit, these were "cases challenging the same scheme as alleged herein against JPMorgan."  FAC ¶ 92.  There can be no question that sufficient information was available for Plaintiffs to have discovered their claims through the exercise of reasonable diligence.

## III.   THE DISCOVERY RULE DOES NOT SAVE PLAINTIFFS' CLAIMS.

Glaringly absent from the Complaint are any of the particularized facts that must be pled to satisfy the discovery rule:  (i) how or when Plaintiffs discovered their

---

21, 2012) ("What was in the public realm at the time would indicate no other plausible inference than that a reasonably diligent plaintiff should have discovered facts sufficient to state a claim.") (internal quotations omitted).

[14]   FAC ¶¶ 3-8, 45, 64-68, 72-77, 85, 105, 120, 124, 140, 146-149, 152-153, 167; Exh. A at 1-4, 6; Exh. B at 2, 4.

[15]   *See, e.g.*, *Alston v. Countrywide Fin. Corp.*, No. 06-CV-08174 (C.D. Cal. Dec. 22, 2006) (transferred to E.D. Pa. under No. 07-CV-03508); *Kay*, 247 F.R.D. 572 (complaint filed in 2007); *Moore v. GMAC LLC*, No. 07-CV-04296 (E.D. Pa. Oct. 12, 2007); *Alexander v. Washington Mut., Inc.*, No. 07-CV-04426 (E.D. Pa. Oct. 22, 2007); *Liguori v. Wells Fargo & Co.*, No. 08-CV-00479 (E.D. Pa. Jan. 31, 2008)*; Munoz v. PHH Corp.*, No. 08 cv 0759, 2011 WL 4048708 (E.D. Cal. Sept. 9, 2011) (complaint filed in 2008).

claim; and (ii) why, with the exercise of due diligence, they could not have made earlier discovery.  Mem. at 6-7.  As in *McCarn*,

> Plaintiff[s] fail[] to allege the time or manner of discovery at all other than that it was made with the assistance of counsel. The FAC therefore contains no facts showing the time and surrounding circumstances of the discovery of the cause of action as required for the application of delayed discovery.

*McCarn*, 2012 WL 5499433, at *8 (internal quotations omitted).  Here, where "the evidence can support only one reasonable conclusion,"—that Plaintiffs are not entitled to the discovery rule—dismissal is appropriate.  *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1112 (1988).

## IV.   PLAINTIFFS FAIL TO ALLEGE FRAUDULENT CONCEALMENT.

Plaintiffs fail to identify any affirmative misrepresentations or concealment on which they reasonably relied in failing to timely file their claims. Instead, Plaintiffs rehash their RESPA allegations and allege that the purported scheme was "self-concealing."  FAC ¶¶ 138-139.  "The Ninth Circuit has repeatedly rejected claims of fraudulent concealment where the plaintiffs fail to allege misrepresentation beyond the actual basis for the lawsuit."  *McCarn*, 2012 WL 5499433, at *7 (collecting cases).  The allegation that JPMC "did not advise borrowers that Cross Country was created merely as a repository for the illegal kickbacks," Opp'n at 40, is insufficient because it "merge[s] the substantive wrong with the tolling doctrine."  *McCarn*, 2012 WL 5499433, at *7.  To allow estoppel on the underlying substantive allegations alone "would eliminate the statute of limitations."  *Id.*

Plaintiffs also rely on the wholly conclusory assertion that Defendants concealed their conduct by providing "incomplete and/or inaccurate information to state regulators" – a barebones allegation made on "information and belief."  FAC ¶ 147; Opp'n 40.  This theory is inadequately pled because Plaintiffs "fail[] to allege what

'conduct' the Defendants concealed from the regulators, what disclosures Defendants made that were incomplete or inaccurate, or how these defective disclosures prevented Plaintiff[s] from obtaining information about [their] claim[s] in spite of exercising due diligence." *McCarn*, 2012 WL 5499433, at *7 (rejecting a nearly identical allegation of concealment on a RESPA claim).[16]

Finally, Plaintiffs fail to allege that they actually and reasonably relied on the JPMC Defendants' purported misconduct in failing timely to file their RESPA claim, yet insist this silence presents an issue of fact.

## V.   **PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED.**

Plaintiffs' unjust enrichment claim fails as a matter of law and is time-barred.  Mem. at 25.  Conceding that this claim is untimely, Plaintiffs argue for tolling on equitable principles, because Plaintiffs "could not have discovered the possible existence of [their] claims even with the exercise of due diligence until in or around September, October, and November 2011."  Opp'n at 49.  Tellingly, Plaintiffs offer no explanation whatsoever for why discovery of these claims was somehow *impossible* until late 2011 or of the time and manner of its eventual discovery.  For all of the reasons described above, Plaintiffs "fall far short of meeting the pleading requirement for delayed discovery."  *McCarn*, 2012 WL 5499433, at *14 (dismissing unjust enrichment claim as untimely).

---

[16]     The Complaint is utterly devoid of factual allegations – let alone particularized factual allegations sufficient under Rule 9(b) – supporting Plaintiffs' assertion that Defendants, "when questioned about the captive reinsurance program, falsely claimed that its reinsurance program met the standards set forth in the 1997 HUD Letter." Opp'n at 40 (citing FAC ¶146).  The supposedly related paragraph in the Complaint does not even refer to the Defendants in this case.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs' claims should be dismissed entirely, with prejudice.  Leave to replead should be denied because Plaintiffs cannot, despite having filed extensive briefing and an amended Complaint, plead facts sufficient to show they are entitled to equitable tolling, the discovery rule, or equitable estoppel. Mem. at 7.


DATED:  March 11, 2013                    _/s/ KRISTY A. HEWITT_
                                          SAMUEL A. KEESAL, JR.
                                          BEN R. SUTER
                                          DAVID D. PIPER
                                          KRISTY A. HEWITT
                                          KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendants
                                          JPMORGAN CHASE BANK, N.A., CHASE
                                          BANK USA, N.A., JPMORGAN CHASE &
                                          CO., and CROSS COUNTRY INSURANCE
                                          COMPANY

                                          AND

                                          ANDREW J. CERESNEY (pro hac vice)
                                          MAEVE O'CONNOR  (pro hac vice)
                                          JAMES BENJAMIN AMLER
                                          (pro hac vice)

                                          DEBEVOISE AND PLIMPTON LLP
                                          Attorneys for Defendants
                                          JPMORGAN CHASE BANK, N.A., CHASE
                                          BANK USA, N.A., JPMORGAN CHASE &
                                          CO., and CROSS COUNTRY INSURANCE
                                          COMPANY