Christopher H. Hart (CSBN 184117)
  chart@schnader.com
David Smith (*Admitted Pro Hac Vice*)
  dsmith@schnader.com
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
  sfogdall@schnader.com
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
  tloscalzo@schnader.com
SCHNADER HARRISON SEGAL &
  LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California  94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Defendant RADIAN GUARANTY INC.

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE CO., UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No. EDCV11-01950 VAP SPX<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS MORTGAGE GUARANTY INSURANCE CORP. AND RADIAN GUARANTY INC. TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: April 1, 2013<br>Time: 2:00 pm<br>Place: Courtroom 2<br>  3470 Twelfth Street, 2nd Floor<br>  Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

Eileen R. Ridley (CSBN 151735)
    eridley@foley.com
FOLEY & LARDNER LLP
555 California Street
Suite 1700
San Francisco, CA  94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507

Attorneys for Defendant
MORTGAGE GUARANTY
INSURANCE CORPORATION

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

# **TABLE OF CONTENTS**

I. Plaintiffs Fail to State a Claim Against the Moving Defendants Under RESPA ..................................................................................................................1

II. Plaintiffs' Claim Of An Industry-Wide Conspiracy To Violate RESPA Fails Because There Is No Secondary Liability For Alleged RESPA Violations .........................................................................................................3

III. Plaintiffs' Claim Of An Industry-Wide Conspiracy To Violate RESPA Fails For The Additional Reason That It Is Not Plausible ..............................4

IV. Plaintiffs' Claims Are Time-Barred ................................................................6

V. Plaintiffs' Unjust Enrichment Claim Is Duplicative Of Their RESPA Claim And Is Untimely ..................................................................................10

VI. Conclusion .....................................................................................................11

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

# Table of Authorities

**Page(s)**

**CASES**

*Barker v. American Mobil Power Corp.*,
 64 F.3d 1397 (9th Cir. 1995) ................................................................................ 8, 9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................ 4

*Boudin v. Residential Essentials, LLC*,
 2007 U.S. Dist. LEXIS 50331 (S.D. Ala. July 10, 2007) ..................................... 10

*Brewer v. Indymac Bank*,
 609 F. Supp. 2d 1104 (E.D. Cal. 2009) .................................................................. 8

*Escanaba & Lake Superior R.R. v. United States*,
 303 U.S. 315 (1938) ................................................................................................ 2

*Greenwald v. Manko*,
 840 F. Supp. 198 (E.D.N.Y. 1993) ......................................................................... 8

*Griffin v. Oceanic Contractors, Inc.*,
 458 U.S. 564 (1982) ................................................................................................ 3

*Hamilton v. 1st Source Bank*,
 928 F.2d 86 (4th Cir. 1990) .................................................................................... 6

*Huynh v. Chase Manhattan Bank*,
 465 F.3d 992 (9th Cir. 2006) .................................................................................. 7

*In re Conseco Ins. Co.*,
 2008 U.S. Dist. LEXIS 111497 (N.D. Cal. Sep. 30, 2008) ................................ 8, 9

*In re Ins. Brokerage Antitrust Litig.*,
 618 F.3d 300 (3d Cir. 2010) ................................................................................... 5

*In re Rexplore, Inc. Sec. Litig.*,
 685 F. Supp. 1132 (N.D. Cal. 1988) ....................................................................... 8

*Jacobs v. Tempur-Pedic Int'l, Inc.*,
 626 F.3d 1327 (11th Cir. 2010) .............................................................................. 5

*Johnson v. Henderson*,
 314 F.3d 409 (9th Cir. 2002) .................................................................................. 7

*Jones v. Community Redevelopment Agency of the City of Los Angeles*,
 733 F.2d 646 (9th Cir. 1984) .......................................................................... 11

*Marple v. Countrywide Financial Corp.*,
 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008) ........................................ 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ........................................................................................... 6

*McCarn v. HSBC USA, Inc.*,
 2012 U.S. Dist. LEXIS 74085 (E.D. Cal. May 29, 2012) ............................... 4, 5

*McCarn v. HSBC USA, Inc.*,
 2012 U.S. Dist. LEXIS 162257 (E.D. Cal. Nov. 13, 2012) ........................... 9, 10

*Mullinax v. Radian Guar. Inc.*,
 199 F. Supp. 2d 311 (M.D.N.C. 2002) .............................................................. 6

*Pedraza v. United Guar. Corp.*,
 114 F. Supp. 2d 1347 (S.D. Ga. 2000) ........................................................... 8, 9

*Pinter v. Dahl*,
 486 U.S. 622 (1988) ........................................................................................... 8

*Proctor v. Metropolitan Money Store Corp.*,
 645 F. Supp. 2d 464 (D. Md. 2009) ................................................................ 10

*Reyes v. Brown*,
 399 F.3d 964 (9th Cir. 2005) ............................................................................. 2

*Santa Maria v. Pacific Bell*,
 202 F.3d 1170 (9th Cir. 2000) ........................................................................... 8

*Scholar v. Pacific Bell*,
 963 F.2d 264 (9th Cir. 1992) ............................................................................. 7

*Straker v. Deutsche Bank National Trust*,
 2010 U.S. Dist. LEXIS 141047 (M.D. Pa. Sept. 22, 2010) ............................... 6

*Straker v. Deutsche Bank National Trust*,
 2011 WL 398374 (M.D. Pa. Feb. 3, 2011) ........................................................ 6

**STATUTES**

12 U.S.C. § 2607 ................................................................................................ 1, 2, 3

12 U.S.C. § 2614 ................................................................................................................ 6

Nothing in plaintiffs' opposition brief can save their claims from dismissal.

***First,*** plaintiffs fail to explain how they could state a claim against the Moving Defendants[1] under RESPA, 12 U.S.C. § 2607(a) and (b), when the Moving Defendants neither insured their loans, nor agreed to reinsure them with Cross Country Insurance Company.

***Second,*** plaintiffs concede that RESPA does not allow for secondary liability, so they cannot sue the Moving Defendants for alleged participation in a supposed RESPA conspiracy or "scheme."

***Third,*** plaintiffs make no attempt to address the utter implausibility of their conspiracy theory, which their own allegations and exhibits refute.

***Fourth,*** plaintiffs fail to identity any putative action by the Moving Defendants that somehow prevented them from learning of their claims before the statute of limitations expired, nor do they make any effort to allege any due diligence on their part within the limitations period.

***Fifth,*** despite plaintiffs' futile efforts to distinguish a separate "unjust enrichment" claim, there is no basis to permit such a claim once their RESPA claims are dismissed.

## I. Plaintiffs Fail to State a Claim Against the Moving Defendants Under RESPA.

Plaintiffs' RESPA claim against the Moving Defendants is based solely on the theory that the Moving Defendants were part of an "overarching agreement" that supposedly "impact[ed] the settlement on their loans." Pls' Opp. at 11, 16. Nothing in RESPA permits a plaintiff to sue a party based on such a tenuous alleged connection to his or her real estate transaction. To the contrary, the plain

---

[1] The Moving Defendants are Mortgage Guaranty Insurance Corporation and Radian Guaranty Inc. In their opening brief, the Moving Defendants also included Triad Guaranty Insurance Corporation ("Triad"), but on March 7, 2013, plaintiffs voluntarily dismissed their claims against Triad. *See* ECF No. 157.

terms of RESPA make clear that a plaintiff may bring a claim only against the parties to the alleged violation that ***involved*** the plaintiff's own loan.  RESPA states that (a) no person shall give or accept a "fee, kickback or thing of value pursuant to any agreement" that real estate settlement service business "***involving*** a federally related mortgage loan shall be referred to any person," 12 U.S.C. § 2607(a) (emphasis added); and (b) no person shall give or accept any "portion, split, or percentage" of any charge for real estate settlement service business "***involving*** a federally related mortgage loan other than for services actually performed," 12 U.S.C. § 2607(b) (emphasis added).

      Ignoring this unambiguous language, plaintiffs argue that the Moving Defendants' alleged conduct "encompassed and effected [*sic*] their loan settlements."  Pls' Opp. at 15.  This argument fails because the word "involve" means "engage or employ," not "encompass and affect."  *Reyes v. Brown*, 399 F.3d 964, 968 n.7 (9th Cir. 2005) (quoting Webster's Encyclopedic Unabridged Dictionary of the English Language 1005 (rev. ed. 1996)); *see also Escanaba & Lake Superior R.R. v. United States*, 303 U.S. 315, 321-22 (1938) (rejecting argument that "involved" means "affected").  The only supposed RESPA violation that "engaged or employed" the Samps' loan is the alleged agreement by Genworth to reinsure the risk on the Samps' loan with Cross Country in exchange for JPMorgan's purchase of mortgage insurance for that loan from Genworth.  Am. Compl. ¶ 19.  Similarly, the only supposed RESPA violation that "engaged or employed" the Komarchuks' loan is the alleged agreement by RMIC to reinsure the risk on the Komarchuks' loan with Cross Country in exchange for JPMorgan's purchase of mortgage insurance for that loan from RMIC.  Am. Compl. ¶ 20.  Lastly, the only supposed RESPA violation that "engaged or employed" Whitaker's loan is the alleged agreement by United Guaranty to reinsure the risk on Whitaker's loan with Cross Country in exchange for JPMorgan's purchase of mortgage insurance for that loan from United Guaranty.  Am. Compl. ¶ 21.  While

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

plaintiffs allege that the Moving Defendants made similar agreements with JPMorgan, those alleged agreements would have "engaged or employed" other borrowers' loans, not plaintiffs' loans.

Thus, plaintiffs' argument really comes down to this: the language in Section 2607(a) and (b) stating that no person shall agree to pay a kickback or split a charge "involving a federally related mortgage loan" means that a borrower can sue not only for alleged kickbacks and split charges involving *the borrower's own* loan, but also for kickbacks and split charges involving **any other borrower's** loan, which makes nonsense of the statute. *See*, *e.g.*, *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) (absurd readings of statutes are to be rejected). Plaintiffs therefore cannot state any claim against the Moving Defendants under RESPA.

## II. Plaintiffs' Claim Of An Industry-Wide Conspiracy To Violate RESPA Fails Because There Is No Secondary Liability For Alleged RESPA Violations.

Plaintiffs do not contest that secondary liability is not available under RESPA.  Pls' Opp. at 18-21.  Instead, plaintiffs insist that the alleged "scheme" imposes primary liability on the Moving Defendants.  *Id.*  That assertion is refuted by RESPA's plain terms, for the reasons just explained:  the Moving Defendants' alleged conduct could not in any sense be said to have "involved" plaintiffs' loans. Moreover, contrary to plaintiffs' contentions, their own descriptions of their claims make clear that, in fact, they seek to impose secondary liability on the Moving Defendants.  Plaintiffs say that the Moving Defendants' alleged liability is predicated solely on their putative participation in an "overarching agreement" that "impact[ed]" or "effected" plaintiffs' loan settlements.  Pls' Opp. at 15, 16.  That cannot be construed as anything other than an attempt to describe the Moving Defendants' participation in a purported conspiracy, or their supposed aiding and abetting of violations of RESPA allegedly committed by other actors.  RESPA does not allow for such a theory and plaintiffs do not say otherwise.

### III. Plaintiffs' Claim Of An Industry-Wide Conspiracy To Violate RESPA Fails For The Additional Reason That It Is Not Plausible.

*Even if* RESPA provided for secondary liability, which it does not, plaintiffs have failed to plead a *plausible* claim of secondary liability against the Moving Defendants. Plaintiffs' opposition brief is replete with conclusory references to supposed concerted action and a supposed "overarching," "anti-competitive" agreement that allegedly included all of the defendants. However, plaintiffs cannot state a claim merely by alleging a bare "agreement or understanding" by all mortgage insurers to violate RESPA. More is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Despite plaintiffs' tortured attempts to concoct a plausible motive for mortgage insurers to act collectively, their Amended Complaint contains no support for an argument that "the various PMI Defendants would have had any financial motivation to act in concert," or that "failure to act in concert would be economically self-defeating." *McCarn v. HSBC USA, Inc.*, 2012 U.S. Dist. LEXIS 74085, *21-22 (E.D. Cal. May 29, 2012). Plaintiffs plead that each mortgage insurer had its own *individual* incentive to agree to a captive reinsurance agreement with JPMorgan and Cross Country because each mortgage insurer supposedly could not "risk losing business" by declining to enter into such an agreement. Am. Compl. ¶ 14. Plaintiffs attempt to transform this alleged *individual* motive into a motive to act collectively by asserting, contrary to facts admitted by plaintiffs, that "[i]f one of the nation's private mortgage insurers did not participate in the conspiracy/scheme, and made public what happened, this scheme would have unraveled." Am. Compl. ¶ 33.

Plaintiffs' naked assertion that the "scheme" required the "complicity and participation" of *all* the private mortgage insurers, Am. Compl. ¶ 14, is precluded by the allegations in the Amended Complaint. As the *McCarn* court found, the exhibits attached to the Amended Complaint show "what happened when [Moving Defendant MGIC] attempted to withdraw from a similar captive reinsurance

arrangement with another lender. In short, the scheme did not unravel." *McCarn*, 2012 U.S. Dist. LEXIS 74085 at *17 (citing the same *American Banker* article attached to the instant plaintiffs' Amended Complaint as Exhibit A).

Moreover, the alleged conspiracy is not plausible because it does not make any economic sense. As the *McCarn* court noted, "[i]t is equally if not more logical to assume that, from the perspective of any one [mortgage insurer], because the [mortgage insurers] were all competing for business among each other, the *fewer* the other [mortgage insurers] who participated in the 'scheme' the better, as this would leave more business for those who did participate." *McCarn*, 2012 U.S. Dist. LEXIS 74085 at *16-17 (emphasis added); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 332 (3d Cir. 2010) ("[T]he [alleged] rationality of each insurer's decision to enter into a [reinsurance contract] with the [lender] does not presuppose concerted action . . . If anything, an insurer here would prefer that fewer of its competitors participate in the scheme, as it would then enjoy that much more of the [lender's] steered business.").

Indeed, if mortgage insurers truly were in a position to collusively agree with each other not to compete and to "apportion" the market, they presumably would have acted in concert to *resist* an arrangement they "did not like." *McCarn*, 2012 U.S. Dist. LEXIS 74085 at *17. There is no rational reason that insurers would *collude* to *give* money to a lender simply to apportion the market. Each mortgage insurer's alleged participation in purportedly unpalatable reinsurance arrangements would more plausibly suggest that the insurers did *not* act in concert, but rather *independently* agreed to the arrangements in an effort to avoid losing business to competitors. There can be no "inference of conspiracy" when mortgage insurers "had no rational economic motive to conspire," and "their conduct is consistent with other, equally plausible explanations" involving purely independent conduct. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1343

1  (11th Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
2  U.S. 574, 596-97 (1986)).
3      In sum, plaintiffs have failed to plead a plausible conspiracy to violate
4  RESPA.

**IV.  Plaintiffs' Claims Are Time-Barred.**

    Neither the discovery rule, nor equitable tolling, nor fraudulent concealment can rescue plaintiffs' claims from RESPA's one-year statute of limitations.

*Discovery Rule*

    In their opening brief, the Moving Defendants explained that RESPA's one-year statute of limitations begins to run "from the date of the *occurrence* of the violation," not the supposed discovery of the violation, 12 U.S.C. § 2614 (emphasis added), and that this "clear and unambiguous" language precludes application of the discovery rule. *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324 (M.D.N.C. 2002) (quoting *Hamilton v. 1st Source Bank*, 928 F.2d 86, 87-88 (4th Cir. 1990)).  Plaintiffs concede this point by failing to respond to it in their opposition brief.[2]

---

[2]  Plaintiffs accuse the Moving Defendants of "fail[ing] to advise this Court that the *Straker* decision to which they cite was later considered and rejected by the District Court Judge."  Pls' Opp. at 43.  The *Straker* decision which the Moving Defendants cited in their opening brief, *Straker v. Deutsche Bank National Trust*, 2010 U.S. Dist. LEXIS 141047 (M.D. Pa. Sept. 22, 2010), was a United States Magistrate Judge's Report and Recommendation.  It was adopted in part by the District Judge in *Straker v. Deutsche Bank National Trust*, 2011 WL 398374 (M.D. Pa. Feb. 3, 2011), but that decision does not appear in the "Shepard's report" for the Magistrate Judge's ruling on Lexis.  The Moving Defendants cited *Straker* for two propositions of law — that RESPA claims are not subject to the discovery rule and that unjust enrichment claims sounding in tort are subject to Pennsylvania's two-year statute of limitations for tort claims.  These two propositions ***are not disputed by plaintiffs***, and were not addressed by the District Judge.  Instead, the District Judge merely held that the applicability of tolling could not be resolved on the specific allegations made there.  By contrast, plaintiffs' allegations here demonstrate on their face that their claims are time-barred.

*Equitable Tolling*

Plaintiffs also essentially concede that they are not entitled to equitable tolling, as that doctrine is defined in the Ninth Circuit, because they fail to plead any "extraordinary circumstances" to justify such tolling. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Plaintiffs cite to *Johnson v. Henderson*, 314 F.3d 409 (9th Cir. 2002), for the proposition that a plaintiff is entitled to equitable tolling where he "would not have known of the existence of a possible claim within the limitations period," Pls' Opp. at 24, but fail to acknowledge that equitable tolling is only to be applied "sparingly" in "extreme cases." *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Because plaintiffs have not pled anything close to "extraordinary circumstances" or argued that this is an "extreme case," plaintiffs have essentially conceded that they are not entitled to equitable tolling here. Plaintiffs claim only that they had no notice of the possible existence of their claims until September, October, and November of 2011 due to unspecified acts of alleged concealment supposedly committed by unidentified "Defendants." Pls' Opp. at 26. But this raises equitable estoppel (otherwise known as fraudulent concealment), not equitable tolling. Thus, plaintiffs are left to argue that the doctrine of fraudulent concealment salvages their otherwise time-barred RESPA claims. But, as next explained, that doctrine also is of no help to plaintiffs.

*Fraudulent Concealment*

As a preliminary matter, plaintiffs wrongly argue that the Court may not address fraudulent concealment on a motion to dismiss under Rule 12(b)(6). Pls' Opp. at 25. This is incorrect. The Court certainly may and should resolve whether plaintiffs have adequately *pled* facts sufficient to support their claim of equitable estoppel at this juncture, as demonstrated by two cases cited by plaintiffs in their opposition brief. *See Huynh*, 465 F.3d at 1004-05 (affirming the district court's dismissal of plaintiffs' complaint on a 12(b)(6) motion to dismiss because plaintiffs

7

had not adequately pled facts supporting equitable tolling or equitable estoppel); *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009) (considering whether plaintiffs had "alleged sufficient facts to raise an issue" as to equitable tolling or equitable estoppel in response to a 12(b)(6) motion to dismiss).

In the Ninth Circuit, fraudulent concealment requires allegations by the plaintiff of "(1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). "Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* at 1177. "[T]he doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who committed the concealment." *Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (quoting *Greenwald v. Manko*, 840 F. Supp. 198, 203 (E.D.N.Y. 1993)); *see also Pedraza v. United Guar. Corp.*, 114 F. Supp. 2d 1347, 1356 (S.D. Ga. 2000) (same).[3]

---

[3] Plaintiffs erroneously cite *In re Rexplore, Inc. Sec. Litig.*, 685 F. Supp. 1132 (N.D. Cal. 1988) and *In re Conseco Ins. Co.*, 2008 U.S. Dist. LEXIS 111497 (N.D. Cal. Sep. 30, 2008), to support their mistaken argument that alleged concealment by plaintiffs' lender can somehow toll the statute of limitations against the Moving Defendants. *See* Pls' Opp. at 41. Neither case supports plaintiffs' flawed conclusion. *Rexplore*'s analysis was premised on the assumption that Section 12 of the Securities Act of 1933 imposes liability on any alleged "participant" in a violation, even if the "participant" was not the seller of the security. *See Rexplore*, 685 F. Supp. at 1137-38. The Supreme Court rejected that theory in *Pinter v. Dahl*, 486 U.S. 622, 650 (1988). As to *Conseco*, contrary to plaintiffs' mischaracterization, that case does not hold that allegations regarding "the defendants' roles" in a "scheme" are enough to toll the statute of limitations against defendants who, like the Moving Defendants here, made no misrepresentation whatsoever. Pls' Opp. at 41. Rather, the court held that the

*...Continued*

1    Here, any effort to plead that the Moving Defendants actively misled the
2 plaintiffs and concealed the facts of their real estate settlement must fail for at least
3 two reasons.
4    ***First,*** plaintiffs have not pled that the Moving Defendants themselves
5 engaged in affirmative acts of fraudulent concealment. To the contrary, plaintiffs
6 allege that ***other*** defendants and non-parties engaged in affirmative acts of
7 fraudulent concealment. *See* Pls' Opp at 40-42. Even if that were true, it cannot
8 toll the statute of limitations against the Moving Defendants. *Barker*, 64 F.3d at
9 1402; *Pedraza*, 114 F. Supp. 2d at 1356. Nor can plaintiffs establish tolling with
10 their non-specific and deliberately vague allegations that "Defendants concealed
11 their conduct by providing 'incomplete and/or inaccurate information to state
12 regulators.'" Pls' Opp. at 40, Am. Compl. ¶¶ 146-47. "Plaintiff[s] fail[] to allege
13 what 'conduct' the Defendants concealed from the regulators, what disclosures
14 Defendants made that were incomplete or inaccurate, or how these defective
15 disclosures prevented Plaintiff[s] from obtaining information about [their] claim in
16 spite of exercising due diligence." *McCarn v. HSBC USA, Inc.*, 2012 U.S. Dist.
17 LEXIS 162257, *25 (E.D. Cal. Nov. 13, 2012). That leaves plaintiffs with their
18 allegations that the Moving Defendants misled them by "mere silence or
19 nondisclosure" or through the alleged "self-concealing" nature of the alleged
20 "scheme" to violate RESPA. As Moving Defendants explained in their opening
21 brief, Opening Br. at 16, such allegations are an insufficient basis to toll the statute
22 of limitations, and nothing in plaintiffs' opposition brief supports a different
23 conclusion.

---

*Continued from previous page*
statute of limitations could be tolled against a group of closely affiliated corporate subsidiaries, through which the "holding company [responsible for the fraud] . . . allegedly [had] conduct[ed] all of its operations." *Conseco*, 2008 U.S. Dist. LEXIS 111497 at *7, *26-27. Plaintiffs do not and cannot allege any such affiliation between the Moving Defendants and their lender here.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

***Second,*** under any tolling doctrine, plaintiffs must plead that they exercised due diligence in attempting to discover their alleged claims. They have failed to do so. Indeed, plaintiffs ***admit*** that the ***only*** thing they did between the time their loans closed in January 2005, April 2005, and June 2008 through the time they retained counsel in September, October, and November 2011, was review the documents provided by "Defendants" and "fully participat[e] in their loan transactions." Pls' Opp. at 36. In other words, they participated in their own loan closings and did nothing else. If those allegations were sufficient, RESPA's statute of limitations would be meaningless.[4] Indeed, the plaintiff took and the court rejected this same position on due diligence in *McCarn*, 2012 U.S. Dist. LEXIS 162257 at *20. Here, too, plaintiffs have not adequately pled due diligence, and their RESPA claim must be dismissed as time-barred.[5]

## V. Plaintiffs' Unjust Enrichment Claim Is Duplicative Of Their RESPA Claim And Is Untimely.

Plaintiffs argue that their "unjust enrichment" claim should not be dismissed as duplicative of their RESPA claim because it is somehow an "alternative basis

---

[4] Moreover, plaintiffs fail to cite any relevant case to support this erroneous argument. In *Proctor v. Metropolitan Money Store Corp.*, 645 F. Supp. 2d 464 (D. Md. 2009), *Boudin v. Residential Essentials, LLC*, 2007 U.S. Dist. LEXIS 50331 (S.D. Ala. July 10, 2007), and *Marple v. Countrywide Financial Corp.*, 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008), plaintiffs alleged that the defendants seeking dismissal fraudulently concealed relevant information. Here, plaintiffs plead no acts of fraudulent concealment ***committed by the Moving Defendants***.

[5] Plaintiffs assume that, because the *McCarn* court did not specifically mention in its opinion the *McCarn* plaintiff's allegation that he fully participated in his loan transactions, the court must have ignored the allegation. Pls' Opp. at 44. The more logical conclusion is that the *McCarn* court, considered all of the plaintiff's allegations before concluding that they were insufficient. In any event, if the plaintiff in *McCarn* (who was represented by the same counsel who represent plaintiffs in this case) believed that the court overlooked an allegation, he was free to seek reconsideration of the decision or appeal the decision. He did not, and the deadline for doing so has passed.

1  for relief." Pls' Opp. at 48.  This assertion is belied by their complaint, which
2  states that the purported "benefit" "conferred" upon "Defendants" is the "amounts
3  collected and ceded to Cross Country as purported reinsurance premiums."  Am.
4  Compl. ¶¶ 171-72.  That is none other than plaintiffs' RESPA claim, and fails for
5  the same reasons their RESPA claim fails, including that the statute of limitations
6  has expired and is not tolled.  Also, plaintiffs fail to allege that any benefit was
7  conferred upon the Moving Defendants, and this count thus fails to state a claim
8  against them.  Finally, even if the unjust enrichment claim remains viable after the
9  dismissal of plaintiffs' RESPA claims, which it does not, "[w]hen federal claims
10 are dismissed before trial . . . pendant state claims also should be dismissed."
11 *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d
12 646, 651 (9th Cir. 1984).

## VI. Conclusion.

For these reasons, the Moving Defendants respectfully urge the Court to dismiss plaintiffs' claims against them with prejudice.

Respectfully submitted,

Dated:  March 11, 2013            SCHNADER HARRISON SEGAL &
                                  LEWIS LLP

                                  /s/ Stephen A. Fogdall
                                  Christopher H. Hart
                                  David Smith (*Admitted Pro Hac Vice*)
                                  Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
                                  Stephen A. Fogdall (*Admitted Pro Hac Vice*)
                                  Attorneys for Defendant
                                  RADIAN GUARANTY INC.
                                  One Montgomery Street, Suite 2200
                                  San Francisco, California 94104-5501
                                  Telephone: 415-364-6700
                                  Facsimile: 415-364-6785
                                  Email:  chart@schnader.com

Dated: March 11, 2013

FOLEY & LARDNER LLP

/s/ Eileen R. Ridley
Eileen R. Ridley (as authorized on March 11, 2013)
Attorneys for Defendant
MORTGAGE GUARANTY INSURANCE CORPORATION
555 California Street
Suite 1700
San Francisco, CA 94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507
Email: eridley@foley.com

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

12
REPLY MEMORANDUM OF LAW ISO MOTION TO DISMISS
CASE NO. 5:11-CV-01950 VAP-SP

# PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of Philadelphia, State of Pennsylvania, in the office of an attorney who is admitted to practice *pro hac vice* in this court and at whose direction service is being made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 1600 Market Street, Suite 3600, Philadelphia, Pennsylvania, 19103-7286. On March 11, 2013, I caused to be served the following document(s):

1. **REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS MORTGAGE GUARANTY INSURANCE CORPORATION AND RADIAN GUARANTY INC. TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I caused the above documents to be served by the following means:

☒ <u>Via Court Notice of Electronic Filing</u>: The documents will be served by the court via NEF and hyperlink to the document. On March 11, 2013, I checked the CM/ECF docket for this case and determined that service was effectuated on all parties via the Electronic Mail Notice List at the email addresses indicated.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on March 11, 2013, at Philadelphia, Pennsylvania.

/s/ Christopher A. Reese
Christopher A. Reese