JOHN E. WALKER (SBN 166270)
john.walker@snrdenton.com
BENITO DELFIN, JR. (SBN 281607)
ben.delfin@snrdenton.com
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623-9924

REID L. ASHINOFF (*admitted pro hac vice*)
MELANIE A. MCCAMMON
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:  (212) 768-6700
Facsimile:   (212) 768-6800

*Attorneys for Defendant*
*Genworth Mortgage Insurance Corp.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | CASE NO. CV 5:11-1950 VAP (SPx)<br><br>**REPLY BY DEFENDANT GENWORTH MORTGAGE INSURANCE CORP. IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:  April 1, 2013<br>Time:  2:00 p.m.<br>Place: Courtroom 2<br>          3470 Twelfth Street, 2nd Floor<br>          Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

Defendants demonstrated in their opening briefs that plaintiffs cannot state a RESPA kickback claim against them because Plaintiffs' claims are plainly time-barred and the discovery rule does not apply to RESPA claims.[1]  Further, Plaintiffs have not pled sufficient facts to toll the statute of limitations under equitable tolling or fraudulent concealment theories.  These pleading deficiencies are dispositive.

Indeed, in *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375 (LJO) (SKO), the United States District Court for the Eastern District of California dismissed nearly-identical claims and arguments advanced by plaintiffs in a similar case brought by Plaintiffs' counsel against Genworth and the other mortgage insurers.  The *McCarn* court dismissed the plaintiff's RESPA and unjust enrichment claims as time barred because the plaintiff had not pled sufficient facts to support his equitable tolling, fraudulent concealment, or discovery rule claims.  *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375 (LJO) (SKO), 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012).  Like Plaintiffs here, he could not rely on equitable tolling because he did not plead any exercise of diligence until well after the expiration of the statute of limitations, nor any "extraordinary circumstances."  The *McCarn* court explicitly rejected the argument that the plaintiff's own failure to retain counsel within the limitations period should toll his claim.  Judge O'Neil explained that: "to follow Plaintiff's line of reasoning, any plaintiff who requires the assistance of counsel to discover the existence of a claim, including plaintiffs who conduct virtually no diligence, would be automatically entitled to equitable tolling of the

---

[1] Genworth incorporates by reference the arguments and authorities in Mortgage Guaranty Insurance Corp., Radian Guaranty Inc., and Triad Guaranty Insurance Corp.'s (the "Non-Contracting Defendants") Reply brief and United Guaranty Residential Insurance Co.'s ("United Guaranty") Reply brief, as applicable.  For example, because Genworth did not interact with or insure the Komarchuks or Whitaker, these plaintiffs cannot assert claims against Genworth for the reasons stated in the Non-Contracting Defendants' Motion and Reply.

1  statute of limitations for an indefinite period of time until that plaintiff retains
2  counsel." *Id.* at *6. Furthermore, like Plaintiffs here, the plaintiff in *McCarn*
3  could not rely on a fraudulent concealment theory because he did not specifically
4  allege what "'conduct' the Defendants concealed from the regulators, what
5  disclosures Defendants made that were incomplete or inaccurate, or how these
6  defective disclosures prevented Plaintiff from obtaining information about his
7  claim in spite of exercising due diligence.'" *Id.* at *7. Genworth respectfully
8  submits that this Court should consider and adopt the *McCarn* court's analysis in
9  deciding this Motion.

10  Although Plaintiffs here failed to plead the time and manner of their
11  discovery of their claims, their pleadings show not only that the existence of
12  captive reinsurance arrangements has been public knowledge for decades, but that
13  Plaintiffs received a separate notice that their loans might be placed into a captive
14  reinsurance agreement, which could provide a financial benefit to the lender. This
15  disclosure also provided the Plaintiffs a mechanism to opt out of the arrangement,
16  if they desired.

17  **I.     Plaintiffs' Claims Are Time-Barred.**
18      **A.     The Sufficiency of Plaintiffs' Tolling Allegations May Be Decided**
19             **on a Motion to Dismiss**

20  In the Ninth Circuit, equitable tolling is only available when a plaintiff is
21  prevented from asserting a claim by affirmative wrongful conduct by the defendant or
22  other extraordinary circumstances outside of their control. *Huynh v. Chase Manhattan*
23  *Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Equitable tolling is only available in
24  "extreme cases." *Id.* (quoting *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir.
25  1992)). "[M]ere ignorance of the cause of action does not, in itself, toll the statute."
26  *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987). Plaintiffs have
27  failed to sufficiently plead Genworth actively concealed their claims and do not argue
28

1 that they were prevented in an extraordinary way from asserting their rights. Thus,
2 equitable tolling does not apply.
3       As a preliminary matter, plaintiffs erroneously claim that the Court may not
4 address equitable tolling on a motion to dismiss under Rule 12(b)(6). Opp. Br. at 25.
5 This is incorrect. The Court certainly may and should resolve whether plaintiffs have
6 adequately *pled* facts sufficient to support their claim of fraudulent concealment at this
7 juncture. *Gibson v. U.S.*, 781 F.2d 1334, 1345 (9th Cir. 1986) (upholding dismissal of
8 untimely claims despite allegations of fraudulent concealment because "plaintiffs
9 could not reasonably have relied on the allegedly fraudulent misrepresentation");
10 *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120-121 (9th Cir. 1980)
11 (upholding dismissal of time-barred claims despite allegations of fraudulent
12 concealment where plaintiff "failed to meet his burden of alleging facts showing due
13 diligence on his part"); *id.* at 119 ("When the running of the statute is apparent from
14 the face of the complaint, as it is in the present case, then the defense may be raised by
15 a motion to dismiss."). Thus, as in the *McCarn* action, the Court should dismiss this
16 action as time bared.

    **B.**     **Plaintiffs Have Not Pled any Facts to Support Equitable Tolling as to the Moving Defendants**

19       RESPA's one-year statute of limitations begins to run "from the date of the
20 *occurrence* of the violation," not the discovery of the violation. 12 U.S.C. § 2614
21 (emphasis added). This "clear and unambiguous" language precludes application of
22 the discovery rule. *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324
23 (M.D.N.C. 2002) (quoting *Hamilton v. 1st Source Bank*, 928 F.2d 86, 87-88 (4th Cir.
24 1990)). Plaintiffs, however, argue that the "discovery rule" applies to their claims.
25 Opp. Br. at 24, 42-44. Plaintiffs concede that they were on notice that their loans
26 might be reinsured and were given a chance to opt out, but none of them attempted to
27 contact JPMorgan until Fall 2011 at the earliest. Am. Compl. at ¶ 143. Their proffred
28 excuse for this lack of diligence is that plaintiffs supposedly required the advice of

counsel to understand their claims.  Plaintiffs, however, decided to wait until the Fall of 2011 to retain counsel.  Opp. Br. at 42.  As Judge O'Neil aptly noted, on plaintiffs' reasoning, "any plaintiff who [allegedly] requires the assistance of counsel to discover the existence of a claim, including plaintiffs who conduct virtually no diligence, would be automatically entitled to equitable tolling of the statute of limitations for an indefinite period of time until that plaintiff retains counsel." *McCarn*, 2012 WL 5499433 at *6.

***Fraudulent concealment.***  To invoke the equitable tolling doctrine based on alleged fraudulent concealment, plaintiffs bear the burden of proving that "(1) [each Defendant] 'affirmatively misled' [them] as to the operative facts that gave rise to [their] claim, and (2) [plaintiffs] 'had neither actual nor constructive knowledge' of these operative facts despite [their] diligence in trying to uncover them." *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005).  "'Plaintiffs may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants.'" *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (quoting *Griffin v. McNiff*, 744 F. Supp. 1237, 1256 n.20 (S.D.N.Y. 1990), *aff'd*, 996 F.2d 303 (2d Cir. 1993)); *see also id.* ("'[T]he doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who committed the concealment.'" (quoting *Greenwald v. Manko*, 840 F. Supp. 198, 203 (E.D.N.Y. 1993))).[2]

---

[2] Plaintiffs' reliance on *In re Rexplore, Inc. Sec. Litig.*, 685 F. Supp. 1132 (N.D. Cal. 1988) and *In re Conseco Ins. Co.*, No. 05-CV-4726, 2008 WL 4544441 (N.D. Cal. Sept. 30, 2008), for the proposition that affirmative acts of fraudulent concealment by one defendant can be attributed to all defendants, Opp. Br. at 13, is misplaced.  That holding may make sense in a case like *Rexplore* or *Conseco* where the plaintiff alleged that certain defendants aided and abetted other defendants' violations of the securities laws or formed a RICO enterprise, but cannot apply where, as here, plaintiffs explicitly deny that they are seeking to impose secondary liability on the defendants, and have not stated a claim for conspiracy to violate RESPA.

Here, any effort to plead that Genworth actively misled the plaintiffs and concealed the facts of their real estate settlement must fail for at least three reasons. *First*, plaintiffs do not allege that Genworth was involved in plaintiffs' real estate settlements. *Second*, plaintiffs cannot plausibly argue concealment when they attach to their amended complaint public record documents that both predate their real estate settlements and disclose the very facts they now claim were fraudulently concealed. *See*, *e.g.*, Am. Compl., Ex. N (August 6, 1997 "HUD Letter" addressing "captive reinsurers and RESPA's anti-kickback violations" (Am. Compl., ¶ 80)), Ex. M (February 1, 1998 article, *Investigating Captive Mortgage Reinsurance*), Ex. I (March 23, 1998 article, *Using a Bank Captive Subsidiary to Reinsure Mortgage Insurance*), Ex. II (March 7, 2005 article describing state investigation of captive reinsurers), and Ex. Z (April 26, 2006 congressional testimony of HUD Deputy Assistant Secretary for Regulatory Affairs). *Third*, plaintiffs fail to plead any acts of fraudulent concealment **committed by Genworth** in a way that satisfies Federal Rule of Civil Procedure 9(b).

Setting aside plaintiffs' conclusory allegations concerning the defendants in the aggregate, plaintiffs only specifically allege that *other* defendants engaged in affirmative acts of fraudulent concealment. Simply stated, there are no allegations that Genworth had any involvement with the disclosures that plaintiffs received. *See* Opp. Br. at 40-42. Plaintiffs' argument that "all of the Defendants, including UG and Genworth, when questioned about the captive reinsurance program, falsely claimed that its reinsurance program met the standards set forth in the 1997 HUD Letter," fails to adequately plead fraudulent concealment with requisite specificity. Opp. Br. at 40 (citing Am. Compl. ¶ 146 ("Even when some industry analyst and ratings agencies questioned the captive reinsurance deals, banks *and* insurers publicly maintained that they met the standards set forth in the HUD letter.")). Plaintiffs have not alleged: (1) to whom the purportedly false statements were made; (2) when the purportedly false statements were made; and (3) whether they saw or relied upon these purportedly false statements.

1   Even if plaintiffs had properly pled a fraudulent statement made by Genworth
2   (which they have not done), plaintiffs could not have reasonably relied on these
3   alleged misrepresentations. Plaintiffs' theorize that captive reinsurance agreements
4   violate RESPA because the captive reinsurers took in more money in premiums then
5   they paid out in claims during the period of 2004 to 2008. Am. Compl. ¶ 12. Plaintiffs
6   support this contention by citing defendants' public filings that show Cross Country
7   Insurance Company took in more in premiums than it paid out in those years. *Id.*
8   (citing to 2004 - 2008 annual statements filed by Genworth and the other defendant
9   private mortgage insurers with the National Association of Insurance Commissioners).
10  Therefore, the supposed basis for fraudulent concealment has been disclosed in the
11  public disclosures that plaintiffs rely on. *See Gibson v. U.S.*, 781 F.2d 1334, 1345 (9th
12  Cir. 1986) (upholding dismissal of untimely claims despite allegations of fraudulent
13  concealment because "plaintiffs could not reasonably have relied on the allegedly
14  fraudulent misrepresentation").

15  Plaintiffs are left with their allegation that Genworth misled them by "mere
16  silence or nondisclosure" or through the alleged "self-concealing" nature of the alleged
17  "scheme" to violate RESPA. Such allegations are an insufficient basis to equitably toll
18  the statute of limitations against the Moving Defendants as a matter of law. *Rutledge
19  v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) ("Silence or
20  passive conduct of the defendant is not deemed fraudulent [for purposes of equitable
21  tolling], unless the relationship of the parties imposes a duty upon the defendant to
22  make disclosure."); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1103 (C.D. Cal. 2009)
23  ("[A]bsent a fiduciary duty to disclose information to plaintiff—a duty not present
24  here—passive concealment is insufficient for a court to grant equitable tolling.").

25  ***Due Diligence.*** Even if plaintiffs had adequately pled fraudulent concealment
26  by Genworth (which they do not and cannot), equitable tolling requires the plaintiffs to
27  plead that they exercised due diligence in attempting to discover their alleged claims.
28  They have failed to do so. Where, as here, a plaintiff fails to plead facts that, if true,

would demonstrate that he exercised due diligence, he is not entitled to proceed to discovery to establish whether he exercised due diligence. *See Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120-121 (9th Cir. 1980) (upholding dismissal of time-barred claims despite allegations of fraudulent concealment where plaintiff "failed to meet his burden of alleging facts showing due diligence on his part"); *Ortega v. Wells Fargo Bank*, No. 09 CV 1531 JM (NLS), 2010 WL 1904878 at *3 (S.D. Cal. 2010) (dismissing time-barred claims with prejudice when plaintiff did not allege sufficient due diligence, when plaintiff claimed he could not have discovered his injury without a "forensic review" of his loan documents, but did not seek out such a review until two years after receiving his loan). Plaintiffs' Amended Complaint fails to raise any factual issues about due diligence, and discovery is unnecessary to reveal to plaintiffs whatever purported diligence they themselves exercised.

Not only do plaintiffs fail to plead facts indicating that they exercised due diligence, but they *admit* that the *only* thing they did between the time their loans closed in January 2005, April 2005, and June 2008, through the time they retained counsel in late 2011, was review the documents provided by "Defendants" and "fully participat[e] in the loan transactions." Opp. Br. at 36; Am. Compl. at ¶ 154.[3] If those allegations were sufficient, RESPA's statute of limitation would be meaningless.[4] Indeed, the plaintiff took and the court rejected this same position on

---

[3]   Plaintiffs mistakenly claim that the fact Genworth noted in a footnote to its Motion to Dismiss that the Samps' loan was not placed in the Cross Country captive demonstrates the futility of diligence. Opp. Br. at 37 n.25. Plaintiffs provide no support for this contention, which is belied by plaintiffs' admissions that they were given disclosures that mortgage insurance on their loans could be reinsured by an affiliate of their mortgage lender which "may result in a financial gain to the company providing the reinsurance" and were given a process to opt out of the arrangement at that time. Am. Compl. ¶ 150 & Exs. H, HH.

[4]   The cases plaintiffs cite to support their argument that their allegations of due diligence consisting of reviewing loan documents and actively participating in all aspects of their loan transactions are adequate do not support that argument. In *Boudin v. Residential Essentials, LLC*, No. 07-0018-WS-C, 2007 WL 2023466

-7-
GENWORTH MORTGAGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

due diligence in *McCarn*, 2012 WL 5499433 at *6.  Here, too, plaintiffs have not adequately pled due diligence.[5]

## II. Plaintiffs' Unjust Enrichment Claims Are Duplicative of their RESPA Claims.

Plaintiffs argue that their "unjust enrichment" claim should not be dismissed as duplicative of their RESPA claim because it is somehow an "alternative basis for relief."  Opp. Br. at 47-49.  This assertion is belied by their complaint, which states that the purported "benefit" "conferred" on the defendants by plaintiffs was "wrongfully paid" to JPMorgan as a purportedly "unlawful split of share of the private mortgage insurance premiums."  Am. Compl. ¶¶ 171.  That is none other than plaintiffs' RESPA claim, and it fails for the same reasons their RESPA claim fails.

*   *   *

---

(S.D. Ala. July 10, 2007) and *Marple v. Countrywide Fin. Corp.*, No. 07-4402 (RMB), 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008), plaintiffs alleged that the defendants seeking dismissal fraudulently concealed relevant information.  Here, plaintiffs plead no acts of fraudulent concealment **committed by Genworth**.

[5]   Plaintiffs assume that because the *McCarn* decision did not specifically mention plaintiff's allegation that he fully participated in his loan transactions, the court ignored the allegation.  Opp. Br. at 44.  The more logical conclusion is that the *McCarn* court, like any competent court, considered all of the plaintiff's allegations before concluding they were insufficient.  Nevertheless, if the plaintiff in *McCarn* (who was represented by the same counsel who represent plaintiffs in this case) believed that the court overlooked an allegation, he was free to seek reconsideration of or appeal the decision.  He did not, and the deadline for doing so has passed.  Having chosen to allow the *McCarn* decision to stand, plaintiffs' counsel may not now re-argue and re-litigate *McCarn* in this forum.  *Accord Raytech Corp. v. White*, 54 F.3d 187, 193 n.7 (3d Cir. 1995) (rejecting plaintiff's argument that a district court case in Oregon was "wrongly decided," and noting that "[the argument] is brought before a tribunal thousands of miles from whence it arose.  The remedy for a wrongly decided district court case from the District of Oregon is, of course, appeal to the Ninth Circuit and possible review by the Supreme Court.").

For the foregoing reasons, and the reasons articulated in the Non-Contracting Defendants' Motion and the UG Motion, Genworth respectfully requests that the Court dismiss Plaintiffs' First Amended Class Action Complaint against it, with prejudice.

Dated: March 11, 2013

SNR DENTON US LLP

By: /s/ *Benito Delfin, Jr.*
    JOHN E. WALKER
    BENITO DELFIN, JR.

601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924

REID L. ASHINOFF
MELANIE A. MCCAMMON
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800

*Attorneys for Defendant*
*Genworth Mortgage Insurance Corp.*

17784030

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017.

I hereby certify that on March 11, 2013, I electronically filed the foregoing **REPLY BY DEFENDANT GENWORTH MORTGAGE INSURANCE CORP. IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** with the Clerk of the Court using the ECF system which will send notification of such filing to all registered parties.

☒ (Federal): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED ON March 11, 2013 at Los Angeles, California.

_____
Alicia Aguilar