**ROSMAN & GERMAIN LLP**
Daniel L. Germain (Cal. Bar No. 143334)
6311 Ventura Boulevard, Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, et al. | ) CASE NO. 5:11-CV-01950 VAP-SP |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' NOTICE OF** |
| | ) **SUPPLEMENTAL AUTHORITY** |
| JPMORGAN CHASE BANK, N.A., et al., | ) |
| Defendants. | ) Judge:  Hon. Virginia A. Phillips |

Plaintiffs respectfully request that the Court take notice of the attached recently issued opinions in *Barlee v. First Horizon Nat'l Corp.,* No. 12-cv-3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013) ("*First Horizon*") (Exhibit A hereto), and *Minter v. Wells Fargo Bank, N.A.,* Nos. WMN-07-3442, WMN-08-1642, 2013 WL 593963 (D. Md. Feb. 14, 2013) ("*Minter*") (Exhibit B hereto) as supplemental authority in further support of Plaintiffs' December 21, 2012 Consolidated Opposition to Defendants' Motions to Dismiss (ECF No. 151) ("Opposition" or "Plts. Opp.").[1]

### (1) *Barlee v. First Horizon Nat'l Corp.* **(E.D. Pa. Feb. 27, 2013)**

*First Horizon*, decided by Judge Bartle of the United States District Court for the Eastern District of Pennsylvania on February 27, 2013, is factually and procedurally analogous to the instant case. Plaintiffs respectfully submit that *First Horizon* offers guidance on the proper resolution of the fact-intensive equitable tolling issues raised in Defendants' pending Motions to Dismiss.

As Plaintiffs do here, the plaintiffs in *First Horizon* alleged that a bank, its captive reinsurance subsidiary, and certain private mortgage insurance providers had engaged in a kickback and fee-splitting scheme that violated Sections 8(a) and 8(b) of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2607, *et seq.* ("RESPA"). *First Horizon,* 2013 WL 706091, at *1. Plaintiffs' complaint included claims for violations of RESPA

---

[1] Defendants' Motions to Dismiss are those filed by: (1) Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co. (collectively, "JPMorgan") and their affiliated mortgage reinsurer, Cross County Insurance Company ("Cross Country" or the "Captive Reinsurer") (ECF No. 135) ("JPMorgan MTD"); (2) Defendant United Guaranty Residential Insurance Company ("UG") (ECF No. 130) ("UG MTD"); (3) Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), Radian Guaranty Inc. ("Radian") and Triad Guaranty Insurance Corp. ("Triad") (ECF No. 132) ("MRT MTD"); (4) Defendant Genworth Mortgage Insurance Corp. ("Genworth") (ECF No. 145) ("Genworth MTD"); and (5) Defendant Republic Mortgage Insurance Co. ("RMIC") (ECF No. 137) ("RMIC MTD"). Defendants also filed reply memoranda of law in further support of their respective Motions to Dismiss: ECF No. 153 ("UG Reply"); ECF No. 156 ("RMIC Reply"); ECF No . 158 ("JPMorgan  Reply"); ECF No. 159 ("MRT Reply"); and ECF No. 160("Genworth Reply").

1

and unjust enrichment.  *Id.*

The *First Horizon* defendants, like Defendants here, filed motions to dismiss asserting, *inter alia*, that the plaintiffs' claims were barred under RESPA's one-year statute of limitations because the plaintiffs' home purchase settlements had occurred more than one year prior to the commencement of the action.  *Id.* at *1, 4-5; *see also* JPMorgan MTD 7-18; UG MTD. 4-15; RMIC MTD 4-7; Genworth MTD 5-9; MRT 13-18.  As Plaintiffs allege in this action, the *First Horizon* plaintiffs alleged that the statute of limitations had not expired for their RESPA claims because principles of equitable tolling applied.  *First Horizon,* 2013 WL 706091, at *4-5; *see also* ¶¶ 138-155;[2]  Plts. Opp. 23-44.  In support of this proposition, the *First Horizon* plaintiffs alleged (as Plaintiffs do here) that form documents that the defendants had provided to the plaintiffs at the times of their respective closings were affirmatively misleading in several respects.  *First Horizon*, 2013 WL 706091, at *4-5; *see also* ¶¶ 144-45, 150, 155.  The *First Horizon* defendants, mirroring the arguments of Defendants here, argued that the plaintiffs had failed to plead a basis for equitable tolling and that the court could determine on the pleadings that equitable tolling did not apply to the plaintiffs' claims.  *First Horizon*, 2013 WL 706091, at *1, 4-6; *see also* JPMorgan MTD 7-18; UG MTD. 4-15; RMIC MTD 4-7; Genworth MTD 5-9; MRT 13-18.

Judge Bartle considered and rejected each of the defendants' arguments against equitable tolling, and held that the plaintiffs had adequately alleged the applicability of the doctrine to their claims.  *First Horizon*, 2013 WL 706091, at *4-5.  The *First Horizon* court thus confronted and resolved allegations and  arguments  regarding the applicability of equitable tolling virtually identical to those presented in the  parties'  Rule 12(b)(6) briefing here.  Specifically, the issues presented in both *First Horizon* and this action include, among others:

---

[2] All references to "¶ __" refer to the First Amended Class Action Complaint (ECF No. 79) ("Complaint).  All citations and internal quotation marks are omitted and all emphasis is added herein unless otherwise noted.

• Whether the fact-intensive nature of the equitable tolling inquiry renders it unsuitable for resolution on a Rule 12(b)(6) motion (*First Horizon*, 2013 WL 706091, at *4-5; Plts. Opp. 25-26; ¶¶ 138-55);

• Whether the following alleged acts, *inter alia*, may constitute affirmative concealment: (i) misrepresenting in form mortgage documents facts regarding a captive reinsurance arrangement; (ii) misrepresenting in form mortgage documents the true nature of any putative reinsurance services provided; (iii) failing to disclose the true terms of a reinsurance arrangement; and (iv) failing to identify the participants in a captive reinsurance arrangement (*First Horizon*, 2013 WL 706091, at *5; JPMorgan MTD 8-10; UG MTD 8; RMIC MTD 5-6; Genworth 6-7; Plts. Opp. 26-29; ¶¶ 138-55); and

• Whether plaintiffs exercise due diligence by, among other things, fully participating in their loan transactions (*First Horizon*, 2013 WL 706091, at *5; JPMorgan MTD 10-18; UG MTD 7; RMIC MTD 7; Opp. 23-46; ¶¶ 138-55).[3]

Ruling in the affirmative on each of the above-noted points, the *First Horizon* court rejected the defendants' arguments, and held that the plaintiffs had properly pleaded the applicability of equitable tolling to their claims. *First Horizon*, 2013 WL 706091, at *4-5. Plaintiffs respectfully submit that Judge Bartle's well-reasoned *First Horizon* decision, made in full view and consideration of many of the same authorities cited by the Parties here, provides clear and instructive guidance for this Court in assessing Plaintiffs' claims at the pleading stage.

The *First Horizon* court made clear—consistent with Plaintiffs' arguments herein and well-settled law in both the Third and Ninth Circuits—that the application of equitable tolling is a fact-intensive inquiry that is not suited for resolution as a matter of law at the pleadings stage. *First Horizon*, 2013 WL 706091, at *4-5; Plts. Opp. 25-26.

---

[3] The *First Horizon* plaintiffs also pleaded their due diligence through allegations demonstrating the First Horizon defendants' obfuscation in communications with customers who made direct inquiries regarding the alleged captive reinsurance scheme at issue in that case. *See, e.g., Barlee v. First Horizon Nat. Corp.*, No. 12-cv-3045-HB, ECF No. 61 (First Amended Class Action Complaint) ¶¶ 156-63, 176.

3

The *First Horizon* court also held that the following allegations in the complaint in that action (mirroring those pled by Plaintiffs in the Complaint in this case) satisfied the requirements for pleading equitable tolling:

- The defendants knowingly and actively concealed the basis for the plaintiffs' claims (*First Horizon*, 2013 WL 706091, at *4-5; *see also* ¶¶ 144-45);

- The defendants used their form mortgage documents, mortgage insurance disclosures, disclosures of affiliated business arrangements, and the entire artifice of a seemingly legitimate business arrangement, to affirmatively mislead class members about the relationship between the reinsurer and the lender, and to represent that, rather than a kickback or unearned fee, any payments exchanged between the affiliated businesses, or given to such businesses by the private mortgage insurer defendants through referral, were for actual services rendered (*First Horizon*, 2013 WL 706091, at *5; *see also* ¶¶150-151;

- The plaintiffs' and the putative class members' purported delay was excusable because they did not discover, and reasonably could not have discovered, the defendants' conduct absent specialized knowledge and/or assistance of counsel (*First Horizon*, 2013 WL 706091, at *5; *see also* ¶¶ 149, 154-55);

- The plaintiffs and members of the putative class could not, despite the exercise of due diligence, have discovered the underlying basis for their claims (*First Horizon*, 2013 WL 706091, at *5; *see also* ¶ 154); and

- The plaintiffs exercised due diligence by fully participating in their loan transactions (*First Horizon*, 2013 WL 706091, at *5; *see also* ¶ 154).

Judge Bartle held that allegations, like those at issue here, that Defendants' form documents affirmatively misled Plaintiffs "are sufficient to allege equitable tolling in a RESPA case." *First Horizon*, 2013 WL 706091, at *5 (citing *Marple v. Countrywide Fin. Corp.*, No. 07-cv-4402, 2008 U.S. Dist. LEXIS 37705, at *14 (D.N.J. May 7, 2008)).[4]

---

[4] Like Plaintiffs here and in *First Horizon*, the plaintiff in *Marple* alleged that the mortgage documents she received from her lender and the other defendants in that action

4

Judge Bartle thus rejected the defendants' attempts to recast and mischaracterize the plaintiffs' claims as claims for mere non-disclosure, stating, "Plaintiffs are not averring that defendants simply failed to disclose the alleged kickbacks.  Rather, they plead that the defendants affirmatively misled them by 'representing that, rather than a kickback or unearned fee, any payments exchanged…were for actual services rendered.'"  *First Horizon*, 2013 WL 706091, at *5.  Plaintiffs assert similar allegations and arguments in this case, while Defendants wrongly contend, like the *First Horizon* defendants, that Plaintiffs' claims are for non-disclosure.  ¶¶144-45; Plts. Opp. 26-29; *see, e.g.,* MRT MTD 16; RMIC MTD at 7, n.4; UG MTD 10; Genworth MTD 9, n. 4.  Judge Bartle's ruling bears directly on these arguments.[5]

Finally, Defendants here have placed great emphasis on *McCarn v. HSBC USA, Inc.*, No. 12-cv-375, 2012 U.S. Dist. LEXIS 162257 (E.D. Cal. Nov. 13, 2012), and repeatedly encouraged the Court to follow that decision.  As Plaintiffs have pointed out in their opposition, in rejecting similar equitable tolling claims, the *McCarn* Court mistakenly found that the plaintiffs' RESPA claims and the basis for equitable tolling were one in the same.  *See McCarn*, 2012 WL 5499433, at *7; Plts. Opp. 44.   Plaintiffs pointed out that the holding in *McCarn,* relying on a *habeas corpus case* with a peculiar set of facts inapposite to those here, is in conflict with decisions made by other courts on the same issue.  *See* Plts. Opp.  41, n. 27.  The decision in *First Horizon* was considered and determined in full view of *McCarn*, which further supports Plaintiffs' argument that

affirmatively misled her by representing that certain identified amounts that she would be paying were for actual services when, in fact, some amounts that she paid funded a prohibited kickback.  *First Horizon*, 2013 WL 706091, at *5.

[5] Indeed, by holding that the *First Horizon* plaintiffs sufficiently alleged equitable tolling of their RESPA and unjust enrichment claims, Judge Bartle rejected the argument made by all of the *First Horizon* Defendants (also proffered by all Defendants here) that the plaintiffs' allegations were insufficient to satisfy the particularity requirements of Fed. R. Civ. P. 9(b).  *See, e.g., Barlee v. First Horizon Nat. Corp.*, No. 12-cv-3045, ECF Nos. 65 at 11; 66-1 at 22; 67 at 13 (*First Horizon* defendants' Memoranda of Law in Support of their Motions to Dismiss).

5

*McCarn* has no bearing on this case.

The fact that *First Horizon* was decided under Third Circuit law is of no consequence because the analysis required for equitable tolling in the Third Circuit is the same as the analysis for fraudulent concealment/equitable estoppel (as a basis for equitable tolling) in the Ninth Circuit, *i.e.,* both Circuits require an affirmative act of misrepresentation on the part of Defendants.[6]   *See Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (fraudulent concealment equitably tolls the statute where "affirmative conduct upon the part of defendants which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief."); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (equitable tolling applies, *inter alia*, "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action" or "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights.").   Judge Bartle's well-reasoned decision in *First Horizon* affirms Plaintiffs' tolling arguments here.

**(2)   *Minter v. Wells Fargo Bank, N.A.* (D. Md. Feb. 14, 2013)**

Like *First Horizon*, the recent decision in *Minter,* made on a fully developed factual record at summary judgment, reinforces the sufficiency of Plaintiffs' allegations regarding the availability and applicability of equitable tolling to their RESPA claims.[7]   *See, e.g., Minter*, 2013 WL 593963, at *13-15; Plts. Opp. 23-45.

In *Minter*, the defendants moved for summary judgment on the plaintiffs' equitable tolling claims.   *See Minter*, 2013 WL 593963, at *1.   The plaintiffs alleged that the defendants provided misleading disclosures that concealed the true nature of the business relationships among the parties involved such that no amount of diligence would have

---

[6] By citing to a decision from the Middle District of Pennsylvania in support of their arguments against tolling, Defendants acknowledge the similar approaches to tolling in the Third and Ninth Circuits.  *See* MRT 14; Plts. Opp. at 43.

[7] *Minter's* equitable tolling analysis applies with equal force to Plaintiffs' unjust enrichment claims.  *See* Plts. Opp 23-45, 49.

6

enabled the plaintiffs to timely discover their claims. *Id*. at *14. The facts Plaintiffs allege herein with respect to equitable tolling are similar to those alleged in *Minter*. *See* Plts. Opp. 23-45.

The *Minter* defendants asserted that the plaintiffs could not establish equitable tolling because each plaintiff had received and read certain defendant-issued "disclosures" at their respective closings that purportedly provided information regarding: (i) the business relationship among the defendants; (ii) the settlement services actually provided by defendants; and (iii) the payment and/or division of certain fees derived from those services. According to the *Minter* defendants, the plaintiffs did not inquire any further regarding the defendants' business relationship or settlement services. *Minter*, 2013 WL 593963, at *14-15.

The court denied summary judgment, holding that: (i) "a jury could find that Prosperity fraudulently concealed from [plaintiff] details pertaining to her loan and the identity of the lender"; and (ii) a question existed as to "how successful any inquiry would have been, given Defendants' consistent efforts to maintain a cloak of confidentiality over the relationships between Prosperity and Wells Fargo." *Minter*, 2013 WL 593963, at *14-15.[8] This decision, like *First Horizon*, provides further confirmation that the application of equitable tolling is a fact-intensive inquiry that is not suited for resolution as a matter of law at pleading stage or, for that matter, at the summary judgment stage. *See id*. at *14-15; Plts. Opp. 25-26; *see also First Horizon*, 2013 WL 706091, at *5.

*First Horizon* and *Minter* provide compelling support for Plaintiffs' opposition to Defendants motions to dismiss.

---

[8] Notably, Plaintiffs here investigated their claims immediately upon learning of the possible existence of those claims. *See* ¶143. These inquiries were futile and unsuccessful because Defendants' representatives failed to provide complete or accurate responses. *Id*.

7

Dated:  March 19, 2013                Respectfully submitted,

                                      **KESSLER TOPAZ**
                                      **  MELTZER & CHECK, LLP**

                                      */s/ Edward W. Ciolko*
                                      Edward W. Ciolko (*pro hac vice*)
                                      Terence S. Ziegler (*pro hac vice*)
                                      Amanda R. Trask *(pro hac vice)*
                                      Jesse C. Klaproth *(pro hac vice)*
                                      280 King of Prussia Road
                                      Radnor, PA  19087
                                      Telephone: (610) 667-7706

                                      Daniel L. Germain (Bar No. 143334)
                                      **ROSMAN & GERMAIN LLP**
                                      16311 Ventura Boulevard, Suite 1200
                                      Encino, CA  91436
                                      Telephone: (818) 788-0877

                                      Alan R. Plutzik
                                      **BRAMSON PLUTZIK MAHLER &**
                                      **BIRKHAEUSER LLP**
                                      2123 Oak Grove Boulevard, Ste. 120
                                      Walnut Creek, CA  94598
                                      Telephone: (925) 945-0200

                                      Andrew L. Berke
                                      **BERKE, BERKE & BERKE**
                                      420 Frazier Avenue
                                      Chattanooga, TN  37402
                                      Telephone: (423) 266-5171

                                      ***Attorneys for Plaintiffs and***
                                      ***the Proposed Class***

8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


*/s/ Edward W. Ciolko*
Edward W. Ciolko (*pro hac vice*)