Christopher H. Hart (CSBN 184117)
  chart@schnader.com
David Smith (*Admitted Pro Hac Vice*)
  dsmith@schnader.com
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
  sfogdall@schnader.com
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
  tloscalzo@schnader.com
SCHNADER HARRISON SEGAL &
  LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Defendant RADIAN GUARANTY INC.

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE CO., UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No. EDCV11-01950 VAP SPX<br><br>**RESPONSE OF DEFENDANTS RADIAN GUARANTY INC. AND MORTGAGE GUARANTY INSURANCE CORP. TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: April 29, 2013<br>Time: 2:00 pm<br>Place: Courtroom 2<br>3470 Twelfth Street, 2nd Floor<br>Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

Eileen R. Ridley (CSBN 151735)
  eridley@foley.com
FOLEY & LARDNER LLP
555 California Street
Suite 1700
San Francisco, CA  94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507

Attorneys for Defendant
MORTGAGE GUARANTY
INSURANCE CORPORATION

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Defendants Radian Guaranty Inc. ("Radian") and Mortgage Guaranty Insurance Corporation ("MGIC") submit this response to plaintiffs' notice of supplemental authority. Contrary to plaintiffs' assertions, nothing in *Barlee v. First Horizon National Corp.*, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013), nor *Minter v. Wells Fargo Bank, N.A.*, 2013 WL 593963 (D. Md. Feb. 14, 2013), saves their claims from dismissal.

***First,*** plaintiffs fail to acknowledge that the *Barlee* court ***dismissed*** the claims against the mortgage insurers that, like Radian and MGIC here, did not insure the plaintiffs' loans. The *Barlee* court rejected the plaintiffs' "conclusory allegations that all the private insurers were part of one scheme." *Barlee*, 2013 WL 706091 at *3. The court "s[aw] no motive for the private mortgage insurers to participate together in" such a "scheme." *Id.* (following *McCarn v. HSBC USA, Inc.*, 2012 U.S. Dist. LEXIS 162257, *11 (E.D. Cal. Nov. 13, 2012)). Because "[p]laintiffs failed to plead any facts demonstrating that a scheme existed among the private mortgage insurers," they lacked standing to sue those mortgage insurers that did not insure their loans. *Id.*

Plaintiffs' conspiracy allegations in this case are just as threadbare and implausible as those made in *Barlee*. Thus, under what plaintiffs call the "clear and instructive guidance" in the *Barlee* court's "well-reasoned" opinion, Pls' Supp. Auth. at 3, both Radian and MGIC should be dismissed from this case.

***Second,*** nothing in *Barlee* nor *Minter* supports the conclusion that RESPA's one-year statute of limitations can be tolled against parties, such as Radian and MGIC, who had no role whatsoever in the preparation or the distribution of the supposedly "misleading" documents that plaintiffs say concealed their potential claims. Pls' Supp. Auth. at 4-5. Plaintiffs do not and cannot dispute that the documents they say misled them were prepared by their lender, JPMorgan, not any of the mortgage insurers, and certainly not Radian or MGIC, which did not insure plaintiffs' loans, and had nothing whatsoever to do with their real estate

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1
RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 5:11-CV-01950 VAP-SP

transactions. Plaintiffs make no allegation that any purported misstatement in these documents could be imputed to Radian or MGIC. To the contrary, plaintiffs plead that "***JPMorgan*** used ***its*** form mortgage documents" to supposedly mislead them, Am. Compl. ¶ 145 (emphasis added); that "***JPMorgan*** intentionally designed any disclosure that it provided" to "conceal" plaintiffs' claims, Am. Compl. ¶ 150 (emphasis added); and that "***JPMorgan*** provided misleading and false information to Plaintiffs and the Class," Am. Compl. ¶ 155 (emphasis added). Plaintiffs do not dispute that in the Ninth Circuit, "the doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who [allegedly] committed the concealment." *Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (quoting *Greenwald v. Manko*, 840 F. Supp. 198, 203 (E.D.N.Y. 1993)). Plaintiffs do not allege that either Radian or MGIC committed ***any*** act of concealment. Plaintiffs therefore fail to plead any basis to toll the statute of limitations against them, and nothing in *Barlee* or *Minter* alters this conclusion.

*Third*, unlike in *Barlee* or *Minter*, plaintiffs here admit that they each received a disclosure prior to the closing of their loans, separate from their mortgage contracts, which specifically addressed captive mortgage reinsurance. *See* Am. Compl. Exs. H and HH. These disclosures state in plain English that JPMorgan "has an affiliate, Cross Country Insurance Company, that provides reinsurance to mortgage guaranty insurance companies." *Id.* These disclosures also state that plaintiffs' loans might be reinsured with this affiliate, which "***may result in a financial gain to the company providing the reinsurance***." *Id.* (emphasis added). Lastly, these disclosures informed plaintiffs that they could direct JPMorgan to "***exclude [the] mortgage guaranty insurance coverage from this arrangement.***" *Id.* (emphasis added). The plaintiffs in *Barlee* and *Minter* did not submit such disclosures with their complaints, and neither court had an opportunity to consider the impact of such disclosures on the timeliness of the

2

plaintiffs' claims. By contrast, plaintiffs here ignored documents expressly informing them of the possibility that their loans could be reinsured, and specifically inviting them to direct that their loans *not* be reinsured, and now assert years later that they somehow were not on notice of their potential claims.

In sum, plaintiffs cannot bring claims against mortgage insurers, such as Radian and MGIC, that did not insure their loans. Further, plaintiffs were on notice of their potential claims against Radian and MGIC from the moment their loans closed. Thus, Plaintiffs' claims against Radian and MGIC should be dismissed.

Respectfully submitted,

Dated: April 1, 2013        SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ Stephen A. Fogdall
Christopher H. Hart
David Smith (*Admitted Pro Hac Vice*)
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
Attorneys for Defendant
RADIAN GUARANTY INC.
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
Email: chart@schnader.com

Dated: April 1, 2013        FOLEY & LARDNER LLP

/s/ Eileen R. Ridley
Eileen R. Ridley (as authorized on April 1, 2013)
Attorneys for Defendant
MORTGAGE GUARANTY INSURANCE CORPORATION
555 California Street
Suite 1700
San Francisco, CA 94104-1520

3

RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 5:11-CV-01950 VAP-SP

Telephone: 415-434-4484
Facsimile: 415-434-4507
Email: eridley@foley.com

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

# PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of Philadelphia, State of Pennsylvania, in the office of an attorney who is admitted to practice *pro hac vice* in this court and at whose direction service is being made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 1600 Market Street, Suite 3600, Philadelphia, Pennsylvania, 19103-7286. On April 1, 2013, I caused to be served the following document(s):

1. **RESPONSE OF DEFENDANTS RADIAN GUARANTY INC. AND MORTGAGE GUARANTY INSURANCE CORP. TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

I caused the above documents to be served by the following means:

☒ <u>Via Court Notice of Electronic Filing</u>: The documents will be served by the court via NEF and hyperlink to the document. On April 1, 2013, I checked the CM/ECF docket for this case and determined that service was effectuated on all parties via the Electronic Mail Notice List at the email addresses indicated.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on April 1, 2013, at Philadelphia, Pennsylvania.

/s/ Christopher A. Reese
Christopher A. Reese

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785