SAMUEL A. KEESAL, JR., CASB No. 38014
skip.keesal@kyl.com
BEN R. SUTER, CASB No. 107680
ben.suter@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
KRISTY A. HEWITT, CASB No. 274452
kristy.hewitt@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

ANDREW J CERESNEY (pro hac vice)
ajceresney@debevoise.com
MAEVE O'CONNOR (pro hac vice)
moconnor@debevoise.com
JAMES BENJAMIN AMLER (pro hac vice)
jbamler@debevoise.com
DEBEVOISE AND PLIMPTON LLP
919 Third Avenue
New York, NY 10028
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO.,
and CROSS COUNTRY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE COMPANY, UNITED | Case No. EDCV11-01950 VAP SPX<br><br>**DEFENDANTS JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., AND CROSS COUNTRY INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: April 29, 2013 |

| | |
|---|---|
| GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP., Defendants. | Time: 2:00 p.m.<br>Place: Courtroom 2<br>3470 Twelfth Street, 2nd Floor<br>Riverside, CA<br>Judge: The Hon. Virginia A. Phillips |

///

///

## I. PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IS AN IMPROPER SUR-REPLY.

Plaintiffs' "Notice of Supplemental Authority" constitutes an improper sur-reply in opposition to Defendants' Motion to Dismiss. *See* Plaintiffs' Notice of Supplemental Authority ("NSA"). (Docket No. 166.) The NSA consists of seven pages of legal argument, including re-argument of the impact of *McCarn v. HSBC USA, Inc.*, No. 1:12–CV–00375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012), and other issues amply covered in the parties' briefs.[1] Because Plaintiffs neither sought nor were granted approval to file a sur-reply, Plaintiffs' filing is in contravention of Local Rule 7-10 and improper. *See* C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). To the extent that the Court considers Plaintiffs' NSA, the JPMC Defendants respectfully submit the following response.

## II. PLAINTIFFS' SUPPLEMENTAL AUTHORITIES ARE INAPPOSITE.

The supplemental authorities proffered by Plaintiffs are factually and legally distinguishable and do not support Plaintiffs' central contention that application of equitable tolling is not suited for resolution at the pleading stage. To the extent that the cases—both from outside this Circuit and applying different underlying law—conflict with recent precedent applying Ninth Circuit law, they are not persuasive.

///

---

[1] *See*, Mem. of Law in Support of Defs. JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., and Cross Country Insurance Company's Mot. to Dismiss the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 135) (hereinafter "Mem."); Plaintiffs' Omnibus Opposition to the Five Motions to Dismiss Filed by Defendants, (Docket No. 151) ("Opp'n"); Reply in Further Support of Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co., and Cross Country Insurance Company's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b) 6, (Docket No. 158) ("Reply"). All capitalized terms used herein have the definitions set forth in the JPMC Memorandum.

## A. *MINTER v. WELLS FARGO BANK, N.A.*

*Minter v. Wells Fargo Bank, N.A.*, WMN-7-3442, 2013 WL 593963 (D. Md. Feb. 14, 2013) ("*Minter*"), a case outside of this Circuit, does more to support Defendants' position than Plaintiffs'. The *Minter* court held—as Defendants here have argued—that a RESPA violation is not a self-concealing wrong. *Id.* at *15. In so holding, the court emphasized that "[c]ourts addressing that issue have consistently held that violations of Section 8 of RESPA are not self-concealing" and cited *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415 (6th Cir. 2009), and *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 557 (N.D. Cal. 2007)—two on-point decisions that Plaintiffs would have this Court ignore. *Minter*, 2013 WL 593963, at *15; Opp'n at 27–28 n.17, 29 n.18. *Minter* confirms that Plaintiffs' allegation that "Defendants knowingly and actively concealed the basis for Plaintiffs' claims by engaging in a scheme that was, by its very nature and purposeful design, self-concealing" is insufficient as a matter of law. (FAC ¶ 138.)

The *Minter* court's denial of the defendants' motion for summary judgment on fraudulent concealment grounds was based on a fully developed record and was specific to its facts.[2] The *Minter* court found that the plaintiff had raised a material issue of fact as to whether defendants misrepresented the identity of plaintiff's lender and whether the evidence concerning defendants' efforts to maintain a "cloak of confidentiality" over the lender's true identity meant that further diligence on the part of plaintiff concerning the lender's identity would have been futile. *Id.* at 14–15.

In contrast, Plaintiffs in the instant case (which is at the motion to dismiss stage) allege no fraudulent concealment by the JPMC Defendants that prevented Plaintiffs from filing their suit within the one-year limitations period. (Mem. 18–21.)

---

[2] Plaintiffs rely on *Minter* for the inaccurate proposition that "the application of equitable tolling is a fact-intensive inquiry that is not suited for resolution as a matter of law." (NSA 7.) That flawed proposition is inconsistent with Ninth Circuit law and appears nowhere in *Minter*. *See*, *infra*, Section II.B, at 3.

Instead, Plaintiffs allege that the RESPA violation is self-concealing, and that JPMC "failed to advise borrowers" of the alleged RESPA violation, thus "merg[ing] the substantive wrong with the tolling doctrine." FAC ¶ 138; Opp'n at 40, *McCarn*, 2012 WL 5499433, at *7 (internal quotation omitted).[3] As Defendants set forth in their briefing and as recent decisions within the Ninth Circuit confirm, Plaintiffs' failure to allege misrepresentation beyond the actual basis for their lawsuit is fatal to their claims. Reply 10; *McCarn*, 2012 WL 5499433, at *7 (citing *Coppinger-Martin v. Solis*, 627 F.3d 745, 751–52 (9th Cir. 2010)); *Kay*, 247 F.R.D. at 557.

### B. *BARLEE v. FIRST HORIZON NAT'L CORP.*

Plaintiffs misrepresent both the factual background and the holding of *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013) ("*First Horizon*"), another case outside this Circuit, and their reliance on it is misplaced.

*First*, Plaintiffs attempt to rewrite Ninth Circuit law by asserting that *First Horizon* "made clear – consistent with . . . well-settled law in both the Third and Ninth Circuits – that the application of equitable tolling is . . . not suited for resolution as a matter of law at the pleadings stage." (NSA 3.) On the contrary, Ninth Circuit law is unequivocal that dismissal on the pleadings is appropriate where, as here, "the running of the statute is apparent on the face of the complaint," even in cases where equitable tolling is alleged. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Hyunh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *e.g.*, *Lyman v. Loan Correspondents*, No. SACV 06-01174, 2009 WL 3757398, at *2 (C.D. Cal. Nov. 6, 2009), *aff'd* 470 Fed. App'x 688 (9th Cir. 2012)

///

---

[3] Plaintiffs' conclusory allegation that Defendants concealed their conduct by providing inaccurate or incomplete information to state regulators fails for lack of particularity. Reply 10–11; *McCarn*, 2012 WL 5499433, at *7.

(affirming dismissal of RESPA claim with prejudice where plaintiffs conducted no due diligence within limitations period); Mem. 6 (collecting cases).[4]

*Second*, contrary to Plaintiffs' assertion, the factual allegations at issue in *First Horizon* differed fundamentally from this case in that the loan disclosures received by the *First Horizon* plaintiffs were noticeably narrower. The disclosure in *First Horizon*—unlike the disclosure in this case—did not (i) state that the reinsurer stood to gain financially from a captive reinsurance transaction, (ii) identify the captive reinsurer, or (iii) enable the borrower to opt out of captive reinsurance.[5] In other words, the *First Horizon* disclosure did not clearly communicate the potential for a financial gain resulting from the captive reinsurer-lender relationship, nor did it raise the possibility that the borrower might find this objectionable by allowing the borrower to opt out of captive reinsurance. Here, Plaintiffs were provided with fulsome disclosures that multiple courts have held to be sufficient to put plaintiffs on notice of the possible existence of their claims. (Mem. 8–10.)

Given the differences in the factual allegations, Plaintiffs' claim that Third Circuit law and Ninth Circuit law on equitable tolling are identical because "both Circuits require an affirmative act of misrepresentation on the part of Defendants" is beside the point because no misrepresentation existed here.[6] (NSA 6.) Moreover, Ninth Circuit law of fraudulent concealment also requires that plaintiffs actually and reasonably relied on defendants' alleged misrepresentation—an element not addressed by the *First Horizon* court and an independent basis for dismissal where, as here, no

---

[4] The court in *First Horizon* did not disagree, noting that "tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." 2013 WL 706091, at *4 (internal quotation omitted).

[5] *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, Docket Nos. 1–2 (Exhibit 6 to the Complaint), and Docket No. 76 at 34–35 (Plaintiffs' Omnibus Opposition to the Three Motions to Dismiss Filed by Defendants).

[6] Contrary to Plaintiffs' assertion, Defendants do not acknowledge a similar approach to tolling in the Third and Ninth Circuits. (NSA 6, n.6.)

misrepresentation existed. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1173 (9th Cir. 2000) ("We hold that a plaintiff's reasonable reliance on fraudulent concealment is required for application of the doctrine of equitable estoppel."), *overruled on other grounds*; Mem. 2; *First Horizon*, 2013 WL 706091, at *4–5.

Finally, as set forth in the JPMC Defendants' briefing, Plaintiffs cannot satisfy their pleading burden on equitable tolling under Ninth Circuit law simply by asserting that RESPA was violated. Plaintiffs' assertion that JPMC "failed to advise borrowers that Cross Country was created merely as a repository for the illegal kickbacks" (Opp'n 40) is insufficient because it "merge[s] the substantive wrong with the tolling doctrine." *McCarn*, 2012 WL 5499433, *7 (citing *Coppinger–Martin*, 627 F.3d at 751–52); Reply 10. The *McCarn* court in the Eastern District of California, faced with nearly identical facts, found that "the Ninth Circuit has repeatedly rejected" claims like Plaintiffs', firmly supporting Defendants' motion to dismiss. *McCarn*, 2012 WL 5499433, at *7. Despite Plaintiffs' protestations, *that* is the law in this Circuit.

That the court in *First Horizon* held otherwise, based on different facts analyzed under Third Circuit law, has no bearing on this case.[7] Plaintiffs' argument that *McCarn* should be disregarded because the court in *First Horizon* was aware of *McCarn* decision is absurd. (NSA 5–6.) To the extent the cases conflict, they do so because of factual differences between the two cases and legal differences between the two Circuits. *First Horizon* is therefore unpersuasive.

///

///

---

[7] The court in *First Horizon* also found—without discussion—that plaintiffs' circular and self-justifying assertion that they had "exercised due diligence by fully participating in their loan transactions" was sufficient to plead due diligence. 2013 WL 706091, at *5. As set forth in Defendants' Motion to Dismiss, this is plainly insufficient under Ninth Circuit law. (Mem. 10–13.)

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' improper sur-reply should be stricken or, in the alternative, the foregoing responses of the JPMC Defendants should be considered.

DATED: April 2, 2013

/s/ KRISTY A. HEWITT
SAMUEL A. KEESAL, JR.
BEN R. SUTER
DAVID D. PIPER
KRISTY A. HEWITT
KEESAL, YOUNG & LOGAN

ANDREW J. CERESNEY (pro hac vice)
MAEVE O'CONNOR (pro hac vice)
JAMES BENJAMIN AMLER (pro hac vice)
DEBEVOISE AND PLIMPTON LLP

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., and CROSS COUNTRY INSURANCE COMPANY