William L. Kirkman (SBN 11518700)
billk@bourlandkirkman.com
Bourland & Kirkman, L.L.P.
201 Main Street, Suite 1400
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Michael L. Tidus (SBN 126425)
mtidus@jdtplaw.com
John Petrasich (SBN 48469)
jpetrasich@jdtplaw.com
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California 92614
Telephone: (949) 752-8585
Facsimile: (949) 752-0597

Attorneys for Moving Defendant Republic
Mortgage Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendant. | CASE NO. ED CV11-01950 VAP-SP<br><br>**RESPONSE OF REPUBLIC MORTGAGE INSURANCE COMPANY TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>DATE: April 29, 2013<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 2<br>JUDGE: Hon. Virginia A. Phillips |

Defendant Republic Mortgage Insurance Company ("RMIC") files this *Response to Plaintiff's Notice of Supplemental Authority* and respectfully shows as follows:

## I.
## PLAINTIFFS' *NOTICE* SHOULD BE STRICKEN

On March 19, 2013, Plaintiffs filed a "Notice of Supplemental Authority" that is in essence a surreply to the Motions to Dismiss filed by Defendants. The Notice states that its purpose is to bring to the Court's attention two cases recently decided; however, the Notice consists of seven pages of legal argument, including further discussion of the impact of *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012). Plaintiffs did not seek, and were not granted, leave to file their Notice. Accordingly, the Notice should be stricken. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").

## II.
## NEITHER CASE CITED BY PLAINTIFFS PROVIDES A REASON TO DENY RMIC'S *MOTION TO DISMISS*

To the extent the Court is inclined to consider new matters, Plaintiffs' *Notice* asks the Court to accept *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013), and *Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442, WMN-08-1642, 2013 WL 593963 (D. Md. Feb. 14, 2013), in further support of their *Consolidated Opposition to Defendants' Motions to Dismiss*. However, neither of these cases provides a basis for the Court to deny RMIC's *Motion to Dismiss*.

### A. *Barlee v. First Horizon* is Inapplicable to This Case.

*Barlee* is not dispositive as to Plaintiffs' claims against RMIC, because Plaintiffs here do not allege that RMIC provided any documents or made any statements to Plaintiffs that are alleged to be false, deceptive, or misleading. As Plaintiffs themselves point out, both the Third and Ninth Circuits "require an affirmative act of misrepresentation on the part of Defendants" so as to trigger "fraudulent concealment/equitable estoppel" *Pls. Notice of Supp. Auth.* at 6. Plaintiffs do not allege, and have not pleaded, that RMIC made any misleading

-2-

**RESPONSE OF RMIC TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

statement or provided any misleading information to Plaintiffs that prevented them from timely discovering their claims. *See Plaintiffs' First Amended Class Action Complaint*, ¶¶ 138-55. Such is fatal to Plaintiffs' claims of "fraudulent concealment/equitable estoppel" as to RMIC.

RMIC is not in the same position as the lender defendants in *Barlee*, whose closing documents supposedly misled the plaintiffs. RMIC did not provide any documents to Plaintiffs and Plaintiffs have not so pleaded. Nor do Plaintiffs make any allegation that any purported misstatement in these documents could be imputed to RMIC. To the contrary, Plaintiffs plead that "**JPMorgan** used **its** form mortgage documents" to mislead the class members, *Pls.' Am. Compl.* ¶ 145; that "**JPMorgan** intentionally designed any disclosure that it provided to its borrowers in such a manner as to conceal" the "underlying basis for their claims," *id.* ¶ 150; and that "**JPMorgan** provided misleading and false information to Plaintiffs and the Class," *id.* ¶ 155 (emphasis added). There is simply no basis for concluding that RMIC misled Plaintiffs. Because they have not adequately pleaded facts sufficient to support their claim to equitable tolling as to RMIC, Plaintiffs' claims against RMIC must be dismissed.[1]

### B. *Minter v. Wells Fargo* is Supportive of Dismissal of RMIC

Plaintiffs point to *Minter* as reinforcing the sufficiency of their allegations regarding the availability and applicability of equitable tolling. *Pls. Notice of Supp. Auth.* at 6. But, Plaintiffs fail to point to any specific allegations they make to support a theory of equitable tolling as to their claims against RMIC. As stated, there simply are none. As *Minter* points out, a statute of limitations can only be tolled where the plaintiff establishes that the defendant fraudulently concealed facts

---

[1] RMIC would point out that, to the extent the *Barlee* opinion indicates that participation of unidentified defendants in "a scheme that was, by its very nature and purposeful design, self-concealing," 2013 WL 706091, at *5, is sufficient to invoke equitable tolling, that conclusion is contrary to *Minter*, the other case Plaintiffs rely on. *Minter* clearly holds, consistent with other courts that have addressed the issue, that "violations of Section 8 of RESPA are not self-concealing." 2013 WL 593963, at *15.

that are the basis of the plaintiff's claim. 2013 WL 593963, at *13. And, a RESPA violation is not a self-concealing wrong. *Id.* at *15. Thus, rather than support Plaintiffs' position, *Minter* reaffirms that Plaintiffs have not pleaded sufficient facts to show that equitable tolling is appropriate as to their claims against RMIC.

### C. Disclosures to Plaintiffs Are Fatal to Plaintiffs' Pleaded Claim of Equitable Tolling as to RMIC

Finally, unlike *Barlee* and *Minter*, the Plaintiffs admit in this case that they each received a disclosure prior to closing their loans, separate from their mortgage contracts, that specifically addressed the subject they complain about in this case -- captive mortgage reinsurance. *See* Pls.' Am. Compl., Exs. H & HH. These disclosures state that JPMorgan "has an affiliate, Cross Country Insurance Company, that provides reinsurance to mortgage guaranty insurance companies." *Id.* They also state that Plaintiffs' loans might be reinsured with this affiliate, which "**may result in a financial gain to the company providing the reinsurance.**" *Id.* (emphasis added). Lastly, the disclosures informed Plaintiffs that they could direct JPMorgan to "**exclude my mortgage guaranty insurance coverage from this arrangement.**" *Id.* (emphasis added). The plaintiffs in *Barlee* and *Minter* did not submit such disclosures with their complaints, and neither court had an opportunity to consider the impact of such disclosures on the timeliness of the plaintiffs' claims. By contrast, Plaintiffs here ignored documents expressly informing them of the possibility that their loans could be reinsured, and specifically inviting them to direct that their loans not be reinsured. Any contention that Plaintiffs were not put on notice of potential claims flies in the face of the *Amended Complaint*.

///

///

In sum, neither *Barlee* nor *Minter* supports Plaintiffs' arguments with regard to their claims against RMIC. For the reasons discussed in the *Motion to Dismiss*, Plaintiffs' claims against RMIC must be dismissed.

Dated: April 8, 2013         Respectfully submitted,

BOURLAND & KIRKMAN, L.L.P.

JACKSON, DeMARCO, TIDUS & PECKENPAUGH
   MICHAEL L. TIDUS
   JOHN PETRASICH


By: /s/ *Michael L. Tidus*
   Michael L. Tidus
Attorneys for Defendant
Republic Mortgage Insurance Company

**RESPONSE OF RMIC TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**