1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Daniel C. Posner (Bar No. 232009)
2      danposner@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
4  Facsimile:   (213) 443-3100

5  -and-

6  Michael B. Carlinsky (*pro hac vice*)
     michaelcarlinsky@quinnemanuel.com
7  Jane M. Byrne (*pro hac vice*)
     janebyrne@quinnemanuel.com
8  Brad E. Rosen (*pro hac vice*)
     bradrosen@quinnemanuel.com
9  51 Madison Avenue
   New York, New York 10010
10 Telephone:   (212) 849-7000
   Facsimile:   (212) 849-7100

11
   Attorneys for Defendant United Guaranty
12 Residential Insurance Company

13

14             UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                  EASTERN DIVISION

17
   WAYNE SAMP, ROBERTA SAMP,          CASE NO. CV 11-1950 VAP (SPx)
18 DANIEL KOMARCHUK, and
   ANNETTA WHITAKER, individually     **DEFENDANT UNITED**
19 and on behalf of all others similarly  **GUARANTY RESIDENTIAL**
   situated,                          **INSURANCE COMPANY'S**
20                                     **RESPONSE TO PLAINTIFFS'**
                                       **NOTICE OF SUPPLEMENTAL**
21         Plaintiffs,                 **AUTHORITY**

22      vs.                           Date:    April 29, 2013
23                                    Time:    2:00 p.m.
   JPMORGAN CHASE BANK, N.A., et     Crtrm.:  2
24 al.,                              Judge:   Hon. Virginia A. Phillips

25         Defendants.

26

27

28

1   Defendant United Guaranty Residential Insurance Company ("United

2   Guaranty") hereby responds to Plaintiffs' Notice of Supplemental Authority (Dkt.

3   166, the "Notice") as follows.

4   As an initial matter, Plaintiffs' purported "Notice of Supplemental Authority"

5   is in substance an additional memorandum of points and authorities in support of

6   Plaintiffs' opposition to the defendants' motions to dismiss.  Plaintiffs' Notice is

7   therefore unauthorized under Local Rule 7-10, which prohibits the filing of "a

8   response to the reply," and should be stricken.  As discussed below, however, even

9   if it is considered, Plaintiffs' arguments in its Notice do not support the denial of

10  United Guaranty's motion to dismiss.

11  **I.   *BARLEE V. FIRST HORIZON* DOES NOT SUPPORT THE DENIAL OF UNITED GUARANTY'S MOTION TO DISMISS**

12

13  The ruling in *Barlee v. First Horizon Nat'l Corp.*, Case No. 12-cv-3045-HB,

14  2013 WL 706091 (E.D. Pa. Feb. 27, 2013), does not provide persuasive authority

15  that counsels in favor of denying United Guaranty's motion to dismiss.  In

16  particular, the *Barlee* court did not require the plaintiffs to plead fraudulent

17  concealment with particularity against United Guaranty or to allege that they used

18  diligence throughout the period they sought to have tolled.  In those respects and

19  others, *Barlee* is not consistent with Ninth Circuit law and should not be followed.

20  Specifically, the *Barlee* court's conclusion that the plaintiffs had adequately

21  alleged fraudulent concealment against United Guaranty was made in error because

22  the plaintiffs had failed to allege any facts – let alone particularized facts that

23  complied with Rule 9(b) – showing that United Guaranty, specifically, committed

24  an act of concealment.  In fact, the only allegations of fraudulent concealment the

25  *Barlee* court identified in its order (and that the plaintiffs had alleged) were

26  misrepresentations in the plaintiffs' loan documents; however, these loan documents

27  were allegedly prepared and disseminated by the lender defendants, *not* by United

28  Guaranty.  *See Barlee*, 2013 WL 706091 at *5.  Even assuming the *Barlee* plaintiffs,

1   unlike Plaintiffs herein, adequately alleged that they were misled by their loan

2   documents, these alleged acts of fraudulent concealment do not pertain to any

3   conduct by United Guaranty.  Thus, the *Barlee* court was able to conclude that the

4   plaintiffs had adequately alleged fraudulent concealment against United Guaranty

5   only by "lumping together" United Guaranty with the lender defendants.[1]

6       It is United Guaranty's position that the *Barlee* court's decision to lump

7   together United Guaranty with the lender defendants was erroneous under Third

8   Circuit law.  What is clear, however, is that this ruling would be erroneous under

9   Ninth Circuit law, as United Guaranty has shown.  *See* Dkt. 130 at 10-11, Dkt. 153

10  at 9 (citing, *e.g.*, *Justo v. Indymac Bancorp*, 2010 WL 623715, *9 (C.D. Cal. Feb.

11  19, 2010) (a plaintiff must "specify[] the role of each defendant in a fraud")).  Thus,

12  notwithstanding the *Barlee* court's ruling, this Court should conclude that Plaintiffs

13  failed to adequately allege fraudulent concealment against United Guaranty because

14  Plaintiffs do not allege that United Guaranty committed any specific act of

15  concealment that prevented them from discovering their claims.

16      Likewise, the *Barlee* decision does not reflect the law in this Circuit with

17  respect to a plaintiff's obligation to allege diligence when seeking equitable tolling.

18  The law in this Circuit requires a plaintiff asserting equitable tolling to allege that it

19  used diligence to attempt to discover its claims for the entire period of time "until

20  discovery of the operative facts that are the basis of [their] cause of action."

21  _____

22      [1]  Contrary to Plaintiffs' argument that "Judge Bartle considered and rejected
    each of the defendants' arguments against equitable tolling," Dkt. 166 at 2, the
23  *Barlee* court did not address United Guaranty's argument that the plaintiffs were not
24  permitted to "lump together" United Guaranty with the other defendants for
    purposes of alleging fraudulent concealment.  Indeed, even when United Guaranty
25  moved for reconsideration of the *Barlee* court's ruling, the court still did not address
    United Guaranty's authorities requiring that a plaintiff allege that each defendant
26  against whom equitable tolling is sought committed an affirmative act of
27  concealment.  *See Barlee*, Case No. 12-cv-3045-HB, Dkt. 86.

28

1   *Ohlendorf v. American Brokers Conduit*, 2012 WL 718682, *7 (E.D. Cal. March 5,

2   2012).  Contrary to this law, the *Barlee* court concluded that the plaintiffs

3   adequately alleged diligence by alleging that they "fully participat[ed] in their loan

4   transactions," and then waited years until they contacted counsel to assist in

5   bringing their claims.  *Barlee*, 2013 WL 706091 at *5.  As the *McCarn* court found,

6   such allegations are insufficient to adequately allege diligence under Ninth Circuit

7   law.  *See McCarn v. HSBC USA, Inc.*, 2012 WL 5499433, *6 (E.D. Cal. Nov. 13,

8   2012) (concluding that the plaintiff had failed to adequately allege diligence, and

9   noting that "to follow Plaintiff's line of reasoning, any plaintiff who requires the

10   assistance of counsel to discover the existence of a claim, including plaintiffs who

11   conduct virtually no diligence, would be automatically entitled to equitable tolling

12   of the statute of limitations for an indefinite period of time until that plaintiff retains

13   counsel").  Accordingly, like its fraudulent concealment ruling, the *Barlee* court's

14   diligence finding is not consistent with the law in this Circuit.

15           Indeed, the *Barlee* court did not (and was not called upon to) consider *any* of

16   the dozens of authorities from within this Circuit cited by United Guaranty and the

17   other defendants in their moving papers which establish that Plaintiffs' claims are

18   time-barred.  Other than *McCarn*, in which the court dismissed the plaintiff's claims

19   for lack of standing and because they were untimely, Plaintiffs do not address in

20   their Notice any of the other in-Circuit authorities cited by the defendants, and they

21   do not explain how *Barlee* is consistent with them, which it is not.

22           Moreover, while Plaintiffs argue that this Court should follows *Barlee*

23   because the equitable tolling "analysis" is the same in both the Third and Ninth

24   Circuits (Notice at 6), Plaintiffs' counsel are taking a directly contrary position in

25   another pending case.  Specifically, after the *McCarn* court allowed the plaintiff

26   leave to amend to attempt to allege timely claims, Plaintiffs' counsel chose instead

27   to dismiss the *McCarn* case and then promptly re-file it in the Eastern District of

28   Pennsylvania on behalf of a nominally different group of plaintiffs.  *See Ba v. HSBC*

1   *USA, Inc.*, Case No. 2:13-cv-00072-PD (filed January 4, 2013).  Not surprisingly,

2   just last week in the *Ba v. HSBC* case, the plaintiffs argued in opposition to United

3   Guaranty's motion to dismiss that the court should *not* follow *McCarn* because it

4   "provides little more than an ill-founded application of the equitable tolling law *of*

5   *the Ninth Circuit*," whereas the court should follow *Barlee*, because it was decided

6   under the law of "*[the Third] Circuit*."  *Id.* Dkt. 57 at 36 (April 12, 2013) (emphasis

7   added).  Thus, Plaintiffs are arguing herein that the Court should follow *Barlee*

8   because the relevant equitable tolling law in the Third Circuit, under which *Barlee*

9   was decided, is *the same* as in the Ninth Circuit.  At the same time, Plaintiffs'

10  counsel are arguing on behalf of another group of plaintiffs in the *Ba* case that the

11  court should not follow *McCarn* because the relevant equitable tolling law in the

12  Ninth Circuit, under which *McCarn* was decided, is *different* than in the Third

13  Circuit.  The Court should reject Plaintiffs' counsel's disingenuous attempt to

14  benefit from directly contrary positions in two different courts at the same time.  At

15  a minimum, the Court should evaluate United Guaranty's motion under the law of

16  this Circuit, as Plaintiffs' counsel admit the *McCarn* court did.

17      Finally, while Plaintiffs urge the Court to follow the purported "well-

18  reasoned" decision in *Barlee*, they fail to note that the *Barlee* court rejected the

19  plaintiffs' argument that they had standing to sue mortgage-insurer defendants who

20  did not insure their loans.  *See Barlee*, 2013 WL 706091 at *3-4.  United Guaranty

21  has likewise argued herein that the Samp and Komarchuk plaintiffs do not have

22  standing to sue United Guaranty because United Guaranty did not insure their home

23  loans.  Dkt. 130 at 18, Dkt. 153 at 6, n.2.  Thus, to the extent the *Barlee* decision is

24  applicable at all with respect to Plaintiffs' standing to sue a non-insuring defendant,

25

26

27

28

it supports United Guaranty's motion to dismiss the claims raised by the Samps and
Komarchuks.[2]

## II.    *MINTER V. WELLS FARGO* DOES NOT SUPPORT PLAINTIFFS' OPPOSITION TO UNITED GUARANTY'S MOTION TO DISMISS

*Minter v. Wells Fargo Bank, N.A.*, 2013 WL 593963 (D. Md. Feb. 14, 2013),
does not help Plaintiffs either.  Indeed, to the extent *Minter* is relevant at all, it
supports United Guaranty's motion.  In particular, the *Minter* court disagreed with
the plaintiffs' argument "that a RESPA violation is a 'self-concealing' wrong," *id*. at
*15, which is an allegation Plaintiffs also raise herein to support equitable tolling.
*See* Plaintiffs' First Amended Complaint (Dkt. 79) at ¶ 138 (alleging that
"[d]efendants knowingly and actively concealed the basis for Plaintiffs' claims by
engaging in a scheme that was, by its very nature and purposeful design, self-
concealing").  *Minter*, which is a summary judgment case, also concerned an
entirely different set of loan disclosures than those at issue here, and it did not
concern the instant situation where the plaintiffs had failed to independently allege
equitable tolling against a defendant who was not alleged to have participated in the
preparation or distribution of the loan documents that contained the allegedly-
misleading disclosures.

---

[2]    In a transparent attempt to preserve their ability to rely upon the part of the
*Barlee* decision they like (regarding equitable tolling), while obviating their need to
address the part of that decision they don't like (regarding standing), plaintiffs in
several other cases raised by Plaintiffs' counsel have voluntarily dismissed their
claims against "non-insuring defendants."  *See*, *e.g.*, *Riddle v. Bank of Am. Corp.*,
Case No. 12-cv-01740-BMS (E.D. Pa. March 5, 2013), Dkt. Nos. 88-90.  In
contrast, the non-insured plaintiffs in this case, the Samps and Komarchuks, have
not dismissed their claims against United Guaranty, and thus they appear to be
continuing to assert that they have standing to sue non-insuring defendants like
United Guaranty, notwithstanding the *Barlee* court's conclusion to the contrary.

1  DATED:  April 16, 2013                QUINN EMANUEL URQUHART &
2                                         SULLIVAN, LLP

3                                         By ___/s/ Daniel C. Posner
4                                             Daniel C. Posner
                                             Attorneys for Defendant United Guaranty
5                                             Residential Insurance Company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28