| | |
|---|---|
| 1 | William L. Kirkman (SBN 11518700) |
| 2 | billk@bourlandkirkman.com |
|   | Bourland & Kirkman ,L.L.P. |
| 3 | 201 Main Street, Suite 1400 |
|   | Fort Worth, Texas 76102 |
| 4 | Telephone:  (817) 336-2800 |
|   | Facsimile:  (817) 877-1863 |
| 5 | |
| 6 | Michael L. Tidus (SBN 126425) |
|   | mtidus@jdtplaw.com |
| 7 | John Petrasich (SBN 48469) |
|   | jpetrasich@jdtplaw.com |
| 8 | Jackson, DeMarco, Tidus & Peckenpaugh |
|   | 2030 Main Street, Suite 1200 |
| 9 | Irvine, California 92614 |
|   | Telephone: (949) 752-8585 |
| 10| Facsimile:  (949) 752-0597 |
| 11| Attorneys for Moving Defendant Republic Mortgage Insurance Company |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendant. | CASE NO.  5:11-cv-01950 VAP-SP<br><br>**DEFENDANT REPUBLIC MORTGAGE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date:     April 29, 2013<br>Time:    2:00 p.m.<br>Dept:     Courtroom 2<br><br>Judge:  Hon. Virginia A. Phillips |

**RMIC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

SUMMARY OF RMIC's POSITION……………............................….….1

I.  Plaintiffs Lack Standing to Pursue Claims Against RMIC…………….…1

II. RMIC Is Not Secondarily Liable Under RESPA as a Matter of Law……….4

III. Plaintiffs' Claims were not Timely Brought……………………………...5

    a.    Equitable Tolling……………………………………………………...5

    b.    Equitable Estoppel……………………………………………………7

    c.    Discovery Rule……………………………………………………..9

IV. Plaintiffs' Claim for Unjust Enrichment Must be Dismissed…………...10

V.  The Court Should Deny Leave to Amend…………………………………11

CONCLUSION……………………………………………………………...12

# TABLE OF AUTHORITIES

Page(s)

CASES

*Barlee v. First Horizon Nat'l Corp.,*
No. 12-3045, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013)……………....1, 2, 3, 5

*Bell Atlantic v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)……………….…........2

*Bitsakis v. JPMorgan Chase Bank, N.A.,*
No. CV 11-05521 DDP (AGPx), 2012 WL 359283
(C.D. Cal. Feb. 1, 2012).......................................................................................10

*Bonds v. Nicoletti Oil, Inc.,*
No. CV-F-07-1600 OWW/DLB, 2008 WL 2233511
(E.D. Cal. May 28, 2008)……………………………………………………...10

*Boogard v. Nat'l Hockey League Players Ass'n,*
No. 2:12-cv-9128-ODW(FFM), 2013 WL 1164301
(C.D. Cal. Mar. 20, 2013)…………………………………………………….6

*Brewer v. Indymac Bank,*
609 F. Supp. 2d 1104 (E.D. Cal. 2009)……………………………………7, 8

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994)……………………...5

*Coppinger-Martin v. Solis,*
627 F.3d 745 (9th Cir. 2010)……………………………………………………8

*Coto Settlement v. Eisenberg,*
593 F.3d 1031 (9th Cir. 2010)……………………………………...…10, 11

*Craft v. Vanderbilt Univ.,*
18 F. Supp. 2d 786 (M.D. Tenn. 1998)………………………………………8

*Deutsche Bank Nat'l Tr. Co. v. Lacapria,*
No. 08-2174 (JAP), 2010 WL 715617 (D.N.J. Mar. 1, 2010)……………......7

*Falcocchia v. Saxon Mortgage, Inc.*,
    709 F. Supp. 2d 873 (E.D. Cal. 2010)……………………………………….......3

*Horne v. Harley-Davidson, Inc.*,
    660 F. Supp. 2d 1152 (C.D. Cal. 2009)……………………………......….8, 10

*Hovenkotter v. Safeco Corp.*,
    No. C09-218JLR, 2009 WL 6698629 (W.D. Wash. Aug. 3, 2009)………...........4

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006)……………………………………………….…..5

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
    802 F. Supp. 2d 1070 (N.D. Cal. 2011)…………………………………………..10

*In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig.*,
    No. C-05-04726 RMW, 2008 WL 4544441 (N.D. Cal. Sept. 30, 2008)…................8

*In re Rexplore, Inc. Securities Litig.*,
    685 F. Supp. 1132 (N.D. Cal. 1988)…………………………………………….8

*Kay v. Wells Fargo & Co.*,
    247 F.R.D. 572 (N.D. Cal. 2007)…………………………………………………….6

*Kotteakos v. United States*,
    328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)………………………….3

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350, 111 S. Ct. 2273, 115 L. Ed. 2d 321 (1991)……..……………….8

*McAnelly v. PNC Mortgage*,
    No. 2:10-cv-02754-MCE-GGH, 2011 WL 6260537
    (E.D. Cal. Dec. 15, 2011)...............................................................................6

*McCarn v. HSBC USA, Inc.*,
No. 1:12-CV-00375-LJO-SKO, 2012 WL 5499433
    (E.D. Cal. Nov. 13, 2012)…..…………………….............…………...1-4, 6-7, 1

*McRee v. Goldman*,
    No. 11-CV-00991-LHK, 2012 WL 929825 (N.D. Cal. Mar. 19, 2012)………...6

-iii-

**TABLE OF AUTHORITIES**

*Mest v. Cabot Corp.*,
   449 F.3d 502 (3d Cir. 2006)……………………………………………….…………6

*Minter v. Wells Fargo Bank, N.A.*,
   Nos. WMN-07-3442, WMN-08-1642, 2013 WL 593963
   (D. Md. Feb. 14, 2013)………................................................................……5

*Samp v. JPMorgan Chase Bank, N.A.*,
   No. 5:11-cv-01950-VAP-SP, slip op. (C.D. Cal. May 7, 2012)…….……......2

*Santa Maria v. Pacific Bell*,
   202 F.3d 1170 (9th Cir. 2000)…………………………………………………..8

*Scholar v. Pac. Bell*,
   963 F.2d 264 (9th Cir. 1992)……………………………………………………5

*Spears v. First Am. eAppraiseIT*,
   No. C-08-00868 RMW, 2009 WL 605835 (N.D. Cal. Mar. 9, 2009)…………..4

*Spears v. First Am. eAppraiseIT*,
   No. C-08-00868 RMW, 2010 WL 2674031 (N.D. Cal. July 2, 2010)………….4

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
   171 F.3d 912 (3d Cir. 1999)……………………………………………….....10

*Tuck v. Wells Fargo Home Mortgage*,
   No. C-12-01796 DMR, 2012 WL 2906738 (N.D. Cal. July 13, 2012)………....3

*United States ex rel. Chunie v. Ringrose*,
   788 F.2d 638 (9th Cir. 1986)……………………………………………......…..3

*Vaccarino v. Midland Nat'l Life Ins*. Co., No. CV 11-05858 CAS (MANx),
   2012 WL 1247137 (C.D. Cal. April 13, 2012) ..……………………….............9

**TABLE OF AUTHORITIES**

**SUMMARY OF RMIC'S POSITION**

Plaintiffs' claims against RMIC should be dismissed because: (1) Plaintiffs lack standing to bring their claims against RMIC; (2) RMIC cannot be held secondarily liable for RESPA violations of other Defendants; (3) Plaintiffs' claims are barred by limitations; and (4) Plaintiffs' unjust enrichment claim cannot stand independently and is, in any event, barred by limitations.

Plaintiffs' lengthy *Response* obfuscates the issues. Plaintiffs would have the Court pick and choose among favorable parts of certain opinions.[1] And Plaintiffs fail to demonstrate how their conclusory pleading in this case supports their claims against RMIC when the Supreme Court has held that such conclusory pleadings are insufficient to defeat RMIC's *Motion*.

**I.**

**PLAINTIFFS LACK STANDING TO PURSUE CLAIMS AGAINST RMIC**

A recent opinion from the Eastern District of California in *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375-LJO-SKO, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012), and an even more recent decision from the Eastern District of Pennsylvania,

---

[1] For example, Plaintiffs urge the Court to follow the recent opinion in *Barlee v. First Horizon Nat'l Corp.*, No. 12-3045, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013), in a certain respect, but ask that the Court overlook that *Barlee* dismissed the claims against RMIC and other non-insuring mortgage insurers for the precise reasons RMIC asserts in this case. Moreover, Plaintiffs ask that the Court ignore the opinion in *McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375-LJO-SKO, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012), a case directly on point on the grounds brought forth by RMIC in this case, even though it was brought by the same attorneys and alleges virtually identical facts as this case.

*Barlee v. First Horizon Nat'l Corp.*, No. 12-3045, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013), provide this Court with perfect guidance in deciding the standing issue. They involve the same claims, essentially the same facts, and the same Plaintiffs' attorneys, and are based on solid legal grounds and logic. Plaintiffs' attempts to have this Court simply ignore the principles set out in these two recent cases and to rely wholly on an earlier ruling by this Court in *Samp v. JPMorgan Chase Bank, N.A.*, No. 5:11cv-01950-VAP-SP, slip op. (C.D. Cal. May 7, 2012), are unavailing. *Samp* addresses another issue and is simply not relevant or binding here. The Court should consider this case on its own merits.

Simply stated, RMIC had nothing to do with Plaintiffs or their loans and Plaintiffs' conclusory allegations regarding an alleged "unitary scheme" which harmed Plaintiffs are implausible and do not establish their standing as to RMIC. *Barlee*, 2013 WL 706091, at *3, 5-8. *See also McCarn*, 2012 WL 5499433, at *3.

Plaintiffs note that they have pleaded in support of their "unitary scheme" claim that "if any of the Private Mortgage Insurers declined to participate, the remaining Defendants could not maintain the scheme." *Pls.' Consol. Opp.* at 11. Further, the "scheme between Wachovia and the Private Mortgage Insurers . . . was uniform in its application and required the complicity and silence of all the Private Mortgage Insurers." *Class Action Compl.* at ¶ 15. These are the very type of conclusory allegations that are no longer permitted. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, these

conclusory allegations are contradicted by Plaintiffs' own pleadings. *See, e.g., Class Action Complaint* at ¶ 85 (alleging that Genworth sought to exit or restructure its captive arrangements, but could not because of the significant reduction in business that would result), and Ex. 1 at 3 (describing MGIC's public efforts to "cap at 25% the share of total premium revenue shared with bank's captive reinsurance units" that had to be abandoned). There is no allegation that the scheme fell apart when Genworth or MGIC exited. Rather, the *Complaint* makes clear that each mortgage insurer selfishly decided to participate to increase its own business. *See Kotteakos v. United States*, 328 U.S. 750, 755, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946). This is not a unitary scheme; nor is it plausible on its face. *Barlee*, 2013 WL 706091, at *7; *McCarn*, 2012 WL 5499433, at *3. [2] Clearly, if one or more of the mortgage insurers dropped out, there would be more business to split among the remaining participants. *McCarn*. 2012 WL 5499433, at *3.

Plaintiffs do not even address RMIC's argument that Plaintiffs have not pleaded facts showing that RMIC caused their alleged injuries. At most Plaintiffs have alleged parallel conduct; nothing in their *Complaint* links their injury with any

---

[2] In assessing the plausibility of Plaintiffs' claims, the Court should "not accept . . . as true" allegations by Plaintiffs that are contradicted by the public record and by their own document attached to their pleadings. *Falcocchia v. Saxon Mortgage, Inc.*, 709 F. Supp. 2d 873, 877 (E.D. Cal. 2010). *See also Tuck v. Wells Fargo Home Mortgage*, No. C-12-01796 DMR, 2012 WL 2906738, at *3 (N.D. Cal. July 13, 2012)(a court need "not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading")(quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 (3d ed. 2004)). And, the Court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

action taken by RMIC. *Hovenkotter v. Safeco Corp.*, No. C09-218JLR, 2009 WL 6698629, at *4 (W.D. Wash. Aug. 3, 2009).[3] A mere conclusory allegation of RMIC's participation in an alleged scheme is not sufficient to establish that Plaintiffs have standing to pursue their claims against RMIC. *Spears v. First Am. eAppraiseIT*, No. C-08-00868 RMW, 2010 WL 2674031 (N.D. Cal. July 2, 2010), cited by Plaintiffs, is not instructive on this issue because the defendant there was an appraisal company that provided an appraisal with regard to every loan at issue. Here, it is undisputed that RMIC did not provide mortgage insurance in connection with any of Plaintiffs' loans. Thus, the claims against RMIC must be dismissed, as they were against similarly situated defendants in *Spears*. 2009 WL 605835, at *2 (N.D. Cal. Mar. 9, 2009).

## II.

## RMIC IS NOT SECONDARILY LIABLE UNDER RESPA AS A MATTER OF LAW

Plaintiffs concede that they are not asserting aiding and abetting claims against RMIC, but do not address conspiracy. *Pls. Consol. Opp.* at 20. Plaintiffs can only be asserting conspiracy claims against RMIC in this case, because Plaintiffs do not allege that RMIC provided settlement services or otherwise participated in Plaintiffs' loans. *See Barlee*, 2013 WL 706091, at *2. Rather, they allege that all of their dealings were with Wachovia. They make no allegations

---

[3] Plaintiffs attempt to distinguish *Hovenkotter*, but fail. *Hovenkotter* clearly holds that employing the same or similar tactics is not enough; plaintiffs have to allege that the defendant caused their injury. 2009 WL 6698629, at *5.

-4-

**RMIC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

whatsoever that they had any dealings with RMIC. Hence, Plaintiffs' RESPA claims against RMIC could only be claims of secondary liability – conspiracy, aiding and abetting, or the like--that do not exist under RESPA. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994). *See Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442, WMN-08-1642, 2013 WL 593963 at *13-15 (D. Md. Feb. 14, 2013).

### III.

### PLAINTIFFS' CLAIMS WERE NOT TIMELY BROUGHT

Plaintiffs' *Opposition* admits that all of the Plaintiffs failed to file their claims timely. So, they argue that limitations should be tolled under theories of equitable tolling, equitable estoppel, and California's discovery rule. *Pls.' Consol. Opp.* at 22-23.

**A.     Equitable Tolling**

The law is clear that courts are and should be reluctant to invoke equitable tolling. *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992)(relief is available in "extreme cases" and is applied sparingly); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (citing *Scholar* with approval); *McCarn*, 2012 WL 5499433, at *6 (same). To establish a right to equitable tolling, a plaintiff bears the burden of showing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way. *McCarn*, 2012 WL

5499433, at *6.

RMIC recognizes that equitable tolling is often a fact-intensive inquiry. However, dismissal is appropriate unless Plaintiffs "allege facts establishing that [they] exercised all due diligence necessary to bring the RESPA claim within the statute of limitations." *McAnelly v. PNC Mortgage*, No. 2:10-cv-02754-MCE-GGH, 2011 WL 6260537, at *4 (E.D. Cal. Dec. 15, 2011). And, sufficient facts are generally limited to extreme situations, such as where the plaintiff was tricked into letting a deadline expire or the plaintiff suffers from a mental incapacity. *Boogard v. Nat'l Hockey League Players Ass'n*, No. 2:12-cv-9128-ODW(FFM), 2013 WL 1164301, at *3 (C.D. Cal. Mar. 20, 2013). Even medical issues fall short of establishing the extreme and rare case where equitable tolling is warranted. *McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, at *7 (N.D. Cal. Mar. 19, 2012).

Here, as in *Huynh*, it is clear from Plaintiffs' pleadings that they had the information necessary to bring suit years before they filed their *Complaint*. And, Plaintiffs have not shown that they were "unable, despite the exercise of due diligence, to know of [their alleged] injury or its cause." *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006). *See Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. 2007)("It is true that borrowers had no convenient way to judge the proportionality of the reinsurance payment allocated to North Star. But the law does not insist that plaintiffs be aware of every particular element of their claim. . . To

hold otherwise would throw open the limitations period for many, many years."). The closing documents referenced in and made part of their *Class Action Complaint* show that Plaintiffs were made aware at closing of the captive reinsurance arrangement. The public documents referenced in and made part of the *Complaint* show that information regarding the alleged inequities of captive reinsurance was available to Plaintiffs all along. *Class Action Compl.* at ¶ 79 & n.8; ¶ 118; Exs. 31, 33. Plaintiffs' failure to seek advice of counsel at an earlier date is not a reason to apply equitable tolling; otherwise, limitations would have no meaning at all. *McCarn*, 2012 WL 5499433, at *6; *Deutsche Bank Nat'l Tr. Co. v. Lacapria*, No. 08-2174 (JAP), 2010 WL 715617, at *6 (D.N.J. Mar. 1, 2010). Equitable tolling, "in appropriate circumstances," only suspends limitations until the borrower "discovers **or has reasonable opportunity to discover** the fraud or nondisclosures that form the basis of the [] RESPA action." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009)(emphasis added).

### B.  Equitable Estoppel

As for equitable estoppel, Plaintiffs acknowledge that its application "requires a showing of wrongful conduct **on the part of the defendant**." *Pls.' Consol. Opp.* at 25 (quoting *Brewer*, 609 F. Supp. 2d at 1118)(emphasis added). Then, despite this admission, Plaintiffs argue that they do not have to plead wrongful conduct as to each Defendant. *Id.* at 41. The cases they cite, however, are not persuasive and do not support the application of equitable estoppel as to the claims against RMIC. To

be entitled to tolling based on fraudulent concealment, the plaintiff must show active conduct by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed. *Coppinger-Martin v. Solis*, 627 F.3d 745, 751-52 (9th Cir. 2010); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000), *overruled on other grounds*, *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176 (9th Cir. 2001)(*en banc*); *Horne v. Harley-Davidson, Inc.*, 660 F.Supp. 2d 1152, 1158 (C.D. Cal. 2009); *Brewer*, 609 F.Supp. 2d at 1118.

The first case Plaintiffs cite is of questionable authority as it applied equitable estoppel to securities fraud claims. *In re Rexplore, Inc. Securities Litig.*, 685 F. Supp. 1132 (N.D. Cal. 1988). The United States Supreme Court has since held that litigation brought pursuant to § 10(b) and Rule 10b-5 must be commenced within one year after the discovery of facts constituting the violation and within three years after such violation. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S. Ct. 2773, 115 L. Ed. 2d 321 (1991). Moreover, *Rexplore* appears to have been cited by only one other court and only for the proposition that "fraudulent concealment can be imputed to defendants who have not themselves committed fraudulent concealment **given the existence of privity or an agency relationship with defendants who have actually concealed fraud**." *Craft v. Vanderbilt Univ.*, 18 F. Supp. 2d 786, 798 (M.D. Tenn. 1998). Of course, there is no privity or agency relationship pled by Plaintiffs between RMIC and the other Defendants.

The second case, *In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig.*, No. C-05-04726 RMW, 2008 WL 4544441 (N.D. Cal. Sept. 30, 2008), upheld tolling based on fraudulent concealment where the complaint referred to the defendants "as an undifferentiated mass" because the defendants were related entities and the complaint specifically set forth allegations detailing each defendant's role in the "Conseco Group" and their involvement with one another. 2008 WL 4544441, at *9. Such is not the case here. And, in any event, Plaintiffs have failed to show that they were not at fault for failing to discover the fraud or that they had no actual or presumptive knowledge of facts sufficient to put them on inquiry. *Id.*

## C. Discovery Rule

To adequately plead application of the discovery rule, plaintiffs "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Bitsakis v. JPMorgan Chase Bank, N.A.*, No. CV 11-05521 DDP (AGPx), 2012 WL 359283, at *2 (C.D. Cal. Feb. 1, 2012). *See Bonds v. Nicoletti Oil, Inc.*, No. CV-F-07-1600 OWW/DLB, 2008 WL 2233511, at *14 (E.D. Cal. May 28, 2008)(plaintiffs have a "duty to individually plead around the statute of limitations"). They have done neither. Simply saying that they could not or did not know of their claims until they retained counsel is insufficient. *Vaccarino v. Midland Nat'l Life Ins. Co.*, No. CV 11-05858 CAS (MANx), 2012 WL 1247137, at *5 (C.D. Cal. April 13, 2012).

Likewise, asserting in a conclusory fashion that their claims were undiscoverable from the closing documents does not show that Plaintiffs exercised all diligence to investigate their claims prior to the running of the statute. *McAnelly*, 2011 WL 6260537, at * 4. The burden is on Plaintiffs to show diligence; conclusory allegations will not suffice. *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1158 (C.D. Cal. 2009). This is especially true where Plaintiffs have cited a wealth of publicly available information, but fail to make any attempt to show why they could not have accessed the information at any time.

## IV.

### PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED

Plaintiffs' response regarding unjust enrichment misses the point. Once the Court dismisses the RESPA claim, there is no independent basis for recovery under a theory of unjust enrichment, even if it is characterized as restitution. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1041 (9th Cir. 2010); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1088 (N.D. Cal. 2011); *cf. Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 937 (3d Cir. 1999).

In any event, a theory of recovery based on restitution simply does not apply to RMIC, which did not insure any of Plaintiffs' loans. That is, RMIC did not retain

any benefit—whether justly or unjustly—at the expense of Plaintiffs in this action.[4] And, even if it did, Plaintiffs' claims are barred by limitations for the reasons discussed in RMIC's *Motion*, this *Reply*, and the *Motions* and *Replies* of the other Defendants, which RMIC has and does hereby adopt.

## V.

### THE COURT SHOULD DENY LEAVE TO AMEND

Plaintiffs admit that leave to amend should be denied where amendment would be futile. *Pls.' Consol. Opp.* at 50. In this case, as Plaintiffs recognize, RMIC did not insure any of their loans. Nothing they can plead can change that fact. RMIC did not receive or pay anything in connection with the settlements of Plaintiffs' loans. RMIC did not receive or retain anything of value from Plaintiffs. The claims against RMIC must be dismissed. No purpose would be served by allowing Plaintiffs to amend their *Complaint* as to RMIC.

### CONCLUSION

For the reasons discussed in RMIC's *Motion to Dismiss* and in this *Reply*, Plaintiffs' claims against RMIC must be dismissed.

---

[4] Restitution is appropriate where a party has received the property of another under circumstances that result in unjust enrichment of the transferee. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1041 (9th Cir. 2010). By Plaintiffs' own pleadings, RMIC is allegedly a party who paid for reinsurance that was a sham. By definition, RMIC should receive restitution.

Dated: April 18, 2013

Respectfully submitted,

BOURLAND & KIRKMAN, L.L.P.

JACKSON, DeMARCO, TIDUS & PECKENPAUGH
   MICHAEL L. TIDUS
   JOHN PETRASICH


By: /s/ *Michael L. Tidus*
   Michael L. Tidus
Attorneys for Defendant
Republic Mortgage Insurance Company