1  **ROSMAN & GERMAIN LLP**
2  Daniel L. Germain (Cal. Bar No. 143334)
   6311 Ventura Boulevard, Suite 1200
3  Encino, CA  91436-2152
4  Telephone: (818) 788-0877
   Facsimile: (818) 788-0885
5  *Attorneys for Plaintiffs and the Proposed Class*
6  [Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, et al. | ) CASE NO. 5:11-CV-01950 VAP-SP |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' SECOND NOTICE OF** |
|  | ) **SUPPLEMENTAL AUTHORITY** |
| JPMORGAN CHASE BANK, N.A., et al., | ) |
| Defendants. | ) Judge:  Hon. Virginia A. Phillips |

Plaintiffs respectfully request that the Court take notice of the attached opinions issued in *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB 2013, WL 1389747 (E.D. Pa. Apr. 5, 2013) ("*First Horizon II*") (Exhibit A hereto) and the decision in *Riddle v. Bank of America Corp.*, No. 12-cv-1740-BMS, 2013 WL 1482668 (E.D. Pa. Apr. 11, 2013) ("*BOA*") (Exhibit B hereto), as additional supplemental authority in further support of Plaintiffs' December 21, 2012 Consolidated Opposition to Defendants' Motions to Dismiss (ECF No. 151) ("Opposition" or "Plts. Opp.").[1] *BOA* joins *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013) ("*First Horizon*")[2] as recent authority from the Third Circuit, providing a well-reasoned basis for upholding Plaintiffs' claims and denying Defendants' pending Motions to Dismiss.

*First Horizon I & II* and *BOA* provide this Court with direct guidance on the analysis required for application of the equitable estoppel doctrine[3] to toll Plaintiffs' claims because

---

[1] Defendants' Motions to Dismiss are those filed by: (1) Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co. (collectively, "JPMorgan") and their affiliated mortgage reinsurer, Cross Country Insurance Company ("Cross Country" or the "Captive Reinsurer") (ECF No. 135) ("JPMorgan MTD"); (2) Defendant United Guaranty Residential Insurance Company ("UG") (ECF No. 130) ("UG MTD"); (3) Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), Radian Guaranty Inc. ("Radian") and Triad Guaranty Insurance Corp. ("Triad") (ECF No. 132) ("MRT MTD"); (4) Defendant Genworth Mortgage Insurance Corp. ("Genworth") (ECF No. 145) ("Genworth MTD"); and (5) Defendant Republic Mortgage Insurance Co. ("RMIC") (ECF No. 137) ("RMIC MTD"). Defendants also filed reply memoranda of law in further support of their respective Motions to Dismiss. *See* ECF Nos. 153, 156, 158-60. Plaintiffs have voluntarily dismissed Triad from this action. *See* ECF No. 157.

[2] Plaintiffs submitted a Notice of Supplemental Authority concerning *First Horizon* on March 8, 2013, that described the multiple similarities—legal, factual and procedural—between that case and this one, and the *First Horizon* court's rulings in the plaintiffs' favor on each such issue in denying the defendants' motions to dismiss therein. *See* ECF No. 84, at 2-8. *First Horizon* is the subject of the March 8, 2013 Notice of Supplemental Authority submitted by Plaintiffs and related submissions by the parties (ECF Nos. 84-85; 87-89).

[3] It is important to note that in addition to supporting an application of the equitable

---

1

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

the analysis for fraudulent concealment/equitable estoppel (as a basis for equitable tolling) in the Ninth Circuit is the same for fraudulent concealment in the Third Circuit, *i.e.* both Circuits require an affirmative act of misrepresentation on the part of Defendants. *See Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (fraudulent concealment equitably tolls the statute where "affirmative conduct upon the part of defendants which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief."); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (equitable tolling applies, *inter alia*, "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action" or "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights."). The well-reasoned decisions in *First Horizon I & II* and *BOA* provide direct support for Plaintiffs' arguments and compelling guidance on the appropriate application of the equitable estoppel doctrine to Plaintiffs' claims.

I. ***First Horizon II***

Following Judge Bartle's decision in *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013) ("*First Horizon I*"),[4] defendant

---

estoppels doctrine (for which *First Horizon I & II* and *BOA* provide guidance), Plaintiffs' allegations also support application of equitable tolling, which "focuses on excusable delay by the plaintiff," and "centers upon whether a reasonable person would have known of the possible existence of a possible claim within the limitations period." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009) (internal citations and quotation marks omitted). An affirmative misrepresentation is not required to toll Plaintiffs' claims under equitable tolling. Defendants' attempts to focus the Court's inquiry on the sufficiency of such affirmative misrepresentations should signal to the Court that Plaintiffs' allegations (while also supporting application of tolling under equitable estoppel) more than suffice to meet the equitable tolling standard.

[4] Plaintiffs submitted a Notice of Supplemental Authority concerning *First Horizon* on March 19, 2013, that described the multiple similarities—legal, factual and procedural—between that case and this one, and the *First Horizon* court's rulings in the plaintiffs' favor on each such issue in denying the defendants' motions to dismiss therein. *See* ECF No.

2

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

UG moved for reconsideration of the court's determination that the complaint at issue adequately pled equitable tolling of the Real Estate Settlement Procedures Act of 1974 ("RESPA") claims alleged against UG. In the alternative, UG requested certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). UG's primary argument was that the complaint in *First Horizon* did not plead facts demonstrating that UG (as opposed to the lender-defendant entities) committed any acts of fraudulent concealment that would support equitably tolling the RESPA claims alleged against UG.[5] *First Horizon II*, at 2. Defendants UG, RMIC, MGIC and Radian make similar arguments here. *See* UG MTD at 10; RMIC MTD at 6; MRT MTD at 15.

In *First Horizon II*, Judge Bartle denied UG's motion for reconsideration and its request for interlocutory appeal. *Id*. at 6. The court determined that the complaint's allegations supported equitably tolling plaintiff's RESPA claims against UG because, among other things, the plaintiffs alleged that:

> [A]ll the defendants 'actively concealed the basis for Plaintiffs' claims.' Moreover, as noted above, UG was the private mortgage insurer which contracted with First Horizon on Broome's mortgage and which in turn was reinsured by FT Reinsurance, First Horizon's subsidiary. We do not at this time know the extent of the cooperation between First Horizon and United Guaranty on those aspects of the mortgage documents involving the alleged captive reinsurance scheme. Broome's pleading, in this regard, however, is sufficient to state a plausible basis for equitable tolling.

*First Horizon II*, at 5 (emphasis in original). The court further reiterated that its equitable

---

166. *First Horizon* is the subject of the March 19, 2013 Notice of Supplemental Authority submitted by Plaintiffs and related submissions by the parties (ECF Nos. 170-71, 173, 177).

[5] The lender-defendant entities, First Horizon National Corporation, First Tennessee Bank, N.A., First Horizon Home Loan Corporation and FT Reinsurance Company, did not seek reconsideration of Judge Bartle's *First Horizon* decision.

3

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

tolling decision was based solely upon the pleadings and that "[i]t is well established by our Court of Appeals that equitable tolling is 'not generally amenable to resolution on a Rule 12(b)(6) motion.'" (*quoting Drennan v. PNC Bank, NA*, 622 F.3d 275, 301-02 (3d Cir. 2010)).

*First Horizon II* thus bears upon and directly supports Plaintiffs' arguments in opposition to the equitable tolling arguments that Defendants Radian, UG, RMIC, and MGIC have asserted in support of their Motion to Dismiss and in their responses to Plaintiffs' First Notice of Supplemental Authority.

## II.   *BOA*

In *BOA*, the Court denied motions to dismiss a complaint asserting claims under Sections 8(a) and 8(b) of RESPA and the common law doctrine of unjust enrichment against a lender and certain private mortgage insurers. Like the court in *First* Horizon, the court in *BOA* addressed factual and legal issues that are substantively identical to those presented the instant case—particularly the applicability of equitable tolling of the statutes of limitations for Plaintiffs' claims—and made the following express rulings on issues that Defendants likewise raise in their Motions to Dismiss here.[6]

### A.   Fraudulent Concealment May Be Pled Through Allegations of Misleading Mortgage Documents

Like Plaintiffs here, the *BOA* plaintiffs are home mortgage borrowers required by their lender to pay for private mortgage insurance. *BOA*, 2013 WL 1482668, at *1-2. The *BOA* plaintiffs argued that their claims should be equitably tolled because the defendants had concealed the claims' possible existence through deceptive conduct, including misleading form mortgage documents. *Id.* at *9. The *BOA* defendants argued that the plaintiffs had not alleged facts sufficient to establish fraudulent concealment, as is necessary to support equitable tolling. *Id.* at *7-8. Plaintiffs and Defendants here have

---

[6]  Although not raised by Defendants here, it bears noting that the BOA court confirmed that "that equitable tolling applies to RESPA claims." *BOA*, 2013 WL 1482668, at *5.

4

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

made virtually the same arguments and counterarguments. JPM MTD at 18; UG MTD at 10; RMIC MTD at 6; MRT MTD at 15. Rejecting the defendants' arguments, the *BOA* court held that "'allegations of misleading mortgage documents are sufficient to allege equitable tolling in a RESPA case.'" *BOA*, 2013 WL 1482668, at *9 (quoting *First Horizon*, 2013 WL 706091, at *5 (citing *Marple v. Countrywide Fin. Corp.*, Civ. A. No. 07-4402, 2008 U.S. Dist. LEXIS 37705, at *14-15 (D.N.J. May 7, 2008))). The court further noted, "Plaintiffs' allegations that Defendants dressed up an illegal scheme to appear as a legitimate transaction is sufficient to deny Defendants' motion to dismiss on the issue of equitable tolling." *Id.*

### B. Violations of RESPA Sections 8(a) and (b) Do Not Involve Misrepresentation

Relatedly, the *BOA* defendants argued that the plaintiffs had not pleaded allegations of fraudulent concealment that went beyond the plaintiffs' allegations of defendants' RESPA violations. *Id.* at *7. JPMorgan makes the same argument here (JPM MTD at 19), while Plaintiffs have alleged that Defendants' RESPA violations are separate and distinct from their acts of concealment. *See* Plts. Opp. at 40. The *BOA* court rejected the defendants' argument, and stated that the misrepresentations pleaded by the plaintiffs "are deemed separate and apart from the actual RESPA violation, which is complete when the fees are improperly accepted or shared." *BOA*, 2013 WL 1482668, at *9.

### C. Full Participation in Loan Transaction May Establish Due Diligence

The *BOA* plaintiffs asserted that they had performed the due diligence necessary to support equitable tolling by fully participating in their respective loan closings. *BOA*, 2013 WL 1482668, at *9. Plaintiffs here argue the same. *See* Plts. Opp. at 36. The *BOA* defendants argued that the plaintiffs' allegations in this regard could not support a finding of due diligence (*id.* at *7-8), as Defendants here also argue. The *BOA* court rejected the defendants' argument, noting that "courts in this District have determined that due diligence is sufficiently alleged by a plaintiff's full participation in his or her loan

5

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

transaction coupled with defendant's acts of concealment." *BOA*, 2013 WL 1482668, at *10 (citing *First Horizon,* 2013 WL 706091, at *5; *Marple*, 2008 U.S. Dist. LEXIS 37705, at *14-16).

### D. The *BOA* Court Rendered Its Equitable Tolling Rulings in Light of Rule 9(b) and *McCarn*

The *BOA* court explicitly analyzed plaintiffs' fraudulent concealment allegations under Fed. R. Civ. P. 9(b), and determined that plaintiffs' allegations were sufficient. *BOA*, 2013 WL 1482668, at *7. Moreover, the court made its decision in full view of the opinion of the District Court for the Eastern District of California in *McCarn v. HSBC USA, Inc.*, Civ. A. No. 12-375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012), which, addressing arguments similar to those presented in *BOA*, dismissed the plaintiffs' claims as untimely under the law of the Ninth Circuit. *BOA*, 2013 WL 1482668, at *9 (discussing *McCarn*). Defendants here have asserted that Plaintiffs' allegations, which mirror those of the plaintiffs in *BOA*, fail to satisfy Rule 9(b). *See* JPM MTD at 18-20; UG MTD at 10; RMIC MTD at 7; MRT MTD at 16. Defendants have also cited repeatedly to *McCarn* as instructive authority on how this Court should rule. In *BOA*, the court rejected each of these arguments.[7]

As set forth above, *BOA* directly supports numerous arguments that Plaintiffs have proffered in opposition to Defendants' Motions to Dismiss. Accordingly, Plaintiffs respectfully request that the Court consider the *First Horizon II* and *BOA* decisions in connection with the Court's continuing evaluation of Defendants' Motions.

---

[7] Finally, the *BOA* court rejected the defendants' argument that the plaintiffs' unjust enrichment claims were actually governed by contract, or time-barred, accepting, at the Rule 12(b)(6) stage, the plaintiffs' contentions to the contrary. *BOA*, 2013 WL 1482668, at *10.

6

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

| | |
|---|---|
| Dated:  April 23, 2013 | Respectfully submitted, |
| | **KESSLER TOPAZ MELTZER & CHECK, LLP** |
| | |
| | */s/ Edward W. Ciolko* |
| | Edward W. Ciolko (*pro hac vice*) |
| | Terence S. Ziegler (*pro hac vice*) |
| | Amanda R. Trask *(pro hac vice)* |
| | Jesse C. Klaproth *(pro hac vice)* |
| | 280 King of Prussia Road |
| | Radnor, PA  19087 |
| | Telephone: (610) 667-7706 |
| | |
| | Daniel L. Germain (Bar No. 143334) |
| | **ROSMAN & GERMAIN LLP** |
| | 16311 Ventura Boulevard, Suite 1200 |
| | Encino, CA  91436 |
| | Telephone: (818) 788-0877 |
| | |
| | Alan R. Plutzik |
| | **BRAMSON PLUTZIK MAHLER & BIRKHAEUSER LLP** |
| | 2123 Oak Grove Boulevard, Ste. 120 |
| | Walnut Creek, CA  94598 |
| | Telephone: (925) 945-0200 |
| | |
| | Andrew L. Berke |
| | **BERKE, BERKE & BERKE** |
| | 420 Frazier Avenue |
| | Chattanooga, TN  37402 |
| | Telephone: (423) 266-5171 |
| | *Attorneys for Plaintiffs and the Proposed Class* |

7

Case No. 5:11-cv-01950 VAP-SP
Plts' Second Notice of Suppl. Authority

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Edward W. Ciolko*
Edward W. Ciolko (*pro hac vice*)