# EXHIBIT A

Slip Copy, 2013 WL 1389747 (E.D.Pa.)
**(Cite as: 2013 WL 1389747 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Saydei G. BARLEE, et al.
v.
FIRST HORIZON NATIONAL CORPORATION,
et al.

Civil Action No. 12–3045.
April 5, 2013.

Edward W. Ciolko, Joseph H. Meltzer, Amanda Trask, Donna Siegel Moffa, Jesse C. Klaproth, Terence S. Ziegler, Kessler Topaz Meltzer & Check LLP, Radnor, PA, for Plaintiffs.

Brooks R. Brown, Matthew S. Sheldon, Thomas M. Hefferon, Goodwin Procter LLP, Washington, DC, Brad E. Rosen, Jane M. Byrne, Michael B. Carlinsky, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, Stephen G. Harvey, Jeffrey L. Vagle, Pepper Hamilton LLP, David E. Edwards, Michael N. Onufrak, White & Williams LLP, Philadelphia, PA, for Defendants.

*MEMORANDUM*
BARTLE, District Judge.

**\*1** Before the court is the motion of United Guaranty Residential Insurance Company ("United Guaranty") for reconsideration of the court's Order dated February 27, 2013 granting in part and denying in part the motion of United Guaranty to dismiss. In the alternative, United Guaranty moves the court for an order certifying the issues for immediate appellate review under 28 U.S.C. § 1292(b).

Plaintiffs Saydei G. Barlee ("Barlee") and Barry D. Broome ("Broome") instituted this putative class action for alleged violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA") and common law unjust enrichment against defendants First Horizon National Corporation ("FHNC"), First Tennessee Bank, N.A. ("First Tennessee Bank"), First Horizon Home Loan Corporation ("First Horizon Home Loan"),[FN1] FT Reinsurance Company ("FT Reinsurance"), United Guaranty, Genworth Mortgage Insurance Corporation ("Genworth"), Republic Mortgage Insurance Company ("Republic"), and Radian Guaranty Inc. ("Radian").[FN2]

FN1. Until February 7, 2007, defendant First Horizon Home Loan was a wholly-owned subsidiary of defendant First Tennessee Bank, which was a wholly-owned subsidiary of defendant First Horizon National Corporation. On that date, they merged with First Tennessee Bank emerging as the surviving corporation. For the purpose of the present motions before the court, we will refer to First Horizon National Corporation, First Horizon Home Loan, and First Tennessee Bank together as "First Horizon."

FN2. We granted the motions of Genworth, Republic, and Radian because the plaintiffs did not have standing to sue them under Rule 12(b)(1) of the Federal Rules of Civil Procedure. We denied the motion of First Horizon and FT Reinsurance under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiffs have adequately pleaded equitable tolling.

We granted the motion of United Guaranty as to the claims of plaintiff Barlee because of lack of standing under Rule 12(b)(1). As to plaintiff Broome, United Guaranty moved to dismiss under Rule 12(b)(6) on statute of limitations grounds. We denied the motion because Broome had adequately pleaded equitable tolling. United Guaranty now reargues that its motion as to Broome should have also been granted. It contends that Broome did not sufficiently allege that United Guaranty committed an act of fraudulent concealment that prevented him

from discovering his claims during the limitations period. According to United Guaranty, the equitable tolling allegation, as presently pleaded, does not vitiate the untimeliness of the complaint.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)). Accordingly, the party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). United Guaranty maintains that the court made a clear error of law or fact and seeks to prevent manifest injustice.

As described in the February 27, 2013 Memorandum and Order, Broome obtained a mortgage loan from First Horizon on or about April 10, 2008 for the purchase of his home located in Atlanta, Georgia. Broome was required to pay $55.19 per month for private mortgage insurance in connection with this loan. First Horizon selected his insurer, United Guaranty, which was reinsured by FT Reinsurance, First Horizon's subsidiary. Broome instituted suit on May 31, 2012, which was over four years after his RESPA claim accrued upon the closing of his loan transaction.

**\*2** We reiterate that Broome must allege the following to invoke the doctrine of equitable tolling: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Group, Inc.,* 460 F.3d 494, 509 (3d Cir.2006). "Because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *Drennan v. PNC Bank, NA,* 622 F.3d 275, 301–02 (3d Cir.2010) (citation omitted).

As we previously explained in our earlier Memorandum, Broome included a section in the First Amended Complaint in support of equitable tolling of RESPA's statute of limitations. His allegations included the following:

> Plaintiffs and members of the putative class could not, despite the exercise of due diligence, have discovered the underlying basis for their claims. Further, Defendants knowingly and actively concealed the basis for Plaintiffs' claims by engaging in a scheme that was, by its very nature and purposeful design, self-concealing.
>
> ...
>
> Plaintiffs' and the putative Class members' "purported" delay was excusable because they did not discover, and reasonably could not have discovered, Defendants' conduct as alleged herein absent specialized knowledge and/or assistance of counsel.
>
> ...
>
> First Horizon used its form mortgage documents, disclosures of affiliated business arrangements, and the entire artifice of a seemingly legitimate business arrangement, to affirmatively mislead Class members about the relationship between the reinsurer, FT Reinsurance, and the lender, First Tennessee Bank and/or First Horizon Home Loans, and to represent that, rather than a kickback or unearned fee, any payments exchanged between the affiliated businesses, or given to them from the Private Mortgage Insurer Defendants through referral, were for actual services rendered.
>
> ...

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Putative Class members exercised due diligence by fully participating in their loan transactions.

We held that these allegations were sufficient to plead equitable tolling. As all parties know, this is not a decision on the timeliness of this lawsuit. Whether the statute of limitations bars this action must await another day.

There is no reason for this court to reverse its earlier decision. Although Broome specifically refers to First Horizon as "us[ing] its form mortgage documents, disclosures of affiliated business arrangements, and the entire artifice of a seemingly legitimate business arrangement, to affirmatively mislead Class members," he also avers that *all* the defendants "actively concealed the basis for Plaintiffs' claims." Moreover, as noted above, United Guaranty was the private mortgage insurer which contracted with First Horizon on Broome's mortgage and which in turn was reinsured by FT Reinsurance, First Horizon's subsidiary. Accordingly, there was a clear agreement between United Guaranty and First Horizon. We do not know at this time the extent of cooperation between First Horizon and United Guaranty on those aspects of the mortgage documents involving the alleged captive reinsurance scheme. Broome's pleading, in this regard however, is sufficient to state a plausible basis for equitable tolling. *Bell Atlantic v. Twombly,* 550 U.S. 554, 570 (2007). We will not dismiss Broome's claims against United Guaranty at this early stage of the litigation. Again, our decision does not end the matter because discovery will follow with United Guaranty having the right at the proper time to have this court revisit the issue.

**\*3** United Guaranty also requests in the alternative that we certify our February 27, 2013 Order for immediate appeal. Pursuant to 28 U.S.C. § 1292(b), the court may do so when its decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In our view, our Order does not involve a controlling question of law as to which there is a substantial ground for difference of opinion. It is well established by our Court of Appeals that equitable tolling is "not generally amenable to resolution on a Rule 12(b)(6) motion." *Drennan,* 622 F.3d at 301–02 (citation omitted). Further, it would not advance the ultimate termination of the litigation since the case would still move forward in this court against First Horizon. The motion to certify will be denied.

*ORDER*

AND NOW, this 4th day of April, 2013, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of United Guaranty Residential Insurance Company for reconsideration of the court's Order dated February 27, 2013 or alternatively for certification pursuant to 28 U.S.C. § 1292(b) (Doc. # 86) is DENIED.

E.D.Pa.,2013.
Barlee v. First Horizon Nat. Corp.
Slip Copy, 2013 WL 1389747 (E.D.Pa.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT B

Slip Copy, 2013 WL 1482668 (E.D.Pa.)
**(Cite as: 2013 WL 1482668 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Thomas J. RIDDLE, individually and on behalf of all others similarly situated, Plaintiffs,
v.
BANK OF AMERICA CORPORATION, et al., Defendants.

Civil Action No. 12–1740.
April 11, 2013.

Edward W. Ciolko, Joseph H. Meltzer, Amanda Trask, Donna Siegel Moffa, Jesse C. Klaproth, Terence S. Ziegler, Kessler Topaz Meltzer & Check LLP, Radnor, PA, for Plaintiff.

David L. Permut, Matthew S. Sheldon, Goodwin Procter LLP, Washington, DC, Martin C. Bryce, Jr., Daniel J.T. McKenna, Ballard Spahr Andrews & Ingersoll, LLP, David E. Edwards, Michael N. Onufrak, White & Williams LLP, Nicholas M. Centrella, Aya M. Salem, Conrad O'Brien, Philadelphia, PA, Brad E. Rosen, Jane M. Byrne, Michael B. Carlinsky, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, for Defendant.

*MEMORANDUM*
SCHILLER, District Judge.

*1 Thomas Riddle, Marilyn Fischer, and Jeffrey Stanton filed a class action lawsuit against Bank of America Corporation ("BAC"), Bank of America, N.A. ("BOA"), Bank of America Reinsurance Corporation ("BOARC") (collectively, "BOA Defendants"), United Guaranty Residential Insurance Company ("United"), Triad Guaranty Insurance Corporation ("Triad"), Republic Mortgage Insurance Company ("Republic"), Mortgage Guaranty Insurance Corporation ("MGIC"), Radian Guaranty, Inc. ("Radian"), and Genworth Mortgage Insurance Corporation ("Genworth"). Plaintiffs allege that Defendants were all participants in a scheme that violated the Real Estate Settlement Procedures Act ("RESPA"). Specifically, BOA referred borrowers to private mortgage insurance providers in exchange for a kickback of the private mortgage insurance payment to BOA. In reality, however, BOA did not assume any real risk in exchange for the payments, thus rendering illusory the reinsurance coverage it assumed. Presently before the Court are the motions to dismiss of BOA Defendants, United, Radian, and Genworth.[FN1] They argue that Plaintiffs' claims are barred by RESPA's statute of limitations. For the reasons that follow, the Court denies the motions.

> FN1. Plaintiffs voluntarily dismissed their claims against Triad, Republic, and MGIC.

**I. BACKGROUND**

**A. Facts**

BAC is a large financial institution that owns BOA, which originated the home loans. (Am.Compl.¶¶ 28–29.) BOARC is a captive reinsurer and also a subsidiary of BAC. (*Id.* ¶ 30.) United, Genworth, and Radian are private mortgage insurers charged here with ceding premiums to BOARC and participating in the alleged kickback scheme. (Am.Compl.¶¶ 31, 33, 35.) Plaintiffs Riddle, Fischer, and Stanton all bought their homes through mortgages with BOA and all three were required to purchase private mortgage insurance selected by the lender. (*Id.* ¶¶ 25–27.) Specifically, Riddle's private mortgage insurer was Genworth, Fischer's private mortgage insurer was United, and Stanton's private mortgage insurer was, upon information and belief, Radian. (*Id.*)

Homeowners who do not make a twenty percent down payment on their homes typically must buy private mortgage insurance. (*Id.* ¶¶ 8, 46.) This private mortgage insurance protects lenders if the borrower defaults. (*Id.*) The borrower typically pays for the private mortgage insurance, either

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

through monthly premiums added to the mortgage payment or a higher interest rate on the loan. (*Id.* ¶ 49.) The terms and conditions of private mortgage insurance are set by the lender and the provider of the insurance. (*Id.* ¶ 50.) According to Plaintiffs, lenders such as BAC and BOA, along with their affiliated mortgage reinsurer, BOARC, colluded with various private mortgage insurers such as Radian, Genworth, and United to evade federal laws that prohibit lenders from accepting kickbacks or referral fees from any person providing a real estate settlement service or accepting any portion of a settlement service fee, other than for services actually performed. (*Id.* ¶¶ 9–10.) BOA agreed to allocate its mortgage insurance business on a rotating basis and the private mortgage insurers agreed to accept a portion of the business to ensure a steady stream of income. (*Id.* ¶¶ 12–13, 108.)

**\*2** Lenders, like BOA, created reinsurance subsidiaries like BOARC "to enter into contracts with providers of private mortgage insurance, whereby the reinsurer typically agrees to assume a portion of the private mortgage insurer's risk with respect to a given pool of loans." (*Id.* ¶ 63.) According to Plaintiffs, lenders such as BOA have funneled unlawful kickbacks from private mortgage insurers to the reinsurance subsidiaries that the lenders created. (*Id.* ¶ 74.) The lender refers its borrowers to a private mortgage insurer who has agreed to reinsure with the lender's captive insurer. (*Id.* ¶ 75.) In return, the private mortgage insurer cedes a percentage of the borrower's premiums to the lender's captive reinsurer to ensure a steady stream of business. (*Id.*)

These contracts were structured so that the reinsurer received hundreds of millions of dollars in premiums but assumed little or no actual risk. (*Id.* ¶ 77.) The premiums were placed into a trust but the agreements "limit the lenders' liability/payment responsibilities ... through provisions that permit the captive reinsurer to effectively opt out of the contracts at will by simply failing to adequately capitalize the trust supporting the reinsurance contract."

(*Id.* ¶ 81.) Furthermore, once the trust was depleted, the private mortgage insurers assumed any remaining obligations and the captive reinsurer was off the hook. (*See id.* ¶ 124.)

Plaintiffs allege that "each of these reinsurance contracts ... effectively allowed the reinsurer to opt out of the scheme at its choosing and without suffering adverse consequences." (*Id* . ¶ 106.) Ultimately, Plaintiffs contend, borrowers paid more for mortgage insurance because the price included the kickbacks to lenders. (*Id.* ¶¶ 111, 147 ("These arrangements tend to keep premiums for private mortgage insurance artificially inflated over time because a percentage of borrowers' premiums are not actually being paid to cover actual risk, but are simply funding illegal kickbacks to lenders.").) The scheme perpetrated by Defendants failed to constitute a real, risk-transferring reinsurance agreement between BOARC and the private mortgage insurers. (*Id.* ¶ 125.) As alleged by Plaintiffs,

> Payments from the reinsurance trusts to the Private Mortgage Insurers do not constitute 'losses' to the reinsurer. The reinsurer will either: (1) receive more in premiums from the Private Mortgage Insurers than the trusts will ever transfer to the Private Mortgage Insurers in 'reinsurance claims,' or (2) have the option to 'walk-away' from its reinsurance obligations if it is called upon to pay more in reinsurance claims than is available in the trust accounts. The premiums received and deposited into the trust accounts effectively cover all 'losses' or reinsurance claims payments.

(*Id.* ¶ 131.)

**B. Tolling Allegations**

Plaintiffs claim that RESPA's statute of limitations should be tolled "based upon principles of equitable tolling, fraudulent concealment and/or the discovery rule." (*Id.* ¶ 161.) Plaintiffs, despite the exercise of due diligence, could not have discovered the underlying basis for their claims. (*Id.*) Additionally, Defendants "knowingly and actively

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

concealed the basis for Plaintiffs' claims by engaging in a scheme that was, by its very nature and purposeful design, self-concealing." (*Id.*) Defendants' scheme was complicated and Plaintiffs did not have the requisite information or expertise to uncover what was occurring without the aid of lawyers. (*Id.* ¶¶ 162–65.) "Further, Defendants engaged in affirmative acts and/or purposeful non-disclosure to conceal the facts and circumstances giving rise to the claims asserted herein and made false representations about the nature of [their] reinsurance arrangements. Such acts are separate and distinct from the conduct violative of RESPA." (*Id.* ¶ 169 .) Plaintiffs' mortgages failed to disclose the nature of the agreements involved in the captive reinsurance arrangements. (*Id.* ¶¶ 171, 178.) Defendants misrepresented the legitimacy of their captive reinsurance arrangements, noting only that lender affiliates might receive money from a portion of the borrower's mortgage insurance payment. (*Id.* ¶¶ 178–79.) Putative class members were diligent in pursuing their rights by "fully participating in their loan transactions." (*Id.* ¶ 182.) Additionally, Plaintiffs Riddle, Fischer, and Stanton recount phone calls they placed to BOA in 2012 in which representatives of BOA were unable to provide them information about their mortgage reinsurance. (*Id.* ¶¶ 166–68.)

**\*3** Count I is brought under RESPA, 12 U.S.C. § 2607, and claims that Plaintiffs collectively paid over $284.7 million for private mortgage insurance premiums, but that certain Defendants ceded premiums for services that were not actually furnished or performed, and/or exceeded the value of such services. (*Id.* ¶¶ 186–190 .) Defendants also allegedly violated 12 U.S.C. § 2607(b) of RESPA when BOA Defendants accepted a portion, split, or percentage of charges received by the private mortgage insurers for the rendering of real estate settlement services and/or business incident to real estate settlement services other than for services actually performed. (*Id.* ¶ 191.) Plaintiffs' settlement services were tainted by kickbacks and referrals and affected by inflated premiums and their inability to buy settlement services from providers that did not participate in the unlawful scheme. (*Id.* ¶¶ 192–94.) Count II is an unjust enrichment claim. (*Id.* ¶¶ 199–203.)

**II. STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.,* 237 F.3d 270, 272 (3d Cir.2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.* (holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips,* 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual

allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir.2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

**\*4** When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.,* 361 F.3d 217, 222 n. 3 (3d Cir.2004). A district court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

If the allegations in the complaint establish that the claims were brought outside the statute of limitations, the claims are subject to dismissal for failure to state a claim. *White v. Hon Co.,* Civ. A. No. 11–4919, 2012 WL 1286404, at \*2 (E.D.Pa. Apr.13, 2012); *see also Stratton v. Nieves,* Civ. A. No. 11–7410, 2012 WL 1156113, at \*1 (E.D.Pa. Apr.6, 2012) ("Generally, a statute of limitations defense must be raised in an answer, not under a Rule 12(b) motion. However, under the law of the Third Circuit, defendants may raise a limitations defense under Rule 12(b) (6) if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " (quoting *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002))).

### III. DISCUSSION

The relevant RESPA statute provides:

(a) Business referrals

No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

(b) Splitting charges

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607. Plaintiffs claim that Defendants' captive reinsurance scheme violated these dictates of RESPA. The battle here, however, is not over the merits of Plaintiffs' claims but whether they are time barred.

### A. Equitable Tolling of RESPA

Plaintiffs' RESPA claims have a one-year statute of limitations. *See* 12 U.S.C. § 2614. Specifically, RESPA's statute of limitations reads:

**Jurisdiction of courts, limitations**

Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Bureau, the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

**\*5** 12 U.S.C. § 2614. The statute begins to run when the facts that support the claim are apparent or would be apparent to a reasonable person. *Garczynski v. Countrywide Home Loans, Inc.,*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

656 F.Supp.2d 505, 516 (E.D.Pa.2009). The RESPA statute of limitations runs "from the date of the occurrence of the violation," which commences upon the closing of the loan. *See Marple v. Countrywide Fin. Corp.,* Civ. A. No. 07–4402, 2008 U.S. Dist. LEXIS 37705, at \*6 (D.N.J. May 7, 2008); *Smith v. EquipCredit Corp.,* Civ. A. No. 01–4326, 2002 WL 32349873, at \*3 (E.D.Pa. Oct.4, 2002). Plaintiffs do not quibble with this point, making clear that, "[c]ontrary to Defendants' assertions, Plaintiffs do not seek an extension of the accrual date of their RESPA claim by virtue of the Discovery Rule; rather, they seek to prevent the statute of limitations from expiring through equitable tolling." (Pls.' Consol. Mem. of Law in Opp'n to Defs.' Mots. to Dismiss [Pls.' Mem.] at 11.)

BOA Defendants argue that equitable tolling is not available for RESPA claims because the statute is jurisdictional. (Mem. of Law in Supp. of BOA Defs.' Mot. to Dismiss [BOA Mem.] at 7–9.) To support their argument, BOA Defendants correctly recognize that they must distinguish the Third Circuit's holding in *Ramadan v. Chase Manhattan Corp.,* 156 F.3d 499 (3d Cir.1998).

In *Ramadan,* the Third Circuit concluded that the statute of limitation in the Truth in Lending Act ("TILA") was not jurisdictional and was therefore subject to equitable tolling. TILA's statute of limitations reads:

**(e) Jurisdiction of courts; limitation on actions; State attorney general enforcement**
Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

*Id.* at 501 (quoting 15 U.S.C. § 1640(e)). Noting that the Sixth and Ninth Circuits concluded equitable tolling applied to TILA while the D.C. Circuit reached a different result under RESPA, the Third Circuit set out to divine congressional intent to answer the question. *Id.* The Third Circuit noted that TILA is a remedial statute that should be construed liberally in favor of the consumer. *Id.* at 502. Both the D.C. Circuit, in deciding that RESPA is not subject to equitable tolling, and BOA Defendants highlight that RESPA's statute of limitations is contained in the same statutory provisions as the grant of jurisdiction. *Hardin v. City Title & Escrow,* 797 F.2d 1037, 1039 (D.C.Cir.1986); (BOA Mem. at 8.). The Third Circuit, however, was unpersuaded by this argument based on the location of the statute of limitation in TILA, instead agreeing with those courts that have concluded that such placement did not indicate legislative intent. *Id.* at 502–03.

**\*6** While *Ramadan* does not control this case because it did not address RESPA, BOA Defendants have offered no principled reason to deviate from that holding here. None of the reasons cited by BOA Defendants leads the Court to conclude that RESPA's statute of limitations is jurisdictional. First, BOA Defendants claim that RESPA's statute of limitations is definite in scope based upon statutory language that sets forth the specific commencement of the limitations period. (BOA Mem. at 8.) The Court does not draw the same import from this language. All statutes of limitations are definite in scope in that they inform an aggrieved party of the precise amount of time he or she has to file an action. The fact that the law provides a time to start the clock says nothing about the intent to render the statute of limitations jurisdictional. Second, BOA Defendants rely on the placement of the statute of limitations in the section of the law that describes the jurisdiction of courts to hear certain RESPA actions. (*Id.* at 8–9.) But this reasoning was rejected by the Third Circuit in *Ramadan* in the context of TILA and BOA Defendants offer no persuasive reason for this Court to ignore the Third

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Circuit's reasoning when faced with virtually identical language in RESPA. Both laws have a one-year statute of limitations that begins to run "from the date of the occurrence of the violation." Furthermore, both statutes of limitation are contained in sections that include the title "Jurisdiction of Courts."

There is no clear congressional intent to make RESPA's statute of limitations jurisdictional. Indeed, as the Third Circuit recognized in *Ramadan,* equitable tolling principles are read into all federal statutes of limitations absent express language by Congress. *Ramadan,* 156 F.3d at 504. Finally, like TILA, RESPA is a remedial statute and must be construed liberally in favor of the consumer. *See Cortez v. Keystone Bank, Inc.,* Civ. A. No. 98–2457, 2000 WL 536666, at *11 (E.D.Pa. May 2, 2000); *Smith,* 2002 WL 32349873, at *6.

BOA Defendants have failed to distinguish *Ramadan* and this Court joins those that have concluded that equitable tolling applies to RESPA claims. *See Garczynski,* 656 F.Supp.2d at 516; *see also Celimar Solar v. Millenium Fin., Inc.,* Civ. A. No. 01–4327, 2002 WL 1019047, at *2 (E.D.Pa. May 17, 2002).

**B. Applicability of Equitable Tolling**

*1. Principles of equitable tolling*

Equitable tolling is appropriate if: (1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994). Furthermore, a plaintiff must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *Miller v. N.J. Dep't of Corr.,* 145 F.3d 616, 618–19 (3d Cir.1998).

**\*7** In RESPA cases, silence is insufficient to toll the statute of limitations; the defendant must have performed an independent act of concealment upon which the plaintiff justifiably relied. *Garczynski,* 656 F.Supp.2d at 516. For a statute of limitations to be tolled due to a defendant's fraudulent concealment, the plaintiff must show that: (1) the defendant actively misled the plaintiff respecting the plaintiff's claim; (2) the defendant prevented the plaintiff from recognizing the validity of the claim within the limitations period; and (3) the plaintiff used reasonable diligence in uncovering the relevant facts that form the basis of a claim. *Poskin v. TD Banknorth, N.A.,* 687 F.Supp.2d 530, 551 (W.D.Pa.2009). Allegations of fraudulent concealment must meet the requirements of Federal Rule of Civil Procedure 9(b). *In re Processed Egg Prods. Antitrust Litig.,* MDL No.2002, 2011 WL 5980001, at *4 (E.D.Pa. Nov.30, 2011). Therefore, Plaintiffs must plead fraudulent concealment with particularity. *See Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 626 (3d Cir.1984); Fed.R.Civ.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "The plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir.2007).

*2. Defendants' arguments against equitable tolling*

*a. Radian and Genworth's motion to dismiss*

Radian and Genworth argue that Plaintiffs claims cannot be saved because Plaintiffs failed to allege any acts of concealment by Defendants. (Mem. of Law of Radian and Genworth in Supp. of Their Mot. to Dismiss [Radian & Genworth Mem.] at 10.) Furthermore, Plaintiffs failed to comply with the requirement of Rule 9(b) of the Federal Rules of Civil Procedure that allegations of fraud be plead with particularity. (*Id.*) The only fraud alleged by Plaintiffs is the same fraud underlying their RESPA violation claim. (*Id.* at 10–11.) Because Defendants owed no fiduciary duty of disclosure to Plaintiffs, mere silence or nondisclosure is insufficient to toll

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

the statute of limitations. (*Id.* at 11–12.) Finally, Plaintiffs have asserted no other circumstances that would warrant the extraordinary remedy of equitable tolling. (*Id.* at 12–13.)

*b. United's motion to dismiss*

United points out that Plaintiffs failed to use "due diligence-or in fact any diligence at all to identify their claims during the limitations period." (Br. in Supp. of Mot. to Dismiss of Def. United [United's Br.] at 5.) Plaintiffs fail to point to any affirmative act of concealment or deception that prevented them from learning about their claims during the statute of limitations period. (*Id.*) Plaintiffs are not entitled to the benefits of equitable tolling based on their assertion that they needed lawyers to assist them to discover their claims, as that would extend the statute of limitations indefinitely until Plaintiffs elected to hire counsel. (*Id.* at 5–6.) Furthermore, Plaintiffs rely on publicly available documents dating back to the late 1990s that contain detailed information about the allegedly undisclosed scheme. (*Id.* at 7.) United also claims that Plaintiffs failed to plead fraud with particularity and included no facts sufficient to support their charge of fraudulent concealment. (*Id.* at 7–8.)

*c. BOA Defendants' motion to dismiss*

**\*8** BOA Defendants argue that Plaintiffs are not entitled to equitable tolling. BOA Defendants begin with the premise that a RESPA violation is not a self-concealing offense and therefore, Plaintiffs must come forward with some factual support for their belief that Defendants affirmatively deceived them. (BOA Mem. at 11 .) Yet Plaintiffs have failed to allege affirmative deception, instead relying on nondisclosure, which is insufficient under the law. (*Id.* at 11–12.) BOA Defendants also argue that Plaintiffs merely included conclusory allegations about their purported diligence and that Plaintiffs had all of the necessary information to file their lawsuit within the statute of limitations. (*Id.* at 14–15.) Finally, Plaintiffs failed to plead fraudulent concealment with particularity. (*Id.* at 19.)

*3. Analysis*

Prior to the Supreme Court's decisions in *Twombly* and *Iqbal,* the Third Circuit provided fair warning to district courts about the appropriateness of concluding that equitable tolling was not warranted in the context of a motion to dismiss for failure to state a claim. *See Oshiver,* 38 F.3d at 1391–92 (noting that plaintiffs need only plead the applicability of equitable tolling doctrine to defeat motion to dismiss); *see also Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir.1997) ("Once [the plaintiff] pled the applicability of the equitable tolling doctrine which went beyond the face of the pleadings, the district court should have treated the issue of equitable tolling in a manner consistent with Rule 56 for summary judgment."). Despite the pleading requirements set forth in *Twombly* and *Iqbal,* the Third Circuit recently noted that "because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *In re Cmty. Bank of N. Va.,* 622 F.3d 275, 301–02 (3d Cir.2010). Thus, while mindful that equitable tolling is a reprieve to be granted "sparingly," the procedural context renders it inappropriate to conclude as a matter of law that the doctrine is inapplicable to Plaintiffs' claims here. *See Hedges v. United States,* 404 F.3d 744, 751 (3d Cir.2005) ( "Equitable tolling is an extraordinary remedy which should be extended only sparingly."). Thus, while the Court does not endorse Plaintiffs' view that equitable tolling cannot be decided on the pleadings, the Court agrees that it should tread cautiously when faced with a motion to dismiss based on the statute of limitations coupled with arguments that the statue of limitations should be tolled based upon equitable principles.

Plaintiffs let *Barlee v. First Horizon National Corp.,* Civ. A. No. 12–3045, 2013 WL 706091 (E.D.Pa. Feb.27, 2013), do the heavy lifting to support their arguments for equitable tolling. *Barlee,* which includes claims identical to those in this lit-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

igation based on the same alleged scheme, denied a motion to dismiss based on RESPA's statute of limitations. The court concluded that allegations that the plaintiffs were unable, despite due diligence, to discover the underlying basis for their claims and that the defendants knowingly and actively concealed the basis for the plaintiffs' claims were sufficient to overcome a motion to dismiss because the allegations "sufficiently plead equitable tolling at this stage of the litigation." *Id.* at *5.

**\*9** Defendants rely on *McCarn v. HSBC USA, Inc.,* Civ. A. No. 12–375, 2012 WL 5499433 (E.D.Cal. Nov. 13, 2012). This case is based on the same purported scheme raised by this litigation. The court determined that equitable tolling was not available and therefore granted a motion to dismiss. The court concluded that "Plaintiff alleges no facts showing the exercise of any diligence on his part other than one telephone conversation with an HSBC customer service representative ... on March 5, 2012." *Id.* at *6. The court refused to forgive this "clear lack of diligence" based on the plaintiff's argument that reasonable diligence would have been futile because the complex and clandestine nature of the scheme made it undiscoverable without the assistance of counsel. *Id.* The court also rejected any claims of fraudulent concealment because the alleged misrepresentations failed to extend beyond the actual basis for the lawsuit. *Id.* at *7.

Plaintiffs allege that "[d]ue to the complex, undisclosed and self-concealing nature of Defendants' scheme ... Plaintiffs and putative Class members whose claims accrued prior to one year preceding the commencement of this action did not possess sufficient information or possess the requisite expertise in order to enable them to discover the true nature of Defendants' captive reinsurance arrangements." (Am.Compl.¶ 162.) Plaintiffs point out that they could discover the underlying basis for their claims only with the assistance of counsel. (*Id.* ¶ 165.) To demonstrate their diligence, Plaintiffs allege that they contacted their lenders in an effort to learn more about the captive reinsurance programs contained in their loans. (*Id.* ¶¶ 166–68.) Their lenders were unable to provide useful answers to their questions. (*Id.*) Plaintiffs also contend that BOA Defendants "used their form mortgage documents, disclosures of affiliated business arrangements, and the entire artifice of a seemingly legitimate business arrangement, to affirmatively mislead Class members about the relationship between the reinsurer ... and the lender ... and their mortgage lending subsidiaries." (*Id.* ¶ 170.) Defendants represented that, "rather than a kickback or unearned fee," these fees "were for actual services rendered." (*Id.*) BOA and BAC intentionally failed to disclose that captive reinsurance agreements were lawful only if they involved adequate assumption of risk by BOARC. (*Id.* ¶ 178.) Finally, Plaintiffs exercised due diligence "by fully participating in their loan transactions." (*Id.* ¶ 182.)

Plaintiffs have alleged facts sufficient to defeat a motion to dismiss. Indeed, they cite mortgage documents that "contain ... language which does not disclose the nature of the agreements/understandings alleged, or that Bank of America's captive reinsurance arrangements resulted in a financial benefit or kickback to Bank of America, but rather misleadingly give the arrangement an outward, though incorrect appearance of legitimacy." (*Id.* ¶ 171.) These alleged misrepresentations are deemed separate and apart from the actual RESPA violation, which is complete when the fees are improperly accepted or shared. (*Id.* ¶ 169; Pls.' Mem. at 18.) Similar to the allegations in *Barlee,* Plaintiffs have alleged that their mortgage documents affirmatively misled them to believe that kickbacks and unearned fees were actually fees for services rendered. This Court agrees that "[a]llegations of misleading mortgage documents are sufficient to allege equitable tolling in a RESPA case." *Barlee,* 2013 WL 706091, at *5 (citing *Marple,* U.S. Dist. LEXIS 37705, at *14–15). Plaintiffs argue that Defendants' form documents merely informed them of the possibility that their loans would be insured, but failed to accurately inform them if their loans were indeed insured. (Pls.' Mem. at 21.) They also claim

that they were never told that the agreements failed to transfer risk as required to be legitimate and that "Defendants misrepresented the relationship between Bank of America, BOA RE, and the PMI Providers" and failed to disclose which entity would insure their loans. (*Id.*) Whether these arguments ultimately bear fruit must be decided at a later date. At this stage, however, Plaintiffs' allegations that Defendants dressed up an illegal scheme to appear as a legitimate transaction is sufficient to deny Defendants' motion to dismiss on the issue of equitable tolling.

***10** With respect to their diligence, Plaintiffs correctly note that courts in this District have determined that due diligence is sufficiently alleged by a plaintiff's full participation in his or her loan transaction coupled with a defendant's acts of concealment. *See Barlee,* 2013 WL 706091, at *5; *Marple,* 2008 U.S. Dist. LEXIS 37705, at *14–16. The Court sees no reason to deviate from these holdings here before a record is developed.

If Plaintiffs are able to prove the facts alleged in their Amended Complaint, they may be entitled to have the statute of limitations equitably tolled. Therefore, the Court will deny the motion to dismiss to afford the parties the opportunity to develop the record relating to Plaintiffs' equitable tolling allegations. *See Wise v. Mortg. Lenders Network, USA, Inc.,* 420 F.Supp.2d 389, 394–95 (E.D.Pa.2006) (denying motion to dismiss so parties could explore whether plaintiffs exercised due diligence in investigating alleged fraud); *see also Brock v. Thomas,* 782 F.Supp.2d 133, 140 (E.D.Pa.2011) (denying without prejudice motion to dismiss based on statute of limitations because it was too early in the litigation to conclude RESPA claim was time barred). However, Defendants have raised legitimate arguments about the timeliness of Plaintiffs' claims and that Plaintiffs failed to exercise due diligence in discovering those claims. Therefore, before the parties pour significant time and resources into the merits of Plaintiffs' claims and whether this litigation can be certified as a class action, the Court will afford the parties an opportunity to conduct limited discovery on the statute of limitations issue.

**C. Unjust Enrichment**

Defendants argue that Plaintiffs' unjust enrichment claim is also time barred. For the reasons provided above, the Court rejects that argument at this time. However, Defendants also claim that Plaintiffs have failed to state an unjust enrichment claim. Under Pennsylvania law, the elements of unjust enrichment are: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162, 180 (3d Cir.2008).

The parties disagree on the nature of Plaintiffs' unjust enrichment claim. Defendants contend that Plaintiffs cannot bring an unjust enrichment claim because there is an express contract on the same subject that governs the relationship between the parties. Plaintiffs counter that their unjust enrichment claim relies on their right to an untainted settlement service, not their mortgage, and is thus not the subject of an express agreement.

Pennsylvania law bars unjust enrichment claims "if there is an express contract on the same subject." *In re Penn Cent. Transp. Co.,* 831 F.2d 1221, 1230 (3d Cir.1987). At this stage of the proceedings, however, the Court will take Plaintiffs at their word that their allegations are not based upon a subject covered by their contractual relationship with Defendants. *See Barlee,* 2103 WL 706091, at *6 ("Here, plaintiffs have an express mortgage contract with the defendants, but at this early stage of the litigation we are not able to determine whether this contract is on the same subject as their lawsuit."). Therefore, this Court will not dismiss Plaintiffs' unjust enrichment claim on the merits at this time.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

### IV. CONCLUSION

***11** Based solely on the allegations in the Amended Complaint, this Court cannot conclude as a matter of law that Plaintiffs are not entitled to equitable tolling of the statute of limitations. The Court will therefore afford the parties a limited amount of time to create a record on the issue. An Order consistent with this Memorandum will be docketed separately.

### *ORDER*

**AND NOW,** this **11th** day of **April, 2013,** upon consideration of the Motion to Dismiss of Defendant United Guaranty Residential Insurance Company, Defendants Radian Guaranty, Inc. and Genworth Mortgage Insurance Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Motion of Defendants, Bank of America Corporation, Bank of America, N.A., and Bank of America Reinsurance Corporation to Dismiss the Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' Consolidated Response thereto, Defendants' replies thereon, and for the reasons provided in this Court's Memorandum dated April 11, 2013, it is hereby ORDERED that:

1. United's motion (Document No. 78) is **GRANTED as uncontested in part** and **DENIED in part.** The motion is **GRANTED as uncontested** as to all claims brought by Plaintiffs Riddle and Stanton. It is **DENIED** in all other respects.

2. Radian and Genworth's motion (Document No. 79) is **DENIED.**

3. The Bank of America Defendants' motion (Document No. 83) is **DENIED.**

4. The Parties shall conduct discovery limited to the statute of limitations and equitable tolling issues. This limited discovery shall be completed by **Friday, June 14, 2013.** Defendants may then file motions, each motion not to exceed twenty pages, on or before **Friday, July 12, 2013.** If Defendants file motions, Plaintiffs shall file a consolidated response, not to exceed forty pages, on or before **Friday, August 9, 2013.** No replies are permitted.

E.D.Pa.,2013.
Riddle v. Bank of America Corp.
Slip Copy, 2013 WL 1482668 (E.D.Pa.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.