Daniel L. Germain (Cal. Bar No. 143334)
germain@lalawyer.com
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard
Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, et al. | ) CASE NO. 5:11-CV-01950 VAP-SP </br> ) </br> Plaintiffs, ) </br> ) **PLAINTIFFS' REPLY IN FURTHER** </br> v. ) **SUPPORT OF THEIR FIRST** </br> ) **NOTICE OF SUPPLEMENTAL** </br> JPMORGAN CHASE BANK, N.A., ) **AUTHORITY** </br> et al., ) </br> Defendants. ) Judge:  Hon. Virginia A. Phillips |

Defendants' Responses[1] to Plaintiffs' March 1, 2013 Notice of Supplemental Authority in Further Opposition to Defendants' Motions to Dismiss ("First Notice") (ECF No. 166) wholly fails to distinguish either *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-

---

[1] Defendants' Responses are those filed by: (1) Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co. (collectively, "JPMorgan") and their affiliated mortgage reinsurer, Cross Country Insurance Company ("Cross Country" or the "Captive Reinsurer") (ECF No. 171) ("JPMorgan Resp."); (2) Defendant United Guaranty Residential Insurance Company ("UG") (ECF No. 177) ("UG Resp."); (3) Defendants Mortgage Guaranty Insurance Corp. ("MGIC") and Radian Guaranty Inc. ("Radian") (ECF No. 171) ("MGIC & Radian Resp."); and (4) Defendant Republic Mortgage Insurance Co. ("RMIC") (ECF No. 173) ("RMIC Resp.").

3045-HB, 2013 WL 706091 (E.D. Pa. Feb. 27, 2013) ("*First Horizon*") or *Minter v. Wells Fargo Bank, N.A.,* Nos. WMN-07-3442, WMN-08-1642, 2013 WL 593963 (D. Md. Feb. 14, 2013) ("*Minter*").  Defendants' Responses are premised upon numerous inaccuracies concerning each of these recent decisions.

As Plaintiffs have pointed out, each of these decisions provides this Court with direct guidance on the issue of equitable tolling under RESPA, as well as the sufficiency of Plaintiffs' tolling allegations.  The many shortcomings of Defendants' Responses may be addressed more fully at oral argument, if the Court finds it necessary; however, Plaintiffs respectfully submit this Reply to highlight some of the more glaring errors and mischaracterizations underlying the Responses.

*First*, Radian and MGIC contend that *First Horizon* is distinguishable from the facts here because the *First Horizon* Court did not take into consideration private mortgage insurance disclosures such as those used by JPMorgan.  MGIC & Rad. Resp. 2.  In fact, a review of the submissions in that case reveals that plaintiffs in *First Horizon* not only attached a nearly identical disclosure to their complaint and based numerous allegations within their complaint[2] upon that disclosure (*see* FH Compl. *inter alia*, ¶¶ 166, 173), but both the plaintiffs and the defendants in that case also explicitly referenced that disclosure in their respective briefing on defendants' motion to dismiss.  Radian and MGIC simply ignore this.  MGIC & Rad. Resp. 2.

JPMorgan's Mortgage Guaranty Insurance Disclosure (the "JPMorgan Disclosure"), just like the FH Disclosure, affirmatively misrepresented that the captive reinsurance arrangement at issue involved a real transfer of risk such that any payments exchanged pursuant to the arrangement were for actual reinsurance services rendered.  *See* First Amended Complaint ("FAC") ¶¶ 150-151; Exs. H, HH.  Indeed, the JPMorgan Disclosure makes the same affirmative misrepresentations pertaining to the putative transfer of risk as the FH Disclosure, including among other things, that: (i) a "mortgage insurer[] may enter

---

[2]  *See* the *First Horizon* "First Amended Class Action Complaint" (ECF No. 61) ("FH Compl.") at Ex. 4, ¶ 10 and Ex. 6, ¶ 10.

2

Case No. 5:11-cv-01950 VAP-SP
Plts' Reply in Further Support of First Notice of Suppl. Authority

into a reinsurance agreement with other insurance companies"; (ii) who agree to share or modify the mortgage insurer's risk; and (iii) "in return for assuming a portion of the risk covered by the Mortgage Insurance policy, the other insurance company (usually called the "Reinsurance Company") receives a portion of the mortgage insurance premiums." Thus, the respective form documents at issue in *First Horizon* and here similarly misled borrowers, directly supporting equitable tolling. *See* Plaintiffs' Opposition (ECF No. 151) ("Plts. Opp.") at 26.[3] Any conclusion to the contrary would require that this Court accept Defendants' self-serving interpretation of the facts alleged and to reject Plaintiffs' allegations and the reasonable inferences therefrom, or engage in an intensive factual inquiry, each of which would be improper in the context of Defendants' Fed. R. Civ. P. 12(b)(6) Motion. *See* Plts. Opp. at 25.

*Second*, JPMorgan, without referring to either *First Horizon or Minter*, raises the argument that Plaintiffs have failed to allege an independent basis for equitable estoppel distinct from their RESPA claims, but as recognized by other courts, "[f]or RESPA purposes, the violation is not the failure to make a disclosure, but is instead the payment or splitting of fees other than for services actually performed." *Marple v. Countrywide Fin. Corp.*, No. 07-cv-4402, 2008 U.S. Dist. LEXIS 37705, at *11-12 (D.N.J. May 7, 2008), *quoting Williams v. Saxon Mortg. Servs., Inc.*, No. 06-cv-0799, 2007 WL 2828752, at *4 (S.D. Ala. Sept. 27, 2007) *aff'd sub nom. Williams v. Countrywide Home Loans, Inc.*, 284 F. App'x 724 (11th Cir. 2008). The basis for Plaintiffs' equitable estoppel allegations, *inter alia*, misrepresentations in disclosures, are distinct from the basis for Plaintiffs' RESPA claims.

---

[3] JPMorgan's argument that the FH Disclosures were "noticeably narrower" than those at issue here is without merit. The JPMorgan Disclosures represent that the private mortgage insurer "might" choose to reinsure "with another insurance company" that would assume a portion of the risk under the insurance policy, but the Disclosures did not advise the borrower that the private mortgage insurer was bound to purchase "reinsurance" that was a sham because it did not adequately transfer risk or that the purported reinsurance would always be purchased from Cross Country—JP Morgan's captive reinsurer. *See* FAC Exs. H, HH.

3

*Third*, JPMorgan's argument that a fact-intensive inquiry such as whether Plaintiffs had sufficient notice of the possible existence of their claims is resolved differently in the Ninth Circuit, as opposed to Third Circuit, is simply untrue. JPMorgan Resp. 2, n. 2. Indeed, the Ninth Circuit has repeatedly held that the application of equitable tolling often involves an analysis of facts beyond the pleadings. *See Supermail v. United States,* 68 F.3d 1204, 1206 (9th Cir.1995) ("the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue."); *see also Lundy v. Union Carbide Corp.,* 695 F.2d 394, 397 (9th Cir. 1982) (holding that for statute of limitations purposes, what a plaintiff knew and when he knew it are factual issues inappropriate for resolution on summary judgment); *see also Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009). The decision in *First Horizon* accords with these principles.[4]

*Finally*, in their Responses, UG, RMIC, MGIC and Radian all argue that Plaintiffs have failed to plead that those Defendants affirmatively misled Plaintiffs as to the existence of their possible claims and should thus be dismissed.[5] UG attempted to make this same argument in *First Horizon* in its Motion Seeking Reconsideration of the Court's Order. The *First Horizon* Court rejected this argument on the basis that the *First Horizon* Plaintiffs, same as Plaintiffs here, specifically alleged that "all the defendants actively

---

[4] Similarly, JPMorgan's attempts to distinguish *Minter* falls flat. The *Minter* Court denied the defendants' Motion for Summary Judgment because it was compelled to view the plaintiff's allegations "in the light most favorable" to the plaintiff and was thus unable to, as a matter of law, conclude whether the jury would find the plaintiff's allegations persuasive. *Minter*, 2013 WL 593963, at *15. Defendants here ask this Court to decide the issue of whether Plaintiffs' claims should be equitably tolled without conducting any discovery while the *Minter* Court refused such a determination on a fully-developed factual record. For that reason, *Minter* supports Plaintiffs' arguments that equitable tolling cannot be decided on a Fed. R. Civ. P. 12(b)(6) motion.

[5] This argument ignores the fact that, in addition to supporting an application of equitable estoppel, Plaintiffs' allegations also support application of equitable tolling and tolling pursuant to the Discovery Rule, which applies to all Defendants.

4

concealed the basis for Plaintiffs' claims." *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045-HB, 2013 WL 1389747, at *2 (E.D. Pa. Apr. 5, 2013) (this decision is the subject of Plaintiffs' Second Notice of Supplemental Authority). Plaintiffs here have made the same allegation: "Defendants knowingly and actively concealed the basis for Plaintiffs' claims . . . ." FAC ¶138.

Dated: April 23, 2013

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

*/s/ Edward W. Ciolko*
Edward W. Ciolko (*pro hac vice*)
Terence S. Ziegler (*pro hac vice*)
Amanda R. Trask *(pro hac vice)*
Jesse C. Klaproth *(pro hac vice)*
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706

Daniel L. Germain (Bar No. 143334)
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard, Suite 1200
Encino, CA  91436
Telephone: (818) 788-0877

Alan R. Plutzik
**BRAMSON PLUTZIK MAHLER &
BIRKHAEUSER LLP**
2123 Oak Grove Boulevard, Ste. 120
Walnut Creek, CA  94598
Telephone: (925) 945-0200

Andrew L. Berke
**BERKE, BERKE & BERKE**
420 Frazier Avenue
Chattanooga, TN  37402
Telephone: (423) 266-5171

*Attorneys for Plaintiffs and
the Proposed Class*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Edward W. Ciolko
Edward W. Ciolko (*pro hac vice*)