**ROSMAN & GERMAIN LLP**
Daniel L. Germain (Cal. Bar No. 143334)
6311 Ventura Boulevard, Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, et al. | CASE NO. 5:11-CV-01950 VAP-SP |
| Plaintiffs, | **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants. | Judge:  Hon. Virginia A. Phillips |

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs respectfully request that the Court take judicial notice of the information attached as Exhibits A – F-2 hereto and identified below, which supports the substantive allegations of Defendants' wrongdoing set forth in the First Amended Class Action Complaint ("FAC") in this action and bears upon Defendants' pending Motions to Dismiss.

Attached hereto as Exhibit A is a copy of an April 4, 2013 press release issued by the Consumer Financial Protection Bureau ("CFPB") entitled, "Consumer Financial Protection Bureau Takes Action Against Mortgage Insurers to End Kickbacks to Lenders." As set forth at Exhibit A, the CFPB announced enforcement actions (the "Enforcement Actions") on April 4, 2013 against certain mortgage insurers, including the following

Defendants to this action: (i) Radian Guaranty, Inc. ("Radian"); (ii) Genworth Mortgage Insurance Corp. ("Genworth"); (iii) Mortgage Guaranty Insurance Corporation ("MGIC"); and (iv) United Guaranty Residential Insurance Co. ("UG"). According to the CFPB, "the mortgage insurers named in [the] enforcement actions provided kickbacks to mortgage lenders by **purchasing captive reinsurance that was essentially worthless** but was designed to make a profit for the lenders." (Emphasis added.) The CFPB further stated that "[t]he kickbacks at issue in [the] actions were paid to the lenders through 'captive reinsurance arrangements.'" *Id*.

In his April 4, 2013 Prepared Remarks issued in connection with the announcement of the Enforcement Actions (attached hereto as Exhibit B), CFPB Director, Richard Cordray, stated, among other things:

- [T]he payments made as supposed 'reinsurance' **premiums did not correspond to a proportionate transfer of insurance risk between the parties** (emphasis added); and

- Homeownership is difficult and expensive enough for most people without extra costs imposed by **financial kickbacks that are kept hidden from them** (emphasis added).

Director Cordray's statements address the same tainted settlement services upon which Plaintiffs here base their claims. *See, e.g.*, FAC ¶¶ 7, 97, 99, 122-25, 164

In connection with its respective Enforcement Actions against Radian, Genworth, MGIC, and UG, the CFPB filed each of the following with the United States District Court of the Southern District of Florida: (i) Complaint for Permanent Injunction and Other Relief (the "CFPB Complaint"); and (ii) Final Consent Judgment and Order (the "CFPB Consent").[1] Each CFPB Complaint alleges, among other things:

- The premiums ceded by the respective Defendant to lenders' captive reinsurers were kickback payments, paid in exchange for referring customers (*e.g.*, Ex. C-1 at ¶ 16);

---

[1] Copies of these submissions are attached hereto as: Exhibits C-1– C-2 (Radian); D-1 – D-2 (Genworth); E-1 – E-2 (MGIC); F-1- F-2 (UG).

2

- The 'reinsurance' provided by the lenders' captive reinsurers was of little if any value because the projected value of the reinsurance to the Defendant was far less than the premiums the Defendant expected to cede (*e.g.*, Ex. C-1 at ¶ 17);

- Each ceding payment by the Defendant to the captive reinsurers is a 'thing of value' that has been given to a lender's captive (*e.g.*, Ex. C-1 at ¶ 28);

- Each such ceding payment: (a) was not and is not for services actually furnished or performed; or (b) grossly exceeded or exceeds the value of any such services (*e.g.*, Ex. C-1 at ¶ 29);

- Each such ceding payment therefore was and is an illegal kickback in violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(a), for which the Defendant is liable (*e.g.*, Ex. C-1 at ¶ 31); and

- The Defendant gave and lenders accepted a portion, split, or percentage of charges received by Defendant for the rendering of business incident to a real estate settlement service other than for services actually performed, in violation of Section 8(b) of RESPA, 12 U.S.C. § 2607(b), for which Defendant is liable (*e.g.*, Ex. C-1 at ¶ 33).

As such, the CFPB Complaints allege misconduct that is substantially similar to the misconduct alleged in the FAC. *See, e.g.*, FAC ¶¶ FAC ¶¶ 7, 97, 99, 122-25, 164.

Each CFPB Consent includes, among other things, the following, to which UG, Radian, Genworth, and MGIC, respectively, agreed:

- The Complaint **states a claim upon which relief may be granted under Section 8 of RESPA**, 12 U.S.C. § 2607, and Sections 1054, and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565 (CFPB Consents at ¶ 2) (emphasis added); and

- The Bureau and [UG, Genworth, Radian and MGIC, respectively] stipulate and agree to entry of this Order . . . . (CFPB Consents at ¶ 3).

Plaintiffs respectfully submit that the Court may take judicial notice of the information set forth in each and all of the Exhibits to this submission because each Exhibit is either a publication of a federal agency or a court-filed document. *See, e.g.*, *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1241 (N.D. Cal. 2008) (citations omitted).

3

| | |
|---|---|
| Dated:  April 23, 2013 | Respectfully submitted, |
| | **KESSLER TOPAZ<br>MELTZER & CHECK, LLP** |
| | _/s/ Edward W. Ciolko_<br>Edward W. Ciolko (*pro hac vice*)<br>Terence S. Ziegler (*pro hac vice*)<br>Amanda R. Trask *(pro hac vice)*<br>Jesse C. Klaproth *(pro hac vice)*<br>280 King of Prussia Road<br>Radnor, PA  19087<br>Telephone: (610) 667-7706 |
| | Daniel L. Germain (Bar No. 143334)<br>**ROSMAN & GERMAIN LLP**<br>16311 Ventura Boulevard, Suite 1200<br>Encino, CA  91436<br>Telephone: (818) 788-0877 |
| | Alan R. Plutzik<br>**BRAMSON PLUTZIK MAHLER &<br>BIRKHAEUSER LLP**<br>2123 Oak Grove Boulevard, Ste. 120<br>Walnut Creek, CA  94598<br>Telephone: (925) 945-0200 |
| | Andrew L. Berke<br>**BERKE, BERKE & BERKE**<br>420 Frazier Avenue<br>Chattanooga, TN  37402<br>Telephone: (423) 266-5171 |
| | *Attorneys for Plaintiffs and<br>the Proposed Class* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Edward W. Ciolko
Edward W. Ciolko (*pro hac vice*)