Christopher H. Hart (CSBN 184117)
  chart@schnader.com
David Smith (*Admitted Pro Hac Vice*)
  dsmith@schnader.com
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
  sfogdall@schnader.com
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
  tloscalzo@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Defendant RADIAN GUARANTY INC.

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE CO., UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP.,<br><br>Defendants. | Case No. EDCV11-01950 VAP SPX<br><br>**RESPONSE OF DEFENDANTS RADIAN GUARANTY INC. AND MORTGAGE GUARANTY INSURANCE CORP. TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: April 29, 2013<br>Time: 2:00 pm<br>Place: Courtroom 2<br>  3470 Twelfth Street, 2nd Floor<br>  Riverside, CA<br>Judge: The Honorable Virginia A. Phillips |

Eileen R. Ridley (CSBN 151735)
 eridley@foley.com
FOLEY & LARDNER LLP
555 California Street
Suite 1700
San Francisco, CA 94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507

Attorneys for Defendant
MORTGAGE GUARANTY
INSURANCE CORPORATION

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 5:11-CV-01950 VAP-SP

Defendants Radian Guaranty Inc. ("Radian") and Mortgage Guaranty Insurance Corporation ("MGIC") submit this response to plaintiffs' second notice of supplemental authority.

Radian and MGIC note that plaintiffs' discussion of *Riddle v. Bank of America Corp.*, 2013 U.S. Dist. LEXIS 52091 (E.D. Pa. Apr. 11, 2013) ("*Riddle*") disingenuously leaves out the most important part of the court's ruling – namely, the court's conclusion that "Defendants have raised legitimate arguments about the timeliness of Plaintiffs' claims and that Plaintiffs failed to exercise due diligence in discovering those claims," and thus there should be "limited discovery on the statute of limitations issue" before "the parties pour significant time and resources into the merits of Plaintiffs' claims and whether this litigation can be certified as a class action." *Riddle*, 2013 U.S. Dist. LEXIS 52091, at *29.

Contrary to plaintiffs' characterization, *Riddle* in reality holds that plaintiffs should be required to establish equitable tolling at the outset of the case, before being permitted to litigate the merits of their claims. The Rules require plaintiffs to replead in accordance with Rule 9(b). If, upon repleading, plaintiffs cannot make any allegation that Radian or MGIC did anything to actively mislead them regarding their claims, then their claims against Radian and MGIC should be dismissed with prejudice. The alternative approach taken by the *Riddle* court of allowing narrow and expedited discovery only on the statute of limitations, followed by renewed motions to dismiss or for summary judgment, arguably sets an even higher standard for plaintiffs because it will test their ability to prove the facts as well as plead them – neither of which plaintiffs can do.

The Court should dismiss Radian and MGIC for failure to state a claim. If the court is not inclined to dismiss on this basis, then the court should require plaintiffs to replead in accordance with Rule 9(b). Alternatively, the Court should order limited discovery on the statute of limitations, followed by renewed motions to dismiss or for summary judgment.

1

RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 5:11-CV-01950 VAP-SP

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Respectfully submitted,

Dated: April 26, 2013          SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ Stephen A. Fogdall
Christopher H. Hart
David Smith (*Admitted Pro Hac Vice*)
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
Attorneys for Defendant
RADIAN GUARANTY INC.
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
Email: chart@schnader.com

Dated: April 26, 2013          FOLEY & LARDNER LLP

/s/ Eileen R. Ridley
Eileen R. Ridley (as authorized on April 26, 2013)
Attorneys for Defendant
MORTGAGE GUARANTY INSURANCE CORPORATION
555 California Street
Suite 1700
San Francisco, CA 94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507
Email: eridley@foley.com

# PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of Philadelphia, State of Pennsylvania, in the office of an attorney who is admitted to practice *pro hac vice* in this court and at whose direction service is being made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 1600 Market Street, Suite 3600, Philadelphia, Pennsylvania, 19103-7286. On April 26, 2013, I caused to be served the following document(s):

1. **RESPONSE OF DEFENDANTS RADIAN GUARANTY INC. AND MORTGAGE GUARANTY INSURANCE CORP. TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

I caused the above documents to be served by the following means:

☒ <u>Via Court Notice of Electronic Filing</u>: The documents will be served by the court via NEF and hyperlink to the document. On April 26, 2013, I checked the CM/ECF docket for this case and determined that service was effectuated on all parties via the Electronic Mail Notice List at the email addresses indicated.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on April 26, 2013, at Philadelphia, Pennsylvania.

/s/ Christopher A. Reese
Christopher A. Reese