1  **ROSMAN & GERMAIN LLP**
2  Daniel L. Germain (Cal. Bar No. 143334)
   6311 Ventura Boulevard, Suite 1200
3  Encino, CA  91436-2152
4  Telephone: (818) 788-0877
   Facsimile: (818) 788-0885
5  *Attorneys for Plaintiffs and the Proposed Class*
6  [Additional Counsel Listed on Signature Page]
7
8            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
9
10

| | |
|---|---|
| WAYNE SAMP, et al. | ) CASE NO. 5:11-CV-01950 VAP-SP |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** |
| JPMORGAN CHASE BANK, N.A., et al., | ) |
| Defendants. | ) Judge: Hon. Virginia A. Phillips |

Plaintiffs respectfully request that the Court take notice of the attached opinion issued this week in *Spears v. First American eAppraiseit*, No. 5-08-cv-00868, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013) ("*Spears*") (Exhibit A hereto) as additional supplemental authority in further support of Plaintiffs' December 21, 2012 Consolidated Opposition to Defendants' Motions to Dismiss (ECF No. 151) ("Opposition" or "Plts. Opp.").[1]

*Spears* is a case involving a RESPA claim based upon an alleged agreement under which Washington Mutual Bank ("WaMu") referred[2] a volume of appraisal work to two appraisal companies, Defendant First American eAppraiseIt ("EA") and Lender's Services, Inc. ("LSI"). Defendant EA sought judgment on the pleadings on the grounds that the facts pled by the plaintiffs were insufficient to allege a violation of RESPA. Among other things, EA argued that the plaintiffs' claims were time-barred by RESPA's one-year statute of limitations. *See Spears*, 2013 WL 1748284, at *3. The court denied EA's motion, finding that the plaintiffs had adequately alleged equitable tolling. *See id*.

---

[1] Defendants' Motions to Dismiss are those filed by: (1) Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., JPMorgan Chase & Co. (collectively, "JPMorgan") and their affiliated mortgage reinsurer, Cross Country Insurance Company ("Cross Country" or the "Captive Reinsurer") (ECF No. 135) ("JPMorgan MTD"); (2) Defendant United Guaranty Residential Insurance Company ("UG") (ECF No. 130) ("UG MTD"); (3) Defendants Mortgage Guaranty Insurance Corp. ("MGIC"), Radian Guaranty Inc. ("Radian") and Triad Guaranty Insurance Corp. ("Triad") (ECF No. 132) ("MRT MTD"); (4) Defendant Genworth Mortgage Insurance Corp. ("Genworth") (ECF No. 145) ("Genworth MTD"); and (5) Defendant Republic Mortgage Insurance Co. ("RMIC") (ECF No. 137) ("RMIC MTD"). Defendants also filed reply memoranda of law in further support of their respective Motions to Dismiss. *See* ECF No. 153 ("UG Reply"); ECF No. 156 ("RMIC Reply"); ECF No. 158 ("JPMorgan Reply"); ECF No. 159 ("MR Reply"); ECF No. 160 ("Genworth Reply"). Plaintiffs have voluntarily dismissed Triad from this action. *See* ECF No. 157.

[2] WaMu's list of "preferred appraisers" is similar to Plaintiffs' allegations here that the preferred Mortgage Insurer Defendants were referred business on a rotational basis. *See* Complaint ¶¶ 92, 97, 165.

1

Specifically, the court found "persuasive" the plaintiffs' allegations that no amount of investigation could have revealed the nature of EA's agreement with WaMu until the New York Attorney General ("NYAG") announced the results of its investigation (based upon EA's **internal documents**) three months before the plaintiffs filed their lawsuit. *See id*. at \*4. The court also found that it would have been impossible for the plaintiffs to uncover the hidden scheme without the NYAG's disclosure, which rose to the level of an "extraordinary circumstance that would frustrate the purpose of the statute [RESPA]" and thus required equitable tolling of the plaintiffs' claims. *See id*.

Like EA, Defendants here argue that equitable tolling does not apply to Plaintiffs' RESPA claims. *See* JPMorgan MTD 7-18; UG MTD 6-10; MRT MTD 13; Genworth MTD 5; RMIC Mem. 4. However, like the plaintiffs in *Spears*, it would have been impossible for Plaintiffs here to uncover the nature of Defendants' hidden scheme without the assistance of counsel due to Defendants' misrepresentations that their captive reinsurance scheme actually transferred risk and provided a real benefit to borrowers. *See* Plts. Opp. 25-26. Given Plaintiffs' allegations regarding the futility of any investigation into Defendants' wrongdoing coupled with the affirmatively misleading statements contained in Defendants' form documents (an additional allegation that was not present in *Spears*), Plaintiffs have pled an "extraordinary circumstance" to support the equitable tolling of their claims. *See Spears*, 2013 WL 1748284, at \*4.

In addition, identical to Defendants here, in *Spears*, EA primarily relied upon the decision in *McCarn v. HSBC USA, Inc.*, No. 1:12-cv-00375-LJO, 2012 WL 5499433, at \*7 (E.D. Cal. Nov. 13, 2012) as support for its argument that the plaintiffs failed to diligently pursue their claims. *See Spears*, ECF No. 286 at 9; JPMorgan Reply 5-6; UG Reply 6; MR Reply 10; Genworth Reply 7-8. But the *Spears* court did not follow, and indeed, wholly disregarded, the *McCarn* decision in determining that the plaintiffs demonstrated diligence by bringing suit within three months after the NYAG's release of the results of its investigation, prior to which they had no reason to suspect any wrongdoing. *See Spears*,

2

Case No. 5:11-cv-01950 VAP-SP
Plts' Third Notice of Suppl. Authority

2013 WL 1748284, at *4.

Plaintiffs here allege that they exercised due diligence by, *inter alia*, seeking to obtain information from Defendants' representatives upon learning from counsel about the existence of their potential claims. *See* Plts. Opp. 34. Like the plaintiffs in *Spears*, Plaintiffs here had no reason to suspect the unlawful nature of Defendants' captive reinsurance arrangement until they obtained the assistance of counsel because Defendants affirmatively misrepresented to them that it was legitimate. *See id*. at 26. Accordingly, like the court in *Spears*, which—in full view of EA's argument that *McCarn* barred the plaintiffs' claims—determined that equitable tolling applied, this Court should reject Defendants' similar contentions.

Although the *Spears* court held that equitable estoppel did not apply because the plaintiffs failed to allege concealing conduct separate and apart from the underlying wrongdoing, Plaintiffs' allegations here do just that.[3] In *Spears*, the Court found that the closest the plaintiffs came to alleging conduct above and beyond the original wrongdoing was the allegation that "EA held itself out as providing unbiased appraisers who provide appraisal service pursuant to USPAP requirements." *See Spears,* 2013 WL 1748284, at *5. By contrast, here Plaintiffs have pled Defendants' affirmative acts of concealment that are separate and distinct from their underlying RESPA violations and intended to conceal them. *See* Plts. Opp. 40; *see also Barlee v. First Horizon Nat'l Corp.*, No. 2:12-cv-03045-HB, 2013 WL 706091, at *5 (E.D. Pa. Feb. 27, 2013) (holding that identical allegations were distinct from the underlying RESPA claims and sufficient to toll the statute of limitations); *Riddle v. Bank of America Corp.*, No. 12-cv-1740-BMS, 2013 WL 1482668

---

[3] *Spears* also held that the Discovery Rule does not apply to claims brought under RESPA, and although Plaintiffs have argued otherwise and respectfully disagree with the *Spears* court on this point, the Court here is not required to make such a determination because the doctrines of equitable tolling and equitable estoppel provide an adequate basis to toll Plaintiffs' claims. *See Spears,* 2013 WL 1748284, at *5-6.

3

Case No. 5:11-cv-01950 VAP-SP
Plts' Third Notice of Suppl. Authority

(E.D. Pa. Apr. 11, 2013) (same). Namely, Plaintiffs allege that Defendants actively misled them by making numerous false and misleading statements in their form mortgage documents and affiliated business disclosures and in response to Plaintiffs' inquiries concerning their mortgage insurance and the alleged reinsurance arrangement. *See id*. at 40-41. As such, unlike the allegation of passive misrepresentation pled in *Spears*, Plaintiffs' allegations here are sufficient to invoke the fraudulent concealment doctrine.

As set forth above, *Spears* supports Plaintiffs' equitable tolling arguments proffered in opposition to Defendants' Motions to Dismiss. Accordingly, Plaintiffs respectfully request that the Court consider the *Spears* decisions in connection with the Court's continuing evaluation of Defendants' Motions.

Dated: April 26, 2013                    Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*/s/ Edward W. Ciolko*
Edward W. Ciolko (*pro hac vice*)
Terence S. Ziegler (*pro hac vice*)
Amanda R. Trask *(pro hac vice)*
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706

Daniel L. Germain (Bar No. 143334)
**ROSMAN & GERMAIN LLP**
16311 Ventura Boulevard, Suite 1200
Encino, CA  91436
Telephone: (818) 788-0877

Alan R. Plutzik
**BRAMSON PLUTZIK MAHLER &**
**BIRKHAEUSER LLP**
2123 Oak Grove Boulevard, Ste. 120
Walnut Creek, CA  94598

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Telephone: (925) 945-0200

Andrew L. Berke
**BERKE, BERKE & BERKE**
420 Frazier Avenue
Chattanooga, TN 37402
Telephone: (423) 266-5171

*Attorneys for Plaintiffs and the Proposed Class*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

               */s/ Edward W. Ciolko*
               Edward W. Ciolko (*pro hac vice*)