QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (Bar No. 232009)
    danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

-and-

Michael B. Carlinsky (*pro hac vice*)
  michaelcarlinsky@quinnemanuel.com
Jane M. Byrne (*pro hac vice*)
  janebyrne@quinnemanuel.com
Brad E. Rosen (*pro hac vice*)
  bradrosen@quinnemanuel.com
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendant United Guaranty
Residential Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | CASE NO. CV 11-1950 VAP (SPx)<br><br>**DEFENDANT UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY'S RESPONSE AND OBJECTIONS TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   April 29, 2013<br>Time:   2:00 p.m.<br>Crtrm.: 2<br>Judge:  Hon. Virginia A. Phillips |

02841.62533/5285005.3

CASE NO. CV 11-1950 VAP (SPx)
UNITED GUARANTY'S RESPONSE TO SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND
REQUEST FOR JUDICIAL NOTICE

Defendant United Guaranty Residential Insurance Company ("United Guaranty") hereby responds to Plaintiffs' Second Notice of Supplemental Authority (Dkt. 181, the "Second Notice"), and Plaintiffs' Request for Judicial Notice (Dkt. 183, the "RJN"), as follows.

## I. PLAINTIFFS' ADDITIONAL AUTHORITIES FROM THE EASTERN DISTRICT OF PENNSYLVANIA DO NOT SUPPORT THE DENIAL OF UNITED GUARANTY'S MOTION TO DISMISS

Just like its first "Notice of Supplemental Authority," Dkt. 166 (the "First Notice"), Plaintiffs' Second Notice is in substance an additional memorandum of points and authorities in support of Plaintiffs' opposition to the defendants' motions to dismiss. It therefore violates Local Rule 7-10, which prohibits the filing of "a response to the reply," and should be stricken.

Even if Plaintiffs' First Notice is considered, the authorities Plaintiffs cite from the Eastern District of Pennsylvania – *Barlee v. First Horizon*, 2013 WL 1389747 (E.D. Pa. April 5, 2013) and *Riddle v. Bank of America*, 2013 WL 1482668 (E.D. Pa. April 11, 2013) – do not support the denial of United Guaranty's motion. Rather, they simply reflect Plaintiffs' continued efforts to distract this Court from the controlling authorities from *within this Circuit* that compel the dismissal of Plaintiffs' claims, including the *McCarn* case, which Plaintiffs admit "dismissed the plaintiffs' claims as untimely *under the law of the Ninth Circuit*." Dkt. 181 at 6 (citing *McCarn v. HSBC,* 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012) (emphasis added)).[1]

***Barlee v. First Horizon* Remains Unhelpful To Plaintiffs**. As United Guaranty showed in its response to Plaintiff's First Notice, the first *Barlee v. First*

---

[1] United Guaranty also objects to Plaintiffs' delay in providing "notice" of the *Barlee* decision they address in their Second Notice, which was issued on April 5, and the *Riddle* decision, issued on April 11, until the eve of the hearing on the defendants' motions to dismiss.

*Horizon* decision of which Plaintiffs previously provided "notice" was incorrectly decided for several reasons and does not comport with Ninth Circuit law regarding equitable tolling. *See* Dkt. 177 at 1-4. The more recent *Barlee* decision of which Plaintiffs now provide notice does nothing to cure these deficiencies – in fact, it simply reaffirmed the court's prior ruling in the course of denying United Guaranty's motion for reconsideration, without adding any new analysis. In particular, the more recent *Barlee* decision still did not require the plaintiffs to allege facts with specificity under Rule 9(b) showing that United Guaranty committed an act of fraudulent concealment that prevented the plaintiffs from discovering their claims. Nor did the court require the plaintiffs to allege their use of diligence "*until discovery of the operative facts that are the basis of [their] cause of action*," as required in this Circuit. *Ohlendorf v. American Brokers Conduit*, 2012 WL 718682, *7 (E.D. Cal. March 5, 2012) (emphasis added). The recent *Barlee* decision also continued to overlook all the public information that has been available for many years that provided the plaintiffs with at least inquiry notice of their claims long before they filed suit. The court also did not address the plaintiffs' allegations showing that other similarly-situated plaintiffs have been bringing the same RESPA claims for years before them, further confirming that the plaintiffs' claims were stale. Thus, neither of the *Barlee* decisions comports with the many authorities United Guaranty and the other defendants have cited in their moving papers which establish that Plaintiffs' claims are barred by the statute of limitations.

***Riddle v. Bank of America* Is Unhelpful To Plaintiffs**. For the same reasons, *Riddle v. Bank of America*, also from the Eastern District of Pennsylvania, is unhelpful to Plaintiffs. Like *Barlee*, the *Riddle* court did not address United Guaranty's argument that fraudulent concealment must be alleged with particularity against each moving defendant. Rather, in determining that the plaintiffs had met their threshold burden of alleging equitable tolling, the *Riddle* court simply relied on *Barlee* (a case from within the same judicial district as *Riddle*), which, the *Riddle*

court noted, was the case on which the plaintiffs themselves had relied to "do the heavy lifting to support their arguments for equitable tolling." *Riddle*, 2013 WL 1482668 at *8. Likewise with respect to the defendants' challenge to the sufficiency of the plaintiffs' diligence allegations, the *Riddle* court found "no reason to deviate from" the decisions of *"**courts in this District** [that]* have determined that due diligence is sufficiently alleged by a plaintiff's full participation in his or her loan transaction coupled with a defendant's acts of concealment." *Id*. at *10 (emphasis added, citing *Barlee*). Because of its wholesale reliance on *Barlee*, the *Riddle* decision, like *Barlee*, is incorrect and does not reflect the law in this Circuit.

Moreover, Plaintiffs conspicuously omit from their discussion of *Riddle* that although the Court denied the defendants' motions to dismiss, it also concluded that the "Defendants ha[d] raised legitimate arguments about the timeliness of Plaintiffs' claims and that Plaintiffs failed to exercise due diligence in discovering those claims." *Id.* at *10. Based on that conclusion, the *Riddle* court decided that "before the parties pour significant time and resources into the merits of Plaintiffs' claims and whether this litigation can be certified as a class action, the Court will afford the parties an opportunity to conduct limited discovery on the statute of limitations issue." *Id.* The *Riddle* court therefore ordered that (i) discovery in the initial phase of the case is to be limited to issues relating to the statute of limitations and equitable tolling, and (ii) following the completion of this discovery, the defendants will be permitted to file additional motions challenging the timeliness of the plaintiffs' claims. *Riddle*, Case No. 12-cv-1740, Dkt. 99 at 1-2 (E.D. Pa. April 11, 2013). Only if the *Riddle* plaintiffs' claims survive these subsequent motions will the case proceed to merits-based discovery.

If the Court herein is inclined to deny United Guaranty's motion to dismiss, then United Guaranty submits that it has raised at least "legitimate arguments" about the timeliness of Plaintiffs' claims, and that an order limiting discovery in the first

02841.62533/5285005.3

-3-   CASE NO. CV 11-1950 VAP (SPx)
UNITED GUARANTY'S RESPONSE TO SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR JUDICIAL NOTICE

phase of the case to the statute of limitations would serve the interests of judicial economy.

### Plaintiffs' Reliance On Third Circuit Authorities Is Disingenuous.

Plaintiffs argue, as they did in their First Notice, that "the analysis for fraudulent concealment/equitable estoppel (as a basis for equitable tolling) in the Ninth Circuit is the same for fraudulent concealment in the Third Circuit." Dkt. 181 at 2. As United Guaranty showed in its response to Plaintiffs' First Notice, Plaintiffs' counsel are arguing *precisely the opposite* on behalf of a different group of plaintiffs in the Eastern District of Pennsylvania, where the plaintiffs are urging the court *not* to follow the Eastern District of California's decision in *McCarn* because it was decided under *Ninth Circuit law*. *See* Dkt. 177 at 4 (citing the plaintiffs' argument from *Ba v. HSBC USA, Inc.*, Case No. 2:13-00072-PD, Dkt. 57 at 36 (April 12, 2013), that *McCarn* "provides little more than an ill-founded application of the equitable tolling law of the Ninth Circuit"). The Court should reject Plaintiffs' disingenuous argument that the Eastern District of Pennsylvania cases they cite provide "direct guidance" to this Court. Rather, the Court should follow *McCarn* and the other authorities from within this Circuit that United Guaranty and the other defendants cite in their moving papers. Plaintiffs simply have no response to those authorities, and neither *Barlee* nor *Riddle* provides them with one.

## II. PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE SHOULD BE STRICKEN OR, IN THE ALTERNATIVE, DENIED

Plaintiffs' RJN asks the Court to take judicial notice of various documents relating to a Consumer Financial Protection Bureau ("CFPB") enforcement action involving United Guaranty and certain other defendants herein. The Court should deny this request. As an initial matter, like their first and second "notices of supplemental authority," Plaintiffs' RJN is an improper supplemental memorandum of points and authorities in support of Plaintiffs' opposition to the defendants'

02841.62533/5285005.3

-4- CASE NO. CV 11-1950 VAP (SPx)
UNITED GUARANTY'S RESPONSE TO SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR JUDICIAL NOTICE

motions to dismiss. Plaintiffs' RJN should therefore be stricken because it violates Local Rule 7-10.

Plaintiffs' RJN should also be stricken, or at least denied, because it requests the Court to take judicial notice of material that is completely irrelevant and highly prejudicial both to the defendants' pending motions and to the case as a whole. *See Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) ("[J]udicial notice is inappropriate where the facts to be noticed are irrelevant.").

While Plaintiffs argue that the CFPB materials "bear[] upon Defendants'' pending Motions to Dismiss," Dkt. 183 at 1, this is entirely untrue. United Guaranty's motion (like the motions of the other defendants) turns on whether the named plaintiffs' claims are timely and whether they have standing to sue a non-insuring defendant. The materials appended to Plaintiffs' RJN do not in any conceivable way address, explicitly or impliedly, either of these issues, and Plaintiffs do not even argue otherwise. Rather, the RJN is simply an attempt by Plaintiffs to insert into the case inflammatory, incomplete and misleading materials purporting to support the merits of Plaintiffs' REPSA claims, even though those materials have no bearing on the issues actually raised in the defendants' motions. The Court should therefore deny Plaintiffs' request for judicial notice as irrelevant and prejudicial. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) ("It is neither necessary nor desirable to take judicial notice of [] purported facts which are, in any event, irrelevant to this decision."); *see also* Fed. R. Evid. 403; *Corp. of Mercer Univ. v. JPMorgan Chase & Co.*, 2008 WL 822518, *7 (M.D. Ga. Mar. 26, 2008) (refusing to take judicial notice of a press release issued by the SEC concerning an enforcement action because it "is irrelevant to this Court's consideration of Defendant's Motion to Dismiss, and it is prejudicial" to the defendant).

Moreover, the documents Plaintiffs attach to their RJN are of no relevance to *this entire case*, even apart from the pending motions to dismiss. For example,

1  Plaintiffs fail to acknowledge that United Guaranty's settlement with the CFPB was
2  expressly "not an adjudication of any fact or legal conclusion" and is "not [to] have
3  any preclusive effect in any other action or proceeding." *See* Ex. F-2 to Plaintiffs'
4  RJN.  Plaintiffs' attempt to rely on these documents from other proceedings to
5  support their claims herein therefore has no merit.
6        Finally, the statements and allegations contained in the documents appended
7  to Plaintiffs' RJN are subject to substantial dispute, because United Guaranty
8  certainly does not concede or admit to any liability herein, just as it did not do so in
9  the CFPB proceeding.  Plaintiffs' RJN should be denied for this reason too.  *See In*
10 *re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1160 (C.D. Cal. 2011) ("Documents
11 and allegations that are "clearly 'subject to reasonable dispute' are not proper
12 subjects of judicial notice.").

14 DATED:  April 26, 2013            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

16                                  By    /s/ Daniel C. Posner
17                                     Daniel C. Posner
                                       Attorneys for Defendant United Guaranty
18                                     Residential Insurance Company