1   Christopher H. Hart (CSBN 184117)
      chart@schnader.com
2   David Smith (*Admitted Pro Hac Vice*)
      dsmith@schnader.com
3   Stephen A. Fogdall (*Admitted Pro Hac Vice*)
      sfogdall@schnader.com
4   Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
      tloscalzo@schnader.com
5   SCHNADER HARRISON SEGAL &
      LEWIS LLP
6   One Montgomery Street, Suite 2200
    San Francisco, California  94104-5501
7   Telephone: 415-364-6700
    Facsimile: 415-364-6785

8
    Attorneys for Defendant RADIAN GUARANTY
9   INC.

10  *Additional Counsel Listed on Next Page*

11              UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  WAYNE SAMP, ROBERTA SAMP, DANIEL KOMARCHUK, SUSAN KOMARCHUK, and ANNETTA WHITAKER, individually and on behalf of all others similarly situated, | Case No. EDCV11-01950 VAP SPX |
| 17                 Plaintiffs, | **RESPONSE OF DEFENDANTS RADIAN GUARANTY INC. AND MORTGAGE GUARANTY INSURANCE CORP. TO PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** |
| 18           vs. | |
| 19  JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., JPMORGAN CHASE & CO., CROSS COUNTRY INSURANCE CO., UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., RADIAN GUARANTY INC., and TRIAD GUARANTY INSURANCE CORP., | Date:    April 29, 2013 Time:    2:00 pm Place:   Courtroom 2            3470 Twelfth Street, 2nd            Floor            Riverside, CA Judge:   The Honorable Virginia A.            Phillips |
| 26                 Defendants. | |

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eileen R. Ridley (CSBN 151735)
    eridley@foley.com
FOLEY & LARDNER LLP
555 California Street
Suite 1700
San Francisco, CA  94104-1520
Telephone: 415-434-4484
Facsimile: 415-434-4507

Attorneys for Defendant
MORTGAGE GUARANTY
INSURANCE CORPORATION

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Defendants Radian Guaranty Inc. ("Radian") and Mortgage Guaranty Insurance Corporation ("MGIC") submit this response to plaintiffs' third notice of supplemental authority regarding the recent decision in *Spears v. First American eAppraiseIt*, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013) ("*Spears*").  Contrary to plaintiffs' assertions, *Spears* demonstrates that their claims should be dismissed. The court in *Spears* (1) refused to apply the discovery rule because it is precluded by RESPA's plain terms; (2) rejected the plaintiffs' fraudulent concealment allegations because, like plaintiffs here, they pled no more than that the defendants had characterized their supposedly illegal practices as legitimate; and (3) recognized that where, as here, plaintiffs' own allegations demonstrate that minimally diligent investigation within the limitations period would have uncovered all of the public documents on which they base their erroneous claims, equitable tolling cannot apply.

**Discovery rule.**  RESPA's one-year statute of limitations begins to run from the date of the "occurrence of the violation."  28 U.S.C. § 2614.  The *Spears* court explained that "by specifying when the cause of action accrued, Congress expressed its intention to supersede any general application of the discovery rule." *Spears*, 2013 WL 1748284 at *6 (citing *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008)).  Thus, "the discovery rule does not apply to a RESPA claim under Section 2607."  *Id.*

**Fraudulent concealment (equitable estoppel).**  The sole purported act of "concealment" by any defendant alleged by plaintiffs is that JPMorgan's disclosures regarding reinsurance supposedly characterized the arrangement as "legitimate" when, according to plaintiffs, it violated RESPA.  Am. Compl. ¶ 145. The plaintiffs in *Spears* made exactly the same allegation.  They asserted that the defendant "held itself out as providing unbiased appraisers who provide appraisal services pursuant to USPAP requirements," when the appraisals were in reality inflated as part of an alleged RESPA "scheme."  *Spears*, 2013 WL 1748284 at *5.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

The court concluded that this simply was not "active conduct to prevent plaintiffs from 'timely asserting their rights.'" *Id.* at *5 (quoting *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008)). The alleged conduct was "still related to the underlying wrongdoing rather than an effort to prevent plaintiffs from being able to sue." *Id.* The Court should reach exactly the same conclusion here.

   **Equitable tolling.** The *Spears* court concluded that the plaintiffs had pled a basis for tolling because there did not "appear to be any documents that plaintiffs could have found after a diligent search from which they could have discerned the existence of their claim after a diligent review." *Id.* at *4. Here, by contrast, plaintiffs' complaint repeatedly cites information publicly available at the time their loans closed to support all of the elements of their purported RESPA claim. *See, e.g.*, Am. Compl. ¶¶ 104-05; *see also, e.g.*, Am. Compl. Exs. A, F, G, M, N. Plaintiffs cannot contend that this information was unavailable to them because numerous other plaintiffs (some represented by the same lawyers here) found all of this information years ago. *See* Am. Compl. ¶ 87 and n.13 (identifying lawsuits making "analogous allegations" that were filed as early as 1999).

   In addition, unlike the plaintiffs in *Spears*, plaintiffs here were specifically informed by their lender that their loans could be reinsured by its affiliated reinsurer and were given the opportunity to direct that their loans not be reinsured. Am. Compl. Exs. H, HH.

   Thus, plaintiffs have had *years* of ready "access" to "documents necessary to discover the existence of a claim," which even a minimal amount of due diligence would have uncovered. *Spears*, 2013 WL 1748284 at *4; *see also id.* ("Equitable tolling may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (emphasis added) (quoting *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008)). Far from

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

supporting plaintiffs' erroneous argument that the statute of limitations should be equitably tolled, *Spears* demonstrates exactly the opposite.

Respectfully submitted,

Dated:  April 29, 2013          SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ Stephen A. Fogdall
Christopher H. Hart
David Smith (*Admitted Pro Hac Vice*)
Theresa E. Loscalzo (*Admitted Pro Hac Vice*)
Stephen A. Fogdall (*Admitted Pro Hac Vice*)
Attorneys for Defendant
RADIAN GUARANTY INC.
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
Email:  chart@schnader.com

Dated:  April 29, 2013          FOLEY & LARDNER LLP

/s/ Eileen R. Ridley
Eileen R. Ridley (as authorized on April 29, 2013)
Attorneys for Defendant
MORTGAGE GUARANTY INSURANCE CORPORATION
555 California Street
Suite 1700
San Francisco, CA 94104-1520
Telephone:  415-434-4484
Facsimile:  415-434-4507
Email: eridley@foley.com

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

**PROOF OF SERVICE**

I declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of Philadelphia, State of Pennsylvania, in the office of an attorney who is admitted to practice *pro hac vice* in this court and at whose direction service is being made.  I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause.  My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 1600 Market Street, Suite 3600, Philadelphia, Pennsylvania, 19103-7286.  On April 29, 2013, I caused to be served the following document(s):

   **1. RESPONSE OF DEFENDANTS RADIAN GUARANTY
       INC. AND MORTGAGE GUARANTY INSURANCE
       CORP. TO PLAINTIFFS' THIRD NOTICE OF
       SUPPLEMENTAL AUTHORITY**

I caused the above documents to be served by the following means:

☒   Via Court Notice of Electronic Filing:  The documents will be served by the court via NEF and hyperlink to the document.  On April 29, 2013, I checked the CM/ECF docket for this case and determined that service was effectuated on all parties via the Electronic Mail Notice List at the email addresses indicated.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on April 29, 2013, at Philadelphia, Pennsylvania.


                                   /s/ Christopher A. Reese
                                   Christopher A. Reese

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785