**ROSMAN & GERMAIN LLP**
Daniel L. Germain (Cal. Bar No. 143334)
6311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SAMP, et al. | Case No. 5:11-CV-01950 VAP-SP |
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL INFORMATION REGARDING ISSUE RAISED DURING ORAL ARGUMENT AND ARISING FROM THE COURT'S TENTATIVE RULINGS** |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |
| | Judge: Hon. Virginia A. Phillips |

No. 5:11-CV-01950 VAP-SP
Plts' Notice of Suppl. Info. Re Issue Raised During Oral Argument and
Arising from the Court's Tentative Rulings

Central to the Court's tentative ruling's discussion and denial of the application of equitable estoppel to Plaintiffs' RESPA claims was the fact that the Defendant Reinsurer—Cross Country Insurance Company—paid "claims" and therefore provided a service, even if overpriced. Therefore, given that and the Court's notation that Plaintiffs admitted that a "service" was provided, the Court tentatively found that there was no "active misrepresentation" presented to the Plaintiffs and proposed class at their closings regarding "risk transfer" between the mortgage insurer Defendants and Cross Country Insurance Company.

First, as noted at the hearing, Plaintiffs, in their operative complaint and in their briefing, clearly allege that there was no risk transfer in these reinsurance relationships—none of these arrangements were "real" reinsurance. Nowhere did they claim that a *bona fide* service was provided by the reinsurer to the mortgage insurer Defendants.

Second, as presented at oral argument and laid out in detail in Plaintiffs' operative complaint and motion to dismiss briefing—payment of claims is **not** equivalent to real "insurance loss" to the reinsurer—and real "insurance loss" to the reinsurer is an absolute pre-requisite to a finding of "risk transfer." *See, e.g.,* Plaintiffs' First Amended Complaint at 35-44; Plaintiffs' December 21, 2012 Consolidated Opposition to Defendants' Motions to Dismiss (ECF No. 151), at 26.

The question of whether or not the level of "claims paid" **or projected to be paid** (information not before the Court and subject to expert evaluation) versus premiums ceded or to be ceded to Cross Country Insurance Company over the life of the reinsurance contracts (also information not before the Court), is actuarially deemed to be "material" or even possible is a question of fact and expert testimony—in no way amenable to evaluation on a FED. R. CIV. P. 12(b)(6) motion.

Indeed, the Court, after reading voluminous briefing, put its finger right on the central question at the heart of this lawsuit. Does the fact that Cross Country Insurance Company returned some of the premiums ceded to it under the "reinsurance" arrangements

1

No. 5:11-CV-01950 VAP-SP
Plts' Notice of Suppl. Info. Re Issue Raised During Oral Argument and
Arising from the Court's Tentative Rulings

at issue in order to "pay claims" not only nullify Plaintiffs' equitable estoppel request—but also end Plaintiffs' case?  In a word, no.

Faced with a similar question in an earlier filed analogous case, Hon. Paul S. Diamond of the United States District Court for the Eastern District of the United States, *after* significant discovery and full briefing on a motion for class certification, ordered the parties to engage in focused merits discovery on this pivotal issue to properly evaluate whether the cases should move forward.  *See Moore v. GMAC, LLC*, No. 07-cv-4296, ECF Nos. 123, 127 & 130 (E.D. Pa.) ("*Moore*") (attached hereto as Exhibits A, B, C);[1] *Liguouri v. Wells Fargo & Company*, No. 08-cv-0479, ECF Nos. 86 & 88 (E.D. Pa.) ("*Liguouri*") (attached hereto as Exhibits D & E).

Plaintiffs submit these Orders to (1) provide further background to Plaintiffs' counsel's arguments at the April 29, 2013 Hearing; (2) to correct a tentative finding the Court relied on to deny equitable estoppel (and, by extension, equitable tolling given the active misrepresentations importance to the application of that doctrine); and (3) if the Court were to deny the pending motions, to provide the Court with a tried and true avenue to move the case forward in a focused, efficient fashion by allowing merits discovery and fully informed motion practice on this vital issue.

Given the clarifications above, the pending motions must be denied.

---

[1]  As shown by the Transcript of Class Certification Hearing (Mar. 2, 2010) in *Moore* (attached as Exhibit F), at the class certification hearing, Judge Diamond raised a concern similar to Your Honor's in this case, specifically inquiring as to whether the plaintiffs' RESPA claims could survive where the defendants had "lost 300 million as a result of what you consider to be sham insurance agreements?"  Ex. F., at 5:11-14.  Judge Diamond concluded that since the defendants claimed to have lost money as a result of their reinsurance agreements, the proper procedure was to "hold class certification in abeyance, to merits discovery," on the specific issue of whether the purported claims paid satisfied the "HUD standards" for reinsurance.  Ex. F, at 28:13-25.  The March 16, 2010 Order in *Moore* reflected the Court's decision that this merits issue could not be resolved without focused discovery as to the "actual and projected loss information."  Ex. A.

2

No. 5:11-CV-01950 VAP-SP
Plts' Notice of Suppl. Info. Re Issue Raised During Oral Argument and
Arising from the Court's Tentative Rulings

| | |
|---|---|
| Dated: May 1, 2013 | Respectfully submitted, |
| | **KESSLER TOPAZ<br>MELTZER & CHECK, LLP** |
| | */s/ Edward W. Ciolko*<br>Edward W. Ciolko (*pro hac vice*)<br>Terence S. Ziegler (*pro hac vice*)<br>Amanda R. Trask *(pro hac vice)*<br>280 King of Prussia Road<br>Radnor, PA  19087<br>Telephone: (610) 667-7706 |
| | Daniel L. Germain (Bar No. 143334)<br>**ROSMAN & GERMAIN LLP**<br>16311 Ventura Boulevard, Suite 1200<br>Encino, CA  91436<br>Telephone: (818) 788-0877 |
| | Alan R. Plutzik<br>**BRAMSON PLUTZIK MAHLER &<br>BIRKHAEUSER LLP**<br>2123 Oak Grove Boulevard, Ste. 120<br>Walnut Creek, CA  94598<br>Telephone: (925) 945-0200 |
| | Andrew L. Berke<br>**BERKE, BERKE & BERKE**<br>420 Frazier Avenue<br>Chattanooga, TN  37402<br>Telephone: (423) 266-5171 |
| | *Attorneys for Plaintiffs and<br>the Proposed Class* |

3

No. 5:11-CV-01950 VAP-SP
Plts' Notice of Suppl. Info. Re Issue Raised During Oral Argument and
Arising from the Court's Tentative Rulings

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Edward W. Ciolko
Edward W. Ciolko (*pro hac vice*)